UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22 C 5072 |
| | ) | |
| | ) | Judge Kennelly |
| UNITED STATES DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF USCIS'S
MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

**Introduction**

Plaintiff Jacqueline Stevens has sued for the release of government records under the Freedom of Information Act, 5 U.S.C. § 552. She says that several federal agencies or components have improperly withheld records in response to 13 of her FOIA requests. Her claims should be dismissed with respect to one of those agencies, the U.S. Citizenship and Immigration Services, or in the alternative the court should grant summary judgment to USCIS, because she did not exhaust the administrative remedies that she needed to exhaust before filing suit. (And even if she had, the second request did not comply with USCIS's FOIA regulations.) This memorandum does not address the reasonableness of USCIS's search for documents, because Stevens's failure to follow the administrative remedy process forecloses further judicial review. As such, whether addressed under Fed. R. Civ. P. 12(b)(6) or 56 (should the court convert the motion), USCIS should be dismissed from the case.

**Background**

Stevens filed this lawsuit in September 2022, alleging that several federal agencies or components have improperly withheld records in response to 13 of her FOIA requests. Dkt. 1

(Complaint) ¶¶ 20, 25, 29, 36, 41, 47, 54, 71, 75, 81, 86, 93, 97.  The agencies are: (1) Department of Health and Human Services, or HHS; (2) Department of Homeland Security, or DHS; (3) Customs and Border Protection, or CBP; (4) Immigration and Customs Enforcement, or ICE; (5) U.S. Citizenship and Immigration Services, or USCIS; and (6) Executive Office for Immigration Review, or EOIR.  *Id.*  (The Department of Justice is also named as a defendant, but only because EOIR is one of its components.)  Stevens alleges that the agencies did not process her FOIA requests.  *Id.* ¶ 1.

## Argument

USCIS should be dismissed—or should receive summary judgment in its favor—because Stevens has not exhausted the administrative remedies that she needed to exhaust before filing suit.  First, as set out below, regarding the request Stevens submitted in June 2021 for records relating to Miguel Silvestre, USCIS responded in October 2021, nearly one year before the filing of this lawsuit, with a production of all responsive records that are not protected by one or more FOIA exemptions.  (Of 214 pages, USCIS produced 209 pages in full or in part, withheld only four pages in full, and referred one page to another agency.)  The letter USCIS sent advised Stevens of her right to file an administrative appeal within 90 days.  Stevens needed to follow that administrative review process before filing suit, and she did not do so.

Second, also as set out below, regarding the request that Stevens submitted to USCIS in August 2022 for records relating to Pascal Charpentier, USCIS responded that same month, before Stevens filed this lawsuit in September, explaining that it was denying the request under FOIA Exemption 6 and that, in addition, the privacy waiver Stevens had submitted was not sufficient. Stevens did not follow the administrative appeal process on this request before filing suit, either, as she needed to do to have a viable claim.  And even if she had done so, USCIS's denial was proper because the request was improper: the request did not comply with USCIS's FOIA

regulations on verification-of-identity, and it did not reasonably describe the records. Either issue provides an independent basis for dismissing her claim relating to the 2022 request.

## I.      Standard of Review

In addressing a Rule 12(b)(6) motion to dismiss, courts are typically confined to the complaint and any documents attached to the complaint. But where a plaintiff alleges that she has exhausted administrative remedies—as Stevens has done, Dkt. 1 (Complaint) ¶ 103—the court may review documents attached to a motion to dismiss that relate to the issue of exhaustion. *Aberman v. Bd. of Edu. of City of Chicago*, 2014 WL 4912139, *3 (N.D. Ill. Sept. 30, 2014); *see also Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 739 n.12 (7th Cir. 1986).

Alternatively, under Rule 12(d), the court may convert a motion to dismiss into a motion for summary judgment. Summary judgment is appropriate when the record reveals that there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Five Points Rd. Joint Venture v. Johanns*, 542 F.3d 1121, 1124 (7th Cir. 2008). When considering summary judgment, the court views the facts and any inferences to be drawn from them in the light most favorable to the non-moving party. *Wis. Cent., Ltd. v. Shannon*, 539 F.3d 751, 756 (7th Cir. 2008). In response, the non-moving party cannot rest on the pleadings, but must designate specific material facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex v. Catrett*, 477 U.S. 317, 324 (1986). "Summary judgment is appropriately entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *McKenzie v. IDOT*, 92 F.3d 473, 479 (7th Cir. 1996) (quotation omitted). FOIA cases are typically resolved on summary judgment because they often hinge on whether an agency's undisputed facts violated FOIA. *E.g., Bassiouni v. CIA*, 2004 WL 1125919, *2 (N.D. Ill. Mar. 31, 2004).

**II.     2021 Silvestre Request**

Stevens submitted a FOIA request to USCIS in June 2021, requesting records regarding a person named Miguel Silvestre.  Defendant's Statement of Facts (DSOF) ¶ 5.  USCIS responded in October 2021, nearly one year before the filing of this lawsuit, with a production of all responsive records that are not protected by one or more FOIA exemptions.  *Id*. ¶ 11.  Of 214 pages, USCIS produced 209 pages in full or in part, withheld only four pages in full, and referred one page to another agency.  *Id*. ¶ 12.

The letter USCIS sent in October 2021 advised Stevens of her right to file an administrative appeal within 90 days.  DSOF ¶¶ 13-15.  Stevens did not do so.  *Id*. ¶ 17.  And she needed to do so before filing suit in federal court, because exhaustion of administrative remedies is a "prerequisite to filing a FOIA suit."  *Hoeller v. SSA*, 670 F. App'x 413, 414 (7th Cir. 2016) (exhaustion requirement furthers "the goal of allowing administrative remedies to relieve the burden of litigation on the courts"); *Hidalgo v. FBI*, 344 F.3d 1256, 1257-59 (D.C. Cir. 2003) ("FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review"). Exhaustion is not a "mere technicality"; it allows an agency "an opportunity to review its initial determination, apply its expertise, correct any errors, and create an ample record in the process." *Nat'l Sec. Counselors v. CIA*, 931 F.Supp.2d 77, 99-100 (D.D.C. 2013).  A court "must decline to decide the merits of an unexhausted FOIA claim."  *Id*.

Stevens will not be able to offer evidence that she followed USCIS's administrative remedy process (because she did not).  This inability bars her claim.  Whether the claim is evaluated under Rule 12(b)(6) or 56, there is no genuine question of fact regarding Stevens's failure to exhaust her administrative remedies with respect to the 2021 Silvestre request.  *See, e.g., Stevens v. DHS*, 2014 WL 5796429, *4 (N.D. Ill. Nov. 4, 2014) (movant is "entitled to judgment as a matter of law" when "there is no genuine issue as to any material fact").

### III.     2022 Charpentier Request

Stevens submitted a second FOIA request to USCIS on August 15, 2022, requesting records regarding a person named Pascal Charpentier.  DSOF ¶ 18.   USCIS responded that same month—before Stevens filed this lawsuit in September—explaining that it was denying the request under FOIA Exemption 6.  *Id.* ¶ 27.  The letter that USCIS sent to Stevens on August 29, 2022 also explained that the privacy waiver was not sufficient, because the signature Stevens provided for Charpentier appeared to be an electronic signature.  *Id*. ¶ 28.  The letter advised Stevens of her right to file an administrative appeal within 90 days.  *Id*. ¶¶ 30-32.  Stevens did not do so.  *Id*. ¶ 33.  And again, she needed to do so before filing suit in federal court.  *Hoeller*, 670 Fed.Appx. at 414; *Hidalgo*, 344 F.3d at 1257-59.

The letter USCIS sent to Stevens in August 2022 could have mentioned another problem with the 2022 Charpentier request: the verification-of-identity statement did not contain a current address for Charpentier.  DSOF ¶ 29.  A current address is required under USCIS's FOIA regulations.  6 C.F.R. §§ 5.3(a)(3), 5.21(d), (f).  The unacceptable signature on the privacy waiver and the absence of a current address on the verification-of-identity statement rendered the 2022 Charpentier request invalid.  This presents another reason why her request did not comply with USCIS's FOIA regulations, and why USCIS was not obligated to search for or produce records in response.  *See, e.g., Banks v. DOJ*, 538 F.Supp.2d 228, 234 (D.D.C. 2008) (dismissing FOIA claim where plaintiff failed to provide verification of identity); *Lee v. DOJ*, 235 F.R.D. 274, 286 (W.D. Pa. 2006) (same).

Finally, the 2022 Charpentier request failed to reasonably describe the records it was seeking.  Specifically, multiple parts of the request were either impermissibly vague or unduly broad and sweeping.  For example, Stevens requested "emails, notes, drafts, memorandums, and data entries and outputs of digital information referencing Mr. Charpentier and stored on any

computer, server, or digital device to which USCIS officials have access" and "all information used for creating or responding to his two separate 'alien' numbers." DSOF ¶ 19. A request for such vague and broad categories of records essentially constitutes a request for any and all records "referencing" Charpentier in any way, which is not a reasonable description of desired records. *See, e.g., Marks v. DOJ*, 578 F.2d 261, 263 (9th Cir. 1978) ("sweeping requests lacking specificity are not permissible"); *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982) (question is "whether the agency is able to determine precisely what records are being requested") (quotation omitted)); *see also Dale v. IRS*, 238 F.Supp.2d 99, 104-05 (D.D.C. 2002) (concluding that request seeking "any and all documents . . . that refer or relate in any way" to requester failed to reasonably describe records sought and "amounted to an all-encompassing fishing expedition of files at [agency's] offices across the country, at taxpayer expense").

**Conclusion**

For the above reasons, the court should dismiss USCIS from this case or, in the alternative, enter summary judgment in USCIS's favor.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Alex Hartzler
　　ALEX HARTZLER
　　Assistant United States Attorney
　　219 South Dearborn Street
　　Chicago, Illinois 60604
　　(312) 886-1390
　　alex.hartzler@usdoj.gov

6