UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 5072 |
| v. | ) | |
| | ) | Judge Kennelly |
| UNITED STATES DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**USCIS'S L.R. 56.1 STATEMENT OF**
**MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT**

Defendant United States Citizenship and Immigration Services, by John R. Lausch, Jr.,

United States Attorney for the Northern District of Illinois, submits the following statement of

material facts as to which there is no genuine issue pursuant to Local Rule 56.1 of the United States

District Court for the Northern District of Illinois.

**Jurisdiction and Venue**

1. This is an action brought under the Freedom of Information Act (FOIA), and the

court has subject matter jurisdiction under 5 U.S.C. § 552 and 28 U.S.C. § 1331.  Answer ¶ 3.

2. Venue is proper in this district because plaintiff Jacqueline Stevens resides in this

district.  Answer ¶ 4.

**Parties**

3. Plaintiff Jacqueline Stevens is a professor at Northwestern University.  Answer ¶

5.

4. Defendant U.S. Citizenship and Immigration Services, or USCIS, is a component of the federal government from whom Stevens has sought information via FOIA. Answer ¶¶ 17, 54, 71.

### Stevens's June 2021 Silvestre Request

5. On June 23, 2021, Stevens submitted a FOIA request via email to USCIS requesting various records regarding a person named Miguel Silvestre. Ex. A (Munita Decl.) ¶ 7; *see also id.* Attachment A.

6. The FOIA request provided the following mailing address for Stevens: "601 University Place, Political Science Department, Evanston, IL 60208." Ex. A (Munita Decl.) ¶ 7; *see also id*. Attachment A.

7. USCIS sent Stevens an acknowledgement letter on June 28, 2021. Ex. A (Munita Decl.) ¶ 8; *see also id.* Attachment B. USCIS mailed the acknowledgement letter to the address listed in the FOIA request. *Id*.

8. In the acknowledgement letter, USCIS advised Stevens that it had assigned the request control number COW2021002422 and that USCIS processes requests in the order of receipt. Ex. A (Munita Decl.) ¶ 9.

9. The acknowledgement letter also advised Stevens that she could "sign up for a digital release" of the records and provided instructions on how to create an account online. Ex. A (Munita Decl.) ¶ 9.

10. Stevens did not sign up for digital release of the records. Ex. A (Munita Decl.) ¶ 10.

11. On October 21, 2021, USCIS completed its processing of the request and sent a final action letter via regular mail to the address Stevens had provided on the FOIA request, along

with a CD containing the responsive, non-exempt records that Stevens had requested. Ex. A (Munita Decl.) ¶ 11.

12. The final action letter informed Stevens that USCIS had located 214 pages responsive to the request and that USCIS was enclosing 104 pages in their entirety and 105 pages in part, and that USCIS had withheld four pages in full. Ex. A (Munita Decl.) ¶ 12; *see also id.* Attachment C.

13. The final action letter also informed Stevens of her right to file an administrative appeal within 90 days. Ex. A (Munita Decl.) ¶ 12; *see also id.* Attachment C.

14. The final action letter informed Stevens that by filing an appeal, she would preserve her rights under FOIA and give USCIS a chance to review and reconsider the request and USCIS's decision. Ex. A (Munita Decl.) ¶ 12; *see also id.* Attachment C.

15. The final action letter informed Stevens that she could file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, and that both the letter and envelope should be clearly marked "Freedom of Information Act Appeal." Ex. A (Munita Decl.) ¶ 12; *see also id.* Attachment C.

16. The final action letter was not returned to USCIS. Ex. A (Munita Decl.) ¶ 12.

17. USCIS never received an administrative appeal from Stevens relating to the June 2021 Silvestre FOIA request. Ex. A (Munita Decl.) ¶ 13.

<strong>Stevens's August 2022 Charpentier Request</strong>

18. On August 15, 2022, Stevens submitted a FOIA request via email to USCIS requesting various records relating to a person named Pascal Charpentier. Ex. A (Munita Decl.) ¶ 14; *see also id.* Attachment D.

19. The request stated: "The records I am seeking include, but are not limited to, all correspondence and other information submitted by Mr. Charpentier to USCIS and all outputs about him produced by 'E-verify' databases; all records relied on by E-verify for claiming Mr. Charpentier's place of birth was 'Haiti'; emails, notes, drafts, memorandums, and data entries and outputs of digital information referencing Mr. Charpentier and stored on any computer, server, or digital device to which USCIS officials have access, and all information used for creating or responding to his two separate 'alien' numbers. I am also of course interested in all records associated with any immigration and citizenship petitions and requests by Mr. Charpentier or on his behalf by his parent(s)." Ex. A (Munita Decl.) ¶ 14 n.3; *see also id.* Attachment D.

20. Stevens requested expedited processing of the request. Ex. A (Munita Decl.) ¶ 14; *see also id.* Attachment D.

21. The request provided the following mailing address for Stevens: "601 University Place, Second Floor, Political Science Department, Evanston, IL 60208." Ex. A (Munita Decl.) ¶ 14; *see also id.* Attachment D.

22. The request included a document titled "Privacy and Confidentiality Waiver" that purported to be a signed verification-of-identity-and-consent statement from Mr. Charpentier, verifying his identity and consenting to the release of his records to Stevens. Ex. A (Munita Decl.) ¶ 15.

23. The Department of Homeland Security's FOIA regulations provide that a person making a request for records about himself must comply with certain verification requirements. Ex. A (Munita Decl.) ¶ 15 n.5; *see also* 6 C.F.R. §§ 5.3(a)(3) and 5.21(d).

24. Specifically, the person must verify his identity by stating his "full name, current address, and date and place of birth" and must "sign the request" and the "signature must either be

4

notarized or submitted . . . under penalty of perjury . . ."  Ex. A (Munita Decl.) ¶ 15 n.5; *see also* 6 C.F.R. §S 5.3(a)(3) and 5.21(d).

25.    The verification-of-identity requirement also applies if a third party is making a request for records concerning another person on behalf of that person.  Ex. A (Munita Decl.) ¶ 15 n.5; *see also* 6 C.F.R. §§ 5.3(a)(3) and 5.2(d), (f).

26.    After reviewing the request, USCIS determined that the verification-of-identity statement was improper because the signed "Privacy and Confidentiality Waiver" appeared to be an electronic signature.  Ex. A (Munita Decl.) ¶ 15.

27.    On August 29, 2022, USCIS sent Stevens a final action letter explaining that it was denying the request on the basis of FOIA Exemption 6 for failing to satisfy the criteria necessary to receive the requested records.  Ex. A (Munita Decl.) ¶ 15; *see also id.* Attachment E.

28.    The final action letter explained that an "electronic signature provided on a G-639 that is generated via a private software system" will not "be accepted as proper Verification of Identity or Certification of Agreement (Consent)."  Ex. A (Munita Decl.) ¶ 15; *see also id.* Attachment E.

29.    The request was also deficient because it omitted Charpentier's current address, which is required by DHS's FOIA regulations.  Ex. A (Munita Decl.) ¶ 15 n.6; *see also* 6 C.F.R. §§ 5.3(a)(3), 5.21(d), (f).

30.    The final action letter informed Stevens of her right to file an administrative appeal within 90 days.  Ex. A (Munita Decl.) ¶ 16; *see also id.* Attachment E.

31.    The letter informed Stevens that by filing an appeal, she would preserve her rights under FOIA and give USCIS a chance to review and reconsider the request and USCIS's decision. Ex. A (Munita Decl.) ¶ 16; *see also id.* Attachment E.

5

32.     The letter informed Stevens that she could file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, and that both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Ex. A (Munita Decl.) ¶ 16; *see also id.* Attachment E.

33.     USCIS never received an administrative appeal from Stevens relating to the August 2022 Charpentier request.  Ex. A (Munita Decl.) ¶ 17.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Alex Hartzler
    ALEX HARTZLER
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-1390
    alex.hartzler@usdoj.gov

# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

JACQUELINE STEVENS,

              Plaintiff,

     v.

U.S. DEPT. OF HEALTH AND HUMAN
SERVICES, *et al.*,

              Defendants.

Civil Action No. 1:22-cv-05072

## DECLARATION OF CYNTHIA MUNITA

### INTRODUCTION

I, Cynthia Munita, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Associate Center Director and Chief FOIA Officer in the Freedom of Information and Privacy Act ("FOIA/PA") Unit, National Records Center ("NRC"), United States Citizenship and Immigration Services (USCIS), within the United States Department of Homeland Security ("DHS"), in Lee's Summit, Missouri. I have held the position of Associate Center Director since December 5, 2021. I received my Juris Doctorate in 2003, from the University of Missouri, Kansas City, School of Law and thereafter served at a private law practice and then at the Missouri State Public Defender's Office. I joined USCIS in 2008, as an Immigration Services Officer in the Kansas City Field Office and, in 2013, began serving as a Supervisory Immigration Services Officer in the Customer Relations Division at the National Benefits Center in Lee's Summit. In 2015, I was promoted to Section Chief of that Division and, then prior to serving in my current position as Associate Center Director and Chief FOIA Officer, served as the USCIS Field Office Director in the Seattle Field Office from May 2017 to December 2021.

2. As the Chief FOIA Officer for USCIS, I oversee the USCIS FOIA program offices that are responsible for developing FOIA/PA policy and training and litigation-related matters within the FOIA program. I work with over 200 information access professionals at USCIS who are responsible for the orderly processing of all public, congressional, judicial, and inter-/intra-agency requests or demands for access to USCIS records and information pursuant to the FOIA, Privacy Act, Executive Orders, departmental directives, regulations, and compulsory legal process.

3. Through the exercise of my official duties as the USCIS Chief FOIA Officer, I am familiar with USCIS's standard process for responding to FOIA requests, including search procedures for locating agency records.

4. The statements contained in this declaration are based on my personal knowledge and upon information provided to me by other USCIS employees in the course of my official duties. This Declaration is submitted in support of Defendants' Motion for Summary Judgment in this matter. My declaration describes, generally, agency procedures for searching for records responsive to FOIA requests for access to agency records and, more specifically, agency action taken in response to the two FOIA requests that USCIS received from Jacqueline Stevens ("Plaintiff") that are at issue in this case.

### USCIS'S STANDARD FOIA OPERATING PROCEDURES

5. USCIS routinely and consistently processes FOIA requests in compliance with DHS implementing regulations found at 6 C.F.R. Part 5 and DHS Management Directive No. 262.111, Freedom Of Information Act Compliance.[1] Specifically, when the agency receives a

---

[1] DHS requirements for submitting a FOIA request for an individual's records include the following:

1. All FOIA requests must be submitted in writing. 6 C.F.R. § 5.3(a).

2. If the requester seeks records about him/herself the requester must verify identity by submitting, in writing, a statement containing his/her full name, current address, date of birth and place of birth. This statement must be signed, and the signature must either be notarized or submitted under 28 U.S.C. § 1746 (penalty of perjury in lieu of notarized signature). This signature must be submitted along with the FOIA request. 6 C.F.R. §§ 5.3(a), 5.21(d).

FOIA request for USCIS information or documents, the agency's standard procedure includes the following:

a. after determining the nature, scope, and contours of a valid FOIA request, a preliminary search is conducted to locate potentially responsive records;

b. because FOIA requests are generally processed by the NRC on a first-in/first-out basis, the request is logged in the approximate order of its receipt into a computerized case tracking and retrieval system which automatically assigns a control number and tracks the file created;

c. an acknowledgement letter is contemporaneously mailed to the requester, advising of the control number, processing fee arrangement, processing options, and contact information, and addressing any collateral requests made by requester;

d. during any abeyance in processing, periodic system inquiries are conducted to maintain updated information concerning the disposition of agency records that are subject to the pending FOIA request;

e. if relevant records are in the possession of an office or agency other than the responding office, a request for the production of the records is sent to the records' custodian(s) for that office or agency;

f. during the course of processing, the FOIA request and any responsive records are subjected to rigorous analyses to arrive at the proper final agency determination; and finally;

g. the NRC sends its response to the requester, granting or denying, in whole or in part, access to requested records, and advising of any additional rights

---

3.      The FOIA request must describe the records that are being sought in sufficient detail to enable DHS personnel to locate them with a reasonable amount of effort. 6 C.F.R. § 5.3(b).

that may have vested in the requester by virtue of the final agency determination.

6.      The DHS FOIA regulation also provides that except for certain limited circumstances, "[i]n determining which records are responsive to a request, a component ordinarily will include only records in its possession as of the date that it begins its search." 6 C.F.R. § 5.4(a). USCIS adheres to this regulation in responding to FOIA requests.

**MIGUEL SILVESTRE JUNE 23, 2021 FOIA REQUEST**

7.      On June 23, 2021, Plaintiff submitted a FOIA request via email to USCIS requesting various records regarding a Miguel Silvestre, alien number 077166008. The FOIA request provided the following mailing address for the Plaintiff: "601 University Place, Political Science Department, Evanston, IL 60208." *See* Attachment A.

8.      On June 28, 2021, USCIS sent Plaintiff an Acknowledgement Letter acknowledging receipt of her June 23, 2021 FOIA request. The Acknowledgment Letter was mailed to the mailing address set forth in the Plaintiff's FOIA request. *See* Attachment B.

9.      In the Acknowledgement Letter, USCIS advised Plaintiff that the request was assigned control number COW2021002422, and that USCIS processes requests in order of receipt.[2] *Id.* We also advised the requestor that she could "sign up for digital release" of the records and provided the following instructions:

> [G]o to first.uscis.gov, create an account, and register your case using the **Control Number**: COW2021002422 and **PIN**: 782625. Read the enclosed yellow flyer for more details.

---

[2] We note that Plaintiff's complaint references four other control numbers related to Miguel Silvestre. However, we advise the Court that none of these control numbers relate to the June 23, 2021, FOIA request Plaintiff submitted to USCIS. Two of those control numbers relate to a FOIA request intended for ICE that Plaintiff initially submitted to USCIS and then immediately withdrew, explaining that the request was intended for ICE. The two other control numbers refer to requests that were initially submitted to ICE, then referred to USCIS by ICE, and then referred back to ICE. None of these four control numbers, though, refer to the FOIA request Plaintiff submitted to USCIS on June 23, 2021, which USCIS responded to in full on October 21, 2021.

- 4 -
DECLARATION OF CYTHIA MUNITA
No. 1:22-cv-05072

10. Our records do not indicate that Plaintiff signed up for digital release of the requested records.

11. Accordingly, on October 21, 2021, USCIS completed its processing of this request and sent a Final Action Letter and the responsive, non-exempt records to the Plaintiff on a CD via regular mail to the address set forth in the Plaintiff's FOIA request. This letter informed Plaintiff that USCIS had located 214 pages responsive to the request and that USCIS was enclosing and releasing 104 pages in their entirety and 105 pages in part, and that we withheld four pages in full. *See* Attachment C.

12. This Final Action Letter also informed Plaintiff of her right to file an administrative appeal within ninety days. The letter informed Plaintiff that by filing an appeal, she preserves her rights under FOIA and gives the agency a chance to review and reconsider the request and the agency's decision. Plaintiff was informed that she may file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." There is no indication in our systems that this letter was returned to us for any reason.

13. USCIS has no record of any administrative appeal ever being filed in this case.

### PASCAL CHARPENTIER AUGUST 17, 2022 FOIA REQUEST

14. On August 15, 2022, Plaintiff submitted a FOIA request to USCIS via email requesting various records pertaining to Pascal Charpentier.[3] Plaintiff requested expedited

---

[3] In addition to the verification of identity deficiencies discussed in this declaration, it is our position that this request also failed to reasonably describe the records being sought. This request contained multiple parts, many of which were vague and unclear or broad and sweeping. For example, it is unclear what the Plaintiff meant in stating that she was seeking "emails, notes, drafts, memorandums, and data entries and outputs of digital information referencing Mr. Charpentier and stored on any computer, server, or digital device to which USCIS officials have access" and "all information used for creating or responding to his two separate 'alien' numbers." Pursuant to DHS FOIA regulations, '[r]equesters must describe the records sought in sufficient detail to enable DHS personnel to locate them with a reasonable amount of effort." Moreover, "[a] reasonable description contains sufficient information to permit an organized, non-random search for the record based on the component's filing arrangements and existing retrieval system." 6 CFR § 5.3(b). In this case, even had the Plaintiff submitted the proper verification of identity and consent,

DECLARATION OF CYTHIA MUNITA
No. 1:22-cv-05072

processing of her request.[4]  The FOIA request provided the following mailing address for the Plaintiff:  "601 University Place, Second Floor, Political Science Department, Evanston, IL 60208."  *See* Attachment D.

15.     The Plaintiff's request included a document entitled "Privacy and Confidentiality Wavier," that purported to be a signed verification of identity and consent statement from Mr. Charpentier, verifying his identity and consenting to the release of his records to the Plaintiff.[5] After reviewing the request, we determined that it failed to provide a proper verification of identity statement because the signed "Privacy and Confidentiality Wavier" appeared to be an electronic signature.  On August 29, 2022, USCIS transmitted a Final Action Letter to Plaintiff explaining that her FOIA request was being denied based on FOIA exemption (b)(6) for failing to satisfy the criteria necessary to receive requested records.  *See* Attachment E.  In pertinent part, this letter explained to Plaintiff that "[a]n electronic signature provided on a G-639 that is generated via a private software system, will not be accepted as proper Verification of Identify or Certification of Agreement (Consent)."[6]  *Id.*

16.     The Final Action Letter also informed Plaintiff of her right to file an administrative appeal within 90 days.  The letter informed Plaintiff that by filing an appeal, she preserves her rights under FOIA and gives the agency a chance to review and reconsider the request and the agency's decision.  Plaintiff was informed that she may file an administrative FOIA appeal to

---

it is our view that the Plaintiff's FOIA request still failed to reasonably describe the records sought.

[4] Plaintiff's request for expedited processing also failed to comply with DHS FOIA regulations.  Specifically, "[a] requester who seeks expedited processing must submit a statement, *certified to be true and correct*, explaining *in detail the basis* for making the request for expedited processing."  *See* 6 CFR § 5.5(e)(3) (*emphasis added*).  Plaintiff did not provide any such certified statement.  Plaintiff's request also failed to provide a "detailed basis" for its request for expedited processing, largely setting forth conclusory statements without any sufficient, supporting detail.

[5] DHS FOIA regulations provide that an individual making a request for records about himself must comply with certain verification of identity requirements.  Specifically, that individual must verify his identity by stating his "full name, current address, and date and place of birth" and must "sign the request" and the "signature must either be notarized or submitted … under penalty of perjury…"  See 6 CFR §§ 5.3(a)(3) and 5.21(d).  The verification of identity requirement also applies if a third party is making a request for records concerning an individual on behalf of that individual.  See 6 CFR §§ 5.3(a)(3) and 5.21(f).

[6] The "Privacy and Confidentiality Waiver" provided by the Plaintiff was also deficient because it omitted Mr. Charpentier's current address, which is required by DHS FOIA regulations.  See 6 CFR §§ 5.3(a)(3) and 5.21(d).

USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." There is no indication in our systems that this letter was returned to us for any reason.

17. USCIS has no record of any administrative appeal ever being filed in this case.

I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Executed in Kansas City, Missouri on this 9th day of November, 2022.

CYNTHIA
MUNITA

Digitally signed by CYNTHIA
MUNITA
Date: 2022.11.09 13:42:27
-06'00'

CYNTHIA MUNITA
Associate Center Director
Chief FOIA Officer
Freedom of Information Act & Privacy Act Unit
USCIS National Records Center

Attachment A

## Curtis, Amy M

| | |
|---|---|
| **From:** | Jacqueline Stevens <jacqueline-stevens@northwestern.edu> |
| **Sent:** | Wednesday, June 23, 2021 10:15 AM |
| **To:** | FOIA, USCIS |
| **Subject:** | Miguel Silvestre 077-166-008 |
| **Attachments:** | Silvestre_PrivacyWaiver.pdf |

CAUTION: This email originated from outside of the Federal Government. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact the USCIS Security Operations Center with questions or click the "Report Suspicious Email" button to report it as a phishing attempt.

To Whom It May Concern,

This letter constitutes a request under the Privacy Act and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for all system records and other materials in any medium created, maintained, or received by USCIS regarding Miguel Silveste.  This includes any email or other communications to or from other agencies or components, including but not limited Immigration and Customs Enforcement and its legacy INS.  Silvestre's "alien" number is 077-166-008. His DOB is ████████.
He was born in California, USA.

Please note that the government's detention and deportation of US citizens is of great interest to the public, as evidenced in extensive national media coverage of my research on this, in cluding this article in The Intercept that quotes my analysis and research.  "ICE Medical Misconduct Witness Slated for Deportation Is a U.S. Citizen, Says Lawyer,"
https://gcc02.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftheintercept.com%2F2020%2F11%2F02%2Fice-medical-misconduct-us-citizen-deportation%2F&amp;data=04%7C01%7Cuscis.foia%40uscis.dhs.gov%7Cebcce110d1714d74b00f08d9365ac948%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C637600586912949304%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000&amp;sdata=O1QwQZJZYwaeQZlnXu%2FQypbiPftci0gOVrHEC%2BWg2GQ%3D&amp;reserved=0

Please also see:
https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.npr.org%2Fsections%2Fthetwo-way%2F2016%2F12%2F22%2F504031635%2Fyou-say-you-re-an-american-but-what-if-you-had-to-prove-it-or-be-deported&amp;data=04%7C01%7Cuscis.foia%40uscis.dhs.gov%7Cebcce110d1714d74b00f08d9365ac948%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C637600586912949304%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000&amp;sdata=YbfmItx13ukBECKdjCVMPbkQR9BRVZ84BaYStarJLTw%3D&amp;reserved=0.   My research on this topic has been reported in The New Yorker, The New York Times, NPR and numerous other national and local media outlets.  You can find more links to these articles here:
https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fbuffett.northwestern.edu%2Fprograms%2Fdeportationresearch%2Fus_citizens_detained%2Findex.html&amp;data=04%7C01%7Cuscis.foia%40uscis.dhs.gov%7Cebcce110d1714d74b00f08d9365ac948%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C637600586912949304%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000&amp;sdata=s4Vv8XMI0m8Y6GivvH21os89QxRX%2FdVKxy37ZrmT3gw%3D&amp;reserved=0.

As I will be using this information for my research, teaching, and journalism along the lines indicated above, and will receive no financial compensation I am requesting a fee waiver.

I am attaching Mr. Silvestre's privacy waiver authorizing release of this information to me under the Freedom of Information/Privacy Act.  Please note that this also includes his certification of his identity.

Attachment A

Many thanks for your assistance with this request.  If you have any questions, please feel free to contact me here or by phone at 847-467-2093.

Thank you,
Jacqueline Stevens

Professor
Political Science and Legal Studies
Northwestern University
Director
Deportation Research Clinic
Buffett Institute for Global Affairs
https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fbuffett.northwestern.edu%2Fprograms%2Fdeportationresearch&amp;data=04%7C01%7Cuscis.foia%40uscis.dhs.gov%7Cebcce110d1714d74b00f08d9365ac948%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C637600586912949304%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000&amp;sdata=Cw31trqwZNSGddere7lAK%2F09S6O5ANE6M03WE38LgS4%3D&amp;reserved=0
Citizenship In Question (Duke U.P. 2017), Open Source PDF
https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.oapen.org%2Fsearch%3Fidentifier%3D625272&amp;data=04%7C01%7Cuscis.foia%40uscis.dhs.gov%7Cebcce110d1714d74b00f08d9365ac948%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C637600586912949304%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000&amp;sdata=fXFT17hHsMPG2u6v33k8bYvogKP6ikyZgumColbGP%2BI%3D&amp;reserved=0

office phone: 847-467-2093
mail
601 University Place
Political Science Department
Evanston, IL  60208
https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fjacquelinestevens.org%2F&amp;data=04%7C01%7Cuscis.foia%40uscis.dhs.gov%7Cebcce110d1714d74b00f08d9365ac948%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C637600586912949304%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000&amp;sdata=hz%2Bx2wdJN09Uh3%2FoSD%2FVOAHgcR4gbSq2zcRobhHodUk%3D&amp;reserved=0
https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fstateswithoutnations.blogspot.com%2F&amp;data=04%7C01%7Cuscis.foia%40uscis.dhs.gov%7Cebcce110d1714d74b00f08d9365ac948%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C637600586912949304%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000&amp;sdata=t%2Fr5hNMV8rwG%2FB8rv0qgfAgh11tfJvBoZxzL45Clq1M%3D&amp;reserved=0

<u>PRIVACY AND CONFIDENTIALITY WAIVER</u>

ɪᴏ Whom It May Concern:

My name is ⌷⌷⌷⌷⌷⌷⌷ ⌷⌷⌷⌷⌷⌷⌷⌷ and I was assigned the alien number **77·166-00B**.

My date of birth is ▮▮▮▮▮▮▮. I was born in **ⴹⴹⴹ ⴹⴹⴹⴹ ⴹ ⴹⴹⴹⴹⴹⴹⴹ·RNIA**

My current address is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Jacqueline Stevens has my authorization to obtain all personal information about me from any private or public agency in the United States and all other countries, including **UNITED STATES** (country of birth).

I hereby waive my right to privacy, and, under the Privacy Act and the Freedom of Information Act, I authorize all federal and state agencies of the United States to release any and all information relating to me to Professor Jacqueline Stevens, Department of Political Science, 601 University Place, Northwestern University, Evanston, IL 60208. However, I do not authorize the government to release of my records to the public.

This waiver is in accordance with the rules of Title 5 U.S.C Section 552, and includes but is not limited to records, recordings, transcripts, email, reports, and employee statements of the Social Security Administration; Health and Human Services, including but not limited to the Office of Refugee Resettlement; the Department of Homeland Security and all its agencies, including but not limited to Customs and Border Protection, Immigration and Customs Enforcement, Citizenship and Immigration Services; the Department of Justice, including the Executive Office of Immigration Review; the Federal Bureau of Investigation; the State Department, including consular officers; and state and local jail and court employees.

Under penalty of perjury under the laws of the United States, I hereby declare that I am the person described above and understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a (iX3) as a misdemeanor and by a fine of not more than $5,000.

*Miguel Silvestre*
Signature

Miguel Silvestre
Printed Name

04/19/2021
Executed on Date

Attachment B

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*National Records Center*
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship and Immigration Services**

COW2021002422
**PIN: 782625**

June 28, 2021

Jacqueline Stevens
Political Science Department  Deportation Research Clinic
601 University Place
Evanston, IL 60208

Dear Jacqueline Stevens:

Important Notification:  During the national COVID-19 response, our capacity to process paper FOIA requests and deliver records by mail will be greatly reduced.

To sign up for digital release, go to first.uscis.gov, create an account, and register your case using the **Control Number:** COW2021002422 and **PIN:** 782625. Read the enclosed yellow flyer for more details.

We received your request for information relating to Miguel Silvestre on June 23, 2021.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. § 552). It has been assigned the following control number: COW2021002422.  Please cite this number in all future correspondence about your request.

We respond to requests on a first-in, first-out basis and on a multi-track system. Your request has been placed in the complex track (Track 2). You may wish to narrow your request to a specific document in order to be eligible for the faster track. To do so, please send a written request, identifying the specific document sought, to the address above. We will notify you if your request is placed in the simple track.

Your request for a fee waiver has been granted.

Consistent with 6 C.F.R. § 5.5(a) of the Department of Homeland Security (DHS) FOIA regulations, USCIS processes FOIA requests according to their order of receipt. Although USCIS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances. Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Additionally, due to the scope and nature of your request, USCIS will need to locate, compile, and review responsive records from multiple offices, both at headquarters and in the field. USCIS may also need to consult with another agency or other component of the Department of Homeland Security that have a substantial interest in the responsive information. Due to these unusual circumstances, USCIS will invoke a 10-day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B). Please contact our office if you would like to limit the scope of your request or to agree on a different timetable for the processing of your request. We will make every effort to comply with your request in a timely manner.

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

This office now offers an online delivery option. Visit first.uscis.gov to register this request. You will

Attachment B

COW2021002422
Page 2

need to create a MyUSCIS account if you do not already have one. Once logged on, click the "Register Request" link where you will be prompted to enter your control number, COW2021002422, and PIN, 782625. A Compact Disc (CD) for use on your personal computer will be mailed if you do not wish to take advantage of digital delivery. To request your responsive records on paper, please include your control number and write to the above address, Attention: FOIA/PA Officer, or fax them to (802) 860-6908.

USCIS no longer collects Social Security Numbers in connection with FOIA or PA requests. When forwarding to us any documents related to your request, please ensure any Social Security Numbers on the documents are blanked out or removed.

The National Records Center (NRC) has the responsibility to ensure that personally identifiable information (PII) pertaining to U.S. Citizenship and Immigration Services (USCIS) clients is protected. In our efforts to safeguard this information, we may request that additional information be provided to facilitate and correctly identify records responsive to your request. Though submission of this information is voluntary, without this information, your request may be delayed while additional steps are taken to ensure the correct responsive records are located and processed. Further, if we are unable to positively identify the subject of the record we may be unable to provide records responsive to your FOIA request.

You may check the status of your FOIA request online at first.uscis.gov/#/check-status. If you have any questions concerning your pending FOIA/PA request, or to check the status of a pending application or petition, please call The National Customer Service Center at (800) 375-5283. Please be aware that the National Records Center no longer accepts FOIA/PA related questions directly by phone.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Questions concerning this FOIA/PA request may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead or emailed to FOIAPAQuestions@uscis.dhs.gov. Please include the control number listed above on all correspondence with this office. You can now submit a new FOIA request online using our new Freedom of Information Act Records SysTem (FIRST). If you wish to submit a new FOIA/PA request, please visit www.uscis.gov/FOIA for instructions and requirements.

Sincerely,

Terri White
Acting Director, FOIA Operations

Attachment C

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*National Records Center*
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship
and Immigration
Services**

COW2021002422

October 21, 2021

Jacqueline Stevens
Political Science Department  Deportation Research Clinic
601 University Place
Evanston, IL 60208

Dear Jacqueline Stevens:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office on June 23, 2021 regarding Miguel Silvestre.

We have completed the review of all documents and have identified 214 pages that are responsive to your request. Enclosed are 104 pages released in their entirety and 105 pages released in part. We are withholding 4 pages in full. In our review of these pages, we have determined they contain no reasonably segregable portion(s) of non-exempt information.  Additionally, we have referred some pages in their entirety to another government agency. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552a (a)(d)(5), (a)(j)(2), and (a)(k)(2) of the Privacy Act and 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(c), and (b)(7)(e) of the FOIA.

The following exemptions are applicable:

Exemption (b)(5) provides protection for inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency.  The types of documents and/or information that we have withheld under this exemption may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals.  The types of documents and/or information that we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (k)(2) of the PA provides protection to investigatory material compiled for law enforcement purposes.  The types of documents and/or information we have withheld in conjunction with (b)(7)(E) of the FOIA could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques and various other documents.

Exemption (d)(5) of the PA permits the government to withhold all documents or information, which are compiled in reasonable anticipation of a civil action or proceeding.  This extends to any records compiled in anticipation of civil proceedings, whether prepared by attorneys or lay investigators.

Exemption (j)(2) of the PA permits the government to withhold information in files which originated from an agency  primarily concerned with the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities.  The types of documents and/or information withheld in conjunction with (b)(7) could consist of information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests,

Attachment C

COW2021002422
Page 2

the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

Exemption (b)(7)(E) of the FOIA provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

Exemption (k)(2) of the PA provides protection to investigatory material compiled for law enforcement purposes. The types of documents and/or information we have withheld in conjunction with (b)(7)(C) of the FOIA could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents relating to third party individuals that are considered personal.

As a result of discussion between agency personnel and a member of our staff, as a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. If made, these releases are specifically identified in the responsive record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages contain marks that appear to be blacked-out information. The black marks were made prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

You have the right to file an administrative appeal within 90 days of the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. You may file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our FOIA Public Liaison, Jennifer Piateski, for assistance at:

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO 64064-8010
Telephone: (800) 375-5283
E-Mail: FOIAPAQuestions@uscis.dhs.gov

Attachment C

COW2021002422
Page 3

A FOIA Public Liaison is an agency official to whom FOIA requesters can raise concerns about the service the requester has received from the agency's FOIA Office. FOIA Public Liaisons are responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes.

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal Agencies. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
Telephone: (202) 741-5770 or (877) 684-6448
Email: OGIS@nara.gov
Website: ogis.archives.gov

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Questions concerning this FOIA/PA request may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead or emailed to FOIAPAQuestions@uscis.dhs.gov. Please include the control number listed above on all correspondence with this office. You can now submit a new FOIA request online using our new Freedom of Information Act Records SysTem (FIRST). If you wish to submit a new FOIA/PA request, please visit www.uscis.gov/FOIA for instructions and requirements.

Sincerely,

Jennifer Piateski
Acting Director, FOIA Operations

Enclosure(s)

Attachment D

## Tuttle-Felter, Michael R (Mike)

| | |
|---|---|
| **From:** | FOIA, USCIS |
| **Sent:** | Wednesday, October 5, 2022 1:32 PM |
| **To:** | McBride, Lyne I |
| **Subject:** | FW: EXPEDITED REQUEST E-Verify and other USCIS records for Pascal Charpentier |
| **Attachments:** | PrivacyWaiver_Charpentier.pdf |

Thank you,
Amy Curtis
Management & Program Analyst
Customer and Support Team, FOIA
National Records Center
Amy.M.Curtis@uscis.dhs.gov

WARNING: This document is FOR OFFICIAL USE ONLY (FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval from the originator.

-----Original Message-----
From: Jacqueline Stevens <jacqueline-stevens@northwestern.edu>
Sent: Monday, August 15, 2022 4:09 PM
To: FOIA, USCIS <USCIS.FOIA@uscis.dhs.gov>
Subject: EXPEDITED REQUEST E-Verify and other USCIS records for Pascal Charpentier

CAUTION: This email originated from outside of the Federal Government. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact the USCIS Security Operations Center with questions or click the "Report Phishing" button to report it as a phishing attempt.

To Whom It May Concern:
This letter constitutes a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for all system records and all other materials in any medium, maintained, received or distributed by USCIS pertaining to Pascal Charpentier.His date of birth is ▮▮▮▮▮▮▮▮. His country of birth is Germany. The U.S. government assigned him two "alien" numbers: 029-001-711 and 020-578-103. Please search records using both numbers.

The records I am seeking include but are not limited to: all correspondence and other information submitted by Mr. Charpentier to USCIS and all outputs about him produced by "E-Verify" databases; all records relied on by E-Verify for claiming Mr. Charpentier's place of birth was "Haiti"; emails, notes, drafts, memorandums, and data entries and outputs of digital information referencing Mr. Charpentier and stored on any computer, server, or digital device to which USCIS officials have access, and all information used for creating or responding to his two separate "alien" numbers. I am also of course interested in all records associated with any immigration and citizenship petitions and requests by Mr. Charpentier or on his behalf by his parent(s).

The time frame of this request is January 21, 1972 through whenever a search is conducted for responsive records.

1

Attachment D

Grounds for Expedited Request

According to 5 USC 552a6(E), a request should be expedited based on a "compelling need," the criteria for which are that:

(I) that a failure to obtain requested records on an expedited basis under this paragraph could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or

(II) with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity.

Mr. Charpentier was issued a removal order based on inaccurate information produced by the U.S. government to an immigration judge. As director of the Deportation Research Clinic, I will be sharing all responsive records with Mr. Charpentier. He needs the records requested in order to prove his U.S. citizenship. Unless these are produced immediately, Mr. Charpentier is in danger of being rendered stateless and removed by force to a foreign country where he has has never visited and has no ties. Thus, the failure of USCIS to produce the requested records on an expedited basis could "reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

In addition, there is enormous public interest in the U.S. government unlawfully detaining and deporting U.S. citizens. My own research on the patterns and practices of the U.S. government deporting U.S. citizens has been widely covered in the media, including the New Yorker magazine, the New York Times, and NPR, thus satisying (ii) above.

Further, a major news organization has indicated they will be reporting on my findings about the deportation order for Mr. Charpentier.

For documentation of the media interest in the U.S. government's unlawful detention and deportation of U.S. citizens, please see media coverage here: https://gcc02.safelinks.protection.outlook.com/?url=https%3A%2F%2Fdeportation-research.buffett.northwestern.edu%2Fnews%2Findex.html&amp;data=05%7C01%7CLyne.I.McBride%40uscis.dhs.gov%7C057171a495c94778f72108daa6ffec41%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C638005915371514454%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=QSS1G5LYA73fwCgDsba5EHnYxNjaB89swxBQa1epfxE%3D&amp;reserved=0, including these articles: Greg Allen, "ICE Detained the Wrong Person," NPR, December 18 and Steve Coll, "When ICE Tries to Deport Americans, Who Defends Them?" New Yorker, March 21.

I also co-edited a volume, Citizenship in Question: Evidentiary Birthright and Statelessness, https://gcc02.safelinks.protection.outlook.com/?url=https%3A%2F%2Flibrary.oapen.org%2Fhandle%2F20.500.12657%2F31762&amp;data=05%7C01%7CLyne.I.McBride%40uscis.dhs.gov%7C057171a495c94778f72108daa6ffec41%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C638005915371514454%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=f2GPkshZaUNZphg6JQmgpM3KdKYGGjqVMnxZl7FrURk%3D&amp;reserved=0; the book won Please note that government's detention and deportation of US citizens is of great interest to the public, as evidenced in extensive national media coverage of my research on this. Please see: https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.npr.org%2Fsections%2Fthetwo-way%2F2016%2F12%2F22%2F504031635%2Fyou-say-you-re-an-american-but-what-if-you-had-to-prove-it-or-be-deported&amp;data=05%7C01%7CLyne.I.McBride%40uscis.dhs.gov%7C057171a495c94778f72108daa6ffec41%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C638005915371670674%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=4iOCRV8bVa0u8rvsrY76FPu8yXAIDavmwOGH1HXW3zk%3D&amp;reserved=0   My research on this topic has been reported in The New Yorker, The New York Times, NPR and numerous other national and local media outlets.

As I will be using this information for my research, teaching, and journalism along the lines indicated above, and will receive no financial compensation I am requesting a fee waiver.

I am attaching Mr. Charpentier privacy waiver authorizing release of this information to me under the Freedom of Information/Privacy Act. Please note that this also includes his certification of identity.

Many thanks for your assistance with this request. If you have any questions, please feel free to contact me here or by phone at 847-467-2093.

Thank you,

Jacqueline Stevens
Professor
Political Science
Northwestern University
Founding Director
Deportation Research Clinic
Buffett Institute

Attachment D

https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fbuffett.northwestern.edu%2Fprograms%2Fdeportationresearch%2F&amp;data=05%7C01%7CLyne.I.McBride%40uscis.dhs.gov%7C057171a495c94778f72108daa6ffec41%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C638005915371670674%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=jSpwz%2BJea04isGV%2FZJx2M9usiUEwC6oSFEWPWgNYJTA%3D&amp;reserved=0

Office Phone: 847-467-2093

Mail

601 University Place, Second Floor

Political Science Department

Evanston, IL  60208

https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fstateswithoutnations.blogspot.com%2F&amp;data=05%7C01%7CLyne.I.McBride%40uscis.dhs.gov%7C057171a495c94778f72108daa6ffec41%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C638005915371670674%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=y4QKn0VBJE6WMp3aeJg4KyUDcwH1d9Tak9hFLLxZJTo%3D&amp;reserved=0

https://gcc02.safelinks.protection.outlook.com/?url=https%3A%2F%2Fpolisci.northwestern.edu%2Fpeople%2Fcore-faculty%2Fjacqueline-stevens.html&amp;data=05%7C01%7CLyne.I.McBride%40uscis.dhs.gov%7C057171a495c94778f72108daa6ffec41%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C638005915371670674%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=SlUGJScES8Xb7vHs%2BIY4cWBYPca%2B76iE46K1JbYzXes%3D&amp;reserved=0

Attachment D

## PRIVACY AND CONFIDENTIALITY WAIVER

To Whom It May Concern:

My name is **PASCAL CHARPENTIER** and I was assigned the alien number **020578103**.

My date of birth is ███████████. I was born in **W. GERMANY**.

Dr. Jacqueline Stevens has my authorization to obtain all personal information about me from any private or public agency in the United States and all other countries, including **GERMANY** (Native Country).

I hereby waive my right to privacy, and, under the Privacy Act and the Freedom of Information Act, I authorize all federal and state agencies of the United States to release any and all information relating to me to Professor Jacqueline Stevens, Department of Political Science, 601 University Place, Northwestern University, Evanston, IL 60208.

This waiver is in accordance with the rules of Title 5 U.S.C Section 552, and includes but is not limited to records, recordings, transcripts, email, reports, and employee statements of the Social Security Administration; Health and Human Services, including but not limited to the Office of Refugee Resettlement; the Department of Homeland Security and all its agencies, including but not limited to Customs and Border Protection, Immigration and Customs Enforcement, Citizenship and Immigration Services; the Department of Justice, including the the Executive Office of Immigration Review; the Federal Bureau of Investigation; the State Department, including consular officers; and state and local jail and court employees.

Under penalty of perjury, I hereby declare that I am the person described above and understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a (iX3) as a misdemeanor and by a fine of not more than $5,000.

*P. Charpentier*
Signature

PASCAL CHARPENTIER
Printed Name

08/11/2022
Date

Attachment E

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*National Records Center*
P.O. Box 648010
Lee's Summit, MO  64064-8010

**U.S. Citizenship and Immigration Services**

NRC2022202394

August 29, 2022

PASCAL CHARPENTIER
NORTHWESTERN UNIVERSITY
601 UNIVERSITY PLACE
EVANSTON, IL 60208

Dear PASCAL CHARPENTIER:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office on August 17, 2022.

After carefully considering your request, we must deny it in its entirety pursuant to 5 U.S.C. § 552 (b)(6).

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

In order to obtain these records your request must demonstrate one or more of the following criteria:

- Written authorization from the individual(s) permitting disclosure of the records to you, which consists of a written statement from the records' subject(s) stating his/her full name, current address, and date and place of birth. Additionally, the written statement must be signed by the records' subject(s) and the signature must either be notarized or signed under penalty of perjury;
- Proof of parentage with the parent's verification of identity if the subject of record is a minor at the time of the request;
- Proof of court-appointed guardianship with the guardian's verification of identity;
- Proof that the subject(s) of your request is deceased; or
- A clear demonstration that the public interest in disclosure outweighs the personal privacy interest(s) of the individual(s) and that significant public benefit would result from the disclosure of the requested records.

Your request did not satisfy any of the above criteria. Where a FOIA requester seeks information about individuals in personnel, medical, and similar files FOIA Exemption 6 protects from disclosure information that, if released, would constitute a clearly unwarranted invasion of personal privacy. To determine whether the disclosure of personal information would constitute an unwarranted invasion of personal privacy, Exemption 6 requires the government to balance the privacy interests of individuals that would be compromised by disclosure of government records about them against the public interest in release of the records. The only relevant public interest to be considered is the extent to which the requested information sheds light on the agency's performance of its statutory duties. Where the privacy interest outweighs the public, the information is protected from disclosure. In the absence of written authorization permitting disclosure of the records to you, proof that the subject is deceased, or a demonstration of a public interest that would outweigh the subject's privacy interest, you are not entitled to the requested records under the FOIA.

Attachment E

NRC2022202394
Page 2

An electronic signature provided on a G-639 that is generated via a private software system, will not be accepted as proper Verification of Identity or Certification of Agreement (Consent).

You have the right to file an administrative appeal within 90 days of the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. You may file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our FOIA Public Liaison, Cynthia Munita, for assistance at:

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO  64064-8010
Telephone: (816) 350-5510
E-Mail: FOIAPAQuestions@uscis.dhs.gov

A FOIA Public Liaison is an agency official to whom FOIA requesters can raise concerns about the service the requester has received from the agency's FOIA Office. FOIA Public Liaisons are responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes.

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal Agencies. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
Telephone: (202) 741-5770 or (877) 684-6448
Email: OGIS@nara.gov
Website: ogis.archives.gov

Sincerely,

Cynthia Munita
Director, FOIA Operations