UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES, | ) No. 22 C 5072 |
| DEPARTMENT OF HOMELAND | ) |
| SECURITY, CUSTOMS AND BORDER | ) Judge Kennelly |
| PROTECTION, IMMIGRATION AND | ) |
| CUSTOMS ENFORCEMENT, | ) |
| CITIZENSHIP AND IMMIGRATION | ) |
| SERVICES, DEPARTMENT OF JUSTICE, | ) |
| and EXECUTIVE OFFICE OF | ) |
| IMMIGRATION REVIEW, | ) |
| | ) |
| Defendants. | ) |

**ANSWER**

Defendants United States Department of Health and Human Service, Department of Homeland Security, Customs and Border Protection, Immigration and Customs Enforcement, Citizenship and Immigration Services, Department of Justice, and Executive Office of Immigration Review, by their attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, for their answer to the complaint (Dkt. 1), state as follows:

**First Defense**

The case should be dismissed for failure to exhaust administrative remedies with respect to U.S. Citizenship and Immigration Services.

**Second Defense**

The case should be dismissed under the doctrine of laches with respect to the request Stevens allegedly submitted to DHS regarding Lauren Underwood. Compl. ¶¶ 29-35. Stevens

alleges that she submitted the request to DHS in November 2019, that DHS responded in December 2019 by referring the request to CBP, and that she has received no communication from CBP about the request. *Id.* ¶¶ 29-31. Stevens did not file suit until nearly three years later, in September 2022. Dkt. 1. This delay has unduly prejudiced CBP's ability to investigate the alleged request, and the case should be dismissed with respect to this request.

### Third Defense

The complaint purports to impose obligations on defendants that exceed those imposed by the Freedom of Information Act.

### Fourth Defense

Plaintiff is not entitled to compel the production of records that are exempt from disclosure under FOIA or under other provisions of law, and plaintiff is not entitled to compel the production of records that are not subject to FOIA.

### Fifth Defense

Defendants are not improperly withholding any responsive documents.

### Sixth Defense

At all times alleged in the complaint, defendants acted in good faith, with justification, and pursuant to lawful authority.

### Seventh Defense

Answering the specific allegations of the complaint, defendant admits, denies, or otherwise avers as follows:

1. **Complaint:** This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, seeking agency records wrongfully withheld by the United States Department of Health and Human Services ("HHS"); the United States Department of Homeland Security ("DHS"), the Customs and Border Protection ("CBP"), the Immigration and Customs Enforcement ("ICE"), the Citizenship and Immigration Services ("USCIS"); and the United States Department of Justice ("DOJ"), and its agency, the Executive

2

Office for Immigration Review ("EOIR"). This complaint seeks statutory, declaratory, injunctive, and equitable relief to remedy Defendants' violations of FOIA and/or the PA which include but are not limited to: (1) failure to process properly submitted FOIA requests and to produce responsive documents within the statutory deadlines mandated by Congress; (2) failure to conduct proper searches to locate documents responsive to properly submitted FOIA requests; and (3) failure to segregate non-exempt material in records to which agencies have applied redactions.

**Response**:     Admit that this is an action brought under FOIA and admit that

Stevens has accused the agencies of violating FOIA.  Deny that defendants have violated FOIA.

2.     **Complaint:**  Plaintiff Stevens has been irreparably harmed by Defendants' repeated and deliberate violations of the Act: she needs the withheld records for her scholarship and journalism analyzing professional and criminal misconduct in the operations of government agencies that implement policies on behalf of U.S. national sovereignty.

**Response**:     Deny.

## JURISDICTION AND VENUE

3.     **Complaint:**   This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 522(a)(4)(B).  The court has further jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201-2202.

**Response:**     Admit that the court has subject matter jurisdiction.

4.     **Complaint:**   Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff Stevens works and resides within this District.

**Response:**     Admit that venue is proper.

## PARTIES

5.     **Complaint:**   Plaintiff is a professor of political science and the founding director of the Deportation Research Clinic at Northwestern University, in Cook County, Illinois.  Stevens' office and principal residence are in Cook County, Illinois.

**Response:**     Admit.

6.     **Complaint:**   Stevens is trained as a political scientist.  The records requested and subject to this Complaint are for the purpose of analyzing, reporting, and theorizing contradictions between nativism and nationalism and the rule of law, and to assist individuals with wrongful or unlawful deportation orders.  This includes U.S. citizens who are detained and deported as 'aliens' as the term is defined in 8 U.S.C. § 1001(a)(3).

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6; accordingly, they are denied.

7. **Complaint:** In 2011, Stevens published a scholarly article in the *Virginia Journal of Social Policy & the Law* detailing the U.S. government's unlawful detention and deportation of U.S. citizens. The article estimated that from 2003 to 2010, "more than 20,000 U.S. citizens were detained or deported," and identified as the cause, "laws and regulations mandating detention and deportation of hundreds of thousands of incarcerated people without attorneys." This article was featured in several publications and drew attention to the practice.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7; accordingly, they are denied.

8. **Complaint:** Stevens also wrote an opinion piece on the topic published in the *New York Times*.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8; accordingly, they are denied.

9. **Complaint:** Since 2011, Stevens has continued to research, investigate, and publish on the subject of deportation of U.S. Citizens. In 2012, she founded the Deportation Research Clinic for the purpose of studying government misconduct in deportation proceedings. Many of the cases she studied have become lawsuits on behalf of the detained U.S. citizens and have been widely covered in the media and scholarly articles.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9; accordingly, they are denied.

10. **Complaint:** Since 2008, Stevens has been publishing on the improper deportations of U.S. citizens, working to identify systematic protocols and misconduct underlying the deportation of U.S. Citizens, including articles in the *The Nation* magazine (2008-10) and a co-edited book, *Citizenship in Question: Evidentiary Birthright and Statelessness* (Duke University Press, 2017).

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10; accordingly, they are denied.

11. **Complaint:** In 2022, an article in the *American Bar Association Journal* featured the contributions of documents Stevens obtained through FOIA requests and her related research to novel class action litigation against private persons.

**Response**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11; accordingly, they are denied.

12. **Complaint:** Stevens' 2018 essay in Citizenship in Question "The Citizen who is an Alien" was awarded a prize for "Best Chapter" by the American Political Science Association section on Migration and Citizenship.

**Response**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12; accordingly, they are denied.

13. **Complaint:** A global consortium of librarians on behalf of the non-profit organization *Knowledge Unlatched* purchased from Duke University Press the right to publish the book on its website in a no-cost portable document format.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13; accordingly, they are denied.

14. **Complaint:** Journalists and U.S. citizens targeted by agencies of DHS and DOJ regularly contact Stevens with pleas for help in obtaining records and information. A reporter from a public radio station (WNYC) contacted Stevens on or about August 14, 2022 to request her insights on the narrative of Pascal Charpentier. A primary tool in her research efforts has been obtaining, reviewing, and analyzing U.S. government documents pursuant to FOIA and PA requests, the majority of which have been obtained only after she was forced to initiate litigation under the FOIA. Realizing that the underlying harms to which the deportation order exposed Mr. Charpentier, a likely U.S. citizen, had triggered public interest in the case, Stevens submitted requests of DHS agencies for their records on Mr. Charpentier on an expedited basis.

**Response:** Admit that Stevens requested records relating to Charpentier from ICE on an expedited basis. Deny that any request for records relating to Charpentier was submitted to CBP on an expedited basis. Deny that Stevens was entitled to expedited processing with respect to her requests to USCIS. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14; accordingly, they are denied.

15. **Complaint:** Stevens assisted researchers at the Government Accountability Office ("GAO") for purposes of their report on the detention and deportation of U.S. citizens.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15; accordingly, they are denied.

16.     **Complaint:**    Defendants HHS, DHS, and DOJ are agencies of the executive branch of the U.S. government within the meaning of 5 U.S.C. § 552(f)(1) from which Stevens sought information through the requests identified below.

    **Response:**    Admit.

17.     **Complaint:**    Defendants CBP, ICE, and USCIS are agencies within the U.S. Department of Homeland Security ("DHS").

    **Response:**    Admit, with the clarification that ICE, CBP, and USCIS are

*components* of the Department of Homeland Security.

18.     **Complaint:**    Defendant EOIR is an agency within the United States Department of Justice ("DOJ").  DOJ has responsibility for records of legacy Immigration and Naturalization Services ("INS").

    **Response:**    Admit, with the clarification that EOIR is a sub-component of the

Department of Justice.

19.     **Complaint:**    Defendants have custody, possession, and control over the records and systems of records sought by Stevens under FOIA and/or PA, and have had such custody, possession, and control at the time the records were requested and up to the present.

    **Response:**    Admit with respect to EOIR; otherwise deny.

### Request for Records to HHS

### 2020-00435-FOIA-OS – Lauren Underwood

20.     **Complaint:**    On December 11, 2019, Stevens submitted the following request to HHS pursuant to the FOIA:

> records tied to the hiring, transfers, and scope of work performed by Lauren Underwood at HHS.  Underwood is at present a member of Congress (D-IL).
>
> 1) all position announcements associated with any jobs she held at HHS.
>
> 2) all reports, memorandums, or analyses she produced, including but not limited to her work on Ebola and other emergency public health matters.
>
> 3) all travel itineraries.
>
> 4) all expense reports.  The time frame of this request is Jan. 1, 2010 to January 22, 2017.

**Response:** Admit.

21. **Complaint:** On January 13, 2020, Stevens received an email confirming the receipt of her request.

**Response:** Admit.

22. **Complaint:** Stevens received no documents and no further communication from Defendant about this properly submitted FOIA request.

**Response:** Admit.

23. **Complaint:** As of September 12, 2022, 681 business days have elapsed since Stevens submitted her request. This is 51 business days past the FOIA deadline.

**Response:** Admit.

24. **Complaint:** HHS has failed to produce any responsive records or explain why they are being withheld.

**Response:** Admit that HHS has not produced any responsive records or explained why any records are being withheld.

### Requests for Records to DHS

### A. CBP-2022-080265 – Toan Hoang

25. **Complaint:** On March 10, 2022, Stevens submitted a FOIA request directly to CBP. The request sought:

> [A]ll system records and other items maintained, produced, or distributed by CBP pertaining to Toan Hoang. His "alien number" is 025-105-060. He was born in Vietnam on [PII-REDACTED]. Information responsive to this request includes but is not limited to: (1) all memoranda, notes, reports, email messages, and all other system records or communications associated with or pertaining to Mr. Hoang generated or received by CBP and; (2) screen shots of all databases likely to have responsive records. The time frame of this request is [REDACTED] to present. Mr. Hoang has signed a waiver, including a certificate of identity, allowing me to receive these records. Please find a copy of this waiver attached.

7

**Response:** Admit that CBP received a FOIA request from Stevens seeking records pertaining to Toan Hoang on May 18, 2022. Deny that the request included the statements, "Mr. Hoang has signed a waiver, including a certificate of identity, allowing me to receive the records. Please find a copy of this waiver attached." Admit that the remainder of the quotation is accurate. Defendants lack knowledge or information sufficient to form a belief about the date on which Stevens submitted the request; accordingly, that allegation is denied.

26. **Complaint:** On March 10, 2022, Plaintiff uploaded to her online FOIA request a PDF of the privacy waiver signed under penalty of perjury by Mr. Hoang and authorizing agencies to release his records to Stevens.

**Response:** Deny.

27. **Complaint:** On May 18, 2022, 19 days past the statutory deadline for producing responsive records for "complex" requests, CBP confirmed receipt of Stevens' request and assigned it the tracking number CBP-2022-080265.

**Response:** Admit that CBP assigned tracking number CBP-2022-080265 to the request. Deny the remaining allegations in paragraph 27.

28. **Complaint:** As of September 12, 2022, 128 business days have elapsed since Stevens submitted her request. This is 98 days past the FOIA deadline.

**Response:** Deny. CBP issued Stevens a letter on May 20, 2022, informing her that an authorization for her third-party FOIA request was needed and instructing her to resubmit the request with an authorization. The letter further informed her that her FOIA request was closed as insufficient.

## B. Lauren Underwood

29. **Complaint:** On November 22, 2019, Stevens submitted a FOIA request to DHS. The request sought:

> 1) all communications and related materials created, received, or maintained by the Department of Homeland Security to which Rep. Lauren Underwood (D-IL) or any member of her staff. This includes but is not limited to all email, text messages, notes, reports,

8

memorandums, proposed bill texts, and bill evaluations. In a floor speech of 9/26/2019 Rep. Underwood stated she received information from the "Department of Homeland Security" indicating a request for an integrated Electronic Health Records System she referenced as "EHR." She refers to this in her remarks on HR 3525 as a "direct ask from medical officers at the Department of Homeland Security."

2) DHS communications and related materials created by or received from other components of DHS or the Department of Health and Human Services Office of Refugee Resettlement about the use of Electronic Health Records systems already in place as well as the establishment of an EHR for the use by offices of CBP.

3) Information on meetings and communications with private individuals, including but not limited to lobbyists or company officials related to past, current, or potential "enterprise" or other information technologies for collecting, coordinating, or maintaining health records data for those encountered or detained by DHS or any component of DHS. Technical reports, email, text messages, or other communications with the private sector tied to past, current, or potential contracts tied to HER systems.

**Response:** Admit.

30. **Complaint:** On December 2, 2019, Stevens received an email notifying her that DHS created a case no. for Stevens' request "2020-HQFQ-00215," and stated that the agency was "transferring this request to the FOIA Officers for […] U.S. Customs and Border Protection (CBP), for processing under the FOIA and direct response to you."

**Response:** Admit that DHS sent this email, but defendants lack knowledge or information sufficient to form a belief about when Stevens received it; accordingly, that allegation is denied

31. **Complaint:** Stevens has received no communications or records from CBP about this FOIA request.

**Response:** Deny

32. **Complaint:** FOIA.gov provides (202) 325-0150 as a number to contact for CBP's FOIA Officer Sabrina Burroughs. On August 9, 2022, Dr. Stevens' research assistant ("RA") called the number twice. Both times, the automated voice message stated that staff are working remotely, and that the voicemail box was full. On August 12, 2022, the RA called again and received the same response.

9

**Response:** Admit the allegations in the first sentence of paragraph 32. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 32; accordingly, they are denied.

33. **Complaint:** Another web page entitled "Request Records Through the Freedom of Information Act" on CBP's website instructs those seeking information on CBP FOIA requests to call (202) 353-8000. On August 15, 2022, the RA called the number. After navigating through their automated voice messaging system, the RA waited for an hour before someone responded. The RA provided the DHS case number and asked if there was a corresponding CBP number and status update. The staff member asked if the RA could go on hold again, to which the RA responded in the affirmative. The call was then abruptly terminated about five minutes later.

**Response:** Admit the allegations in the first sentence of paragraph 33, though the number provided is described on the web page as being for "concerns about how you were treated by CBP officers or if you have a general or specific question(s) about CBP or your CBP inspection"; it is not presented as a number for FOIA follow-ups. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 32; accordingly, they are denied.

34. **Complaint:** As of September 12, 2022, 692 business days have elapsed since DHS transferred the request to CBP. This is 662 business days past the FOIA deadline.

**Response:** Admit.

35. **Complaint:** DHS and CBP have failed to produce responsive records or explain why they are being withheld.

**Response:** Admit that CBP has not produced any responsive records or explained why any records are being withheld. Deny the remaining allegations in paragraph 35.

## ICE

### A. Miguel Silvestre – No case no. assigned

36. **Complaint:** On June 22, 2021, Stevens submitted by email a request to ICE pursuant to the FOIA/PA for the following:

10

[A]ll system records and other items maintained, produced, or distributed by ICE pertaining to Miguel Guzman Silvestre. His date of birth is [PII-REDACTED]. His country of birth is the United States. His "alien" number is 077-166-008. I am interested in all system records pertaining to Mr. Guzman and all ICE correspondence with other government agencies, individuals, or attorneys pertaining to Mr. Guzman as well. Please include as well:

1) All records of all grievances filed by Mr. Guzman, orally or in writing and under the control of ICE or its components, including county jails or private prisons with which ICE has contracted.

2) Commissary account data, including but not limited to information tracking funds reimbursed to Mr. Guzman on release from custody.

3) Work program participation documents and payment records.

4) All correspondence, notes, or other records pertaining to assertions or findings of U.S. citizenship from all databases.

5) Communications with police, jails, prisons about Mr. Guzman's arrest and detention.

6) Screen shots of all tabs for interfaces associated with databases likely to have records responsive to this request.

7) All email, faxes, notes, and all other analyses and records tied to ICE investigations or findings for any deportation orders or arrests of Mr. Guzman.

Please note that I am attaching a third party waiver signed by Mr. Guzman and authorizing the release of all responsive documents to me under the FOIA/PA. Please note that components and officials that track detention facility compliance with ICE contracts are likely to have responsive records and will need to be queried. Please note that prior responses to similar requests have been incomplete and in violation of FOIA/PA. If the final response does not include all of the records indicated below it is in violation of the law to represent it as a "final response." It is also a violation of the Administrative Procedures Act, insofar as this is a pattern and practice of this agency. If you are a FOIA agent reviewing this, then I would appreciate your reviewing my request with your colleagues in offices tasked for documents items that are missing when they return to you only a few pages from EARM.

**Response:** Admit.

37. **Complaint:** Stevens attached to her request a privacy waiver signed under penalty of perjury by Mr. Silvestre authorizing agencies to release his records to Stevens.

11

**Response:** Admit.

38. **Complaint:** The agency did not acknowledge the request nor did it assign a tracking number.

**Response:** Deny.

39. **Complaint:** As of September 12, 2022, 304 business days have elapsed since Stevens submitted her request. This is 274 business days past the FOIA deadline.

**Response:** Admit.

40. **Complaint:** ICE has failed to produce responsive documents or explain why they are being withheld.

**Response:** Admit that ICE has not produced responsive documents or explained why they are being withheld.

### B  2022-ICFO—08985 – Toan Hoang

41. **Complaint:** On March 10, 2022, Stevens submitted a request to ICE pursuant to the FOIA/PA for the following:

> 1) All records of all grievances filed by Mr. Hoang, orally or in writing and under the control of ICE or its components, including county jails or private prisons with which ICE has contracted.
>
> 2) Commissary account data, including but not limited to information tracking funds reimbursed to Mr. Hoang on release from custody.
>
> 3) Work program participation documents and payment records.
>
> 4) All correspondence, notes, and other records pertaining to assertions or findings of U.S. citizenship from all databases, including records tied to proceedings in Los Angeles in 1999.
>
> 5) Communications with police, jails, prisons about Mr. Hoang's arrest and detention.
>
> 6) Screen shots of all tabs for interfaces associated with databases likely to have records responsive to this request.
>
> 7) All email, faxes, notes, and all other analyses and records tied to ICE investigations or findings for any deportation order or arrests of Mr. Hoang.

12

The time frame of this request is January 1, 1996 through the present. Mr. Hoang has signed a waiver, including a certificate of identity, allowing me to receive these records. Please find a copy of this waiver attached. Please note that prior responses to similar requests have been incomplete and in violation of the FOIA. If your response does not include all of the records indicated below it is in violation of the law to represent it as a "final response." The purpose of the FOIA is to provide the public timely information. The information I obtain from the government has featured in my own research, from which journalists have drawn for widely circulated stories on matters of obvious public interest, especially ICE detaining and deporting U.S. citizens.

Stevens attached to her request a privacy waiver signed under penalty of perjury by Mr. Hoang authorizing agencies to release his records to Stevens.

> **Response:** Admit.

42. **Complaint:** On May 22, 2022, Stevens received an email confirming the receipt and providing the tracking number 2022-ICFO-08985, but stating that the request lacked a privacy waiver.

> **Response:** Deny.

43. **Complaint:** On May 27, 2022 Stevens resubmitted the same privacy waiver she uploaded on March 10, 2022 and stated, "I attached Mr. Hoang's privacy waiver to the initial request. It includes all information required under 6 CFR § 5.21(d); I am attaching it for a second time."

> **Response:** Admit.

44. **Complaint:** On June 24, 2022, Stevens received another email confirming receipt of the privacy waiver stating, "Your request was received in this office on June 24, 2022." This was 44 days past the statutory deadline for producing records responsive to Stevens' request of March 10, 2022, if ICE had used the deadline for "complex" requests.

> **Response:** Admit.

45. **Complaint:** As of September 12, 2022, 128 business days have elapsed since Stevens submitted her request. This is 98 business days past the FOIA deadline..

> **Response:** Admit.

13

46. **Complaint:** ICE has failed to produce responsive records or explain why they are being withheld.

**Response:** Admit that ICE has not produced responsive records or explained why they are being withheld.

### C. 2022-ICFO-27065 – Pascal Charpentier

47. **Complaint:** On August 18, 2022, Stevens submitted a request to ICE via the DHS portal pursuant to the FOIA/PA for the following:

> All system records and other items maintained, produced, or distributed by ICE, including ICE trial attorneys and HQ, pertaining to Pascal Charpentier. His date of birth is [PII – REDACTED]. His country of birth is Germany. His "alien" number was 029001711 and in 2016 he was given this number: 020578103. I am interested in all system records pertaining to Mr. Charpentier and all ICE correspondence with other government agencies, individuals, or attorneys pertaining to Mr. Charpentier as well. Please include as well:
>
> 1) All records of all grievances filed by Mr. Charpentier orally or in writing and under the control of ICE or its components, including county jails or private persons with which ICE has contracted.
>
> 2) Commissary account data, including but not limited to information tracking funds reimbursed to Mr. Charpentier on release from custody.
>
> 3) All correspondence, notes, and other records pertaining to assertions or findings of U.S. citizenship, including but not limited to entries into PLAnet.
>
> 4) All ICE Fugitive Operation notes, memorandums, text messages, and other information in any medium related to the search and arrest of Mr. Charpentier. This includes but is not limited to database search protocols on which agents relied for information leading to the arrest.
>
> I am seeking all instructions in any form on which ICE employees relied in their search for the information that led to the arrest of Mr. Charpentier.
>
> 5) Screen shots of all tabs for interfaces to databases searched for information responsive to this request.
> Please note that I am attaching a third party waiver and certificate of identity signed by Mr. Charpentier and authorizing the release of all responsive documents to me under the FOIA/PA.

**Response:** Admit.

48. **Complaint:** Stevens stated the request was "expedited" and provided an attachment titled "Grounds for Expedited Request." It states: "According to 5 USC 552a6(E), a request should be expedited based on a "compelling need," the criteria for which are that:

> (I) That a failure to obtain requested records on an expedited basis under this paragraph could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or (II) with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity. Mr. Charpentier was issued a removal order based on inaccurate information produced by the U.S. government to an immigration judge. As director of the Deportation Research Clinic, I will be sharing all responsive records with Mr. Charpentier. He needs the records requested in order to prove his U.S. citizenship. Unless these are produced immediately, Mr. Charpentier is in danger of being rendered stateless and removed by force to a foreign country where he has has (sic) never visited and has no ties. Thus, the failure of USCIS to produce the requested records on an expedited basis could 'reasonably be expected to pose an imminent threat to the life or physical safety of an individual.' In addition, there is enormous public interest in the U.S. government unlawfully detaining and deporting U.S. citizens. My own research on the patterns and practices of the U.S. government deporting U.S. citizens has been widely covered in the media, including the New Yorker magazine, the New York Times, and NPR, thus satisfying (ii) above. Further, a major news organization has indicated that they will be reporting on my findings about the deportation order for Mr. Charpentier."

**Response:** Admit.

49. **Complaint:** Immigration Judge Charles Conroy issued a final order of removal against Mr. Charpentier on August 9, 2022.

**Response:** Defendants lack knowledge or information sufficient to form a

belief about the truth of the remaining allegations in paragraph 49; accordingly, they are denied.

50. **Complaint:** Mr. Charpentier asserted in a declaration: "The consequences of my deportation are both an unreasonable violation of my right to due process and liberty under the 14th Amendment of the U.S. Constitution, and a life threatening situation to my person and well being. The designation of Haiti as a country for transfer is of particular concern since the country is currently torn between weak government institutions, violent gang control of many areas, abject poverty, and political instability. I have never lived there, was not born there, do not speak the

15

language, and do not have any ties there. My entire family are US citizens who live in the US, including my fiance and step-children with whom I live with and care for."

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 50; accordingly, they are denied.

51. **Complaint:** There is an urgent need for the documents Stevens requested on Mr. Charpentier's behalf: his arrest, detention, and deportation order are newsworthy and matter of public interest. The documents are essential for the timely and effective prosecution of an administrative appeal before Board of Immigration Appeals which is due on or before September 22, 2022 and potentially for filing a motion to reopen.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51; accordingly, they are denied.

52. **Complaint:** As of September 12, 2022, 16 business days have elapsed since Stevens submitted her expedited request. This is six business days past the FOIA deadline for an expedited request.

**Response:** Deny.

53. **Complaint:** ICE has failed to produce responsive records or explain why they are being withheld.

**Response:** Deny.

### USCIS

#### A. NRC2021114606, NRC1021114615, MRC2022001110, MRC2022005353 – Miguel Silvestre

54. **Complaint:** On or about June 22, 2021, Stevens submitted a request to USCIS for records related to Miguel Silvestre. Her request included a privacy waiver authorizing Stevens' access to his records signed by Mr. Silvestre.

**Response:** Deny the first sentence of paragraph 54; Stevens submitted the request on June 23, 2021. Admit that the request included a document called "Privacy and Confidentiality Waiver."

55. **Complaint:** Stevens received several communications from USCIS responsive to her request that indicate different, incorrect dates of receipt, including June 8, 2022 [sic].

**Response:** Deny.

56. **Complaint:** On August 19, 2022, Stevens reviewed her USCIS portal account. It showed only records associated with one individual, who is not Mr. Silvestre.

**Response:** Defendants lack knowledge or information sufficient to form a

belief about the truth of the allegations in paragraph 56; accordingly, they are denied.

57. **Complaint:** On August 31, 2022, Stevens was unable to access the USCIS portal. After her password did not work, she was sent a link to an interface with the same questions that did not apply, a problem identical to the one of which she had complained in her correspondence of February 26, 2021 to August 17, 2022.

**Response:** Defendants lack knowledge or information sufficient to form a

belief about the truth of the allegations in paragraph 57; accordingly, they are denied.

58. **Complaint:** Based on Plaintiff's first-hand knowledge and experience as FOIA request submitted no other FOIA portals block users from their accounts nor maintain inaccurate records to the extent that occurs in the portals and FOIA webpages run by USCIS. USCIS reset pages have no interface for FOIA requesters.

**Response:** Defendants lack knowledge or information sufficient to form a

belief about the truth of the allegations in paragraph 58; accordingly, they are denied.

59. **Complaint:** Stevens received via U.S. mail three separate letters from USCIS, all dated June 25, 2021.

    a. NRC2021114606 – One indicated the receipt of a FOIA request received from Stevens on June 23, 2021. The letter provided the tracking number NRC2021114606.
    b. NRC2021114606 – A second indicated the withdrawal of a FOIA request received from Stevens on June 23, 2021. The letter used the tracking number NRC2021114606.
    c. NRC2021114615 – A third also indicated the withdrawal of a FOIA request received from Stevens on June 23, 2021, but used the tracking number NRC2021114615.

**Response:** Admit but deny the implication that these letters related to the FOIA

request identified in paragraph 54.

60. **Complaint:** Stevens did not withdraw any of her FOIA requests on or after 23 June 2021.

**Response:** Admit to the extent that paragraph 60 refers to the FOIA requests referenced in paragraph 59. Stevens withdrew those requests on June 22, 2021.

### [A.1]. MRC2022001110 – Silvestre

61. **Complaint:** On May 16, 2022, Stevens received via U.S. mail a letter from USCIS denying her FOIA request from Mr. Silvestre's records. The letter using the tracking number MRC2022001110 stated that Stevens' request was received on May 11, 2022 and shows that USCIS had disregarded Mr. Silvestre's Privacy Waiver Stevens properly submitted.

**Response:** Admit that USCIS sent Stevens a letter on May 16, 2022, referencing a FOIA request with control number MRC2022001110. Deny to the extent that paragraph 61 is intended to allege that this letter related to the FOIA request identified in paragraph 54.

62-64. **Complaint:** [*The complaint does not contain paragraphs 62-64.*]

**Response:** None.

### [A.2]. MRC2022005353 – Silvestre

65. **Complaint:** On June 15, 2022, Stevens received via U.S. mail a letter from USCIS stating, "After assessing your request, we determined that the responsive records are not under the purview of USCIS. If such records exist, they would be maintained under the jurisdiction of the following government agency: Immigration and Customs Enforcement." The letter used tracking number MRC2022005353.

**Response:** Admit that USCIS sent Stevens a letter on June 15, 2022, referencing a FOIA request with control number MRC2022005353. Deny to the extent that paragraph 65 is intended to allege that the letter related to the FOIA request identified in paragraph 54.

66. **Complaint:** When the tracking number MRC2022005353 is entered into the webpage "Check Status of FOIA Request" provided by USCIS, the webpage displays a submission date of June 22, 2021, not June 8, 2022.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66; accordingly, they are denied. Deny also to the extent that paragraph 66 is intended to allege that the request identified in this paragraph relates to the FOIA request identified in paragraph 54.

67. **Complaint:** The interface indicates "Completed" for control numbers NRC2021114606, NRC2021114615, MRC2022001110, and MRC 2022005353.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67; accordingly, they are denied. Deny also to the extent that paragraph 67 is intended to allege that the requests identified in this paragraph relate to the FOIA request identified in paragraph 54.

68. **Complaint:** The interface states that "Your requested documents are available in your own portal unless you selected an alternative delivery method," but nothing has been made available on Stevens' account portal.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68; accordingly, they are denied. Deny also to the extent that paragraph 68 is intended to allege that the requests identified in this paragraph relate to the FOIA request identified in paragraph 54.

69. **Complaint:** Stevens has received no records responsive to her FOIA request.

**Response:** Deny. USCIS responded to Stevens's June 23, 2021 request on October 21, 2021.

70. **Complaint:** As of September 12, 2022, approximately 304 business days have elapsed since Stevens submitted her request on June 22, 2021. This is 284 days past the statutory deadline, but USCIS has failed to produce the responsive records or explain why they are being withheld.

**Response:** Deny. USCIS responded to Stevens's June 23, 2021 request on October 21, 2021.

### [B]. Pascal Charpentier

71.    **Complaint:**    On August 15, 2022, Stevens submitted via e-mail a FOIA request to USCIS.  The subject heading stated "EXPEDITED REQUEST E-Verify and other USCIS records for Pascal Charpentier."  Stevens stated:

> The records I am seeking include but are not limited to: all correspondence and other information submitted by Mr. Charpentier to USCIS and all outputs about him produced by "E-Verify" databases; all records relief on by E-Verify for claiming Mr. Charpentier's place of birth was "Haiti"; emails, notes, drafts, memorandums, and data entries and outputs of digital information referencing Mr. Charpentier and stored on any computer, server, or digital device to which USCIS officials have access, and all information used for creating or responding to his two separate "alien" numbers.  I am also of course interested in all records associated with any immigration and citizenship petitions and requests by Mr. Charpentier or on his behalf by his parent(s).  The time frame of this request is [PII – REDACTED] through whenever a search is conducted for responsive records.

**Response:**    Admit.

72.    **Complaint:**    Because of the reasons stated at ¶¶ 48-51 Stevens submitted this request on an expedited basis.

**Response:**    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72; accordingly, they are denied.

73.    **Complaint:**    As of September 12, 2022, she has received no response and no tracking number.

**Response:**    Deny.  USCIS responded to Stevens's August 15, 2022 request on August 29, 2022.

74.    **Complaint:**    As of September 12, 2022, 19 business days have elapsed since Stevens submitted her expedited request.  This is nine business days past the statutory deadline for an expedited request, but USCIS has failed to produce responsive records or explain why they are being withheld.

**Response:**    Deny.  USCIS responded to Stevens's August 15, 2022 request on August 29, 2022.

## DOJ

## EOIR

### A. 2021-41956 – Miguel Silvestre

75.     **Complaint:**     On June 22, 2021, Stevens submitted a FOIA request to EOIR.  The request sought:

> all system records and other items maintained, produced, or distributed by EOIR pertaining to Miguel Silvestre.  His "alien number" is 077-166-008.  He was born in Sacramento, on [PII – REDACTED].  This request includes but is not limited to all memoranda, notes, reports, email messages, and all other system records or communications associated with or pertaining to Mr. Silvestre generated or received by EOIR.  This also includes the record of proceedings for his immigration hearing(s), as well as any digital or audio recordings of prior hearing(s).  Please include ALL calendar and case note records maintained by any EOIR digital systems, including screen shots of databases from which information on Mr. Silvestre is stored.  The time frame of this request is 1/1/1996 to present.

> **Response:**     Admit.

76.     **Complaint:**     On July 2, 2021, Stevens received an email confirming the receipt of her request and assigned it the tracking number 2021-41956.

> **Response:**     Admit.

77.     **Complaint:**     On August 2, 2021, Stevens sent an email to EOIR requesting an estimated date of completion.

> **Response:**     Admit.

78.     **Complaint:**     On August 4, 2021, EOIR replied providing an estimated completion date of November 24, 2021.

> **Response:**     Admit.

79.     **Complaint:**     As of September 12, 2022, 304 business days have elapsed since Stevens submitted her request.  This is 274 business days past the FOIA deadline.

> **Response:**     Admit that the FOIA deadline passed before September 12, 2022.

21

80. **Complaint:** EOIR has failed to produce responsive records or explain why they are being withheld.

**Response:** Deny. EOIR provided a final response on October 24, 2022.

### [B]. 2022-27937 – Toan Hoang

81. **Complaint:** On March 10, 2022, Stevens submitted a FOIA request to EOIR. The request sought:

> all system records and other items maintained, produced, or distributed by EOIR pertaining to Toan Hoang. His "alien number" is 025-105-060. He was born in Vietnam on [PII-REDACTED]. This request includes but is not limited to all memoranda, notes, reports, email messages, and all other system records or communications associated with or pertaining to Mr. Hoang generated or received by EOIR. This also includes the record of proceedings for his immigration hearing(s), as well as any digital or audio recordings of prior hearing(s). Please include ALL calendar and case note records maintained by any EOIR digital systems. The time frame of this request is January 1, 1995 to the present.

**Response:** Admit.

82. **Complaint:** Stevens attached to her request a privacy waiver signed under penalty of perjury by Mr. Hoang authorizing agencies to release his records to Stevens.

**Response:** Admit.

83. **Complaint:** On March 15, 2022, Stevens received an email confirming the receipt of her request and assigning it the tracking number 2022-27937.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83; accordingly, they are denied. EOIR sent Stevens an acknowledgement letter and a status update on March 10, 2022. EOIR followed up with a second acknowledgement letter on March 16, 2022.

84. **Complaint:** As of September 12, 2022, 128 business days have elapsed since Stevens submitted her request. This is 98 days past the FOIA deadline.

**Response:** Admit that the FOIA deadline passed before September 12, 2022.

85.  **Complaint:**  EOIR has failed to produce responsive records or explain why they are being withheld.

> **Response:**  Deny.  EOIR provided a final response on October 28, 2022.

### C.  2021-52588 – Christopher Archie

86.  **Complaint:**  On August 16, 2021, Stevens submitted a FOIA request to EOIR. The request sought:

> all system records and other items maintained, produced, or distributed by EOIR on Christopher Archie, A#018-658-496, DOB [PII – REDACTED].  This includes the record of proceeding for hearing(s), the case management interface outputs, as well as digital or audio recordings of hearing(s) and any email or other communications about his case.  The time frame of this request is 1980 to present.  Attached is a privacy waiver signed by Mr. Archie, including a certification of identity, authorizing me to access these records.

> **Response:**  Admit.

87.  **Complaint:**  Stevens attached to her request a privacy waiver signed under penalty of perjury by Mr. Archie authorizing agencies to release his records to Stevens.

> **Response:**  Admit.

88.  **Complaint:**  On September 1, 2021, Stevens received an email confirming the receipt of her request and assign[ing] it the tracking number 2021-52588.

> **Response:**  Admit.

89.  **Complaint:**  On September 30, 2021, Stevens sent an email to EOIR requesting an estimated completion date.

> **Response:**  Admit.

90.  **Complaint:**  On September 30, 2021, EOIR replied providing an estimated completion date of January 30, 2022.

> **Response:**  Admit.

91.  **Complaint:**  As of September 12, 2022, 266 business days have elapsed since Stevens submitted her request.  This is 236 business days past the FOIA deadline.

> **Response:**  Admit that the FOIA deadline passed before September 12, 2022.

23

92. **Complaint:** EOIR has failed to produce responsive records or explain why they are being withheld.

**Response:** Deny. EOIR provided a final response on October 13, 2022.

### D. 2020-60017 – Joel Rubin

93. **Complaint:** On July 8, 2020, Stevens submitted a FOIA request to EOIR. The request sought, "all documents related to Joel Rubin for FOIA case no 2017-2261." Mr. Rubin is a Los Angeles Times reporter who co-authored an article relying on data on U.S. Citizens in removal hearings released by EOIR for this case number; EOIR frequently produces different datasets, a phenomenon which Stevens intends to further investigate and document in her scholarship.

**Response:** Admit the truth of the first and second sentences of paragraph 93. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 93; accordingly, they are denied.

94. **Complaint:** On July 15, 2020, Stevens received an email confirming receipt of her request for records released in a previously-processed FOIA request with tracking number 2017-2261, and assign[ing] it the number 2020-60017:

**Response:** Admit.

95. **Complaint:** As of September 12, 2022, 539 business days have elapsed since Stevens submitted her request. That is 519 business days past the FOIA deadline

**Response:** Deny. EOIR provided a final response on July 23, 2020.

96. **Complaint:** EOIR has failed to produce responsive records or explain why they are being withheld.

**Response:** Deny. EOIR provided a final response on July 23, 2020.

### E. 2022-52897 – Pascal Charpentier

97. **Complaint:** On August 18, 2022, Stevens submitted a FOIA request to EOIR. The request sought:

> All system records and other items maintained, produced, or distributed by EOIR pertaining to Pascal Charpentier, including but not limited to the Record of Proceedings, including all audio recordings. His date of birth is [PII – REDACTED]. His country

24

of birth is [REDACTED] but ICE has stated in error it is Haiti. His "alien" number was 029001711, and in 2016 he was given this number: 020578103.

This request includes but is not limited to all memoranda, notes, reports, email messages, and all other system records or communications associated with or pertaining to Mr. Charpentier generated or received by EOIR.

Please include ALL calendar and case note records maintained by any EOIR digital systems.

Mr. Charpentier has signed a waiver, including a certificate of identity, allowing me to receive these records. Please find a copy of this waiver attached. It includes his proof of identity.

**Response:** Admit.

98. **Complaint:** Because of the reasons stated at ¶¶ 48-51 Stevens submitted this request on an expedited basis.

**Response:** Admit that Stevens submitted the request on an expedited basis, but defendants lack knowledge or information sufficient to form a belief about the reason Stevens did so; accordingly, that allegation is denied.

99. **Complaint:** As of September 12, 2022, 216 business days have elapsed since Stevens submitted her expedited request. This is 1b [*sic*] business days past the FOIA deadline for an expedited request.

**Response:** Deny. Stevens submitted the request on August 18, 2022, so only 17 days had passed by September 12, 2022. EOIR provided an interim response within 38 days of receipt, on October 11, 2022, and produced the records available at the time. EOIR followed up with a final response on October 19, 2022.

100. **Complaint:** EOIR has failed to produce a tracking number, responsive records, or explain why they are being withheld.

**Response:** Deny.

25

## Causes of Action

### Count I

### Violation of the FOIA: Failure to Comply with Statutory Deadlines

101. **Complaint:** Plaintiff incorporates by reference paragraphs 1 to 100 above.

**Response:** Defendants incorporate by reference their responses to paragraphs 1 through 100 as if set forth in full here.

102. **Complaint:** Defendants HHS, DHS, ICE, CBP, USCIS, DOJ, and EOIR, respectively, failed to make a required determination regarding Stevens's properly submitted FOIA requests and to produce responsive records well past the deadlines promulgated by Congress, as more fully explained above. Thus, each of these Defendants has violated the statutory deadlines under 5 U.S.C. §§ 552(a)(6)(E)(ii)(I), (a)(6)(A)(ii) and the procedures established by 5 U.S.C. 552(a)(6)(B)(i)-(iii).

**Response:** Deny.

103. **Complaint:** Plaintiff has constructively exhausted all applicable administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

**Response:** Deny.

### Count II

### Violation of the FOIA: Failure to Grant Requests for Expedited Processing

104. **Complaint:** Plaintiff Stevens incorporates by reference paragraphs 1 and 100 above.

**Response:** Defendants incorporate by reference their responses to paragraphs 1 through 100 as if set forth in full here.

105. **Complaint:** Defendants USCIS, ICE, and EOIR's respective failure to grant Plaintiff's request for expedited processing for Stevens's FOIA requests 2022-ICFO-27065, 2022-52897, and request with no tracking number assigned as described in paragraphs 71-74 violated the FOIA, 5 U.S.C. § 552(a)(6)(E)(i).

**Response:** Deny.

106. **Complaint:** Defendants' action is arbitrary and capricious because it failed to consider the reasons stated and failed to make a timely determination.

**Response:** Deny.

107. **Complaint:** Plaintiff is entitled to injunctive relief with respect to each agency determination and/or failure to act on her requests for expedited processing.

**Response:** Deny.

## Count III

### Violation of the FOIA: Unlawful Withholding of Agency Records

108. **Complaint:** Plaintiff incorporates by reference paragraphs 1 to 100 above.

**Response:** Defendants incorporate by reference their responses to paragraphs 1 through 100 as if set forth in full here.

109. **Complaint:** Plaintiff has a statutory right under the Act to obtain the agency records properly requested in the requests identified in paragraphs 20 to 100 above.

**Response:** Deny.

110. **Complaint:** No legal basis exists for Defendants HSS [*sic*], DHS, DOJ, CBP, EOIR, ICE, and USCIS's failures to promptly docket, process, respond properly submitted FOIA requests and produce responsive agency records in accordance with the timing and other requirements of the Act.

**Response:** Deny.

111. **Complaint:** As of the date of this Complaint, Defendants have wrongfully withheld records requested by Plaintiff in her FOIA requests described in paragraphs 20 to 100 above and have failed to demonstrate that such records are lawfully exempt from production. *See* 5 U.S.C. § 552(a)(6)(C). Nor have Defendants notified Plaintiff of the scope and nature of any responsive records each Defendant intends to produce or withhold and the reasons for any withholdings, nor informed Plaintiff that it may appeal any specific, adverse determination.

**Response:** Deny.

112. **Complaint:** By failing to timely process and respond to Plaintiff's requests within the statutorily prescribed time limits, Defendants have violated their respective duties under the FOIA, including but not limited to their duties to process properly submitted requests for records, to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information. Therefore, Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

**Response:** Deny.

113. **Complaint:** Defendant USCIS also prevents Plaintiff and other similarly situated individuals from meaningful access to records and violates their rights to access such records by insisting that FOIA requesters use exclusively its outdated and non-functioning FOIA portal but provide no way for users to access the portal and use and manage its features.

**Response:** Deny.

114. **Complaint:** Plaintiff is being irreparably harmed by reason of Defendants' unlawful practices of withholding records responsive to Plaintiff's FOIA requests and their failure to comply with their respective obligations under FOIA, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to confirm its conduct to the requirements of the law.

**Response:** Deny.

115. **Complaint:** Plaintiff has exhausted all applicable administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

**Response:** Deny.

116. **Complaint:** Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records.

**Response:** Deny.

WHEREFORE, defendants request that this case be dismissed with costs and that the court award such other relief as may be appropriate.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: Alex Hartzler
ALEX HARTZLER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-1390
alex.hartzler@usdoj.gov

28