UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 5072 |
| v. | ) | |
| | ) | Judge Kennelly |
| UNITED STATES DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**USCIS, EOIR, AND ICE'S RESPONSE
TO MOTION FOR PRELIMINARY INJUNCTION**

**Introduction**

Plaintiff Jacqueline Stevens seeks a preliminary injunction to jump the line on all other

FOIA requesters.  The motion should be denied because Stevens has not met the exceedingly high

bar that a FOIA requester must meet when seeking an injunction.  Moreover, two of the three

agencies at issue have already issued their responses to Stevens's FOIA request, making the motion

moot with respect to those agencies.

**Background**

Agencies ordinarily process FOIA requests on a first-in, first-out basis.  *Daily Caller v.

State*, 152 F.Supp.3d 1, 8 (D.D.C. 2015) (citing *Open Am. v. Watergate Special Prosecution Force*,

547 F.2d 605, 616 (D.C. Cir. 1976)).  In 1996, Congress amended FOIA to provide for "expedited

processing" of certain categories of requests.  *See* Electronic Freedom of Information Amendments

of 1996, Pub. L. No. 104-231, § 8 (codified at 5 U.S.C. § 552(a)(6)(E)).  Expedition, when granted,

allows a requester to move immediately to the front of the processing queue, ahead of other

requests filed earlier, but behind other requests that have previously been granted expedited processing.

Stevens filed this lawsuit in September 2022, alleging that several federal agencies or components have improperly withheld records in response to 13 of her FOIA requests. Dkt. 1 (Complaint). Three of the requests asked for records relating to a person named Pascal Charpentier. Dkt. 15 (Answer) ¶¶ 47, 71, 97. Stevens submitted those three requests in August 2022 to: U.S. Citizenship and Immigration Services, or USCIS; Executive Office for Immigration Review, or EOIR; and Immigration and Customs Enforcement, or ICE. *Id.*

Rather than wait for her turn to receive the Charpentier records, Stevens has moved for a preliminary injunction, asking the court to order USCIS, EOIR, and ICE to produce records within 30 days. Dkt. 3 (Motion). She says that without the records she will not "be able to complete her research and a newsworthy issue in the public interest" will not "receive the timely coverage that it needs." Mot. at 11. She cites *American Immigration Council v. DHS*, 470 F.Supp.3d 32, 37 (D.D.C. 2020) (recognizing likelihood of success on merits where plaintiff established urgent need for information likely to impact public discourse on ICE's handling of ongoing Covid-19 pandemic), and *Leadership Conference on Civil Rights v. Gonzales*, 404 F.Supp.2d 246, 260 (D.D.C. 2005) (ordering expedited processing and production of records because issues of voter suppression and intimidation were "paramount" with an election approaching). She also says that her request is additionally urgent because the information will help Charpentier appeal his removal order. Mot. at 12. She says that these factors "involve an urgency to inform the public about an actual or alleged federal government activity and will assure real-time public oversight and accountability." Mot. at 12.

**Argument**

The court should deny Stevens's motion for a preliminary injunction. Preliminary injunctive relief is an extraordinary remedy, and it is particularly inappropriate in a FOIA case. Stevens's low likelihood of success on the merits of her underlying claims, the adequacy of the traditional legal remedy, and the absence of any irreparable harm to Stevens all require denying the motion. Also, two of the three agencies—USCIS and EOIR—have already responded to the FOIA requests at issue, making the motion as to them moot. The third agency, ICE, is now processing the request and anticipates being able to propose a production schedule by December 10, 2022. The remedy for a FOIA requester who is dissatisfied with the speed of an agency's response is to file a lawsuit, which provides an opportunity for court supervision of the agency's processing and production. Stevens has filed that lawsuit. The remedy is *not* an injunction ordering an agency to immediately process and make productions ahead of every other FOIA request in the queue. The court should deny that request.

**I.      Extraordinariness and Inappropriateness of Preliminary Injunctive Relief Generally**

Preliminary injunctive relief is an "extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (citation omitted). A party seeking a preliminary injunction must show: (1) some likelihood of success on the merits of the underlying claim; (2) the absence of an adequate remedy at law; and (3) the suffering of irreparable harm if preliminary relief is denied. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). If the movant fails to show any one of the requirements, the court "must deny the injunction." *Id*. If the movant satisfies all three requirements, the court must then "balance the nature and degree of the plaintiff's injury, the likelihood of prevailing at trial, the possible injury to the defendant if the injunction is granted, and the wild card that is the public interest." *Lawson Prod, Inc. v. Avnet,*

3

*Inc.*, 782 F.2d 1429, 1433 (7th Cir. 1986) (quotation marks omitted). The court weighs the factors using a sliding-scale approach: the less likely the movant's chance of success on the merits, the more the balance of harms must weigh in the movant's favor. *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992).

A preliminary injunction is particularly inappropriate in the FOIA context. The traditional purpose of a preliminary injunction is to "preserve the status quo" so that the court can later issue a decision on the merits. *Cobell v. Kempthorne*, 455 F.3d 301, 314 (D.C. Cir. 2006) (citation omitted). A preliminary injunction in a FOIA case would depart from this purpose, because requiring an agency to produce documents within a specified period of time would *alter* the status quo, not *preserve* it. *EPIC v. DOJ*, 15 F.Supp.3d 32, 39 (D.D.C. 2014). This type of "mandatory" injunction is disfavored and should not be issued except in a truly extraordinary circumstance, which a FOIA request will rarely if ever pose. *Id.* (party seeking mandatory injunction must "meet a higher standard than in the ordinary case by showing clearly that he or she is entitled to relief or that extreme or very serious damages will result from the denial of the injunction") (citations omitted).

Accordingly, a preliminary injunction should *not* be used as a way for a FOIA requester to short-circuit the litigation process and obtain the full relief she seeks on the merits. *Dorfmann v. Boozer*, 414 F.2d 1168, 1173 n.13 (D.C. Cir. 1969) ("preliminary injunction should not work to give a party essentially the full relief he seeks on the merits") (per curiam); *see also Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("it is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits"). In a FOIA case, an order directing an agency to produce records by a certain date *is* the ultimate relief that a plaintiff seeks. *Compare* Mot. at 16 *with* Compl. at 23.

FOIA establishes its own specialized procedural framework controlling the processing of FOIA requests and procedures for FOIA litigation.  5 U.S.C. § 552(a)(3)(A) (providing that a FOIA request must reasonably describe the records sought and must be filed in accordance with published rules and procedures); *id*. § 552(a)(4)(C) (requiring responsive filing with thirty days of service of complaint).  In particular, the statute allows a requester to sue in federal court challenging the denial of expedited processing after ten days.  5 U.S.C. § 552(a)(6)(E)(iii).  Sidestepping this statutory framework through emergency relief undermines congressional intent and serves to disadvantage other requesters and litigants whose requests must then give way to someone else's interests.  It would be nearly impossible for this court to assess the relative merits of the requesters who were ahead of Stevens in line when her requests were submitted, and granting her request to jump the line would disadvantage the others ahead of her who have no voice in this matter.  A requester should not be permitted to use the "extraordinary and drastic remedy" of an injunction, *Munaf*, 553 U.S. at 689, as a means of jumping the line of other requests—including requests already in the expedited processing track.  Not only would this be unfair to other FOIA requesters; it also results in burdensome and unnecessary motion practice for the parties and the court.

For all of these reasons, courts routinely deny requests for preliminary injunctions in FOIA cases. *E.g., White v. FBI*, 851 F. App'x 624, 626 (7th Cir. 2021) (affirming denial of preliminary injunction motion seeking faster production because "the district court reasonably concluded that the FBI was not improperly withholding documents by following its statutorily permissible policy"); *Long v. DHS*, 436 F.Supp.2d 38, 44 (D.D.C. 2006) (given the "broad scope of plaintiff's requests," denying motion for preliminary injunction to compel processing within 20 days and explaining that the government "has not yet had a chance to review its files, prepare and file a

5

dispositive motion, and provide the court the information necessary to make a decision on any material that might be subject to exemption"); *Allied Progress v. CFPB*, 2017 U.S. Dist. LEXIS 67889, 2017 WL 1750263 (D.D.C. May 4, 2017) (denying request for preliminary injunction where requester failed to show likelihood of success on merits and irreparable harm); *Wadelton v. State*, 914 F.Supp.2d 120, 124 (D.D.C. 2013); *Landmark Legal Found. v. EPA*, 910 F.Supp.2d 270, 279 (D.D.C. 2012); *Al-Fayed v. CIA*, 254 F.3d 300 (D.C. Cir. 2001). The court should reach the same result here.

## II. Requirements for Preliminary Injunctive Relief Not Met

As mentioned above, a plaintiff seeking a preliminary injunction must show three things: (1) some likelihood of success on the merits of the underlying claim; (2) the absence of an adequate remedy at law; and (3) the suffering of irreparable harm if preliminary relief is denied. *Girl Scouts*, 549 F.3d at 1086. Stevens has not shown any of these.

### A. Low Likelihood of Success on the Merits

Stevens has a low likelihood of success on the merits of her underlying claims. The claim against USCIS is moot because USCIS had already responded before Stevens even filed this lawsuit. And even if there were some problem with USCIS's response, Stevens did not exhaust the administrative remedies that she needed to exhaust before filing suit. And even if she had done so, USCIS's response (denying the request) was proper because Stevens did not submit a proper FOIA request: the request did not comply with USCIS's FOIA regulations on verification-of-identity, and it did not reasonably describe the records. Either issue provides an independent basis for *dismissing* her claim (much less *expediting* it). The claim against EOIR is also moot because EOIR has already responded and *produced the requested documents*. And the claim against ICE

6

is moot because ICE is now processing the request and anticipates being able to propose a production schedule within 30 days, making an injunction unnecessary.

### 1. USCIS

USCIS responded to Stevens's August 15, 2022 request on August 29, 2022. Ex. A (Munita Decl.) ¶¶ 14-15. In the response, USCIS informed Stevens that it was denying her request on the basis of FOIA's Exemption 6. *Id*. ¶ 15. So Stevens's effort to obtain an order directing USCIS to respond to the request is moot, because USCIS has already responded.

Nor can Stevens properly challenge USCIS's denial in this lawsuit, because she filed this suit after USCIS issued its August 29, 2022 response and without exhausting administrative remedies. A plaintiff cannot sue in federal court challenging an agency's denial of a FOIA request without first exhausting administrative remedies by filing an administrative appeal. *Hidalgo v. FBI*, 344 F.3d 1256, 1257-59 (D.C. Cir. 2003) ("FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review."). Here, the letter that USCIS sent to Stevens on August 29, 2022, plainly explained her administrative appeal rights. Ex. A (Munita Decl.) ¶ 16. The letter stated:

> You have the right to file an administrative appeal within 90 days of the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. You may file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

*Id*. at Attachment E. USCIS has not received any administrative appeal from Stevens. *Id*. ¶ 17.

Exhaustion is not a "mere technicality"; it allows an agency "an opportunity to review its initial determination, apply its expertise, correct any errors, and create an ample record in the process." *Nat'l Sec. Counselors v. CIA*, 931 F.Supp.2d 77, 99-100 (D.D.C. 2013). A court "must

decline to decide the merits of an unexhausted FOIA claim." *Id*. For this reason, Stevens's failure to exhaust her administrative remedies with respect to the request bars her claim (and it hardly needs to be said that, without a viable claim, there can be no viable motion for injunctive relief).

Additionally, even if the adequacy of USCIS's denial were somehow able to be litigated in this lawsuit, Stevens would still not likely prevail because she did not submit the proper documentation with the request. First, as the denial letter explained, the privacy waiver that Stevens had submitted was not acceptable because the signature Stevens provided appeared to be an electronic signature. Ex. A (Munita Decl.) ¶ 15. And second, although the denial letter did not mention it, there was another problem: the verification-of-identity statement that Stevens provided did not contain a current address for Charpentier. *Id*. ¶ 15 n.6. A current address is required under USCIS's FOIA regulations. *See* 6 C.F.R. §§ 5.3(a)(3), 5.21(d). The unacceptable signature on the privacy waiver and the absence of a current address on the verification-of-identity statement rendered the Charpentier request invalid, which is another reason Stevens has no likelihood of success on the merits with respect to that request. *See, e.g., Banks v. DOJ*, 538 F.Supp.2d 228, 234 (D.D.C. 2008) (dismissing FOIA claim where plaintiff failed to provide verification of identity); *Lee v. DOJ*, 235 F.R.D. 274, 286 (W.D. Pa. 2006) (same).

Finally, Stevens's FOIA request failed to reasonably describe the records it was seeking. Specifically, multiple parts of the request are either impermissibly vague or unduly broad and sweeping. For example, Stevens requested "emails, notes, drafts, memorandums, and data entries and outputs of digital information referencing Mr. Charpentier and stored on any computer, server, or digital device to which USCIS officials have access" and "all information used for creating or responding to his two separate 'alien' numbers." Ex. A (Munita Decl.) ¶ 14 n.3. The request for these two vague and broad categories of records essentially constitutes a request for any and all

8

records "referencing" Charpentier in any way, which is not a reasonable description of desired records. *See, e.g., Marks v. DOJ*, 578 F.2d 261, 263 (9th Cir. 1978) ("sweeping requests lacking specificity are not permissible"); *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982) (question is "whether the agency is able to determine precisely what records are being requested") (quotation omitted)); *see also Dale v. IRS*, 238 F.Supp.2d 99, 104-05 (D.D.C. 2002) (concluding that request seeking "any and all documents . . . that refer or relate in any way" to requester failed to reasonably describe records sought and "amounted to an all-encompassing fishing expedition of files at [agency's] offices across the country, at taxpayer expense").

### 2. EOIR

EOIR granted Stevens's FOIA request on October 6, 2022, and it released the records on October 11 and October 19. Ex. B (Pérez Santiago Decl.) ¶¶ 18-22. The motion is accordingly moot as to EOIR, as there is nothing for the court to order EOIR to do.

### 3. ICE

ICE is currently processing Stevens's request and anticipates being able to propose a production schedule by December 10, 2022. Ex. C (Pineiro Decl.) ¶ 20. This renders the preliminary injunction motion moot as well, since ICE has begun processing the requested records without the court's having entered an injunction and anticipates being able to propose a production schedule in short order.

### B. Existence of Adequate Remedy at Law

As explained above, FOIA itself provides an adequate remedy by allowing a requester to sue in federal court. 5 U.S.C. § 552(a)(6)(E)(iii). Sidestepping this statutory framework through emergency relief undermines congressional intent and serves to disadvantage other requesters and litigants whose requests must then give way to someone else's interests. A requester should not

be permitted to use the "extraordinary and drastic remedy" of an injunction, *Munaf*, 553 U.S. at 689, as a means of jumping the line of other requests—including requests already in the expedited processing track. Not only would this be unfair to other FOIA requesters; it would also result in burdensome and unnecessary motion practice for the parties and the court.

Particularly here, the fact that EOIR produced the records shortly after Stevens filed this lawsuit is evidence of Stevens's remedy at law working adequately. Ex. B (Pérez Santiago Decl.) ¶¶ 18-22. The same goes for ICE's efforts to process the request. Ex. C (Pineiro Decl.) ¶¶ 18-20.

### C. Absence of Irreparable Harm

Denying the motion will not cause any irreparable harm to Stevens. As explained above, USCIS properly denied Stevens's request, and EOIR has already produced the records Stevens asked for. That leaves ICE, which is currently processing the request and anticipates being able to propose a production schedule by December 10, 2022. Ex. C (Pineiro Decl.) ¶ 20. Denying the motion for preliminary injunction will not change that timeline. Nor does denying the motion end the case: the court can continue to supervise ICE's production of records just as the court does in any FOIA case. *Protect Democracy Project v. Dep't of Defense*, 263 F.Supp.3d 293, 303 (D.D.C. 2017) ("the district court's supervision will aim to ensure that the agency is processing a request with 'due diligence' and as quickly 'as practicable'") (quoting 5 U.S.C. § 552(a)(6)(E)(iii)). And Stevens lacks standing to assert irreparable harm to Charpentier in his removal proceedings (*see* Mot. at 12), because he is not a party in this case and it not represented by Stevens.

In sum, Stevens has not made a showing of any of the three requirements for preliminary injunctive relief, let alone all three of them. A plaintiff must show all three to get a preliminary injunction, and because Stevens has not done so, the court "must" deny the motion. *Girl Scouts*, 549 F.3d at 1086.

10

**III.     Weight of Factors Against Preliminary Injunctive Relief**

Even if Stevens had made an adequate showing of each of the three requirements (again, she has not), the Seventh Circuit's "sliding scale" approach to considering the relevant factors still would counsel in favor of denying the motion. *Lawson Prod.*, 782 F.2d at 1433. As explained above, the likelihood of success on the merits is low—vanishingly low in the case of USCIS and EOIR. And even if the court were to find a likelihood of success on the merits with respect to ICE, on the ground that ICE did not begin searching for records until after Stevens sued, Stevens has an adequate remedy at law, which she has obtained by filing this very lawsuit. And there cannot be a serious contention of "irreparable harm" to Stevens here—otherwise every FOIA requester could show "irreparable" harm simply by stating that the request relates to their research. All of this counsels in favor of denying the motion. *Daily Caller*, 152 F.Supp.3d at 14-15 (releasing records without sufficient time for processing "raises a significant risk of harm to the public and private interests served by the thorough processing of responsive agency records prior to their ultimate production" via "inadvertent disclosure of records properly subject to exemption under FOIA").

### Conclusion

For the above reasons, the court should deny Stevens's motion for a preliminary injunction.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: Alex Hartzler
    ALEX HARTZLER
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-1390
    alex.hartzler@usdoj.gov

11

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

## EASTERN DIVISION

JACQUELINE STEVENS,

                Plaintiff,

     v.

U.S. DEPT. OF HEALTH AND HUMAN
SERVICES, *et al.*,

                Defendants.

Civil Action No. 1:22-cv-05072

## DECLARATION OF CYNTHIA MUNITA

### INTRODUCTION

I, Cynthia Munita, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.     I am the Associate Center Director and Chief FOIA Officer in the Freedom of Information and Privacy Act ("FOIA/PA") Unit, National Records Center ("NRC"), United States Citizenship and Immigration Services (USCIS), within the United States Department of Homeland Security ("DHS"), in Lee's Summit, Missouri. I have held the position of Associate Center Director since December 5, 2021. I received my Juris Doctorate in 2003, from the University of Missouri, Kansas City, School of Law and thereafter served at a private law practice and then at the Missouri State Public Defender's Office. I joined USCIS in 2008, as an Immigration Services Officer in the Kansas City Field Office and, in 2013, began serving as a Supervisory Immigration Services Officer in the Customer Relations Division at the National Benefits Center in Lee's Summit. In 2015, I was promoted to Section Chief of that Division and, then prior to serving in my current position as Associate Center Director and Chief FOIA Officer, served as the USCIS Field Office Director in the Seattle Field Office from May 2017 to December 2021.

2.	As the Chief FOIA Officer for USCIS, I oversee the USCIS FOIA program offices that are responsible for developing FOIA/PA policy and training and litigation-related matters within the FOIA program. I work with over 200 information access professionals at USCIS who are responsible for the orderly processing of all public, congressional, judicial, and inter-/intra-agency requests or demands for access to USCIS records and information pursuant to the FOIA, Privacy Act, Executive Orders, departmental directives, regulations, and compulsory legal process.

3.	Through the exercise of my official duties as the USCIS Chief FOIA Officer, I am familiar with USCIS's standard process for responding to FOIA requests, including search procedures for locating agency records.

4.	The statements contained in this declaration are based on my personal knowledge and upon information provided to me by other USCIS employees in the course of my official duties. This Declaration is submitted in support of Defendants' Motion for Summary Judgment in this matter. My declaration describes, generally, agency procedures for searching for records responsive to FOIA requests for access to agency records and, more specifically, agency action taken in response to the two FOIA requests that USCIS received from Jacqueline Stevens ("Plaintiff") that are at issue in this case.

### USCIS'S STANDARD FOIA OPERATING PROCEDURES

5.	USCIS routinely and consistently processes FOIA requests in compliance with DHS implementing regulations found at 6 C.F.R. Part 5 and DHS Management Directive No. 262.111, Freedom Of Information Act Compliance.[1]  Specifically, when the agency receives a

---

[1]  DHS requirements for submitting a FOIA request for an individual's records include the following:

1.	All FOIA requests must be submitted in writing.  6 C.F.R. § 5.3(a).

2.	If the requester seeks records about him/herself the requester must verify identity by submitting, in writing, a statement containing his/her full name, current address, date of birth and place of birth.  This statement must be signed, and the signature must either be notarized or submitted under 28 U.S.C. § 1746 (penalty of perjury in lieu of notarized signature).  This signature must be submitted along with the FOIA request.  6 C.F.R. §§ 5.3(a), 5.21(d).

FOIA request for USCIS information or documents, the agency's standard procedure includes the following:

    a. after determining the nature, scope, and contours of a valid FOIA request, a preliminary search is conducted to locate potentially responsive records;

    b. because FOIA requests are generally processed by the NRC on a first-in/first-out basis, the request is logged in the approximate order of its receipt into a computerized case tracking and retrieval system which automatically assigns a control number and tracks the file created;

    c. an acknowledgement letter is contemporaneously mailed to the requester, advising of the control number, processing fee arrangement, processing options, and contact information, and addressing any collateral requests made by requester;

    d. during any abeyance in processing, periodic system inquiries are conducted to maintain updated information concerning the disposition of agency records that are subject to the pending FOIA request;

    e. if relevant records are in the possession of an office or agency other than the responding office, a request for the production of the records is sent to the records' custodian(s) for that office or agency;

    f. during the course of processing, the FOIA request and any responsive records are subjected to rigorous analyses to arrive at the proper final agency determination; and finally;

    g. the NRC sends its response to the requester, granting or denying, in whole or in part, access to requested records, and advising of any additional rights

---

3.     The FOIA request must describe the records that are being sought in sufficient detail to enable DHS personnel to locate them with a reasonable amount of effort. 6 C.F.R. § 5.3(b).

that may have vested in the requester by virtue of the final agency determination.

6.    The DHS FOIA regulation also provides that except for certain limited circumstances, "[i]n determining which records are responsive to a request, a component ordinarily will include only records in its possession as of the date that it begins its search." 6 C.F.R. § 5.4(a). USCIS adheres to this regulation in responding to FOIA requests.

### MIGUEL SILVESTRE JUNE 23, 2021 FOIA REQUEST

7.    On June 23, 2021, Plaintiff submitted a FOIA request via email to USCIS requesting various records regarding a Miguel Silvestre, alien number 077166008. The FOIA request provided the following mailing address for the Plaintiff: "601 University Place, Political Science Department, Evanston, IL 60208." *See* Attachment A.

8.    On June 28, 2021, USCIS sent Plaintiff an Acknowledgement Letter acknowledging receipt of her June 23, 2021 FOIA request. The Acknowledgment Letter was mailed to the mailing address set forth in the Plaintiff's FOIA request. *See* Attachment B.

9.    In the Acknowledgement Letter, USCIS advised Plaintiff that the request was assigned control number COW2021002422, and that USCIS processes requests in order of receipt.[2] *Id.* We also advised the requestor that she could "sign up for digital release" of the records and provided the following instructions:

> [G]o to first.uscis.gov, create an account, and register your case using the **Control Number**: COW2021002422 and **PIN**: 782625. Read the enclosed yellow flyer for more details.

---

[2] We note that Plaintiff's complaint references four other control numbers related to Miguel Silvestre. However, we advise the Court that none of these control numbers relate to the June 23, 2021, FOIA request Plaintiff submitted to USCIS. Two of those control numbers relate to a FOIA request intended for ICE that Plaintiff initially submitted to USCIS and then immediately withdrew, explaining that the request was intended for ICE. The two other control numbers refer to requests that were initially submitted to ICE, then referred to USCIS by ICE, and then referred back to ICE. None of these four control numbers, though, refer to the FOIA request Plaintiff submitted to USCIS on June 23, 2021, which USCIS responded to in full on October 21, 2021.

10.     Our records do not indicate that Plaintiff signed up for digital release of the requested records.

11.     Accordingly, on October 21, 2021, USCIS completed its processing of this request and sent a Final Action Letter and the responsive, non-exempt records to the Plaintiff on a CD via regular mail to the address set forth in the Plaintiff's FOIA request.  This letter informed Plaintiff that USCIS had located 214 pages responsive to the request and that USCIS was enclosing and releasing 104 pages in their entirety and 105 pages in part, and that we withheld four pages in full. *See* Attachment C.

12.     This Final Action Letter also informed Plaintiff of her right to file an administrative appeal within ninety days.  The letter informed Plaintiff that by filing an appeal, she preserves her rights under FOIA and gives the agency a chance to review and reconsider the request and the agency's decision.  Plaintiff was informed that she may file an administrative FOIA appeal to USCIS at:  USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139.  Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  There is no indication in our systems that this letter was returned to us for any reason.

13.     USCIS has no record of any administrative appeal ever being filed in this case.

## PASCAL CHARPENTIER AUGUST 17, 2022 FOIA REQUEST

14.     On August 15, 2022, Plaintiff submitted a FOIA request to USCIS via email requesting various records pertaining to Pascal Charpentier.[3]  Plaintiff requested expedited

---

[3] In addition to the verification of identity deficiencies discussed in this declaration, it is our position that this request also failed to reasonably describe the records being sought.  This request contained multiple parts, many of which were vague and unclear or broad and sweeping.  For example, it is unclear what the Plaintiff meant in stating that she was seeking "emails, notes, drafts, memorandums, and data entries and outputs of digital information referencing Mr. Charpentier and stored on any computer, server, or digital device to which USCIS officials have access" and "all information used for creating or responding to his two separate 'alien' numbers."  Pursuant to DHS FOIA regulations, '[r]equesters must describe the records sought in sufficient detail to enable DHS personnel to locate them with a reasonable amount of effort."  Moreover, "[a] reasonable description contains sufficient information to permit an organized, non-random search for the record based on the component's filing arrangements and existing retrieval system."  6 CFR § 5.3(b).  In this case, even had the Plaintiff submitted the proper verification of identity and consent,

processing of her request.[4]  The FOIA request provided the following mailing address for the Plaintiff:  "601 University Place, Second Floor, Political Science Department, Evanston, IL 60208."  *See* Attachment D.

15.     The Plaintiff's request included a document entitled "Privacy and Confidentiality Wavier," that purported to be a signed verification of identity and consent statement from Mr. Charpentier, verifying his identity and consenting to the release of his records to the Plaintiff.[5]  After reviewing the request, we determined that it failed to provide a proper verification of identity statement because the signed "Privacy and Confidentiality Wavier" appeared to be an electronic signature.  On August 29, 2022, USCIS transmitted a Final Action Letter to Plaintiff explaining that her FOIA request was being denied based on FOIA exemption (b)(6) for failing to satisfy the criteria necessary to receive requested records.  *See* Attachment E.  In pertinent part, this letter explained to Plaintiff that "[a]n electronic signature provided on a G-639 that is generated via a private software system, will not be accepted as proper Verification of Identify or Certification of Agreement (Consent)."[6]  *Id.*

16.     The Final Action Letter also informed Plaintiff of her right to file an administrative appeal within 90 days.  The letter informed Plaintiff that by filing an appeal, she preserves her rights under FOIA and gives the agency a chance to review and reconsider the request and the agency's decision.  Plaintiff was informed that she may file an administrative FOIA appeal to

---

it is our view that the Plaintiff's FOIA request still failed to reasonably describe the records sought.

[4] Plaintiff's request for expedited processing also failed to comply with DHS FOIA regulations.  Specifically, "[a] requester who seeks expedited processing must submit a statement, *certified to be true and correct*, explaining *in detail the basis* for making the request for expedited processing." *See* 6 CFR § 5.5(e)(3) (*emphasis added*).  Plaintiff did not provide any such certified statement.  Plaintiff's request also failed to provide a "detailed basis" for its request for expedited processing, largely setting forth conclusory statements without any sufficient, supporting detail.

[5] DHS FOIA regulations provide that an individual making a request for records about himself must comply with certain verification of identity requirements.  Specifically, that individual must verify his identity by stating his "full name, current address, and date and place of birth" and must "sign the request" and the "signature must either be notarized or submitted … under penalty of perjury…" See 6 CFR §§ 5.3(a)(3) and 5.21(d).  The verification of identity requirement also applies if a third party is making a request for records concerning an individual on behalf of that individual.  See 6 CFR §§ 5.3(a)(3) and 5.21(f).

[6] The "Privacy and Confidentiality Waiver" provided by the Plaintiff was also deficient because it omitted Mr. Charpentier's current address, which is required by DHS FOIA regulations.  See 6 CFR §§ 5.3(a)(3) and 5.21(d).

USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." There is no indication in our systems that this letter was returned to us for any reason.

17.    USCIS has no record of any administrative appeal ever being filed in this case.

I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Executed in Kansas City, Missouri on this 9th day of November, 2022.

CYNTHIA MUNITA

Digitally signed by CYNTHIA MUNITA
Date: 2022.11.09 13:42:27 -06'00'

CYNTHIA MUNITA
Associate Center Director
Chief FOIA Officer
Freedom of Information Act & Privacy Act Unit
USCIS National Records Center

Attachment A

## Curtis, Amy M

| | |
|---|---|
| **From:** | Jacqueline Stevens <jacqueline-stevens@northwestern.edu> |
| **Sent:** | Wednesday, June 23, 2021 10:15 AM |
| **To:** | FOIA, USCIS |
| **Subject:** | Miguel Silvestre 077-166-008 |
| **Attachments:** | Silvestre_PrivacyWaiver.pdf |

CAUTION: This email originated from outside of the Federal Government. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact the USCIS Security Operations Center with questions or click the "Report Suspicious Email" button to report it as a phishing attempt.

To Whom It May Concern,

This letter constitutes a request under the Privacy Act and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for all system records and other materials in any medium created, maintained, or received by USCIS regarding Miguel Silveste.  This includes any email or other communications to or from other agencies or components, including but not limited Immigration and Customs Enforcement and its legacy INS.  Silvestre's "alien" number is 077-166-008. His DOB is ██████████.
He was born in California, USA.

Please note that the government's detention and deportation of US citizens is of great interest to the public, as evidenced in extensive national media coverage of my research on this, in cluding this article in The Intercept that quotes my analysis and research.  "ICE Medical Misconduct Witness Slated for Deportation Is a U.S. Citizen, Says Lawyer,"
https://gcc02.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftheintercept.com%2F2020%2F11%2F02%2Fice-medical-misconduct-us-citizen-
deportation%2F&amp;data=04%7C01%7Cuscis.foia%40uscis.dhs.gov%7Cebcce110d1714d74b00f08d9365ac948%7C5e4
1ee740d2d4a728975998ce83205eb%7C0%7C0%7C637600586912949304%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC
4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000&amp;sdata=O1QwQZJZYwaeQZlnXu%2FQy
pbiPftci0gOVrHEC%2BWg2GQ%3D&amp;reserved=0

Please also see:
https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.npr.org%2Fsections%2Fthetwo-
way%2F2016%2F12%2F22%2F504031635%2Fyou-say-you-re-an-american-but-what-if-you-had-to-prove-it-or-be-
deported&amp;data=04%7C01%7Cuscis.foia%40uscis.dhs.gov%7Cebcce110d1714d74b00f08d9365ac948%7C5e41ee740
d2d4a728975998ce83205eb%7C0%7C0%7C637600586912949304%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAw
MDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000&amp;sdata=YbfmItx13ukBECKdjCVMPbkQR9BRVZ8
4BaYStarJLTw%3D&amp;reserved=0.   My research on this topic has been reported in The New Yorker, The New York Times, NPR and numerous other national and local media outlets.  You can find more links to these articles here:
https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fbuffett.northwestern.edu%2Fprograms%2Fdeport
ationresearch%2Fus_citizens_detained%2Findex.html&amp;data=04%7C01%7Cuscis.foia%40uscis.dhs.gov%7Cebcce110
d1714d74b00f08d9365ac948%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C637600586912949304%7CUnk
nown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000&amp;
sdata=s4Vv8XMI0m8Y6GivvH21os89QxRX%2FdVKxy37ZrmT3gw%3D&amp;reserved=0.

As I will be using this information for my research, teaching, and journalism along the lines indicated above, and will receive no financial compensation I am requesting a fee waiver.

I am attaching Mr. Silvestre's privacy waiver authorizing release of this information to me under the Freedom of Information/Privacy Act.  Please note that this also includes his certification of his identity.

Attachment A

Many thanks for your assistance with this request.  If you have any questions, please feel free to contact me here or by phone at 847-467-2093.

Thank you,
Jacqueline Stevens

Professor
Political Science and Legal Studies
Northwestern University
Director
Deportation Research Clinic
Buffett Institute for Global Affairs
https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fbuffett.northwestern.edu%2Fprograms%2Fdeportationresearch&amp;data=04%7C01%7Cuscis.foia%40uscis.dhs.gov%7Cebcce110d1714d74b00f08d9365ac948%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C637600586912949304%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000&amp;sdata=Cw31trqwZNSGddere7lAK%2F09S6O5ANE6M03WE38LgS4%3D&amp;reserved=0
Citizenship In Question (Duke U.P. 2017), Open Source PDF
https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.oapen.org%2Fsearch%3Fidentifier%3D625272&amp;data=04%7C01%7Cuscis.foia%40uscis.dhs.gov%7Cebcce110d1714d74b00f08d9365ac948%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C637600586912949304%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000&amp;sdata=fXFT17hHsMPG2u6v33k8bYvogKP6ikyZgumColbGP%2BI%3D&amp;reserved=0

office phone: 847-467-2093
mail
601 University Place
Political Science Department
Evanston, IL  60208
https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fjacquelinestevens.org%2F&amp;data=04%7C01%7Cuscis.foia%40uscis.dhs.gov%7Cebcce110d1714d74b00f08d9365ac948%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C637600586912949304%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000&amp;sdata=hz%2Bx2wdJN09Uh3%2FoSD%2FVOAHgcR4gbSq2zcRobhHodUk%3D&amp;reserved=0
https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fstateswithoutnations.blogspot.com%2F&amp;data=04%7C01%7Cuscis.foia%40uscis.dhs.gov%7Cebcce110d1714d74b00f08d9365ac948%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C637600586912949304%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000&amp;sdata=t%2Fr5hNMV8rwG%2FB8rv0qgfAgh11tfJvBoZxzL45Clq1M%3D&amp;reserved=0

PRIVACY AND CONFIDENTIALITY WAIVER

ɪᴏ Whom It May Concern:

My name is _IIYOCI JIIVCJIIC_ and I was assigned the alien number 77·166·00B.

My date of birth is _____. I was born in ⌒ᴛᴀꜰ ᴠᴛᴀᴎ ᴘ ᴀᴵⁱᴳ-ʀɴᴵᴀ.

My current address is _____.

Jacqueline Stevens has my authorization to obtain all personal information about me from any private or public agency in the United States and all other countries, including **UNITED STATES** (country of birth).

I hereby waive my right to privacy, and, under the Privacy Act and the Freedom of Information Act, I authorize all federal and state agencies of the United States to release any and all information relating to me to Professor Jacqueline Stevens, Department of Political Science, 601 University Place, Northwestern University, Evanston, IL 60208. However, I do not authorize the government to release of my records to the public.

This waiver is in accordance with the rules of Title 5 U.S.C Section 552, and includes but is not limited to records, recordings, transcripts, email, reports, and employee statements of the Social Security Administration; Health and Human Services, including but not limited to the Office of Refugee Resettlement; the Department of Homeland Security and all its agencies, including but not limited to Customs and Border Protection, Immigration and Customs Enforcement, Citizenship and Immigration Services; the Department of Justice, including the Executive Office of Immigration Review; the Federal Bureau of Investigation; the State Department, including consular officers; and state and local jail and court employees.

Under penalty of perjury under the laws of the United States, I hereby declare that I am the person described above and understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a (iX3) as a misdemeanor and by a fine of not more than $5,000.

*Miguel Silvestre*
Signature

Miguel SilvestRE
Printed Name

04/19/2021
Executed on Date

Attachment B

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*National Records Center*
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship
and Immigration
Services**

COW2021002422
**PIN: 782625**

June 28, 2021

Jacqueline Stevens
Political Science Department  Deportation Research Clinic
601 University Place
Evanston, IL 60208

Dear Jacqueline Stevens:

Important Notification:  During the national COVID-19 response, our capacity to process paper FOIA requests and deliver records by mail will be greatly reduced.

To sign up for digital release, go to first.uscis.gov, create an account, and register your case using the **Control Number:** COW2021002422 and **PIN:** 782625. Read the enclosed yellow flyer for more details.

We received your request for information relating to Miguel Silvestre on June 23, 2021.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. § 552). It has been assigned the following control number: COW2021002422.  Please cite this number in all future correspondence about your request.

We respond to requests on a first-in, first-out basis and on a multi-track system. Your request has been placed in the complex track (Track 2). You may wish to narrow your request to a specific document in order to be eligible for the faster track. To do so, please send a written request, identifying the specific document sought, to the address above. We will notify you if your request is placed in the simple track.

Your request for a fee waiver has been granted.

Consistent with 6 C.F.R. § 5.5(a) of the Department of Homeland Security (DHS) FOIA regulations, USCIS processes FOIA requests according to their order of receipt. Although USCIS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances. Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Additionally, due to the scope and nature of your request, USCIS will need to locate, compile, and review responsive records from multiple offices, both at headquarters and in the field. USCIS may also need to consult with another agency or other component of the Department of Homeland Security that have a substantial interest in the responsive information. Due to these unusual circumstances, USCIS will invoke a 10-day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B). Please contact our office if you would like to limit the scope of your request or to agree on a different timetable for the processing of your request. We will make every effort to comply with your request in a timely manner.

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

This office now offers an online delivery option. Visit first.uscis.gov to register this request. You will

Attachment B

COW2021002422
Page 2

need to create a MyUSCIS account if you do not already have one.  Once logged on, click the "Register Request" link where you will be prompted to enter your control number, COW2021002422, and PIN, 782625. A Compact Disc (CD) for use on your personal computer will be mailed if you do not wish to take advantage of digital delivery. To request your responsive records on paper, please include your control number and write to the above address, Attention: FOIA/PA Officer, or fax them to (802) 860-6908.

USCIS no longer collects Social Security Numbers in connection with FOIA or PA requests. When forwarding to us any documents related to your request, please ensure any Social Security Numbers on the documents are blanked out or removed.

The National Records Center (NRC) has the responsibility to ensure that personally identifiable information (PII) pertaining to U.S. Citizenship and Immigration Services (USCIS) clients is protected. In our efforts to safeguard this information, we may request that additional information be provided to facilitate and correctly identify records responsive to your request. Though submission of this information is voluntary, without this information, your request may be delayed while additional steps are taken to ensure the correct responsive records are located and processed. Further, if we are unable to positively identify the subject of the record we may be unable to provide records responsive to your FOIA request.

You may check the status of your FOIA request online at first.uscis.gov/#/check-status. If you have any questions concerning your pending FOIA/PA request, or to check the status of a pending application or petition, please call The National Customer Service Center at (800) 375-5283.  Please be aware that the National Records Center no longer accepts FOIA/PA related questions directly by phone.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester.  Questions concerning this FOIA/PA request may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead or emailed to FOIAPAQuestions@uscis.dhs.gov.  Please include the control number listed above on all correspondence with this office.  You can now submit a new FOIA request online using our new Freedom of Information Act Records SysTem (FIRST). If you wish to submit a new FOIA/PA request, please visit www.uscis.gov/FOIA for instructions and requirements.


Sincerely,

Terri White
 Acting  Director, FOIA Operations

Attachment C



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*National Records Center*
P.O. Box 648010
Lee's Summit, MO  64064-8010

**U.S. Citizenship
and Immigration
Services**

COW2021002422

October 21, 2021

Jacqueline Stevens
Political Science Department  Deportation Research Clinic
601 University Place
Evanston, IL 60208

Dear Jacqueline Stevens:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office on June 23, 2021 regarding Miguel Silvestre.

We have completed the review of all documents and have identified 214 pages that are responsive to your request. Enclosed are 104 pages released in their entirety and 105 pages released in part. We are withholding 4 pages in full. In our review of these pages, we have determined they contain no reasonably segregable portion(s) of non-exempt information.  Additionally, we have referred some pages in their entirety to another government agency. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552a (a)(d)(5), (a)(j)(2), and (a)(k)(2) of the Privacy Act and 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(c), and (b)(7)(e) of the FOIA.

The following exemptions are applicable:

Exemption (b)(5) provides protection for inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency.  The types of documents and/or information that we have withheld under this exemption may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals.  The types of documents and/or information that we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (k)(2) of the PA provides protection to investigatory material compiled for law enforcement purposes.  The types of documents and/or information we have withheld in conjunction with (b)(7)(E) of the FOIA could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques and various other documents.

Exemption (d)(5) of the PA permits the government to withhold all documents or information, which are compiled in reasonable anticipation of a civil action or proceeding.  This extends to any records compiled in anticipation of civil proceedings, whether prepared by attorneys or lay investigators.

Exemption (j)(2) of the PA permits the government to withhold information in files which originated from an agency  primarily concerned with the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities.  The types of documents and/or information withheld in conjunction with (b)(7) could consist of information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests,

Attachment C

COW2021002422
Page 2

the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

Exemption (b)(7)(E) of the FOIA provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

Exemption (k)(2) of the PA provides protection to investigatory material compiled for law enforcement purposes. The types of documents and/or information we have withheld in conjunction with (b)(7)(C) of the FOIA could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents relating to third party individuals that are considered personal.

As a result of discussion between agency personnel and a member of our staff, as a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. If made, these releases are specifically identified in the responsive record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages contain marks that appear to be blacked-out information. The black marks were made prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

You have the right to file an administrative appeal within 90 days of the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. You may file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our FOIA Public Liaison, Jennifer Piateski, for assistance at:

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO  64064-8010
Telephone: (800) 375-5283
E-Mail: FOIAPAQuestions@uscis.dhs.gov

Attachment C

COW2021002422
Page 3

A FOIA Public Liaison is an agency official to whom FOIA requesters can raise concerns about the service the requester has received from the agency's FOIA Office. FOIA Public Liaisons are responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes.

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal Agencies. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
Telephone: (202) 741-5770 or (877) 684-6448
Email: OGIS@nara.gov
Website: ogis.archives.gov

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Questions concerning this FOIA/PA request may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead or emailed to FOIAPAQuestions@uscis.dhs.gov. Please include the control number listed above on all correspondence with this office. You can now submit a new FOIA request online using our new Freedom of Information Act Records SysTem (FIRST). If you wish to submit a new FOIA/PA request, please visit www.uscis.gov/FOIA for instructions and requirements.

Sincerely,

Jennifer Piateski
Acting Director, FOIA Operations

Enclosure(s)

Attachment D

## Tuttle-Felter, Michael R (Mike)

| | |
|---|---|
| **From:** | FOIA, USCIS |
| **Sent:** | Wednesday, October 5, 2022 1:32 PM |
| **To:** | McBride, Lyne I |
| **Subject:** | FW: EXPEDITED REQUEST E-Verify and other USCIS records for Pascal Charpentier |
| **Attachments:** | PrivacyWaiver_Charpentier.pdf |

Thank you,
Amy Curtis
Management & Program Analyst
Customer and Support Team, FOIA
National Records Center
Amy.M.Curtis@uscis.dhs.gov

WARNING: This document is FOR OFFICIAL USE ONLY (FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval from the originator.

-----Original Message-----
From: Jacqueline Stevens <jacqueline-stevens@northwestern.edu>
Sent: Monday, August 15, 2022 4:09 PM
To: FOIA, USCIS <USCIS.FOIA@uscis.dhs.gov>
Subject: EXPEDITED REQUEST E-Verify and other USCIS records for Pascal Charpentier

CAUTION: This email originated from outside of the Federal Government. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact the USCIS Security Operations Center with questions or click the "Report Phishing" button to report it as a phishing attempt.

To Whom It May Concern:
This letter constitutes a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for all system records and all other materials in any medium, maintained, received or distributed by USCIS pertaining to Pascal Charpentier. His date of birth is ▮▮▮▮▮▮▮▮▮. His country of birth is Germany. The U.S. government assigned him two "alien" numbers: 029-001-711 and 020-578-103. Please search records using both numbers.

The records I am seeking include but are not limited to: all correspondence and other information submitted by Mr. Charpentier to USCIS and all outputs about him produced by "E-Verify" databases; all records relied on by E-Verify for claiming Mr. Charpentier's place of birth was "Haiti"; emails, notes, drafts, memorandums, and data entries and outputs of digital information referencing Mr. Charpentier and stored on any computer, server, or digital device to which USCIS officials have access, and all information used for creating or responding to his two separate "alien" numbers. I am also of course interested in all records associated with any immigration and citizenship petitions and requests by Mr. Charpentier or on his behalf by his parent(s).

The time frame of this request is January 21, 1972 through whenever a search is conducted for responsive records.

1

Attachment D

Grounds for Expedited Request

According to 5 USC 552a6(E), a request should be expedited based on a "compelling need," the criteria for which are that:

(I) that a failure to obtain requested records on an expedited basis under this paragraph could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or

(II) with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity.

Mr. Charpentier was issued a removal order based on inaccurate information produced by the U.S. government to an immigration judge. As director of the Deportation Research Clinic, I will be sharing all responsive records with Mr. Charpentier. He needs the records requested in order to prove his U.S. citizenship. Unless these are produced immediately, Mr. Charpentier is in danger of being rendered stateless and removed by force to a foreign country where he has has never visited and has no ties. Thus, the failure of USCIS to produce the requested records on an expedited basis could "reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

In addition, there is enormous public interest in the U.S. government unlawfully detaining and deporting U.S. citizens. My own research on the patterns and practices of the U.S. government deporting U.S. citizens has been widely covered in the media, including the New Yorker magazine, the New York Times, and NPR, thus satisying (ii) above.

Further, a major news organization has indicated they will be reporting on my findings about the deportation order for Mr. Charpentier.

For documentation of the media interest in the U.S. government's unlawful detention and deportation of U.S. citizens, please see media coverage here: https://gcc02.safelinks.protection.outlook.com/?url=https%3A%2F%2Fdeportation-research.buffett.northwestern.edu%2Fnews%2Findex.html&amp;data=05%7C01%7CLyne.I.McBride%40uscis.dhs.gov%7C057171a495c94778f72108daa6ffec41%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C638005915371514454%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=QSS1G5LYA73fwCgDsba5EHnYxNjaB89swxBQa1epfxE%3D&amp;reserved=0, including these articles: Greg Allen, "ICE Detained the Wrong Person," NPR, December 18 and Steve Coll, "When ICE Tries to Deport Americans, Who Defends Them?" New Yorker, March 21.

I also co-edited a volume, Citizenship in Question: Evidentiary Birthright and Statelessness, https://gcc02.safelinks.protection.outlook.com/?url=https%3A%2F%2Flibrary.oapen.org%2Fhandle%2F20.500.12657%2F31762&amp;data=05%7C01%7CLyne.I.McBride%40uscis.dhs.gov%7C057171a495c94778f72108daa6ffec41%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C638005915371514454%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=f2GPkshZaUNZphg6JQmgpM3KdKYGGjqVMnxZl7FrURk%3D&amp;reserved=0; the book won Please note that government's detention and deportation of US citizens is of great interest to the public, as evidenced in extensive national media coverage of my research on this. Please see: https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.npr.org%2Fsections%2Fthetwo-way%2F2016%2F12%2F22%2F504031635%2Fyou-say-you-re-an-american-but-what-if-you-had-to-prove-it-or-be-deported&amp;data=05%7C01%7CLyne.I.McBride%40uscis.dhs.gov%7C057171a495c94778f72108daa6ffec41%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C638005915371670674%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=4iOCRV8bVa0u8rvsrY76FPu8yXAIDavmwOGH1HXW3zk%3D&amp;reserved=0 My research on this topic has been reported in The New Yorker, The New York Times, NPR and numerous other national and local media outlets.

As I will be using this information for my research, teaching, and journalism along the lines indicated above, and will receive no financial compensation I am requesting a fee waiver.

I am attaching Mr. Charpentier privacy waiver authorizing release of this information to me under the Freedom of Information/Privacy Act. Please note that this also includes his certification of identity.

Many thanks for your assistance with this request. If you have any questions, please feel free to contact me here or by phone at 847-467-2093.

Thank you,


Jacqueline Stevens
Professor
Political Science
Northwestern University
Founding Director
Deportation Research Clinic
Buffett Institute

Attachment D

https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fbuffett.northwestern.edu%2Fprograms%2Fdeportat
ionresearch%2F&amp;data=05%7C01%7CLyne.I.McBride%40uscis.dhs.gov%7C057171a495c94778f72108daa6ffec41
%7C5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C638005915371670674%7CUnknown%7CTWFpbGZsb3d8e
yJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;s
data=jSpwz%2BJea04isGV%2FZJx2M9usiUEwC6oSFEWPWgNYJTA%3D&amp;reserved=0

Office Phone: 847-467-2093

Mail

601 University Place, Second Floor

Political Science Department

Evanston, IL  60208

https://gcc02.safelinks.protection.outlook.com/?url=http%3A%2F%2Fstateswithoutnations.blogspot.com%2F&amp;data=
05%7C01%7CLyne.I.McBride%40uscis.dhs.gov%7C057171a495c94778f72108daa6ffec41%7C5e41ee740d2d4a728975
998ce83205eb%7C0%7C0%7C638005915371670674%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiL
CJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=y4QKn0VBJE6WMp3a
eJg4KyUDcwH1d9Tak9hFLLxZJTo%3D&amp;reserved=0

https://gcc02.safelinks.protection.outlook.com/?url=https%3A%2F%2Fpolisci.northwestern.edu%2Fpeople%2Fcore-
faculty%2Fjacqueline-
stevens.html&amp;data=05%7C01%7CLyne.I.McBride%40uscis.dhs.gov%7C057171a495c94778f72108daa6ffec41%7C
5e41ee740d2d4a728975998ce83205eb%7C0%7C0%7C638005915371670674%7CUnknown%7CTWFpbGZsb3d8eyJWI
joiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=
SlUGJScES8Xb7vHs%2BIY4cWBYPca%2B76iE46K1JbYzXes%3D&amp;reserved=0

3

Attachment D

## PRIVACY AND CONFIDENTIALITY WAIVER

To Whom It May Concern:

My name is PASCAL CHARPENTIER and I was assigned the alien number 020578103.

My date of birth is ████████. I was born in W. GERMANY.

Dr. Jacqueline Stevens has my authorization to obtain all personal information about me from any private or public agency in the United States and all other countries, including GERMANY (Native Country).

I hereby waive my right to privacy, and, under the Privacy Act and the Freedom of Information Act, I authorize all federal and state agencies of the United States to release any and all information relating to me to Professor Jacqueline Stevens, Department of Political Science, 601 University Place, Northwestern University, Evanston, IL 60208.

This waiver is in accordance with the rules of Title 5 U.S.C Section 552, and includes but is not limited to records, recordings, transcripts, email, reports, and employee statements of the Social Security Administration; Health and Human Services, including but not limited to the Office of Refugee Resettlement; the Department of Homeland Security and all its agencies, including but not limited to Customs and Border Protection, Immigration and Customs Enforcement, Citizenship and Immigration Services; the Department of Justice, including the the Executive Office of Immigration Review; the Federal Bureau of Investigation; the State Department, including consular officers; and state and local jail and court employees.

Under penalty of perjury, I hereby declare that I am the person described above and understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a (iX3) as a misdemeanor and by a fine of not more than $5,000.

*P. Charpentier*
Signature

PASCAL CHARPENTIER
Printed Name

08/11/2022
Date

Attachment E

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*National Records Center*
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship and Immigration Services**

NRC2022202394

August 29, 2022

PASCAL CHARPENTIER
NORTHWESTERN UNIVERSITY
601 UNIVERSITY PLACE
EVANSTON, IL 60208

Dear PASCAL CHARPENTIER:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office on August 17, 2022.

After carefully considering your request, we must deny it in its entirety pursuant to 5 U.S.C. § 552 (b)(6).

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

In order to obtain these records your request must demonstrate one or more of the following criteria:

- Written authorization from the individual(s) permitting disclosure of the records to you, which consists of a written statement from the records' subject(s) stating his/her full name, current address, and date and place of birth. Additionally, the written statement must be signed by the records' subject(s) and the signature must either be notarized or signed under penalty of perjury;
- Proof of parentage with the parent's verification of identity if the subject of record is a minor at the time of the request;
- Proof of court-appointed guardianship with the guardian's verification of identity;
- Proof that the subject(s) of your request is deceased; or
- A clear demonstration that the public interest in disclosure outweighs the personal privacy interest(s) of the individual(s) and that significant public benefit would result from the disclosure of the requested records.

Your request did not satisfy any of the above criteria. Where a FOIA requester seeks information about individuals in personnel, medical, and similar files FOIA Exemption 6 protects from disclosure information that, if released, would constitute a clearly unwarranted invasion of personal privacy. To determine whether the disclosure of personal information would constitute an unwarranted invasion of personal privacy, Exemption 6 requires the government to balance the privacy interests of individuals that would be compromised by disclosure of government records about them against the public interest in release of the records. The only relevant public interest to be considered is the extent to which the requested information sheds light on the agency's performance of its statutory duties. Where the privacy interest outweighs the public, the information is protected from disclosure. In the absence of written authorization permitting disclosure of the records to you, proof that the subject is deceased, or a demonstration of a public interest that would outweigh the subject's privacy interest, you are not entitled to the requested records under the FOIA.

Attachment E

NRC2022202394
Page 2

An electronic signature provided on a G-639 that is generated via a private software system, will not be accepted as proper Verification of Identity or Certification of Agreement (Consent).

You have the right to file an administrative appeal within 90 days of the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. You may file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our FOIA Public Liaison, Cynthia Munita, for assistance at:

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO  64064-8010
Telephone: (816) 350-5510
E-Mail: FOIAPAQuestions@uscis.dhs.gov

A FOIA Public Liaison is an agency official to whom FOIA requesters can raise concerns about the service the requester has received from the agency's FOIA Office. FOIA Public Liaisons are responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes.

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal Agencies. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
Telephone: (202) 741-5770 or (877) 684-6448
Email: OGIS@nara.gov
Website: ogis.archives.gov

Sincerely,

Cynthia Munita
Director, FOIA Operations

# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, | ) | No. 22 C 5072 |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, CUSTOMS AND BORDER | ) | Judge Kennelly |
| PROTECTION, IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT, | ) | |
| CITIZENSHIP AND IMMIGRATION | ) | |
| SERVICES, DEPARTMENT OF JUSTICE, | ) | |
| and EXECUTIVE OFFICE OF | ) | |
| IMMIGRATION REVIEW, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF JENIFFER PEREZ SANTIAGO, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

### I. INTRODUCTION

I, Jeniffer Perez Santiago, pursuant to 28 U.S.C. § 1746 , hereby declare as follows:

1. I am an Associate General Counsel for FOIA and Acting Senior FOIA Litigation Counsel under the Office of the General Counsel (OGC) at the Executive Office for Immigration Review (EOIR). I have held this position for approximately five months. As needed acts as the Acting Supervisor for the FOIA Unit. Prior to this position, I was a Senior FOIA Analyst for the Consumer Financial Protection Bureau (CFPB) in which I conducted quality control reviews for all FOIA requests. In addition, I trained the FOIA team, stakeholders and senior CFPB personnel on FOIA related matters. I

held the position from March 2020 through October 2021. Before, I was a Senior FOIA Analyst for the Department of Energy where I processed complex FOIA requests, appeals and litigation. I held the position from May 2019 through March 2020.

2. The EOIR FOIA Unit is responsible for executing EOIR's FOIA Program pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a. The EOIR FOIA Unit is comprised of a FOIA Service Center and a separate group of FOIA Attorney Advisors with support staff.

3. In my role as an Associate General Counsel for FOIA my official duties and responsibilities include creating and implementing policy and procedures for the EOIR FOIA Program, conducting FOIA training for EOIR personnel, processing FOIA requests and providing litigation support defending the agency in FOIA litigation matters and appeals. In connection with my official duties, I am familiar with EOIR's procedures for responding to requests for information pursuant to provisions of the FOIA and the Privacy Act. In that respect, I am familiar with the FOIA request made by Plaintiff dated August 18, 2022 and assigned FOIA control number FOIA 2022-52897 ("FOIA Request 2022-52897"). The statements contained in this declaration are based upon my personal knowledge, my review of records kept by EOIR in the ordinary course of business, and information provided to me by other EOIR employees in the course of my official duties.

4. The Executive Office for Immigration Review (EOIR) was created on January 9, 1983. EOIR consists of the Office of the Director, the Board of Immigration Appeals (Board), the Office of the Chief Immigration Judge (OCIJ), and the Office of the Chief

Administrative Hearing Officer (OCAHO). EOIR is independent of the immigration enforcement functions of both the Department of Homeland Security (DHS) and the Office of Special Counsel for Immigration-Related Unfair Employment Practices, the entity charged with the enforcement of the anti- discrimination provisions of immigration law.

5. EOIR is responsible for adjudicating immigration cases. Specifically, under delegated authority from the Attorney General, EOIR interprets and administers federal immigration laws by conducting immigration court proceedings, appellate reviews, and administrative hearings. EOIR consists of three components: the Office of the Chief Immigration Judge, which is responsible for managing the numerous Immigration Courts located throughout the United States, where Immigration Judges adjudicate individual cases; the Board of Immigration Appeals, which primarily conducts appellate reviews of Immigration Judge decisions; and the Office of the Chief Administrative Hearing Officer, which adjudicates immigration-related employment cases. EOIR is committed to providing fair, expeditious, and uniform application of thenation's immigration laws in all cases.

6. The EOIR FOIA Unit is responsible for executing EOIR's FOIA Program pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a.

## II. DESCRIPTION OF EOIR'S FOIA PROGRAM

7. I am familiar with the present process for searching, retrieving, and fulfilling FOIA requests for a hard-copy EOIR Record of Proceedings ("ROP"). Requests for an individual ROP are generally designated by the EOIR FOIA Service Center as a Simple Request

(Track 2). Absent a request for expedited processing and as a matter of course, all requesters are notified that FOIA requests for ROPs involve "unusual circumstances," requiring EOIR to extend the time period to respond by an additional 10 working days (as opposed to 20 working days) because the requests require the collection of records in disparate offices. See 28 C.F.R. § 16.5(c). EOIR also provides contact information for the EOIR FOIA Service Center and the EOIR FOIA Public Liaison for any questions in addition to contact information for the Office of Government Information Services for mediation services. Additionally, on or around March 26, 2020, EOIR posted on its FOIA webpage, the following notice:

> Due to the COVID-19 pandemic, EOIR has adjusted its normal operations to balance the needs of completing its mission as effectively and efficiently as possible while also adhering to the recommended social distancing for the safety of our staff. As a result, you may experience a delay in receiving an initial acknowledgment as well as a substantive response to your FOIA request. We will be able to acknowledge requests made electronically more quickly than by mail. You may reach out to our FOIA Offices and FOIA Public Liaison if you have any questions about your request. We apologize for this inconvenience and appreciate your understanding and patience.

See https://www.justice.gov/eoir/freedom-information-act-foia.

8. When the EOIR FOIA Service Center receives a FOIA request for ROP, EOIR FOIA Service Center personnel enter the request into the EOIR FOIA database, and the database automatically assigns the request a unique FOIA control number. EOIR FOIA Service Center personnel identify the location of the ROP by entering the "alien" registration number ("A number") and/or Respondent's name, which is entered into EOIR's database called Case Access System for EOIR ("CASE"), the electronic case manager for the EOIR Immigration Courts, the Board of Immigration Appeals ("BIA"), and staff to support case

management.

9. Once located in CASE and assuming the ROP is a hard-copy file, the ROP must be individually ordered or retrieved from: (1) one or more of the fifteen (15) National Archives Record Center ("NARA") Federal Records Centers ("FRC"), which are long-term storage facilities geographically located throughout the contiguous United States; (2) within the seventy two (72) Immigration Courts and/or Immigration Adjudication Centers geographically located throughout the United States and its territories; or (3) within EOIR Headquarters, if the ROP is with the BIA. Depending on the volume of cases processed, each Immigration Court and the BIA receive a daily, weekly or bi-weekly report, sent by electronic correspondence, of ROPs requested by the EOIR FOIA Service Center. The Immigration Courts and the BIA, who are the record custodians of ROPs, are responsible for providing the ROP to the EOIR FOIA Service Center whether it is physically located within that Immigration Court or the BIA, or whether it is located at the FRC associated with that Immigration Court. On occasion, EOIR can request a scanned copy of a ROP from the EOIR's off-site contractor if the ROP was previously scanned for a different matter.

10. Once the hard-copy ROP is received at the EOIR FOIA Service Center at Headquarters in Falls Church, Virginia, the ROP is sent to an off-site contractor for scanning. Once scanned, the ROP is returned to the EOIR FOIA Service Center in Falls Church, Virginia, along with a scanned copy of the ROP on a compact disk (CD). EOIR instituted off-site copying by a contractor due the huge volume of ROP FOIA requests received each year; specifically, EOIR receives more FOIA requests each year than all other DOJ components combined. For example, in Fiscal Year 2021, EOIR received 60,996 FOIA requests. See

https://www.justice.gov/oip/reports-1 . Assuming the Respondent and/or the Respondent's representative provides a proper certificate of identify, the entire contents of the official ROP is sent to the requester unredacted. Once sent, the FOIA request is closed in the EOIR FOIA database.

11. An exception to accessing records pertaining to a hard-copy ROP is digital audio recordings (DARs) associated with a Respondent's immigration proceeding, which, if available, reside in CASE. These records are accessible electronically unless the hearing was held at a time when cassette tapes were used to record hearings, in which case such cassette tapes would be located within the hard-copy ROP.

12. A ROP may also exist either fully or partially as an electronic ROP ("eROP") within CASE. If so, the Attorney of Record or accredited representative for a Respondent may access the eROP by logging into the ECAS Case Portal at https://portal.eroir.justice.gov . See https://www.justice.gov/eoir/ECAS .

13. Due to the large volume of incoming records, there can be significant delays between the time the ROP is received by the EOIR FOIA Service Center and the time the ROP is delivered to the requester. ROPs are generally handled on a "first-in, first-out" basis, assuming the request has not been granted expedited processing. However, even requests that have been granted expedited processing are handled on a "first-in, first out" basis along with other requests that have been granted expedited process.

14. Historically, Simple requests (i.e., requests for ROPs) comprise over 95% of FOIA requests received at the EOIR FOIA Service Center. In Fiscal Year (FY) 2018, EOIR received 52,432 FOIA requests and had a backlog of 2,403 requests. In FY2019, EOIR received 55,499 FOIA requests and had a backlog of 9,155 requests. In FY2020, EOIR

received 48,885 FOIA requests and had a backlog of 10,923 requests. In FY2021, EOIR received 60,996 FOIA requests and had a backlog of 29,735 requests. See https://www.justice.gov/oip/reports-1. The final report for the Fiscal Year 2022 has not yet been published. However, our records indicate that EOIR received approximately 56,544 FOIA requests and had a backlog of 43,808 requests by the end of FY22.

15. Beginning March 16, 2020, all EOIR personnel at the Falls Church, Virginia Headquarters location were directed to participate in maximum telework until further notice due to the global pandemic. Because most ROPs are hard copies, this limitation greatly affected the EOIR FOIA Service Center's ability to process FOIA requests for ROPs. Although EOIR FOIA Service Center personnel have been allowed to re-enter Headquarters on a limited basis, the ability to retrieve ROPs from one of the seventy two (72) Immigration Courts and/or Immigration Adjudication Centers, 15 FRCs or EOIR Headquarters was limited and constantly changing, and continues to be limited and constantly changing, due to local conditions pertaining to the pandemic as relates to staff shortages and the opening/closing/reopening of the Immigration Courts, FRCs, BIA, and EOIR Headquarters due to COVID incident reporting.

### III.     PROCESSING OF PLANTIFF'S FOIA REQUEST 2022-52897

16. I have reviewed Plaintiff's FOIA request filed on August 18, 2022, in its entirety, which generally sought:

> *All system records and other items maintained, produced, or distributed by EOIR pertaining to Pascal Charpentier, including but not limited to the Record of Proceedings, including all audio recordings. His date of birth is* ▮▮▮▮▮▮,

███*. His country of birth is Germany but ICE has stated in error it is Haiti. His "alien" number was 029001711, and in 2016 he was given this number: 020578103. This request includes but is not limited to all memoranda, notes, reports, email messages, and all other system records or communications associated with or pertaining to Mr. Charpentier generated or received by EOIR. Please include ALL calendar and case note records maintained by any EOIR digital systems. The time frame of this request is January 1, 1972 to August 18, 2022.*

17. On that same date, the requester also requested expedited processing. True and correct copies of the incoming request and the expedited processing request is attached to this declaration as **Attachment A**.

18. On October 6, 2022, the EOIR FOIA Service Center issued an acknowledgement letter and assigned the FOIA request control number FOIA 2021-52588. The acknowledgment letter notified Plaintiff that the request involved "unusual circumstances" based on the likely need to consult with field offices and outside agencies to find and process the document. The acknowledgment letter offered the agency's FOIA Public Liaison and the mediation services of the Office of Government Information Services ("OGIS") to assist the requester. True and correct copies of this correspondence is attached to this declaration as **Attachment B**.

19. That same date, the EOIR FOIA Service Center issued a letter granting the expedited processing request and the request was designated as an "Expedited (Track 1)" request. True and correct copies of this correspondence is attached to this declaration as **Attachment C**.

20. Because this request was appealed with the Board of Immigration Appeals (BIA) on September 2, 2022, the BIA had already scanned the ROP to create a certified copy. On October 18, 2022, the EOIR FOIA Service Center contacted the Pacific Architect and Engineers (PAE), the company that does all offsite scanning of ROPs for EOIR, to request a copy of the electronic file. On October 19, 2022, PAE sent the electronic file to the EOIR FOIA Service Center. True and correct copies of these correspondences are attached to this declaration as **Attachment D**.

21. On October 11, 2022, an interim response was sent to the requester providing access to twelve audio recordings though the Justice Enterprise File Sharing System (JEFS). True and correct copies of this correspondence is attached to this declaration as **Attachment E**.

22. On October 19, 2022, a final response was sent to the requester providing access to 2,060 pages of responsive records trough JEFS. The same day this request was closed. True and correct copies of this correspondences are attached to this declaration as **Attachment F**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 8th day of November 2022, in Falls Church, Virginia.

JENIFFER PEREZ SANTIAGO
Digitally signed by JENIFFER PEREZ SANTIAGO
Date: 2022.11.08 15:38:53 -05'00'

# Submit New Request

## Requester Details

To modify request details please update your requester profile or contact the our office for assistance.

**Jacqueline Stevens**
Deportation Research Clinic
601 University Place, 2d Floor
Political Science Department
Evanston, IL  60208
Phone 847-467-2093
jacqueline-stevens@northwestern.edu

Requester Default Category: Educational or Non-Commercial Scientific

## General Information

| | |
|---|---|
| Action Office | EOIR |
| Action Office Instructions | EOIR |
| Requester Category | Educational or Non-Commercial Scientific |
| Delivery Mode | Electronic Download |
| Payment Mode | Money Order |

## Shipping Address

| | |
|---|---|
| Street1 | 601 University Place, 2d Floor |
| Street2 | Political Science Department |
| City | Evanston |
| State | Illinois |
| State (Other) | |
| Country | United States |
| Zip Code | 60208 |

## Request Information

| | |
|---|---|
| Description | All system records and other items maintained, produced, or distributed by EOIR pertaining to Pascal Charpentier, including but not limited to the Record of Proceedings, including all audio recordings. His date of birth is ▮▮▮▮▮▮▮▮. His country of birth is Germany but ICE has stated in error it is Haiti.  His "alien" number was 029001711, and in 2016 he was given this number: 020578103.<br>This request includes but is not limited to all memoranda, notes, reports, email messages, and all other system records or communications associated with or pertaining to Mr. Charpentier generated or received by EOIR.<br><br>Please include ALL calendar and case note records maintained by any EOIR digital systems.<br><br>Mr. Charpentier has signed a waiver, including a certificate of identity, allowing me to receive these records.  Please find a copy of this waiver attached.  It includes his proof of identity.<br><br>Please note that the box for "expedited response" request cut me after two lines.  An expedited response is merited under the statute -- Mr. Charpentier's deportation to Haiti, a country he has never visited, puts him at physical risk; substantially violates his due process rights; and is of enormous interest to the public. |
| Date Range for Record Search:From | 01/01/1972 |
| Date Range for Record Search:To | 08/18/2022 |
| Description Document Consent | PrivacyWaiver_Charpentier.pdf |
| Proof of Identity | PrivacyWaiver_Charpentier.pdf |

## Fee Information

| | |
|---|---|
| Amount willing to pay | $25 |
| Fee Waiver Request Reason | As a scholar, blogger, and a writer on immigration law enforcement, I am entitled to a waiver of duplication fees because disclosure of this information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(A)(iii). The disclosure of this i |

Willing to Pay All Fees    No

## Billing Address

Street1          601 University Place, 2d Floor
Street2          Political Science Department
City             Evanston
State            Illinois
State (Other)
Country          United States
Zip Code         60208

## Additional Information

Port of Entry
Date of Entry
Place of Proceeding
Date of Proceeding
Requester Alias First Name
Requester Alias MI
Requester Alias Last Name
Parents Name1
Parents Name2

## ROP Requests

Alien Number              020578103
Notice to Appear (NTA) Date

## Subject Matter of Request

Subject Matter of Request    ROP

## Expedite Information

Expedite Reason    An immigration judge ordered Mr. Charpentier deported to Haiti.  The deportation order for a U.S. citizen based on factually inaccurate information (a) puts Mr. Charpentier in physical danger; (b) violates a substantial due process right; (c) is of [cut-o

## PRIVACY AND CONFIDENTIALITY WAIVER

To Whom It May Concern:

My name is **PASCAL CHARPENTIER** and I was assigned the alien number **020578103**.

My date of birth is ▮▮▮▮▮▮. I was born in **W. GERMANY**.

Dr. Jacqueline Stevens has my authorization to obtain all personal information about me from any private or public agency in the United States and all other countries, including GERMANY (Native Country).

I hereby waive my right to privacy, and, under the Privacy Act and the Freedom of Information Act, I authorize all federal and state agencies of the United States to release any and all information relating to me to Professor Jacqueline Stevens, Department of Political Science, 601 University Place, Northwestern University, Evanston, IL 60208.

This waiver is in accordance with the rules of Title 5 U.S.C Section 552, and includes but is not limited to records, recordings, transcripts, email, reports, and employee statements of the Social Security Administration; Health and Human Services, including but not limited to the Office of Refugee Resettlement; the Department of Homeland Security and all its agencies, including but not limited to Customs and Border Protection, Immigration and Customs Enforcement, Citizenship and Immigration Services; the Department of Justice, including the the Executive Office of Immigration Review; the Federal Bureau of Investigation; the State Department, including consular officers; and state and local jail and court employees.

Under penalty of perjury, I hereby declare that I am the person described above and understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a (iX3) as a misdemeanor and by a fine of not more than $5,000.


*P. Charpentier*
Signature

PASCAL CHARPENTIER
Printed Name

08/11/2022
Date

**Email Details**

| From: | eoir.foiarequests@usdoj.gov |
|---|---|
| To: | jacqueline-stevens@northwestern.edu |
| Cc: | |
| Bcc: | |
| Subject: | DOJ-EOIR FOIA Request # 2022-52897 |
| Date Sent: | 10/6/2022 11:19:42 AM |
| Body: | Re: 2022-52897<br>Freedom of Information Act Request for CHARPENTIER, PASCAL<br><br>Dear Jacqueline Stevens,<br><br>This response acknowledges receipt of your Freedom of Information Act (FOIA) request by the Executive Office for Immigration Review (EOIR) dated 08/18/2022 and received 08/18/2022. Your request has been assigned control number 2022-52897. If you made your request by email, mail, or fax, please go to https://foia.eoir.justice.gov/ to register an account in order to receive any documents produced in response to your request.<br><br>Note that parties to immigration cases (including respondents and their representatives of record) have the option to request their Record of Proceedings directly from the immigration court or Board of Immigration Appeals. Please see the instructions here: https://www.justice.gov/eoir/ROPrequest.<br><br>**Please be advised that due to necessary operational changes as a result of the national emergency concerning the novel coronavirus disease (COVID-19) outbreak, there may be significant delay in the processing of your request. If your request is for a Record of Proceeding (ROP), those records ordinarily reside in individual hard-copy ROP files located in one of the 66 EOIR Immigration Courts or 15 Federal Records Centers' long-term storage facilities geographically located throughout the United States or its territories. Currently, the Immigration Courts and the Federal Records Centers are operating at limited capacity with limited staff and/or are closed due to COVID-19. To check on current operating status for EOIR's Immigration Courts or NARA's Federal Records Centers, please visit https://www.justice.gov/eoir-operational-status and https://www.archives.gov/frc/operating-status.**<br><br>If you have filed a fee waiver request, EOIR will address the fee waiver in a separate letter. Most requests for records of proceedings do not require any fees; however, if the fees for processing the request are estimated to exceed $25.00, EOIR will notify you before processing the request to determine whether you will commit to paying the fee or whether you wish to narrow the scope of your request to reduce the fee. Fees may be charged for searching records at the rate of $4.75 (administrative)/$10.00 (professional) per quarter hour, and for |

duplication of copies at the rate of $.05 per copy. The first 100 copies and two hours of search time are not charged, and charges must exceed $25.00 before we will charge a fee.

The FOIA requires an agency to respond within 20 working days after receipt of the request, and EOIR endeavors to meet this standard. The FOIA permits a ten-day extension of this time period, pursuant to 5 U.S.C. § 552(a)(6)(B), based on unusual circumstances. Your request involves "unusual circumstances," and EOIR is extending the time period to respond by an additional 10 working days because your request requires the collection of records from field offices, or involves a search, collection, and review of voluminous records, or requires consultation with another agency or two or more agency components.

EOIR FOIA requests are placed in one of three tracks. Track one is for those requests that seek and receive expedited processing pursuant to subsection (a)(6)(E) of the FOIA. Track two is for simple requests that do not involve voluminous records or lengthy consultations with other entities. Track three is for complex requests that involve voluminous records and for which lengthy or numerous consultations are required, or those requests that may involve sensitive records. As a matter of default, your request has been placed in track two for simple requests. If you have requested expedited processing, EOIR will contact you in a separate letter.

If you have any questions regarding unusual circumstances, you may contact the EOIR FOIA Service Center or FOIA Public Liaison at (703) 605-1297 or EOIR.FOIArequests@usdoj.gov to discuss reformulation or an alternative time frame to process your request, or for any further assistance regarding any aspect of your request. Alternatively, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at (202) 741-5770; toll free at (877) 684-6448; or facsimile at (202) 741-5769.

Sincerely,

FOIA Intake

Attachment C

| Email Details | |
|---|---|
| **From:** | eoir.foiarequests@usdoj.gov |
| **To:** | jacqueline-stevens@northwestern.edu |
| **Cc:** | |
| **Bcc:** | |
| **Subject:** | DOJ-EOIR FOIA Request # 2022-52897 |
| **Date Sent:** | 10/6/2022 11:19:52 AM |
| **Body:** | Dear Jacqueline Stevens,<br><br>The Executive Office for Immigration Review (EOIR) has received your request for expedited treatment of your Freedom of Information Act (FOIA) request.<br><br>The FOIA regulations states that expedited treatment is granted if there is an exceptional need such as jeopardy to life or personal safety, a threatened loss of substantial due process rights, or an urgency to inform the public concerning actual or alleged Federal Government activities. *See* 28 C.F.R. § 16.5(e).<br><br>Upon review of your request, it has been determined that you meet the threshold.  Therefore, your request for expedited treatment has been granted.<br><br>Although your request for expedited FOIA processing is approved, note that parties to immigration cases (including respondents and their representatives of record) have the option to request their Record of Proceedings directly from the immigration court or Board of Immigration Appeals.  Please see the instructions here: https://www.justice.gov/eoir/ROPrequest.<br><br>If you need any further assistance or would like to discuss any aspect of your request, please contact the EOIR FOIA Service Center or FOIA Public Liaison at (703) 605-1297 or EOIR.FOIArequests@usdoj.gov. Alternatively, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at (202) 741-5770; toll free at (877) 684-6448; or facsimile at (202) 741-5769.<br><br>If you are not satisfied with the EOIR's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of |

the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

FOIA Intake

| | |
|---|---|
| **From:** | Chhoup, Chavy |
| **To:** | Norris, Jacob (EOIR) (CTR); EOIR-FOIA-CERT (EOIR-FOIA-CERT@pae.com) |
| **Cc:** | Tekle, Wintana (Winnie); Spasojevic, Dragana |
| **Subject:** | [EXTERNAL] RE: A# 020-578-103 \| FOIA 2022-52897 |
| **Date:** | Wednesday, October 19, 2022 7:31:51 AM |

Good morning Jacob,

The case A# 020-578-103  FOIA 2022-52897 will be uploaded today into the special request folder.

Thank you,

Chavy

---

**From:** Norris, Jacob (EOIR) (CTR) <Jacob.Norris@usdoj.gov>
**Sent:** Tuesday, October 18, 2022 5:09 PM
**To:** EOIR-FOIA-CERT (EOIR-FOIA-CERT@pae.com) <EOIR-FOIA-CERT@pae.com>
**Cc:** Tekle, Wintana (Winnie) <Wintana.Tekle@amentum.com>; Chhoup, Chavy <Chavy.Chhoup@amentum.com>; Spasojevic, Dragana <Dragana.Spasojevic@amentum.com>
**Subject:** A# 020-578-103 | FOIA 2022-52897

Afternoon all,

The above A#  was recently copied for cert. can it be uploaded into the special request folder with FOIA 2022-52897. Once uploaded can you let me know as the request has pending litigation – thank you as always!

Jacob Norris
Task Manager (Amentum/PAE Contractor)
Executive Office for Immigration Review
Office of the General Counsel
5107 Leesburg Pike, 21st Floor
Falls Church, Virginia 22041
Desk Phone: (703)305-0719
Cell Phone: (571)421-9120

Attachment E

**Email Details**

| | |
|---|---|
| **From:** | eoir.foiarequests@usdoj.gov |
| **To:** | jacqueline-stevens@northwestern.edu |
| **Cc:** | |
| **Bcc:** | |
| **Subject:** | DOJ-EOIR FOIA Request # 2022-52897 |
| **Date Sent:** | 10/11/2022 11:20:20 AM |
| **Body:** | Re: 2022-52897 |

Re: 2022-52897
    Freedom of Information Act Request for CHARPENTIER, PASCAL

Dear Jacqueline Stevens,

This letter is in response to your Freedom of Information Act (FOIA) request in which you seek the record of proceeding regarding the above-referenced individual.

We still waiting to deliver the Executive Office for Immigration Review (EOIR) Record of Proceeding (ROP) by the Immigration Court, Federal Records Center, or Board of Immigration Appeals for the above-referenced individual. We are providing the audio recording(s) of the hearing(s) in digital form, as provided to us by the Immigration Court, Federal Records Center, or Board of Immigration Appeals for the above-referenced individual. You may access and download the audio recording(s) for up to **60 days** at this/these link(s):

**Audio 1 - https://jefs.box.com/s/8sa3fgm1pz2zay4r9eqk34n7geho6wlv**
**Audio 2 - https://jefs.box.com/s/ghqfpqj20awlwyh51z6lxloocycnjzi1**
**Audio 3 - https://jefs.box.com/s/4cihivjeg8x5a0uy5hvbuix4ltj6me58**
**Audio 4 - https://jefs.box.com/s/eii9m597yab9s8semwqjor1vusl6db0l**
**Audio 5 - https://jefs.box.com/s/89040vzh0y7tx664kw1fun86wd79gnkb**
**Audio 6 - https://jefs.box.com/s/cjadlr2gawwg8hh98jd18kg1kjkpk7td**
**Audio 7 - https://jefs.box.com/s/dgdtvr547j8dzgqex3wjtrxko637nip2**
**Audio 8 - https://jefs.box.com/s/uzwavqq62mzq1nz0yxnbcrj4vludkh7a**
**Audio 9 - https://jefs.box.com/s/mgb986r3gj5v5t9wusb6ykup12650zg6**
**Audio 10 - https://jefs.box.com/s/mvsdvrz5fn2bgh0awk7tnnslh8w0lel8**
**Audio 11- https://jefs.box.com/s/g8b1g4tcbd369zl0tc9jpdb1fiko6sg3**
**Audio 12 - https://jefs.box.com/s/gl2apa43dnizyfohg9o5g0zh7k9kblkf**
***Important: Do not click the link. You must copy and paste the link into your browser to view the file.**

There will be no charge for this information.

Note that parties to immigration cases (including respondents and their representatives of record) have the option to request their Record of Proceedings directly from the immigration court or Board of Immigration Appeals. Please see the instructions here:
https://www.justice.gov/eoir/ROPrequest.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV 2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. See http://www.justice.gov/oip/foiapost/2012foiapost9.html.

I trust that this information fully satisfies your request. If you need any further assistance or would like to discuss any aspect of your request, please contact the analyst who processed your requestor the EOIR FOIA Public Liaison at (703) 605-1297. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at (202) 741-5770; toll free at (877) 684-6448; or facsimile at (202) 741-5769.

If you are not satisfied with the EOIR's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

FOIA Delivery

**Email Details**

| From: | eoir.foiarequests@usdoj.gov |
|---|---|
| To: | jacqueline-stevens@northwestern.edu |
| Cc: | |
| Bcc: | |
| Subject: | DOJ-EOIR FOIA Request # 2022-52897 |
| Date Sent: | 10/19/2022 12:04:56 PM |
| Body: | Re: 2022-52897<br>Freedom of Information Act Request for CHARPENTIER, PASCAL<br><br>Dear Jacqueline Stevens,<br><br>This letter is in response to your Freedom of Information Act (FOIA) request in which you seek the record of proceeding regarding the above-referenced individual.<br><br>We are providing the Executive Office for Immigration Review (EOIR) Record of Proceeding (ROP) as provided to us by the Immigration Court, Federal Records Center, or Board of Immigration Appeals for the above-referenced individual. You may access and download the ROP and audio file(s) for up to **60 days** at these links (please note that the audio files were previously sent on 10/11/2022, so their expiration will happen within 60 days of that date): |

1. ROP (2,060 pages):
   https://jefs.box.com/s/ht8jszg4uvy257xe49r9xc4ouky5vgla
2. Audio 1 -
   https://jefs.box.com/s/8sa3fgm1pz2zay4r9eqk34n7geho6wlv
3. Audio 2 -
   https://jefs.box.com/s/ghqfpqj20awlwyh51z6lxloocycnjzi1
4. Audio 3 -
   https://jefs.box.com/s/4cihivjeg8x5a0uy5hvbuix4ltj6me58
5. Audio 4 -
   https://jefs.box.com/s/eii9m597yab9s8semwqjor1vusl6db0l
6. Audio 5 -
   https://jefs.box.com/s/89040vzh0y7tx664kw1fun86wd79gnkb
7. Audio 6 -
   https://jefs.box.com/s/cjadlr2gawwg8hh98jd18kg1kjkpk7td
8. Audio 7 -
   https://jefs.box.com/s/dgdtvr547j8dzgqex3wjtrxko637nip2
9. Audio 8 -
   https://jefs.box.com/s/uzwavqq62mzq1nz0yxnbcrj4vludkh7a
10. Audio 9 -
    https://jefs.box.com/s/mgb986r3gj5v5t9wusb6ykup12650zg6
11. Audio 10 -
    https://jefs.box.com/s/mvsdvrz5fn2bgh0awk7tnnslh8w0lel8
12. Audio 11-
    https://jefs.box.com/s/g8b1g4tcbd369zl0tc9jpdb1fiko6sg3
13. Audio 12 -
    https://jefs.box.com/s/gl2apa43dnizyfohg9o5g0zh7k9kblkf

**\*Important: Do not click the link. You must copy and paste the link into your browser to view the file**.

There will be no charge for this information.

Note that parties to immigration cases (including respondents and their representatives of record) have the option to request their Record of Proceedings directly from the immigration court or Board of Immigration Appeals. Please see the instructions here: https://www.justice.gov/eoir/ROPrequest.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV 2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. See http://www.justice.gov/oip/foiapost/2012foiapost9.html.

I trust that this information fully satisfies your request. If you need any further assistance or would like to discuss any aspect of your request, please contact the analyst who processed your requestor the EOIR FOIA Public Liaison at (703) 605-1297. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at (202) 741-5770; toll free at (877) 684-6448; or facsimile at (202) 741-5769.

If you are not satisfied with the EOIR's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

FOIA Delivery

# Exhibit C

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

Jacqueline Stevens,

        Plaintiffs,

        v.

UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN
SERVICES; UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY; CUSTOMS AND
BORDER PROTECTION;
IMMIGRATION AND CUSTOMS
ENFORCEMENT; CITIZENSHIP
AND IMMIGRATION SERVICESS;
UNITED STATES DEPARTMENT
OF JUSTICE; EXECUTIVE OFFICE
OF IMMIGATION REVIEW,

        Defendants.

CASE NUMBER: 1:22-cv-05072

ASSIGNED JUDGE: Matthew F. Kennelly

DESIGNATED MAGISTRATE JUDGE: Cummings

**DECLARATION OF FERNANDO PINEIRO**

1

## <u>DECLARATION OF FERNANDO PINEIRO</u>

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the FOIA Director of the U.S. Immigration and Customs Enforcement ("ICE") Freedom of Information Act Office (the "ICE FOIA Office"). The ICE FOIA Office is responsible for processing and responding to all Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE. I have held this position since August 14, 2022, and I am the ICE official immediately responsible for supervising ICE responses to requests for records under the Freedom of Information Act, 5 U.S.C § 552 (the FOIA), the Privacy Act, 5 U.S.C. § 552a (the Privacy Act), and other applicable records access statutes and regulations. Prior to this position, I was the Deputy FOIA Officer of the ICE FOIA Office from December 29, 2013, to August 13, 2022, and prior to that I was the FOIA Officer for three years at the Office for Civil Rights and Civil Liberties ("CRCL") at the U.S. Department of Homeland Security ("DHS"). The ICE FOIA office mailing address is 500 12th Street, S.W., STOP 5009, Washington, D.C. 20536-5009.

2. As the FOIA Director my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office regarding the processing of FOIA, 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE. In connection with my official duties and responsibilities, I am familiar with ICE's procedures for responding to requests for information pursuant to the FOIA and the Privacy Act.

3. In that respect, I am familiar with ICE's processing of the FOIA requests ("Request") dated April 18, 2022, Jacqueline Stevens ("Plaintiff") submitted to ICE, which is subject of this litigation.

1

4. I make this declaration in my official capacity in support of Defendant's ICE's response to Plaintiffs' Motion Preliminary Injunction for expedited production of records in the above-captioned action. I make this declaration in my official capacity based on my personal knowledge, my review of records kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties.

**RECENT STATISTICS REGARDING FOIA REQUESTS SUBMITTED TO ICE**

5. As of November 6, 2022, the ICE FOIA Office is processing approximately 3,107 open FOIA requests addressing a backlog of 2,304 FOIA requests. There are approximately 157 open federal district court cases, and 65 cases in active record production.

6. In fiscal year ("FY") 2020, the number of FOIA requests the ICE FOIA Office handled dramatically increased to over 100,000 from approximately 64,000 in FY 2019. Since FY 2020, that number has continued to increase, with the ICE FOIA Office handling approximately 105,000 requests in FY 2021 and over 110,000 requests in FY 2022. This spike in ICE FOIA's workload is attributed to an increase in the number of requests from individuals for documents in their immigration file coupled with increased public interest in the Department's implementation of Presidential and/or Executive Orders.[1]

**COMPLEXITY AND VOLUME OF FOIA REQUESTS RECEIVED BY ICE**

7. In addition to the increasing volume of FOIA requests, ICE has also experienced an increase in the complexity of FOIA requests, both in terms of volume and substance. For example, the ICE FOIA Office frequently receives requests with 50 to 60 sub-parts comprising several pages, searches of numerous program offices, and a

---

[1] The FOIA Project Freeing Information through Public Accountability (December 14, 2021) http://foiaproject.org/2021/12/14/november-2021-foia-litigation-with-five-year-monthly-trends/.

2

universe of records that has thousands of pages to review and process. These FOIA requests take considerably longer to process due to extensive searches and the intricacy of the documents and/or data produced. In FY 2019, one FOIA requester alone – a data clearing house – filed more than 370 FOIA requests seeking extensive data extracts. In FY 2020, the same requester filed more than 480 similar FOIA requests and over 520 in FY 2021.

8.      In response to the increasingly heavy workload, the ICE FOIA Office has adopted the court-sanctioned practice of generally handling backlogged requests on a "first-in, first-out basis," which ensures fairness to all FOIA requestors by not prioritizing one request over another. This practice applies to requests that are in litigation. The reason for this is that the principle of fairness to all requestors would be jeopardized were a requestor permitted to "jump the line" simply by virtue of filing a case in U.S. District Court. Generally, the only exception to this is where a court orders processing at rates above the ICE FOIA Office's current processing rate for all cases.

**CURRENT WORKLOAD OF THE ICE FOIA LITIGATION PROCESSING UNIT**

9.      The increasing complexity and volume of ICE FOIA's workload and backlog (see paragraphs 5-8) creates the potential that some FOIA requests could become subject to litigation in U.S. District Court.

10.      The ICE FOIA Litigation Processing Unit's workload has increased such that it is currently processing approximately 157 active FOIA litigations as of the date of this declaration and of which approximately 65 have rolling productions. ICE's normal processing rate for cases in litigation is 500 pages per month or 7.5 minutes of media files, per case. This yields a monthly litigation review of approximately 32,500 pages and an average of 13,500 pages released every month. Based on this workload, each paralegal reviews approximately 10,800 pages per month.

3

11.     The ICE FOIA Litigation Processing Unit also drafts, assigns, and tracks any and all searches for responsive documents concerning FOIA litigations. The FOIA litigation search taskings frequently span dozens of ICE program and field offices and require the Unit to keep track of hundreds of thousands of responsive records, as well as the documentation from searches of the program offices and field offices.

12.     The ICE FOIA Litigation Processing Unit has collateral duties, in addition to processing documents pursuant to litigation. For example, the processing unit prepares various reports for statistical tracking, responds to Congressional inquiries and requests for records, redacts Prison Rape Elimination Act reports, sends out FOIA Exemption (b)(4) submitter notices, and manages litigation consults and referrals from other agencies. Additionally, the processing unit supports attorneys in the ICE Office of the Principal Legal Advisor with federal FOIA litigation, by assisting in the creation of Vaughn indexes, reviewing declarations, and coordinating on joint status reports to the court. These collateral duties are within the scope of the FOIA and are required.

13.     To meet its obligations for all cases in litigation by ensuring that all of the FOIA matters progress, and each requester receives a response, the ICE FOIA Office typically cannot process more than 500 pages or 7.5 minutes of media files per month per case. Any increase in production for one case will inevitably hinder ICE FOIA's ability to process records for production in other matters.

14.     Moreover, the ICE FOIA Office typically cannot *produce* a set number of pages per month. Depending on the volume of records located in the search tasking phase of the administrative stage and/or FOIA litigation, if the Court would order ICE FOIA to *produce rather than a review/process* a certain number of pages per month, it is entirely plausible that the processors would have to review hundreds, or even thousands, of additional pages on top of the 500 pages that are attainable, in order to get to the requisite *production* number. ICE FOIA is incapable of achieving this outcome based on finite resources competing priorities, litigation and non-litigation deadlines, and the sheer volume of overall work.

4

15. Due to the FOIA Office's limited resources, requiring ICE to process significantly more pages per month in this case, would divert resources to Plaintiff's FOIA requests at the expense of other FOIA requesters. ICE respectfully requests that the Court issue a scheduling order that is consistent with the approach outlined above.

I. **PROCEDURAL HISTORY OF THE PLAINTIFF'S FOIA REQUESTS AND THE INSTANT LITIGATION**

16. On August 18, 2022, Plaintiff submitted its FOIA request for Pascal Charpentier.

    a. All system records and other items maintained, produced, or distributed by ICE, including ICE trial attorneys and HQ, pertaining to Pascal Charpentier. His date of birth is ████████████ . His country of birth is Germany. His "alien" number was 029001711 and in 2016 he was given this number: 020578103.

    b. All system records pertaining to Mr. Charpentier and all ICE correspondence with other government agencies, individuals, or attorneys pertaining to Mr. Charpentier as well.

    c. All records of all grievances filed by Mr. Charpentier orally or in writing and under the control of ICE or its components, including county jails or private prisons with which ICE has contracted.

    d. Commissary account data, including but not limited to information tracking funds reimbursed to Mr. Charpentier on release from custody.

    e. All correspondence, notes, and other records pertaining to assertions or findings of U.S. citizenship, including but not limited to entries into PLAnet.

    f. All ICE Fugitive Operation notes, memorandums, text messages, and other information in any medium related to the search and arrest of Mr.

5

Charpentier. This includes but is not limited to database search protocols on which agents relied for information leading to the arrest.

g. All instructions in any form on which ICE employees relied in their search for the information that led to the arrest of Mr. Charpentier.

h. Screen shots of all tabs for interfaces to databases searched for information responsive to this request.

A true copy of Plaintiff's FOIA request is attached hereto as See Attachment A.

17. By an email dated August 18, 2022, ICE acknowledged receipt of Plaintiff's FOIA request and assigned it FOIA Number 2022-ICFO-27065.

18. Upon receipt of Plaintiff's FOIA request, on August 19, 2022, the ICE FOIA Office, based on its knowledge of appropriate program offices and their missions, tasked those program offices reasonably likely to have potentially responsive records to Plaintiff's FOIA request.

19. Upon filing of this instant litigation and further litigation, the ICE FOIA Office again, tasked those program offices reasonably likely to have potentially responsive records.

## II. PROGRESS ON THE INSTANT CASE

20. As of the date of this declaration, ICE has tasked appropriate program offices to search for potentially responsive records and it anticipates that those searches will be concluded by December 10 and we anticipate being able to propose a schedule on that date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

6

Executed on November 10, 2022, at Washington, D.C.

FERNANDO PINEIRO JR
Digitally signed by FERNANDO PINEIRO JR
Date: 2022.11.10 13:15:29 -05'00'

_____
Fernando Pineiro FOIA Director
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

## Submit New Request

### Requester Details

To modify request details, please update your requester profile or contact the our office for assistance.

**Dr. Jacqueline Stevens**
Professor
Political Science and Legal Studies Board NW Unive
601 University Place
Department of Political Science, Northwestern University
Evanston, IL  60208
Phone 847-467-2093
jacqueline-stevens@northwestern.edu

Requester Default Category: Private Individual

### General Information

| | |
|---|---|
| DHS Component | ICE - Immigration and Customs Enforcement |
| Selected Component | ICE |
| Request Type | ICE FOIA |
| Suggested Requester Category | Educational or Non-Commercial Scientific |

### Requesting Personal Records

| | |
|---|---|
| Please Select: | No |
| Initial Here: | JS |

### Request Information

**Request Description**

All system records and other items maintained, produced, or distributed by ICE, including ICE trial attorneys and HQ, pertaining to Pascal Charpentier. His date of birth is ███████████. His country of birth is Germany.  His "alien" number was 029001711 and in 2016 he was given this number: 020578103. I am interested in all system records pertaining to Mr. Charpentier and all ICE correspondence with other government agencies, individuals, or attorneys pertaining to Mr. Charpentier as well.
Please include as well:
1)  All records of all grievances filed by Mr. Charpentier orally or in writing and under the control of ICE or its components, including county jails or private prisons with which ICE has contracted.
2)  Commissary account data, including but not limited to information tracking funds reimbursed to Mr. Charpentier on release from custody.
3)  All correspondence, notes, and other records pertaining to assertions or findings of U.S. citizenship, including but not limited to entries into PLAnet.
4)  All ICE Fugitive Operation notes, memorandums, text messages, and other information in any medium related to the search and arrest of Mr. Charpentier.  This includes but is not limited to database search protocols on which agents relied for information leading to the arrest.
 I am seeking all instructions in any form on which ICE employees relied in their search for the information that led to the arrest of Mr. Charpentier.
4)  Screen shots of all tabs for interfaces to databases searched for information responsive to this request.
Please note that I am attaching a third party waiver and certificate of identity signed by Mr. Charpentier and authorizing the release of all responsive documents to me under the FOIA/PA.
Please note that components that track detention facility compliance with ICE contracts will need to be queried if Mr. Charpentier was therein detained.
Please note that responses to similar requests have been incomplete and in violation of the FOIA/PA, and have elicited court rulings authorizing discovery based on ICE's pattern and practice of noncompliance with the FOIA.  If the final response does not elicit a search for all locations likely to have the information and records requested it is in violation of the law to represent it as a "final response."   If you are a FOIA agent reviewing this, then I would appreciate your reviewing my request with your colleagues in offices tasked for documents items that are missing when they return to you only a few pages from EARM.

| | |
|---|---|
| Date Range for Record Search:From | 01/01/1971 |
| Date Range for Record Search:To | 08/18/2022 |
| Description Document | |

Third Party Consent          PrivacyWaiver_Charpentier.pdf
Certification of Identity     PrivacyWaiver_Charpentier.pdf

| Fee Information | |
| --- | --- |
| Willing Amount | $25 |
| Fee Waiver Requested | Yes ,FeeWaiver_ICE.pdf |
| Fee Waiver Request Reason | See attached. |
| Willing to Pay All Fees | No |

| Expedite Information | |
| --- | --- |
| Expedite Requested | Yes ,CharpentierExpICE.pdf |
| Expedite Reason | In addition to his physical danger and media interest, Mr. Charpentier's deportation is a substantial violation of his due process rights as a U.S. citizen, per 6 C.F.R. 5.5(d)(1). |