UNITED STATES DISTRICT COURT
For the Northern District of Illinois −
Eastern Division

| | | |
|---|---|---|
| **Jacqueline Stevens** | } | |
| | } | |
| Plaintiff | } | |
| | } | Civil Case No.: 22-cv-05072 |
| vs. | } | Judge: Honorable M. Kennelly |
| | } | |
| **United States Department of Health and Human Services et al.** | } } | |

### REPLY IN SUPPORT OF MOTION FOR PRELIMINARY AND/OR PERMANENT INJUNCTION

In opposing Professor Stevens's Request for a Preliminary Injunction Defendants both misrepresent the limited nature of Plaintiff's Rule 65(a) request and distort the undisputed facts.

### A. PLAINTIFF HAS SHOWN A LIKELIHOOD OF SUCCESS ON ALL THREE REQUESTS FOR EXPEDITED FOIA PROCESSING.

The pending Rule 65(a) motion pertains solely to three of the 13 FOIA requests in the underlying lawsuit: **2022-ICFO-27065 (ICE), 2022-52897 (EOIR),** and **NRC202202394[1](USCIS).** All three requests were submitted as *expedited requests* under 5 U.S.C. § 552(a)(6)(E)(i) and involved the records of a single individual, Mr. Pascal Charpentier.[2]

*First*, contrary to Defendants' arguments, Response at 3-6, Congress specifically created an exception to the first-in-first-out processing principle by allowing certain requesters to jump the line *with Congressional approval* if they meet the requirements for an expedited request. It is undisputed that Plaintiff requested Pascal Charpentier's records on an expedited basis. No Defendant denied

---

[1] The 15 August 2022 request to USCIS was not identified by a tracking number in the complaint and motion because none had been provided to Plaintiff. Attachment E to Defendants' Exhibit A provides NRC202202394 as the tracking number associated with the 15 August 2022 request.
[2] To the extent that the USCIS declaration addresses the *Silvestre* FOIA request, the assertions are irrelevant to Plaintiff's request for a preliminary injunction. Plaintiff will address Ms. Munita's assertions regarding the *Silvestre* matter in her response to Defendants' Rule 12(b) motion.

Plaintiff's respective expedited request for failure to establish a compelling need under 5 U.S.C. § 552(a)(6)(E)(i): USCIS purportedly denied the expedited request because the identity affidavit contained an electronic signature; EOIR granted the request in response to the Rule 65(a) motion; and ICE has still not adjudicated the request.

*Second*, the only issue before the Court with respect to the Rule 65(a) motion is whether Defendants have complied with the mandate of 5 U.S.C. § 552(a)(6)(E), not with the rules about ordinary FOIA requests. Defendants' admissions demonstrate that they failed to comply with the mandatory rules regarding processing of expedited FOIA requests, entitling Plaintiff to judicial relief on her claims.

In 5 U.S.C. § 552(a)(6)(E) Congress mandated that

> **(i)** Each agency shall promulgate regulations, pursuant to notice and receipt of public comment, providing for expedited processing of requests for records—
> **(I)**    in cases in which the person requesting the records demonstrates a compelling need; and
> **(II)** in other cases determined by the agency.
> **(ii)** Notwithstanding clause (i), regulations under this subparagraph must ensure—
> **(I)**    that a determination of whether to provide expedited processing shall be made, and notice of the determination shall be provided to the person making the request, within 10 days after the date of the request; and
> **(II)**    expeditious consideration of administrative appeals of such determinations of whether to provide expedited processing.
> **(iii)**    An agency shall process as soon as practicable any request for records to which the agency has granted expedited processing under this subparagraph. Agency action to deny or affirm denial of a request for expedited processing pursuant to this subparagraph, and failure by an agency to respond in a timely manner to such a request shall be subject to judicial review under paragraph (4), except that the judicial review shall be based on the record before the agency at the time of the determination.

Specifically, in 5 U.S.C. § 552(a)(6)(E)(ii) Congress mandated that "a determination of whether to provide expedited processing *shall be made*, and notice of the determination *shall be provided* to the person making the request, within 10 days after the date of the request …". (emphasis added). Defendants do not and cannot plausibly dispute that "shall" when used in a statutory text represents mandatory language. *Texas MPP* , —— U.S. at ——, 142 S.Ct. at 2541 (quoting *Opati v. Republic of Sudan* , —— U.S. ——, 140 S. Ct. 1601, 1603, (2020) ); *Maine Cmty. Health Options v. United States* ,

2

—— U.S. ——, 140 S. Ct. 1308, 1320 (2020) ("Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement."). Thus, once Defendants received Plaintiff's three expedited requests, each had a mandatory duty to "process" each request within ten calendar days after the date of the request.

### 1.1 USCIS

It is undisputed that on 15 August 2022 Defendant USCIS received Plaintiff's FOIA expedited request requesting various records pertaining to Pascal Charpentier. (Response, Exh A [Munita Decl] ¶14). Defendant failed to process the request in the 10-day mandated period. USCIS alleges that it made a determination and denied Plaintiff's request on 29 August 2022, four days late. (Response, Exh A [Munita Decl] ¶15 & Attachment E).

According to Congress's directive USCIS also had a mandatory duty to provide a notice of the determination to the "person making the request" in the same time frame. Again, Defendant knowingly failed to discharge its mandatory notice duty. In her request Plaintiff Stevens provided the following mailing address: "601 University Place, Second Floor, Political Science Department, Evanston, IL 60208." (*Id.*; Attachment D to Munita Decl.) Yet, USCIS sent the purported denial to Pascal Charpentier with full knowledge that Plaintiff, not Pascal Charpentier, was "the person requesting the records." USCIS did not stop there: it mailed the purported denial to

>Pascal Charpentier
>Northwestern University
>601 University Place
>Evanston, IL 60208

By omitting (1) Plaintiff's name and title and (2) the "Second Floor, Political Science Department" from the delivery address, Defendant knew or should have known that the denial would never reach either Plaintiff or Mr. Charpentier. Mr. Charpentier is neither a student or employee of Northwestern University; 18 U.S.C. § 1702 prohibits and penalizes obstruction of correspondence. Regardless, to be entitled to a presumption of receipt or the mailbox rule, a notice must be properly directed.

Addressing the denial to the wrong *person* and *to an incomplete address* cannot be construed as properly directing the notice.

### 1.2 ICE

It is also undisputed that Defendant ICE received Plaintiff's expedited FOIA request on 18 August 2022. (Response, Exh C [Pineiro Decl]¶ 16). The determination on said request had to be made on or before 28 August 2022. ICE did not comply with the statutory command and has provided no explanation for its failure.

### 1.3 EOIR

It is again undisputed that Defendant EOIR received Plaintiff's FOIA request on 18 August 2022. (Response, Exh B [Perez-Santiago Decl] ¶17). Determination on Plaintiff's expedited request had to be made by 28 August 2022: Defendant did not even issue an acknowledgment letter until 6 October 2022 and it did so only after this lawsuit and the preliminary injunction were served on Defendant. (Id. ¶18 & ECF #7)

***Third***, Congress did not just make an aspirational timeliness declaration in FOIA. It coupled the mandatory statutory language with a right to sue in case of agency's failure to comply with its response obligations. *See* 5 U.S.C. § 552(a)(6)(E)(iii) ("failure by an agency to respond in a timely manner to such a request shall be subject to judicial review under paragraph (4)…"). Because neither Defendant had acted on Plaintiff's expedited request in accordance with the unequivocal statutory language prior to the filing of this lawsuit, Plaintiff had no administrative remedies to exhaust. In sum, because of Defendants' failures to adjudicate the expedited requests within the timeframe mandated by Congress, Plaintiff is entitled to relief and has met the likelihood of success requirement.

***Fourth,*** since all actions taken by Defendants were after and in response to the filing of the preliminary injunction, Defendants' voluntary actions during litigation do not render moot Plaintiff's request for relief. A case becomes moot, and there is no longer a case or controversy, when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). A defendant cannot automatically moot a case simply by ending its unlawful conduct once sued. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). "Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." *Id.* By invoking the voluntary cessation doctrine, Defendants here face the "formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to occur." *Id.* Defendants have failed to carry this heavy burden. It is also well settled that the hallmark of a moot case is that the relief sought can no longer be given or is no longer needed. *In re Envirodyne Indus.,* 29 F.3d 301, 303 (7th Cir. 1994) (citation omitted) ("A case is moot if there is no possible relief which the court could order that would benefit the party seeking it."); *Vertefeuille v. Houde*, Case No. 3:07-CV-323 (JCH), 2008 WL 918449 at *2 (D. Conn. 2008) ("A request for preliminary injunctive relief becomes moot when the relief can no longer be provided."). If the Court ultimately finds that USCIS and EOIR have not provided a complete response to Plaintiff's requests, the Court could give relief to Plaintiff by ordering Defendants to conduct additional searches, produce responsive records that have been withheld, or order them to produce records without redactions. Moreover, no authority supports the proposition that a defendant can evade a preliminary injunction merely by performing the injurious action sought to be enjoined as USCIS did here. Further, a party cannot "defeat an order of injunctive relief through promises of voluntary cessation", *AAMCO Transmissions, Inc. v. Dunlap,* 2015 WL 4476423, at *3 (E.D. Pa. 22 July, 2015); *Grewe v. Cobalt Mortg., Inc.*, No. C16-577-

JCC, at *5 (W.D. Wash. 1 September, 2016), or empty promises that it will "propose a production schedule in December" as ICE posits.

**_Fifth_**, USCIS cannot evade injunctive relief by providing _post hoc_ rationalizations. (Response at 8-9). It is a "foundational principle of administrative law" that judicial review of agency action is limited to "the grounds that the agency invoked when it took the action." _Michigan v. Envtl. Prot. Agency_, 576 U.S. 743, 758 (2015). Here, the purported USCIS denial, if accepted as valid, asserted as the sole basis for the denial the lack of a wet ink signature on the G-639 form. (Response at page ID 182, Munita Decl.¶15). DHS promulgated regulations, 6 CFR §§ 5.3(a)(3) and 5.21(d) & (f), however, do not require a wet ink signature nor do they prohibit electronic signatures.[3] Even if such a secretive internal procedure exists, it will be violative of the 'notice and comment requirement' and in violation of post-2000 Congressional mandate for increased use of technology in government functions. The Government Paperwork Elimination Act (GPEA) P. L. 105-277, Title XVII, which was signed into law on 21 October, 1998, seeks to "preclude agencies or courts from systematically treating electronic documents and signatures less favorably than their paper counterparts", so that citizens can interact with the Federal government electronically (S. Rep. 105-335). GPEA, thus, requires Federal agencies, by 21 October, 2003, to allow individuals or entities that deal with the agencies the option to submit information or transact with the agency electronically, when practicable, and to maintain records electronically, when practicable. _Id._ The Act specifically states that electronic records and their related electronic signatures are not to be denied legal effect, validity, or enforceability merely because they are in electronic form, and encourages Federal government use of a range of electronic signature alternatives.

---

[3] Although UCSIS has the authority to request additional verification, they did not do so in this case.

GPEA defines "electronic signature" as follows: " . . . a method of signing an electronic message that -- (A) identifies and authenticates a particular person as the source of the electronic message; and (B) indicates such person's approval of the information contained in the electronic message." (GPEA, section 1709(1)). Although Defendant USCIS has implemented fully electronic FOIA processing, Defendant now insists on wet ink signatures in order to accept a FOIA request. This requirement runs counter to the directive of GPEA that "electronic records and their related electronic signatures are not to be denied legal effect, validity, or enforceability merely because they are in electronic form". (GPEA, section 1707).[4]

***Sixth***, Defendants misunderstand the inadequate-remedy-at-law doctrine. (Response at 3, 8-9). The principle precluding courts from awarding equitable relief when an adequate legal remedy exists implicates the well-established federal policy of safeguarding the constitutional right to a trial by jury in federal court. *Scott v. Neely*, 140 U.S. 106, 110 (1891) ("[W]henever, respecting any right violated, a court of law is competent to render a judgment affording a plain, adequate, and complete remedy, the party aggrieved must seek his remedy in such court ... because the defendant has a constitutional right to a trial by jury ...."). Filing a lawsuit is not a "remedy at law", Response at 9-10, but the means by which a Plaintiff can obtain the equitable remedy FOIA provides for. Contrary to Defendants' protestations the only remedy for a FOIA violation is an injunction not damages or restitution at law: section 552(a)(3) specifically vests district courts with jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." It places the burden on the agency to sustain its action, and it empowers the district court to find that the withholding of documents was arbitrary and capricious and to punish the responsible employee for contempt in the event of non-compliance. *Id.* Thus, upon filing a lawsuit, the Court, not Defendants, decides whether a FOIA violation has occurred. If the Court finds that Defendants have violated the Act's mandatory provisions, the only remedy is an injunction.

---

[4] Of note: EOIR granted and partially processed Plaintiff's expedited request based on the same G-639 identity affidavit containing the same digital signature.

### B. WITHOUT A PRELIMINARY INJUNCTION PLAINTIFF WILL SUFFER AN IRREPARABLE INJURY THAT OUTWEIGHS THE MARGINAL BURDEN TO DEFENDANTS.

Defendants do not dispute that the value of the information Plaintiff endeavors to disseminate to safeguard the rights of individuals claiming United States citizenship and to ensure government transparency is dependent on its prompt production. *See Nuclear Watch New Mexico*, 2007 WL 9729204 at *3 ("Information is often useful only if it is timely.") (citation omitted); *Payne Enters., Inc.*, 837 F.2d at 494 (recognizing that "stale information is of little value"); *Ctr. for Pub. Integrity*, 411 F. Supp. 3d at 12. For purposes of FOIA, a delayed release of records constitutes an irreparable injury to Plaintiff. *Am. Immigration Council*, 470 F. Supp. 3d at 38 ("[A] plaintiff may suffer irreparable harm if denied access to information that is highly relevant to an ongoing public debate."); *Am. Oversight*, 414 F. Supp. 3d at 186; see also Sai v. TSA, 54 F. Supp. 3d 5, 10 (D.D.C. 2014) ("To be sure, a movant's general interest in timely processing of FOIA requests may be sufficient to establish irreparable harm if the information sought is 'time sensitive.'") (citation omitted); *EPIC*, 416 F. Supp. 2d at 40 (the "loss" of the "value" of timely information "constitutes a cognizable harm") (citation omitted); *Protect Democracy Project, Inc.*, 263 F. Supp. 3d at 301 (finding harm in delayed information regarding legality of airstrikes in Syria because "[m]ilitary strikes cannot be undone"); *Transgender Law Ctr. v. Immigration & Customs Enf.*, 33 F.4th 1186, 1192 (9th Cir. 2022) (government's "stonewalling" of FOIA requests regarding asylum-seekers "tragic death in federal custody" in New Mexico obstructed advocates' efforts "to ensure an informed citizenry, promote official transparency, and provide a check against government impunity"). Plaintiff appreciates that there are many important FOIA requests that each of the Defendant-agencies receives and processes, but the backlog of cases is the result of Defendants' own doing. Defendants' antiquated review capacities relying on manual processing of requests and refusal to utilize technological advances to speed its review and production cannot trump the statutory mandates for timely and prompt production or dictate the Court's assessment of the review pace. Defendants could but refuse to avail themselves of reasonable technological capability and augment, temporarily or permanently, their review resources, human or technological. An injunction

mandating what Defendants are required to do by statute, process FOIA requests in 30 business days or less, is warranted.

Date:  11/17/2022

                                  Respectfully Submitted by

                                  _____s/ Nicolette Glazer Esq._____
                                  Nicolette Glazer Esq.
                                  LAW OFFICES OF LARRY R GLAZER
                                  1999 Avenue of the Stars #1100
                                  Century City, CA 90067
                                  T: 310-407-5353
                                  F: 310-407-5354
                                  nicolette@glazerandglazer.com
                                  ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This pleading was served on the United States Attorneys Office, Chicago district by the CM/ECF mandatory filing system for delivery to all parties entitled to notice.

                                  _____s/ Nicolette Glazer Esq._____
                                  Nicolette Glazer Esq.
                                  LAW OFFICES OF LARRY R GLAZER
                                  1999 Avenue of the Stars #1100
                                  Century City, CA 90067
                                  T: 310-407-5353
                                  F: 310-407-5354
                                  nicolette@glazerandglazer.com

ATTORNEY FOR PLAINTIFF