UNITED STATES DISTRICT COURT
For the Northern District of Illinois −
Eastern Division

| | |
|---|---|
| **Jacqueline Stevens** | } |
| | } |
| Plaintiff | } |
| | } Civil Case No.: 22-cv-05072 |
| vs. | } Judge: Honorable M. Kennelly |
| | } |
| **United States Department of Health and Human Services et al.** | } |
| | } |

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT USCIS'S MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

In her Complaint Plaintiff challenges the processing of 13 FOIA requests submitted to six federal agencies. (ECF #1). Only Defendant USCIS has filed a motion to dismiss pursuant to Rule 12(b)(6) and, in the alternative, asks the Court to convert the motion into a Rule 56 motion for partial summary judgment. (ECF #13 at 1).

I. STANDARD OF REVIEW

The Freedom of Information Act (FOIA) mandates that government agencies make requested records available to any person unless one of nine narrow exemptions applies. 5 U.S.C. §552(a)(3)(A). The Act places the burden on the agency to demonstrate that it has conducted a good faith and reasonable search for the 'agency records' requested and to justify any withholding or redaction in the production. *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 220 (D.C. Cir. 2013). While government agencies are permitted to withhold from disclosure certain information that falls within one of the FOIA's nine exemptions, these exemptions are to be narrowly construed to promote the statute's broad disclosure policy. *In re Wade*, 969 F.2d 241, 246 (7th Cir. 1992). Furthermore, federal courts may review agency action to determine whether the agency properly withheld the information, 5 U.S.C. §552(a)(4)(B), not blindly afford deference to the agency reasoning, *City of Chicago v. A.T.F.*, 423 F.3d 777 (7th Cir. 2005).

**Rule 12(b)(6)**

1

Defendant USCIS invokes only Rule 12(b)(6) in support of their Motion under Rule 12. (ECF #13 at 3). To withstand a Rule 12(b)(6) challenge, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atl. Corp. v.Twombly*, 550 U.S. 544, 570, (2007)). A complaint satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) ("[T]he complaint taken as a whole must establish a nonnegligible probability that the claim is valid, though it need not be so great a probability as such terms as 'preponderance of the evidence' connote."). When deciding a motion to dismiss under Rule 12(b)(6) the court takes all facts alleged by the plaintiff as true and draws all reasonable inferences from those facts in the plaintiff's favor. *Id.* Here, Defendant USCIS does not challenge the factual sufficiency of the complaint but asserts that the claims pleaded against said Defendant either fail as a matter of law for failure to exhaust administrative remedies or based on new grounds not relied upon by the agency. (ECF #13 at 4-6)

**Rule 56**

In a FOIA case, "federal jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records." *U.S. Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 142 (1989) (internal quotation marks omitted). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *Id.* "The burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records' or have not been 'improperly' 'withheld.'" *Id.* at 142 n.3. Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To justify summary judgment, Defendant USCIS has the burden to make two showings: (1) that each search was adequate and (2) that any withheld document falls within an exemption to FOIA.

To carry their burden at summary judgment, agencies typically must submit a *Vaughn* index and detailed public affidavits that together identify the documents withheld, the FOIA exemptions claimed, and a particularized explanation of why each document falls within the claimed

exemption. *Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 688 (9th Cir. 2012), overruled on other grounds by *Animal Defense Fund*, 836 F.3d at 989-90. These submissions must be from affiants who are knowledgeable about the information sought and must also be detailed enough to allow the Court to make an independent assessment of the government's claim of exemption from disclosure. *Id*. Defendant USCIS does not address either the search it performed, nor does it provide a *Vaughn* index in support of the claimed (b)(6) exemption. Defendant has, thus, failed to carry their initial burden; summary judgment should be denied.

## II. ARGUMENT

### A. FOIA's exhaustion requirements are not jurisdictional.

Defendant USCIS argues that because Plaintiff has not appealed the Silvestre[1] and Charpentier purported FOIA "determinations" she fails to state a claim as a matter of law or, in the alternative, summary judgment is warranted. (ECF #13 at 2, 4).

*First*, the Act perms, but does not require, a person who has made a FOIA request to file an appeal of adverse "determinations" prior to filing suit. 5 U.S.C. § 552(a)(6)(A)(i)(III). Rather, it provides that an agency making an adverse determination must notify the requester of "the right of such person to appeal to the head of the agency, within a period determined by the head of the agency that is not less than 90 days after the date of such adverse determination." *Id.* The Act, however, specifically provides that an individual making a FOIA request shall be deemed to have constructively exhausted their administrative remedies if the agency fails to respond within the statutory time limitations. 5 U.S.C. § 552(a)(6)(C)(i). To the extent that Defendant appears to argue that exhaustion under the Act is jurisdictional, such argument is inconsistent with *Sebelius v. Auburn Regional Medical Center*, 568 U.S. 145 (2013) and its progeny[2]. Jurisdictional requirements address a "court's adjudicatory authority." *Kontrick v. Ryan*, 540 U. S. 443, 455 (2004). The Supreme Court

---

[1] Plaintiff has located the production and hereby withdraws her non-production challenge. (Stevens Decl. ¶52.)
[2] To the extent that Defendant relies on caselaw that predates *Sebelius* such authority is not persuasive.

has repeatedly emphasized that a procedural requirement is jurisdictional only if Congress "clearly states" that it is. *Arbaugh v. Y & H Corp.*, 546 U. S. 500, 515 (2006). Congress need not "incant magic words," *Auburn*, 568 U. S., at 153, but the "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences," *United States v. Kwai Fun Wong*, 575 U. S. 402, 410 (2015). Nothing in FOIA limits the court's authority to hear a case in which an administrative appeal has not been exhausted. The Supreme Court has repeatedly admonished that jurisdictional dismissals be limited to statutes that speak in jurisdictional terms. *See, e.g., Boechler, P.C. v. CIR*, No. 20–1472, –– U.S. ––, 142 S.Ct. 1493, –– L.Ed. 2d –– (U.S. Apr. 21, 2022) (collecting authority); *Elec. Privacy Info. Ctr. v. IRS*, 910 F.3d 1232, 1238 (D.C. Cir. 2018) (FOIA exhaustion is a prudential consideration, not a jurisdictional prerequisite).

*Second*, because most exhaustion requirements do not affect a court's subject-matter jurisdiction, *I.A.M. Nat'l Pension Fund Benefit Plan C. v. Stockton TRI Indus.*, 727 F.2d 1204, 1208 (D.C. Cir. 1984) ), the "usual practice ... is to regard exhaustion as an affirmative defense." *Jones v. Bock*, 549 U.S. 199, 212 (2007); *Mosley v. Bd. of Educ. of Chi.* 434F.3d 527, 533 (7th Cir. 2006). (Failure to exhaust remedies is normally treated as an affirmative defense that a defendant must plead). Because a plaintiff need not negate affirmative defenses to the extent that exhaustion under FOIA is an affirmative defense, it is improper for rule 12(b)(6) adjudication unless the affirmative defense appears within the four corners of the complaint. *Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002); *Richmond, Fredericksburg & Potomac R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir.1993).

*Third*, under *Darby v. Cisneros*, 509 U.S. 137(2005), exhaustion of the USCIS's sufficiency of the consent and waiver determination was not necessary in this case. Under *Darby*, exhaustion of certain agency decisions is not necessary prior to filing suit if that decision constitutes a final agency action and the agency refused to stay its decision or if an appeal of a decision is not required by federal statute. *Id*. Here, as shown above, FOAI does not mandate an appeal and USCIS asserts that both of its determinations are final and has not stayed its action, therefore, under *Darby*, Plaintiff could seek judicial review without further exhausting any available administrative remedies. *Darby,* 509 U.S. at 154. Furthermore, the regulatory language falls short of mandating administrative exhaustion.

(LR 56.1 SOF No. 15 and 30); *see also Arch Mineral Corp. v. Babbitt,* 894 F. Supp. 974, 985 (S.D.W.Va. 1995) (holding neither SMCRA nor implementing regulations providing a person "may" appeal or "may" file a request for administrative review expressly require exhaustion of administrative remedies under *Darby* standard); *Wilderness Workshop v. United States Bureau of Land Mgmt.,* Civ. No. 08-cv-00462-REB, 2008 WL 1897997, *2 (D. Colo. Apr. 28, 2008) ("may appeal" language in agency regulation does not impose a requirement that administrative remedies be exhausted under *Darby); San Juan Citizens' Alliance v. Babbitt,* 228 F. Supp. 1224, 1232-33 (D. Colo. 2002) (same); *Darby,* 509 U.S. at 142, 144 (citing with approval appellate court's conclusion that the defendant agency's administrative review regulations, which provided that a party "may" request an administrative review, did not expressly mandate exhaustion of administrative remedies before filing suit)

*Fourth*, non-jurisdictional or jurisprudential exhaustion "is a judicially created doctrine requiring parties who seek to challenge agency action to exhaust available administrative remedies before bringing their case to court." *Avocados Plus*, 370 F.3d 1243, 1247 (D.C. Cir. 2004); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975) (stating that an exhaustion requirement not bearing on a court's subject-matter jurisdiction is "simply a codification of the judicially developed doctrine of exhaustion"). The doctrine prevents "premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Salfi*, 422 U.S. at 765. As such, exhaustion as a jurisprudential defect is subject to waiver, forfeiture, and excuse. Here, the court may exercise its discretion and excuse a party's failure to exhaust a non-jurisdictional requirement "if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992); *see also McKart v. United States*, 395 U.S. 185, 193 1969) (stating exhaustion is "subject to numerous exceptions" (footnote omitted)). Specifically, here, undue prejudice would result from delays in awaiting an agency adjudication. (ECF # 3). Moreover, as detailed in Plaintiff's declaration,

exhaustion would be inappropriate in light of bias, lack of impartiality, or pre- judgment on the part of the agency with the matters at issue. (LR 56.1 Plf And't Facts Nos. 1 through 9); *see also McCarthy*, 503 U.S. at 146-49. In light of the severe and pervasive delays and arbitrary and capricious processing of FOIA requests that have burdened Plaintiff (ECF #3; Stevens Decl. ¶¶ 8, 19-49), the pattern of deficient FOIA searches, and the harm to Plaintiff's interest in timely access to government rec-ords, the Court should exercise favorable discretion.

> B. **Factual disputes exist as to whether Defendant USCIS has made and served a "determination" on Plaintiff regarding the *Charpentier* request to trigger the administrative exhaustion requirement.**

In 5 U.S.C. § 552(a)(6)(E)(ii) Congress mandated that "a determination of whether to provide expedited processing *shall be made*, and notice of the determination *shall be provided* to the person making the request, within 10 days after the date of the request …". (emphasis added). Defendants do not and cannot plausibly dispute that "shall" when used in a statutory text represents mandatory language. *Texas MPP* , ⸺ U.S. at ⸺, 142 S.Ct. at 2541 (quoting *Opati v. Republic of Sudan* , ⸺ U.S. ⸺, 140 S. Ct. 1601, 1603, (2020) ); *Maine Cmty. Health Options v. United States* , ⸺ U.S. ⸺, 140 S. Ct. 1308, 1320 (2020) ("Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement."). Thus, once Defendant USCIS received Plaintiff's expedited request, USCIS had a mandatory duty to "process" each request within ten calendar days after the date of the request and provide a proper notice of its determination to Plaintiff. (LR 56.1 Plf Adn'l Fact no. 1)

It is undisputed that on 15 August 2022 Defendant USCIS received Plaintiff's FOIA expedited request requesting various records pertaining to Pascal Charpentier. (Response, Exh A [Munita Decl] ¶14). Defendant failed to process the request in the 10-day mandated period. USCIS alleges that it made a determination and denied Plaintiff's request on 29 August 2022, four days late. (Response, Exh A [Munita Decl] ¶15 & Attachment E).

According to Congress's directive, USCIS also had a mandatory duty to provide a notice of the determination to the "person making the request" in the same time frame. Again, Defendant

knowingly failed to discharge its mandatory notice duty. (Plf's Adn'l Facts no. 2-4) Ms. Munita offers no detail on how the purported denial was delivered to Plaintiff. Specifically, USCIS does not provide a copy of delivery by email or other electronic means. The suggestion is that the document was mailed. No receipt or delivery confirmation has been provided. Plaintiff declares she received the purported denial only after the lawsuit was filed and as part of Defendant USCIS's evidentiary submission. (Plf's Adn'l Facts No. 6). In her request Plaintiff Stevens provided the following mailing address: "601 University Place, Second Floor, Political Science Department, Evanston, IL 60208." (Plf's And'l Fact No. 2.; Attachment D to Munita Decl.) Yet, USCIS sent the purported denial to Pascal Charpentier with full knowledge that Plaintiff, not Pascal Charpentier, was "the person requesting the records." (Plf's Adn'l Fact No. 4). USCIS did not stop there: it mailed the purported denial to

> Pascal Charpentier
> Northwestern University
> 601 University Place
> Evanston, IL 60208 (Plf's And'l Fact No 3)

By omitting (1) Plaintiff's name and title and (2) the "Second Floor, Political Science Department" from the delivery address, Defendant knew or should have known that the denial would never reach either Plaintiff or Mr. Charpentier. Mr. Charpentier is neither a student nor an employee of Northwestern University; 18 U.S.C. § 1702 prohibits and penalizes obstruction of correspondence. Regardless, under the "mailbox rule," if a letter "properly directed is proved to have been either put into the post-office or delivered to the postman, it is presumed ... that it reached its destination at the regular time, and was received by the person to whom it was addressed." *Rosenthal v. Walker,* 111 U.S. 185, 193, (1884); *Lupyan v. Corinthian Colls. Inc.*, 761 F.3d 314, 319 (3d Cir. 2014) (under the "mailbox rule" the "benefit of the presumption of receipt" attaches only to "properly mailed letters.") Here Defendant does not even assert that the Charpentier denial was "mailed," compare SOF at Nos. 11 & 15 with 27) Addressing the *Charpentier* denial to the wrong *person* and *to an incomplete address* cannot be construed as properly directed notice.

7

Congress did not just make an aspirational timeliness declaration in FOIA. It coupled the mandatory statutory language with a right to sue in case of the agency's failure to comply with its response obligations. *See* 5 U.S.C. § 552(a)(6)(E)(iii) ("failure by an agency to respond in a timely manner to such a request shall be subject to judicial review under paragraph (4)…"). Because USCIS has not acted on Plaintiff's expedited request in accordance with the unequivocal statutory language prior to the filing of this lawsuit, Plaintiff had no administrative remedies to exhaust.

**C. Mr. Charpentier and Mr. Silvestre are entitled to the production of their entire A-files as a matter of Constitutional Protection.**

In *Dent v. Holder*, 627 F.3d 365 (9th Cir. 2010) the Ninth Circuit held that non-citizens in removal proceedings have a statutory right to access their A- files and that, where as here, non-citizens request the records, their right to a fair hearing was violated by the government's refusal to produce the records on request, because those documents would have supported Mr. Dent's claim that he was a U.S. citizen. *Id*. *Escobar-Lopez v. Attorney Gen. U.S.*, No. 19-3975, at *11 n.4 (3d Cir. Oct. 30, 2020)("the absence of an A-File "denied [the petitioner] an opportunity to fully and fairly litigate his removal and his defensive citizenship claim").

**D. Defendants USCIS cannot provide new and previously unasserted justifications as part of its litigation defense.**

USCIS cannot evade judicial review by providing *post hoc* rationalizations. (ECF #13 at 5-6). It is a "foundational principle of administrative law" that judicial review of agency action is limited to "the grounds that the agency invoked when it took the action." *Michigan v. Envtl. Prot. Agency*, 576 U.S. 743, 758 (2015). Here, the purported USCIS Charpentier denial, if accepted as valid, asserted as the sole basis for the denial the lack of a wet ink signature on the G-639 form. (Response at page ID 182, Munita Decl.¶15). DHS promulgated regulations, 6 CFR §§ 5.3(a)(3) and 5.21(d) & (f);

however, do not require a wet ink signature, nor do they prohibit electronic signatures.[3] Even if such a secretive internal procedure exists, it will be violative of the 'notice and comment requirement' and in violation of post-2000 Congressional mandate for increased use of technology in government functions. The Government Paperwork Elimination Act (GPEA) P. L. 105-277, Title XVII, which was signed into law on 21 October, 1998, seeks to "preclude agencies or courts from systematically treating electronic documents and signatures less favorably than their paper counterparts", so that citizens can interact with the Federal government electronically (S. Rep. 105-335). GPEA, thus, requires Federal agencies, by 21 October, 2003, to allow individuals or entities that deal with the agencies the option to submit information or transact with the agency electronically, when practicable, and to maintain records electronically, when practicable. *Id.* The Act specifically states that electronic records and their related electronic signatures are not to be denied legal effect, validity, or enforceability merely because they are in electronic form, and encourages Federal government use of a range of electronic signature alternatives.

    GPEA defines "electronic signature" as follows: " . . . a method of signing an electronic message that -- (A) identifies and authenticates a particular person as the source of the electronic message; and (B) indicates such person's approval of the information contained in the electronic message." (GPEA, section 1709(1)). Although Defendant USCIS has implemented a fully electronic FOIA processing, Defendant now insists on wet ink signatures in order to accept a FOIA request. This requirement runs counter to the directive of GPEA that "electronic records and their related electronic signatures are not to be denied legal effect, validity, or enforceability merely because they are in electronic form." (GPEA, section 1707).[4]

---

[3] Although UCSIS has the authority to request additional verification, they did not do so in this case.
[4] Of note: EOIR granted and partially processed Plaintiff's expedited request based on the same G-639 identity affidavit containing the same digital signature.

USCIS cannot obtain either summary judgment or Rule 12(b)(6) dismissal based on *post hoc* rationalization by counsel proposed for the first time during litigation. *Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co*., 463 U.S. 29, 50 (1983); *Detroit Newspaper Agency v. N.L.R.B*, 435 F.3d 302, 311 (D.C. Cir. 2006) ("And we must accept the Board's decision on it own terms, ignoring post-hoc rationalizations by counsel and rejecting the temptation to supply reasons to support the Board's decision that the Board itself has not offered. *See SEC v. Chenery Corp.,* 318 U.S. 80, 89-90, 63 S.Ct. 454, 87 L.Ed. 626 (1943).")

Date:  12/8/2022

                      Respectfully Submitted by

                    _____s/ Nicolette Glazer Esq._____
                    Nicolette Glazer Esq.
                    LAW OFFICES OF LARRY R GLAZER
                    1999 Avenue of the Stars #1100
                    Century City, CA 90067
                    T: 310-407-5353
                    F: 310-407-5354
                    nicolette@glazerandglazer.com
                    ATTORNEY FOR PLAINTIF

## CERTIFICATE OF SERVICE

This pleading was served on the United States Attorneys Office, Chicago district by the CM/ECF mandatory filing system for delivery to all parties entitled to notice.

_____s/ Nicolette Glazer Esq._____
Nicolette Glazer Esq.
LAW OFFICES OF LARRY R GLAZER
1999 Avenue of the Stars #1100
Century City, CA 90067
T: 310-407-5353
F: 310-407-5354
nicolette@glazerandglazer.com
ATTORNEY FOR PLAINTIFF