UNITED STATES DISTRICT COURT
For the Northern District of Illinois −
Eastern Division

| | |
|---|---|
| **Jacqueline Stevens** } | |
| } | |
| Plaintiff } | |
| } | Civil Case No.: 22-cv-05072 |
| vs. } | Judge: Honorable M. Kennelly |
| } | |
| **United States Department of Health and** } | |
| **Human Services et al.** } | |

### PLAINTIFF'S RESPONSE TO DEFENDANT USCIS' STATEMENT OF UNDISPUTED FACTS AND PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

Plaintiff hereby responds as follows to Defendant USCIS's LR 56.1 Statement of Undisputed Facts:

Jurisdiction and Venue

1. This is an action brought under the Freedom of Information Act (FOIA), and the court has subject matter jurisdiction under 5 U.S.C. § 552 and 28 U.S.C. § 1331. Answer ¶ 3.

**RESPONSE: Undisputed.**

2. Venue is proper in this district because plaintiff Jacqueline Stevens resides in this district. Answer ¶ 4.

**RESPONSE: Undisputed.**

Parties

3. Plaintiff Jacqueline Stevens is a professor at Northwestern University. Answer ¶5.

**RESPONSE: Undisputed.**

*4.* Defendant U.S. Citizenship and Immigration Services, or USCIS, is a component of the federal government from whom Stevens has sought information via FOIA. Answer ¶¶ 17, 54, 71.

**RESPONSE: Undisputed.**

Stevens's June 2021 Silvestre Request

5. On June 23, 2021, Stevens submitted a FOIA request via email to USCIS requesting

various records regarding a person named Miguel Silvestre. Ex. A (Munita Decl.) ¶ 7; see also id. Attachment A.

**RESPONSE: Undisputed.**

6. The FOIA request provided the following mailing address for Stevens: "601 University Place, Political Science Department, Evanston, IL 60208." Ex. A (Munita Decl.) ¶ 7; see also id. Attachment A.

**RESPONSE: Undisputed.**

7. USCIS sent Stevens an acknowledgement letter on June 28, 2021. Ex. A (Munita Decl.) ¶ 8; see also id. Attachment B. USCIS mailed the acknowledgement letter to the address listed in the FOIA request. *Id*.

**RESPONSE**: **Undisputed.**

8. In the acknowledgement letter, USCIS advised Stevens that it had assigned the request control number COW2021002422 and that USCIS processes requests in the order of receipt. Ex. A (Munita Decl.) ¶ 9.

**RESPONSE**: **Undisputed.**

9. The acknowledgement letter also advised Stevens that she could "sign up for a digital release" of the records and provided instructions on how to create an account online. Ex. A (Munita Decl.) ¶ 9.

**RESPONSE**: **Undisputed.**

10. Stevens did not sign up for digital release of the records. Ex. A (Munita Decl.) ¶

**RESPONSE: Undisputed.**

11. On October 21, 2021, USCIS completed its processing of the request and sent a final action letter via regular mail to the address Stevens had provided on the FOIA request, along with a CD containing the responsive, non-exempt records that Stevens had requested. Ex. A (Munita Decl.) ¶ 11.

**RESPONSE**: **Undisputed that the Declaration contains the statement.**

12. The final action letter informed Stevens that USCIS had located 214 pages responsive to the request and that USCIS was enclosing 104 pages in their entirety and 105 pages in part, and that USCIS had withheld four pages in full. Ex. A (Munita Decl.) ¶ 12; see also id. Attachment C.

**RESPONSE**: **Undisputed that the Declaration contains the statement. Plaintiff has now located the production and will withdraw the Silvestre USCIS FOIA request non-receipt challenge. (Stevens Decl. ¶52).**

13. The final action letter also informed Stevens of her right to file an administrative appeal within 90 days. Ex. A (Munita Decl.) ¶ 12; see also id. Attachment C.

**RESPONSE**: **Undisputed but immaterial. See response to SOF No. 12.**

14. The final action letter informed Stevens that by filing an appeal, she would preserve her rights under FOIA and give USCIS a chance to review and reconsider the request and USCIS's decision. Ex. A (Munita Decl.) ¶ 12; see also id. Attachment C.

**RESPONSE**: **Undisputed but immaterial. See response to SOF No. 12.**

15. The final action letter informed Stevens that she could file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, and that both the letter and envelope should be clearly marked "Freedom of Information Act Appeal." Ex. A (Munita Decl.) ¶ 12; see also id. Attachment C.

**RESPONSE**: **Undisputed but immaterial. See response to SOF No. 12.**

16. The final action letter was not returned to USCIS. Ex. A (Munita Decl.) ¶ 12.

**RESPONSE**: **Undisputed that the Declaration contains the statement.**

17. USCIS never received an administrative appeal from Stevens relating to the June 2021 Silvestre FOIA request. Ex. A (Munita Decl.) ¶ 13.

**RESPONSE: Undisputed but immaterial. See response to SOF No. 12.**

Stevens's August 2022 Charpentier Request

18. On August 15, 2022, Stevens submitted a FOIA request via email to USCIS requesting various records relating to a person named Pascal Charpentier. Ex. A (Munita Decl.) ¶ 14; see also id. Attachment D.

**RESPONSE: Undisputed.**

19. The request stated: "The records I am seeking include, but are not limited to, all correspondence and other information submitted by Mr. Charpentier to USCIS and all outputs about him produced by 'E-verify' databases; all records relied on by E-verify for claiming Mr. Charpentier's place of birth was 'Haiti'; emails, notes, drafts, memorandums, and data entries and outputs of digital information referencing Mr. Charpentier and stored on any computer, server, or digital device to which USCIS officials have access, and all information used for

creating or responding to his two separate 'alien' numbers. I am also of course interested in all records associated with any immigration and citizenship petitions and requests by Mr. Charpentier or on his behalf by his parent(s)." Ex. A (Munita Decl.) ¶ 14 n.3; see also id. Attachment D.

**RESPONSE: Undisputed.**

20. Stevens requested expedited processing of the request. Ex. A (Munita Decl.) ¶ 14; see also id. Attachment D.

**RESPONSE: Undisputed.**

21. The request provided the following mailing address for Stevens: "601 University Place, Second Floor, Political Science Department, Evanston, IL 60208." Ex. A (Munita Decl.) ¶ 14; see also id. Attachment D.

**RESPONSE: Undisputed.**

22. The request included a document titled "Privacy and Confidentiality Waiver" that purported to be a signed verification-of-identity-and-consent statement from Mr. Charpentier, verifying his identity and consenting to the release of his records to Stevens. Ex. A (Munita Decl.) ¶ 15.

**RESPONSE: Undisputed.**

23. The Department of Homeland Security's FOIA regulations provide that a person making a request for records about himself must comply with certain verification requirements. Ex. A (Munita Decl.) ¶ 15 n.5; see also 6 C.F.R. §§ 5.3(a)(3) and 5.21(d).

**RESPONSE: Undisputed but immaterial. The request was made by Plaintiff not Mr. Charpentier.**

24. Specifically, the person must verify his identity by stating his "full name, current address, and date and place of birth" and must "sign the request" and the "signature must either be notarized or submitted . . . under penalty of perjury . . ." Ex. A (Munita Decl.) ¶ 15 n.5; see also 6 C.F.R. §S 5.3(a)(3) and 5.21(d).

**RESPONSE: Undisputed but immaterial. All listed requirements were satisfied in the waiver submitted with the request. The regulations do not require a wet ink signature nor do they prohibit electronic signatures.**

25. The verification-of-identity requirement also applies if a third party is making a request for records concerning another person on behalf of that person. Ex. A (Munita Decl.) ¶ 15 n.5; see also 6 C.F.R. §§ 5.3(a)(3) and 5.2(d), (f).

**RESPONSE: Undisputed.**

26. After reviewing the request, USCIS determined that the verification-of-identity statement was improper because the signed "Privacy and Confidentiality Waiver" appeared to be an electronic signature. Ex. A (Munita Decl.) ¶ 15.

**RESPONSE**: **Undisputed that the Declaration contains the statement.**

27. On August 29, 2022, USCIS sent Stevens a final action letter explaining that it was denying the request on the basis of FOIA Exemption 6 for failing to satisfy the criteria necessary to receive the requested records. Ex. A (Munita Decl.) ¶ 15; see also id. Attachment E.

**RESPONSE**: **Undisputed that the Declaration contains the statement. The Declaration does not assert how the purported letter was "sent", Compare SOF #11, does not provide proof of mailing or delivery. By comparison to SOF No. 16 Ms. Munita does not assert that the Charpentier letter was not returned. This is relevant as the letter was addressed to Mr. Charpentier but sent to Plaintiff's incomplete address. No proper notice of the determination has been provided to Plaintiff.**

28. The final action letter explained that an "electronic signature provided on a G-639 that is generated via a private software system" will not "be accepted as proper Verification of Identity or Certification of Agreement (Consent)." Ex. A (Munita Decl.) ¶ 15; see also id. Attachment E.

**RESPONSE: Undisputed.**

29. The request was also deficient because it omitted Charpentier's current address, which is required by DHS's FOIA regulations. Ex. A (Munita Decl.) ¶ 15 n.6; see also 6 C.F.R. §§ 5.3(a)(3), 5.21(d), (f).

**RESPONSE: Undisputed but immaterial. The regulations require a current address of requester, not a statement of residence address. The request included the address designated for the production of the requested documents.**

30. The final action letter informed Stevens of her right to file an administrative appeal within 90 days. Ex. A (Munita Decl.) ¶ 16; see also id. Attachment E.

**RESPONSE: Undisputed but immaterial. Defendant provides no evidence that the letter was mailed, that the letter was delivered to Plaintiff, or that the letter as addressed was not returned as undeliverable.**

31. The letter informed Stevens that by filing an appeal, she would preserve her rights under FOIA and give USCIS a chance to review and reconsider the request and USCIS's decision. Ex. A (Munita Decl.) ¶ 16; see also id. Attachment E. 32. The letter informed Stevens that she could file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, and that both the letter and

the envelope should be clearly marked "Freedom of Information Act Appeal." Ex. A (Munita Decl.) ¶ 16; see also id. Attachment E.

**RESPONSE: Undisputed but immaterial. Defendant provides no evidence that the letter was mailed or otherwise transmitted, that the letter was delivered to Plaintiff, or that the letter as addressed was not returned as undeliverable.**

33. USCIS never received an administrative appeal from Stevens relating to the August 2022 Charpentier request. Ex. A (Munita Decl.) ¶ 17

**RESPONSE: Undisputed.**

Plaintiff Stevens submits the following additional undisputed facts:

1. USCIS failed to process the Charpentier expedited request in the 10-day mandated period by the Act. USCIS alleges that it made a determination and denied Plaintiff's request on 29 August 2022, four days late. ( Munita Decl ¶15 & Attachments D& E).

2. In the Charpentier Request Plaintiff provided the following mailing address:
   601 University Place, Second Floor,
   Political Science Department
   Evanston, IL 60208.
   (*Id.*; Attachment D to Munita Decl.)

3. USCIS allegedly sent the purported denial to Pascal Charpentier addressed as follows:
   Pascal Charpentier
   Northwestern University
   601 University Place
   Evanston, IL 60208 (Munita Decl ¶15 & Attachment E).

4. Plaintiff Stevens, not Pascal Charpentier, is "the person requesting the records." From USCIS. (Munita Decl ¶15 & Attachment D).

5. On July 26, 2013, USCIS issued a notice to FOIA Assistants stating in part:

   We have added new information to Section 7, CERTIFICATION OF AGREEMENT, VERIFICATION OF IDENTITY, AND DESCRIPTION OF RECORDS*, of the *FOIA/PA Assistant's Guide* as follows... If a person is not requesting a Privacy Act Record, then there is no requirement to establish Verification of Identity or Certification of Agreement. Non-Privacy Act Record requests frequently fall under SIG [Significant Interest Group]." (Stevens Decl ¶19 & Ex. 2, USCIS FOIA Information Bulletin, July 26, 2013).

6. 2010 USCIS protocols for FOIA Assistants who encounter a waiver with missing or allegedly insufficient for information legally exempt from release under (b) 6 to contact the Third Party requester before closing the request:

>...USCIS will not release personally identifying information (PII) or personally sensitive information to a third party without consent. If the requester is asking for records concerning an individual and does not provide consent, nor does it appear likely that the requester is going to get consent, we treat it as a third party request without consent. It may be obvious from the request that the requester will not be able to obtain consent from the subject of record. If you have a doubt, consult your supervisor. The supervisor may have you send for consent, call the requester to see if you can make a determination, or create the case as third party without consent. Third party requesters are entitled to any public documents that may be in the file they are seeking ...
>
> (Stevens Decl ¶20 & FOIA/PA Assistant's Guide, September 23, 2010, p. 68. Ex. 3).

7. Identical protocols appear in guides issued in September 23, 2010 (Ex. 3), March 2, 2012 (Ex. 4), and March 18, 2016 (Ex.5). (Stevens Decl ¶21.)

8. USCIS did provide requester a notice and opportunity to remedy any perceived deficiency in Charpentier's waiver. (Generally, Munita Decl).

9. USCIS did not conduct a search to determine whether any of the documents could be released as constituting public documents. (Munita Decl Stevens Decl, Exhibits 1-5).

Respectfully Submitted by

_____s/ Nicolette Glazer Esq._____
Nicolette Glazer Esq.
LAW OFFICES OF LARRY R GLAZER
1999 Avenue of the Stars #1100
Century City, CA 90067
T: 310-407-5353
F: 310-407-5354
nicolette@glazerandglazer.com
ATTORNEY FOR PLAINTIF

**CERTIFICATE OF SERVICE**

This pleading was served on the United States Attorneys Office, Chicago district by the CM/ECF mandatory filing system for delivery to all parties entitled to notice.

_____s/ Nicolette Glazer Esq._____
Nicolette Glazer Esq.
LAW OFFICES OF LARRY R GLAZER
1999 Avenue of the Stars #1100
Century City, CA 90067

T: 310-407-5353
F: 310-407-5354
nicolette@glazerandglazer.com
ATTORNEY FOR PLAINTIFF