## <u>DECLARATION OF JACQUELINE STEVENS</u>

I, Jacqueline Stevens, state and declare under penalty of perjury that the following is true and correct:

1.      I am a named Plaintiff in the Complaint under the Freedom of Information Act ("FOIA"). I have been a tenured full professor in the Political Science Department at Northwestern University ("Northwestern") since 2010.  In 2012 I became the founding Director of the Deportation Research Clinic, Buffet Institute for Global Affairs, Northwestern University ("Clinic").

2.      I make this declaration based on personal knowledge and observations as stated herein. Further, this Declaration contains my professional opinions on certain topic for which I have specialized knowledge based on my education, professional experience, expertise, and research.

3.      If called to testify I could and would testify to each of the facts stated within this Declaration.

4.      My scholarship focuses on laws and theories of membership in political societies since antiquity, especially policies that mobilize state violence on behalf of intergenerational groups and histories, e.g., nations.  My publications in popular and academic venues frequently analyze information about government operations.  My research practice includes regular requests under the FOIA.  My findings have been featured in numerous newspaper, magazine, radio, and television reports, including those of the *New Yorker*, *New York Times*, *Washington Post*

*Guardian, Columbia Journalism Review,* NPR, PBS, and CNN. My monographs have been published by Columbia University Press and Princeton University Press.

5. My scholarly articles have appeared in highly selective venues, including the *American Political Science Review, Georgetown Immigration Law Journal,* and *Perspectives on Politics.* I have published in the field of public health and in 1997-1999 was a Robert Wood Johnson Health Policy Scholar at Yale University. In 2013 I was awarded a Guggenheim Fellowship.

6. A statement on the Clinic website states: "The Clinic conveys useful, timely, intelligent research on misconduct in deportation proceedings to affected communities, journalists, policymakers, and scholars ... The Clinic's research mission is rooted in public health approaches to theorizing and addressing community-level risks and interventions."[1] Public health experts use individual-level information to help patients and to assist in community-level interventions. Information obtained for the purpose of assisting individuals who report experiencing government misconduct is used to provide analyses for addresssing systemic problems in the government, including incompetence, nativism, and racism. The same webpage also quotes from an article written by Chief Justice Louis Brandeis: "Publicity is justly commended as a remedy for social and industrial diseases. Sunlight is said to be the best of disinfectants; electric light the most efficient policeman."[2]

7. This Declaration is made to dispute claims in the Defendant declarations in order to support my Complaint seeking preliminary injunctive relief and in response to the Motion to Dismiss and Motion for Summary Judgment.

---

1    "Research Goals," https://deportation-research.buffett.northwestern.edu/research/index.html.
2    Chief Justice Louis Brandeis, "What Publicity Can Do," *Harper's Weekly* (December 20, 1913).

8.      Defendant agencies in this litigation persistently disregard the deadlines Congress specified in 5 U.S.C. § 552.   In order to obtain documents necessary for my research I have been forced to spend hundreds of hours on illogical agency communications, reviews of ad hoc productions inconsistent with deadlines promised to federal courts to flag unlawful withholdings and exemptions, and preparing declarations such as this one.   Instead of writing about the policies and practices at the center of my research, defendant agencies' refusal to abide by the law's plain text obligates me to spend time on litigation.   The time I am spending on the matters of this litigation have made it impossible for me to complete articles analyzing the history and impact of a regulation from the Clinton administration encouraging agencies to insure substantial "profits" to federal contractors, publish on the implications for theories of democracy of nation-wide class action lawsuits against private prisons, and update a 2011 article "U.S. Government Unlawfully Detaining and Deporting U.S. Citizens as Aliens."   This directly harms the public, my ability to function as a citizen, and, more prosaically, my salary.   If the government followed the law I would have a far more robust publication record available for my supervisors to review for purposes of salary recommendations.

9.      On April 12, 2022, a federal court ordered that my complaint about Immigration and Customs Enforcement's ("ICE") persistent violation of statutory deadlines met the legal standard for alleging a pattern and practice of unlawful actions:

> As Plaintiff further alleges, despite its ballooning backlogs, ICE does not include "compliance with the deadline for FOIA adjudication" in its yearly department goals, nor does it use FOIA statutory timeframes as a metric in evaluating employees' and contractors' performances. Id. ¶ 99. These allegations plausibly suggest that Defendants maintain a practice of flouting FOIA's timing requirements and that this practice interferes with Plaintiff's right to "promptly obtain non-exempt records in the future." Jud. Watch, 895 F.3d at 780 (emphasis added); see also, e.g., LAF v. Dep't of Veterans Affs., No. 17 C 5035, 2018 WL 3148109, at *7 (N.D. Ill. June 27, 2018) (finding that a complaint adequately alleged a deliberate policy or practice "leading to

delayed responses and potential withholding of information in the immediate future" based, in part, upon allegations that the defendant purposefully instituted a policy aiming to ignore FOIA's deadlines). Defendants argue that the allegations are insufficient to state a plausible "pattern or practice" claim because they amount to nothing more than accusations of nonactionable "routine delays." [34] at 4. Not so. Plaintiff alleges that Defendants have affirmatively decided that they need not meet statutory timeframes; that DHS has admitted that this failure is a "systemic problem." Taken as true, these allegations suggest more than routine delays; they indicate that Defendants maintain a deliberate policy or practice of ignoring FOIA requirements. See Jud. Watch, 895 F.3d at 780.[3]

## UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES

## Pattern and Practice of Violating 5 U.S.C. 552

10.     USCIS policy arguments about my Complaint and Motion for Preliminary Injunction grossly mischaracterize <u>agency</u> protocols and the reasons for delays in agency response times.   It is the deliberate refusal of agencies across the federal government to comply with statutory deadlines that are driving this and other "burdensome … motion practice[s]" (Def. Response, Doc. 16, p. 10), not a requester seeking agencies abide by laws Congress passed.

11.     A 2020 order in a national class action lawsuit in which USCIS was the defendant provides declaratory and injunctive relief, holding in part: "Defendants have violated the FOIA by failing to make timely determinations on plaintiffs' A-File FOIA requests within the mandated statutory time frames. Defendants have engaged in a pattern or practice of violating FOIA's statutory deadlines when responding to requests for A-Files."  *Nightingale et al. v. USCIS et al.,* 3:19-cv-03512-WHO, Dkt. 83 (2020), p. 27.

12.     Congress repeatedly has bolstered the FOIA's accountability rules, including the FOIA Improvement Act of 2016 obligating agencies to report annually on their "compliance with the

---

3    Jacqueline Stevens v. U.S. Department of Homeland Security, Immigrations and Customs Enforcement, 1:20-cv-02725, Doc. 36, April 12, 2022, p. 3.

requirements of ... the timely processing of requests for information under this section (5 U.S.C. 552(j)(3)(D), PL 114–185, June 30, 2016).

13.     USCIS self-serving data reports, in which the letter in this case "transmitted" to "Pascal Charpentier" would be credited as compliance, nonetheless shows the agency's median compliance time of 41 days and a mean of 63 days for "expedited requests,"[4] well outside the statutory deadline of 10 days (5 U.S.C. 552 (E)(ii)).

14.     Fully aware that USCIS regularly violates Congressional deadlines, USCIS refuses to request funding adequate to alleviate agency backlogs and comply with deadlines going forward. Of the total budget of $4,480,730,000 for fy2021, USCIS spent just $39,929,161.96, on FOIA operations.  In its budget request for 2023, USCIS requests an increase of just $1,589,000 to reduce backlogs.[5]  By spending less than one per cent of its total budget on mandatory FOIA obligations, and by not including in its performance evaluations employee efficacy in responding to requests from FOIA assistants., the agency maintains a pattern and practice of avoiding scrutiny of agency actions.[6]

15.     DHS ultimately shares responsibility with its component agencies for the chronic failure to comply with the mandates of the FOIA statute. It has admitted that FOIA backlogs have continued to be a systemic problem at DHS and that "[d]ecentralization of the FOIA program at the Department causes problems in program coordination and workforce management making it difficult for the DHS FOIA enterprise to share manpower coordinate surge efforts and

---

4  Department of Homeland Security, FOIA Annual Report, FY 2021 ("DHS Report"), "B. Processed Requests – Response Time for Perfected Requests in Which Information Was Granted,03/01/2022, p. 23. https://www.dhs.gov/sites/default/files/2022-03/FY%2021%20DHS%20Annual%20FOIA%20Report.pdf
5  DHS Budget 2023, CIS – IEFA – 23, p. 110.
6  Department of Homeland Security United States Citizenship and Immigration Services Budget Overview, FY 2023, Congressional Justification ("DHS Budget 2023"),  p. 4, https://www.dhs.gov/sites/default/files/2022-03/U.S.%20Citizenship%20and%20Immigration%20Services_Remediated.pdf; DHS Report, p. 27.

plan for future challenges."[7]

16.     Over two years after this report, ICE in this litigation is brazenly spurning the plain language of the statute.  In lieu of the *ten working days* from an expedited request's receipt obligated by the statute, and twenty working days for a non-expedited request's receipt for producing responsive records, ICE is proposing to "**propose** a production schedule" (Def. Resp. Doc. 16, p. 9, emphasis added) two months after the statutory deadline for non-expedited requests.

17.      ICE field offices across the country slow-walk productions and delays proceedings. A district court judge in Washington, D.C., exasperated by ICE inconsistencies and delays in FOIA litigation, stated during an evidentiary hearing on redactions, "It's as if nobody heard a word I had to say last time we were here. I am literally at a loss. I have never, in my judicial career, hadan agency respond to a judicial order in the way that ICE has responded to this order in this case."[8]

**USCIS Did Not Respond to My Expedited Request**

18.     USCIS never transmitted by mail, e-mail, or my USCIS account a response to my request of August 15, 2022 for USCIS records for Pascal Charpentier.

19.     The addressee in Defense Exhibit E is "Pascal Charpentier," not me.  Def. Statement of Material FActs ("SOMF"), Doc. 16, p. 181.  The incomplete address is for the mail room of the

---

7  DHS Departmental FOIA Backlog Reduction Plan: 2020 - 2023 A Business Modernization Roadmap, p. 9, March 11, 2020.  https://www.dhs.gov/sites/default/files/publications/final_dhs_backlog_reduction_plan_2020-2023_3.6.20.pdf.  This report notes that DHS "inability to control the backlog has sparked seven Government Accountability Office (GAO) engagements, three Inspector General engagements, eight OGIS engagements, two Congressional hearings, and countless media stories" (citations omitted), pp. 10-11.
8  Susan Long et al. v. Immigration and Customs Enforcement, Transcript, p. 9, July 29, 2021, Case No. 14-cv-00109.

Political Science Department at Northwestern University, where about 50 people receive mail, none of whom are Mr. Charpentier.

20.     I did not see this allegedly sent response until my attorney sent it to me as an attachment to the Defense SOMF.

21.     By law and USCIS protocols agencies must respond directly to requesters, including third-party requesters, not the subjects of a request. "(iii) An agency shall process as soon as practicable any request for records to which the agency has granted expedited processing under this subparagraph. Agency action to deny or affirm denial of a request for expedited processing pursuant to this subparagraph, and failure by an agency to respond in a timely manner to such a request shall be subject to judicial review under paragraph (4), except that the judicial review shall be based on the record before the agency at the time of the determination."

22.     The USCIS letter of August 29, 2022 states in part:
        Dear PASCAL CHARPENTIER,
        ...After carefully considering your request, we must deny it in its entirety pursuant to
        5 U.S.C. §(b)(6). Exemption (b)(6) permits the governement to withhold all
        information about individuals in personnel, medical and similar files where the
        disclosure of such information would constitute a clearly unwarranted invasion of
        personal privacy. Id.

23.     My request was for legal records of the sort typically available to the public in court proceedings. Indeed, on information and belief, many of the records under the control of USCIS responsive to my request will reveal USCIS court and related records from a prior FOIA lawsuit against USCIS filed by Mr. Charpentier's previous attorney. Joint status rept. for 1:20-cv-07510-GHW, submitted January 21, 2022, Ex. 1.

24.     On July 26, 2013, USCIS issued a notice to FOIA Assistants stating in part:

        We have added new information to Section 7, CERTIFICATION OF AGREEMENT,
        VERIFICATION OF IDENTITY, AND DESCRIPTION OF RECORDS, of the

> *FOIA/PA Assistant's Guide* as follows... If a person is not requesting a Privacy Act
> Record, then there is no requirement to establish Verification of Identity or
> Certification of Agreement.  Non-Privacy Act Record requests frequently fall under
> SIG [Significant Interest Group]."  Ex. 2, USCIS FOIA Information Bulletin, July 26,
> 2013.

25.     Further, according to records dating back to 2010, USCIS protocols for FOIA Assistants

who encounter a waiver with missing or allegedly insufficient for information legally exempt

from release under (b) 6 to contact the Third Party requester before closing the request:

> ...USCIS will not release personally identifying information (PII) or personally
> sensitive information to a third party without consent.  If the requester is asking for
> records concerning an individual and does not provide consent, nor does it appear
> likely that the requester is going to get consent, we treat it as a third party request
> without consent.  It may be obvious from the request that the requester will not be
> able to obtain consent from the subject of record.  If you have a doubt, consult your
> supervisor.  The supervisor may have you send for consent, call the reequster to see if
> you can make a determiniation, or create the case as third party without consent.
> Third party requesters are entitled to any public documents that may be in the file
> they are seeking ...   FOIA/PA Assistant's Guide, September 23, 2010, p. 68. Ex. 3.

26.     Identical protocols appear in guides issued in March 2, 2012 (Ex. 4) and March 28, 2016

(Ex.5).

27.     I routinely make requests for files of individuals using language identical or similar to the

language USCIS asserts is "unduly broad," e.g., Defs. Resp. to Mot. for Preliminary Injunction,

p. 8, citing Munita Declaration, Ex. A, ¶14, note 3.

28.     Indeed in a request for the records of Miguel Silvestre Guzman of June 21, 2021 to which

the USCIS in this litigation states it provided responsive records (DSOF, ¶12), I wrote:

> This letter constitutes a request under the Freedom of Information Act ("FOIA"), 5
> U.S.C. § 552, for all system records and other items maintained, produced, or distributed
> by ICE pertaining to Miguel Guzman Silvestre. His date of birth is [REDACTED-12-5-
> 2022]. His country of birth is the United States.  His "alien" number is 077-166-008.  I

am interested in all system records pertaining to Mr. Guzman and all ICE correspondence with other government agencies, individuals, or attorneys pertaining to Mr. Guzman as well.

Please include as well;

1) All records of all grievances filed by Mr. Guzman, orally or in writing and under the control of ICE or its components, including county jails or private prisons with which ICE has contracted.

2) Commissary account data, including but not limited to information tracking funds reimbursed to Mr. Guzman on release from custody.

3) Work program participation documents and payment records.

4) All correspondence, notes, and other records pertaining to assertions or findings of U.S. citizenship from all databases.

5) Communications with police, jails, prisons about Mr. Guzman's arrest and detention.

6) Screen shots of all tabs for interfaces associated with databases likely to have records responsive to this request.

7) All email, faxes, notes, and all other analyses and records tied to ICE investigations or findings for any deportation orders or arrests of Mr. Guzman.

Please note that I am attaching a third party waiver signed by Mr. Guzman and authorizing the release of all responsive documents to me under the FOIA/PA. Please note that components and officials that track detention facility compliance with ICE contracts are likely to have responsive records and will need to be queried.

Please note that prior responses to similar requests have been incomplete and in violation of the FOIA/PA. If the final response does not include all of the records indicated below it is in violation of the law to represent it as a "final response." It also is a violation of the Administrative Procedure Act, insofar as this is a pattern and practice of this agency. If you are a FOIA agent reviewing this, then I would appreciate your reviewing my request with your colleagues in offices tasked for documents items

that are missing when they return to you only a few pages from EARM. Stevens request for Guzman USCIS records, June 21, 2021, Ex. 6.

29.     On November 19, 2020 in a request for records I submitted to USCIS I wrote:

This letter constitutes a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for all system records and other materials in any medium created, maintained, or received by USCIS regarding

Alma Bowman, including records pertaining to her father. Alma's "alien" number is 035-569-134. Her DOB is [REDACTED 12/5/2022]. She was born in the Philippines. Stevens request for Bowman USCIS records, November 19, 2020, Ex. 7.

30.     On February 10, 2021, I received a letter digitally signed by Terri White, Acting Director

of USCIS. It stated in part:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in thisoffice on November 18, 2020 regarding Alma Bowman.We have completed the review of all documents and have identified 672 pages that are responsive to yourrequest. Enclosed are 506 pages released in their entirety and 162 pages released in part. We arewitholding 4 pages in full. In our review of these pages, we have determined they contain no reasonablysegregable portion(s) of non-exempt information. We have reviewed and have determined to release allinformation except those portions that are exempt pursuant to 5 U.S.C. § 552a (a)(d)(5), (a)(j)(2), and(a)(k)(2) of the Privacy Act and 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(c), and (b)(7)(e) of the FOIA.  Letter from Terri White to Jacqueline Stevens, Feb. 10, 2021.

31.    The requests above take a form similar if not identical to the request for Mr. Charpentier's records USCIS is claiming is "unduly broad."   Further, USCIS's arbitrary and capricious responses extend to non-individual records relevant to this litigation.  On September 15, 2022, I requested of USCIS the types of records on which I relied for the exhibits above documenting USCIS protocols for Third Party Requests.  I requested:

All communications about between USCIS employees to employees of private firms responsible for managing any productions of information responsive to requests under the Freedom of Information Act about the following:
(1) Delays, errors, mismanagement, complaints, case management protocols, Jacqueline (Jackie) Stevens, American Immigration Council (AIC), lawsuits, sub-contractors, call center evaluations, Inspector General investigations, automatic lockouts from accounts, password protection for USCIS FOIA requester accounts, and staffing.  I am requesting keyword searches of email accounts and cloud platforms likely to have responsive information using wildcat searchs for the following: "delay" "error," "complaint," "protocols" "problems" "JS" "Stevens" "AIC" "American Immigration Council" "lawsuits" "contracts" "call centers" "investigation," "optics," "misrepresent," and "fail," "locked out."
(2)  Changes in protocols for FOIA requester information, from individuals answer phone calls to entirely automated system.  I am requesting all memorandums, advisals, contracts, communications, and other information on which USCIS relied for making it impossible at present to obtain real-time information about errors in digital platforms, correspondence, and software failures through calling the phone number USCIS makes available, ostensibly for this purpose. Stevens email to USCIS, September 15, 2022. Ex. 8.

32.     In August, 2016, I received in response over 4,000 pages of responsive records.[9]  The

responsive records include Powerpoint slides, Information Updates,  manuals, handbooks, and

policy directives.  I made these available on my website.  These have been repeatedly

downloaded and uploaded to website of numerous nonprofit organizations, including the

American Immigration Lawyers Association.

33.     On November 7, 2022, my requests were denied on grounds of being "overly broad and

unreasonable," even though my request of 2022 was actually more specific than the request of

2016.  Cynthia Munita, Director, FOIA Operations, wrote in part:

> [Y]our request for all handbooks, manuals, and instructions in any form on which
> FOIA officers rely for responding to requests over a 10 year time frame is also overly
> broad and is not reasonable.  USCIS is unable to conduct a reasonable search for
> "instructions in any form". [sic]  Also, searching an agency for any handbooks,
> manuals, and instructions over a 10 year time frame would be an undue burden on the
> agency as it would require a physical search, an electronic search for any responsive
> records on USCIS networks as well as with the Department of Homeland Security
> and Department of Justice for any FOIA guidance used by USCIS FOIA Office. Ex.
> 9.

34.     It is the failure of DHS to follow statutory mandates for staffing, technology, and reviews

that is burdening the agency, not lawful requests for information.

**USCIS Flouts U.S. DOJ FOIA Guidance Memorandums**

35.     USCIS is exceptionally difficult to contact about bureaucratic snafus and obtain

responsive information.  On information and belief, the problem is that USCIS contracts out its

FOIA operations and other public-facing calls with a private contractor, General Dynamics

---

9  "FOIA-ing the FOIA Manual! The Inside Scoop on USCIS and DHS Data Entry and Database," States Without
Nations blog, August 30, 2016, https://stateswithoutnations.blogspot.com/2016/08/foia-ing-foia-manual-inside-
scoop-on.html.

Information Technology, a military contractor that prioritizes shareholder profits over public service.[10]

36.     USCIS frequently sends emails with inaccurate information. For instance, in March, 2021, I wasted substantial time on an email USCIS later confirmed falsely claimed I had responsive documents.   The first email in this thread to me from USCIS arrived on February 26, 2021 and stated: "Your USCIS FOIA/PA request has been processed and has been electronically delivered to the myUSCIS account you created." Email from no-reply-foia@uscis.dhs.gov to Stevens, February 26, 2021.  Ex. 10, p. 9.   I forwarded the email to the USCIS FOIA office (foiapaquestions@uscis.dhs.gov) and wrote replied, "I have no idea to what this email refers. I file numerous FOIA requests via email. What is the case number?"  *Id.*

37.     I received the following reply, "The documents related to this request have been digitally released. To view the Document Library, click on the down arrow next to the gear icon. The documents can be downloaded by selecting the arrow icon or printed using the printer icon." USCIS to Stevens, March 1, 2021, Ex. 10, p. 7.

38.     Several other emails then ensued.  The bottom line: USCIS stated it did not in fact have any new records available and that *my responses were being sent to me via the US Postal Service*.  On March 10, 2021, Sandy Kendall, Government Information Specialist for USCIS stated in an e-mail, "I have searched our system using your name for any potential FOIA requests that might have been registered for digital release via a FIRST account. Of the most recent requests, all were mailed on CD. The most recent request I was able to locate in our system was NRC2020171187 which was mailed on CD to you on February 21,2021. At this time, I am

---

10  Communications Workers of America, "Senators Urge General Dynamics to Address Wage Theft at Call
       Centers,"
https://cwa-union.org/news/senators-urge-general-dynamics-address-wage-theft-call-centers.

unable to determine why you received the email or what request the email you received would be in relation to. We apologize for any confusion but it appears all A file related FOIA requests have been responded to with a CD mailed via the US Postal Service."  Email from Kendall to Stevens, March 10, 2021, Ex. 10, p. 1.

39.     On March 15, 2022, Attorney General ("AG") Merrick Garland, Department of Justice issued a FOIA Memorandum for Heads of Departments and Agencies ("DOJ FOIA Memorandum"):

> For more than fifty years, the Freedom ofInformation Act (FOIA), 5 U.S .C. § 552, hasbeen a vital tool for ensuring transparency, accessibility, and accountability in government. As the Supreme Court has explained, the Act' s "basic purpose ... is to ensure an informed citizenry," which is "vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214,242 (1978). The guidelines set forth below update and strengthen the federal government's commitment to the fair and effective administration of FOIA.[11]

40.     The DOJ FOIA Memorandum states:

> 4. Timely disclosure of records is also essential to the core purpose ofFOIA. Agencies must have effective systems in place for responding to requests in a timely manner... 5. Agency FOIA professionals should continue to work with FOIA requesters in a spirit of cooperation ...Agencies should also ensure that they promptly communicate with requesters about their FOIA requests. As the Justice Department has emphasized in guidance for more than a decade, agencies should communicate electronically with FOIA requesters to the greatest extent possible, including by accepting FOIA requests and subsequent administrative correspondence electronically. Id. p. 3.

**Charpentier Requests Meet Expedited Review Criteria**

41.     The grounds for the expedited review submitted to EOIR was cut off in the submission boxes and inserted in two different places.  It states in the box for "Expedited Review":

> An immigration judge ordered Mr. Charpentier deported to Haiti.  The deportation order for a U.S. citizen based on factually inaccurate information (a) puts Mr. Charpentier in physical danger; (b) violates a substantial due process right; (c) is of [cut-o

---

11  DOJ FOIA Memorandum, March 15, 2022, https://www.justice.gov/ag/page/file/1483516/download.

EOIR interface for my request submitted August 19, 2022, Exhibit C to my declaration of September 26, 2022. Doc. 3-1, 15-16.

I then added in the box for request description the following:

Please note that the box for "expedited response" request cut me after two lines. An expedited response is merited under the statute -- Mr. Charpentier's deportation to Haiti, a country he has never visited, puts him at physical risk; substantially violates his due process rights; and is of enormous interest to the public. (Date Range for Record Search: From 01/01/1972 To 08/18/2022).

The interface that is printable is available as Exhibit C to my declaration of September 26, 2022.

Doc. 3-1, 15-16.

42.    The request for expedited review submitted to ICE states:

According to 5 USC 552a6(E), a request should be expedited based on a "compelling need," the criteria for which are that:
(I) that a failure to obtain requested records on an expedited basis under this paragraph could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or (II) with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity.
Mr. Charpentier was issued a removal order based on inaccurate information produced by the U.S. government to an immigration judge. As director of the Deportation Research Clinic, I will be sharing all responsive records with Mr. Charpentier. He needs the records requested in order to prove his U.S. citizenship. Unless these are produced immediately, Mr. Charpentier is in danger of being rendered stateless and removed by force to a foreign country where he has has never visited and has no ties. Thus, the failure of USCIS to produce the requested records on an expedited basis could "reasonably be expected to pose an imminent threat to the life or physical safety of an individual."
In addition, there is enormous public interest in the U.S. government unlawfully detaining and deporting U.S. citizens. My own research on the patterns and practices of the U.S. government deporting U.S. citizens has been widely covered in the media, including the New Yorker magazine, the New York Times, and NPR, thus satisying
(ii) above. Further, a major news organization has indicated they will be reporting on my findings about the deportation order for Mr. Charpentier. Exhibit 11, Stevens attachment to ICE FOIA request, August 18, 2022.

43.    My explanation of the grounds for the expedited review submitted to USCIS stated:

According to 5 USC 552a6(E), a request should be expedited based on a "compelling need," the criteria for which are that:
(I) that a failure to obtain requested records on an expedited basis under this

paragraph could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or

(II) with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity.

Mr. Charpentier was issued a removal order based on inaccurate information produced by the U.S. government to an immigration judge. As director of the Deportation Research Clinic, I will be sharing all responsive records with Mr. Charpentier. He needs the records requested in order to prove his U.S. citizenship. Unless these are produced immediately, Mr. Charpentier is in danger of being rendered stateless and removed by force to a foreign country where he has has never visited and has no ties. Thus, the failure of USCIS to produce the requested records on an expedited basis could "reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

In addition, there is enormous public interest in the U.S. government unlawfully detaining and deporting U.S. citizens. My own research on the patterns and practices ofthe U.S. government deporting U.S. citizens has been widely covered in the media, including the New Yorker magazine, the New York Times, and NPR, thus satisying (ii) above.

Further, a major news organization has indicated they will be reporting on my findings about the deportation order for Mr. Charpentier.

For documentation of the media interest in the U.S. government's unlawful detention and deportation of U.S. citizens, please see media coverage here: https://deportation-research.buffett.northwestern.edu/news/index.html, including these articles: Greg Allen, "ICE Detained the Wrong Person," NPR, December 18 and Steve Coll, "When ICE Tries to Deport Americans, Who Defends Them?" New Yorker, March 21.

I also co-edited a volume, Citizenship in Question: Evidentiary Birthright and Statelessness,

https://library.oapen.org/handle/20.500.12657/31762; the book won

Please note that government's detention and deportation of US citizens is of great interest to the public, as evidenced in extensive national media coverage of my research on this. Please see:

http://www.npr.org/sections/thetwo-way/2016/12/22/504031635/you-say-you-re-an-american-but-what-if-you-had-to-prove-it-or-be-deported My research on this topic has been reported in The New Yorker, The New York Times, NPR and numerous other national and local media outlets. August 15, 2022, Stevens FOIA request submitted to USCIS. Stevens FOIA request submitted by email to USCIS, August 18, 2022, Doc 3-1, Ex. A, pp. 6-7.

44.    On October 6, 2022, I received by e-mail a notice from the Executive Office of

Immgiration Review (EOIR) approving my request for an expedited response for the records of

Pascal Charpentier:

> The FOIA regulations states that expedited treatment is granted if there is an exceptional need such as jeopardy to life or personal safety, a threatened loss of substantial due process rights, or an urgency to inform the public concerning actual or alleged Federal Government activities.  See 28 C.F.R. § 16.5(e).
>
> Upon review of your request, it has been determined that you meet the threshold.  Therefore, your request for expedited treatment has been granted.  Email from EOIR FOIA Intake, October 6, 2022.  Ex. 12.

45.     The statutory and regulatory criteria on which USCIS (6 CFR 5.5(e)) and ICE (6 CFR 5.5(e)) rely for assessing requests for expedited review are identical to those on which EOIR relies (8 C.F.R. § 16.5(e).

## Charpentier Waivers

46.     The third party waiver and Verification of Identity I submitted to USCIS for the purpose of obtaining records of Pascal Charpentier is the same document I submitted to ICE and EOIR.

47.     Following review of letter disclosed to me for the first time as Exhibit E to Def. SOMF (Doc 16, pp. 32-33), I submitted a new waiver to USCIS that included Mr. Shakoure's current address.   Stevens email and attachments to USCIS, November 17, 2022, Ex. 13.

## EOIR Has Not Produced Several Responsive Hearing Recordings

48.     EOIR has not produced no audio recordings for Toan Hoang's hearings on January 7, 1999, January 14, 1999, February 9, 1999, February 22, 1999, and November 27, 1998.

49.     EOIR has produced no audio recordings for the deportation hearings of Miguel Silvestre-Guzman, a U.S. born citizen of Stockton, California an immigration judge deported to Mexico. EOIR claims, with no substantiation, that the recordings are "damaged."  EOIR has released to me audio recordings that are damaged or of poor quality.  On information and belief the contents of these recordings are highly embarassing to EOIR.

50. EOIR has produced one hearing recording and what appears to be one oral decision for Christopher Archie. The written Record of Proceeding suggests additional hearings were held for which no recordings were produced.

51. EOIR on July 15, 2020 produced an acknowledgement letter for a case tracked as 2020-60017 for my request of July 8, 2020, "requesting records released in connection with previously-processed 2017-2261." My request for was EOIR records released to a reporter Joel Rubin. The EOIR interface for this request states: "Previously-processed FOIA request (2017-22261)." On information and belief, EOIR mistakenly concluded its fulfillment of the request of Rubin also fulfilled my own clearly marked separate request. I have received no records responsive to my request.

**Record Request for Miguel Guzman Silvestre**

52. Miguel Silvestre Guzman was born in Stockton, California and wrongfully deported to Mexico in 2000. ICE in 2004 again tried to deport him. Mr. Silvestre filed a civil complaint to the Department of Justice. Silvestre's records from USCIS were produced to me in 2021. The request that should have been included in my Complaint were those withheld from the Department of Justice. I apologize for my mistake on this matter.


The above is true and correct to the best of my knowledge and recollections.

Dated: December 8, 2022


_____

JACQUELINE STEVENS

601 University Place

Second Floor, Political Science Department

Evanston, Illinois  60208

(847) 467-2093

jacqueline-stevens@northwestern.edu

EXHIBIT 1



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

January 21, 2022

**VIA ECF**
Honorable Gregory H. Woods
United States District Judge
United States District Court
500 Pearl Street, Room 2260
New York, NY 10007

     Re:    *Charpentier, et al. v. Department of Homeland Security, et al.*, 20 Civ. 7510 (GHW)

Dear Judge Woods:

     The parties hereby submit this Joint Status Report pursuant to their representation to the Court that they would file their next status report on January 21, 2022, and pursuant to this Court's Order. *See* ECF Nos. 56, 57. The parties are continuing to confer regarding the FOIA requests made to United States Immigration and Customs Enforcement ("ICE"), United States Department of State ("State") and United States Citizenship and Immigration Services ("USCIS"), however, the parties need additional time to continue conferring. As explained in the previous letter, *see* ECF No. 57, the government had requested additional information from plaintiffs' counsel regarding the ICE and State FOIA requests, and Plaintiffs' counsel has stated that she intends to provide that information to the government by January 25, 2022. USCIS has provided a draft *Vaughn* index, and the parties need to confer further in hopes that they can resolve issues relating to the USCIS production without further intervention of the Court. The parties therefore respectfully request that they file a joint status letter on March 8, 2022.

     On behalf of both parties, I thank the Court for its consideration of this submission.

                  Respectfully submitted,

                  DAMIAN WILLIAMS
                  United States Attorney for the
                  Southern District of New York

                   s/  Rebecca R. Friedman
                  REBECCA R. FRIEDMAN
                  Assistant United States Attorney
                  86 Chambers Street, 3rd floor
                  New York, NY 10007
                  Tel:    (212) 637-2614
                  rebecca.friedman@usdoj.gov

EXHIBIT 2

# USCIS FOIA INFORMATION BULLETIN

July 26, 2013

The **FOIA Information Bulletin** is a publication issued by the FOIA Quality Assurance and Customer Service Group as a communication tool regarding current information of use and interest to USCIS FOIA personnel. The intent of the bulletin is to improve consistency and timeliness of information. **See your supervisor if you have any questions about bulletin topics.**

**We have added** new information to Section 7, CERTIFICATION OF AGREEMENT, VERIFICATION OF IDENTITY, AND DESCRIPTION OF RECORDS, of the *FOIA/PA Assistant's Guide* as follows (new information in red):

If a person is not requesting a Privacy Act Record, then there is no requirement to establish Verification of Identity or Certification of Agreement. Non-Privacy Act Record requests frequently fall under SIG. Such a request may arrive by mail, fax or e-mail, and do not require a signature. Requesters must provide name, mailing address and adequate description of the records they are seeking. By submitting the request, the person is agreeing to pay fees up to $25.00, unless they specify more.

Additionally, if a requester establishes that the subject of record is deceased, or if the subject of record is more than 100 years old, then the requester is not required to establish his or her own Verification of Identity. The same requirements apply to a request for the file of a deceased person as apply to a request for a Non-Privacy Act Record.

**We have changed** section 8.19 Situation: Certification of Record of the *FOIA/PA Assistant's Guide* as follows (old information in strikethrough new information in red):

## 8.19   SITUATION:  Certification of record

When creating a new case, insert a Discussion "certified documents requested."

Create the case as normal. If you are closing the case as no record, total denial or failure to comply, there is no need to address certification of record in the final action letter. If you are not closing the case NR, TD or FC, and if the requester does not want a copy of the whole file, but specifically requests only a certified copy of a particular document, you will be closing the case NB. According to the situation, please add the following paragraph(s) into your final action letter:

NB Situation 1:  If a request is only a request for a certified copy of a Name Change document, insert the following paragraph:

EXHIBIT 3

# FOIA/PA ASSISTANT'S GUIDE

FOREWORD ...................................................................................................... a
THE FREEDOM OF INFORMATION ACT ................................................. 1
THE PRIVACY ACT ...................................................................................... 1
WHAT ARE FOIA REQUESTS AND HOW DO WE GET THEM? .......... 1
WHO CAN MAKE A FOIA REQUEST? ..................................................... 2
SYSTEMS USED AND DESCRIPTION OF THE SYSTEMS ..................... 3
  1 Central Index System ................................................................................. 3
    1.1   Introduction Screen ............................................................................. 3
    1.2   TeleView Main Menu .......................................................................... 4
    1.3   CIS Login Screen ................................................................................ 5
    1.4   CIS Main Menu ................................................................................... 6
        1.4.1   Search Menu Screen ................................................................. 7
        1.4.2   Search by A-number (9101) ..................................................... 8
    1.5   Sounds-Like Name Search (9102) ...................................................... 9
    1.6   Exact Name Search (9103) ................................................................. 10
    1.7   Alias (AKA) Name Search (9104) ..................................................... 11
    1.8   Sounds Like Name With Date of Birth (DOB) Search (9106) ......... 12
    1.9   Card Search (9222) ............................................................................. 13
    1.10   File Transfer Display (9504) ........................................................... 14
    1.11   Tables ................................................................................................ 15
    1.12   Tables Menu ...................................................................................... 16
    1.13   Tables Information Screen ................................................................ 17
    1.14   Value Tables Browse Screen ........................................................... 18
  2.  Computer Linked Application Information Management System .......... 19
    2.1   Introduction ........................................................................................ 19
    2.2 Teleview  Introduction Screen ............................................................. 19
    2.3   CLAIMS Selection Screen ................................................................. 20
    2.4   CLAIMS Function Screen .................................................................. 21
    2.5   CLAIMS Welcome Screen ................................................................. 22
    2.6   CLAIMS Logon Screen ..................................................................... 23
    2.7   CLAIMS Main Menu Screen ............................................................. 24
    2.8   Inquiry Screen, searching with a Receipt Number ........................... 25
    2.9   Searching CLAIMS using a Name and Date of Birth ....................... 26
    2.10   Searching with the A-Number ......................................................... 28
    2.11   Searching with the Petitioner's Name ............................................ 29
    2.12   Search Results ................................................................................... 30
    2.13   Beneficiary Petition for Non Immigrant Worker ........................... 33
  3.  National File Tracking System (NFTS) .................................................. 36
  4.  Person Centric Query Service (PCQS) ................................................... 37
  5.  FOIA/PA Information Processing System (FIPS) .................................. 38

i

WARNING: This guide is FOR OFFICIAL USE ONLY (FOUO) and is intended for internal National Records Center use only.  It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552).  This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with Department of Homeland Security policy relating to Sensitive But Unclassified (SBU) information and is not to be released to the public or other personnel who do not have a valid need to know without prior approval from the FOIA Officer.

Updated on 9/23/2010

# FOIA/PA ASSISTANT'S GUIDE

After you send an acknowledgment letter requesting consent, do not staff for the file. Click on "In Basket" and Pend for requester documentation. When the requester provides consent, Records Locator will staff for the records.

## Consent of parents or guardians

If a parent is filing on behalf of a minor child, then the parent must submit proof of parentage. Proof of parentage can be in the form of a birth certificate, adoption decree or similar document, naming them as a legal parent.

If a guardian is filing on behalf of a minor or person judicially determined to be incompetent, he or she must submit proof of guardianship. The signature of the parent/guardian must be notarized or signed under penalty of perjury [6 C.F.R. § 5.21(e)]. The case processor will have to request more information if he or she cannot determine parentage or guardianship within the file.

Minors can make a request for their file themselves. They do not have to have the consent of their parent or guardian to make this request. An attorney may also represent a minor.

## Third party requests

Sometimes consent is not necessary. For instance, a requester asking for a "*list of all employers in Utah who use E-Verify*" does not have to provide consent. Commercial, contract, and media requests are usually third party requests.

On the other hand, USCIS will not release personally identifying information (PII) or personally sensitive information to a third party without consent. If the requester is asking for records concerning an individual and does not provide consent, nor does it appear likely that the requester is going to get consent, we treat it as a third party request without consent. It may be obvious from the request that the requester will not be able to obtain consent from the subject of record. If you have a doubt, consult your supervisor. The supervisor may have you send for consent, call the requester to see if you can make a determination, or create the case as third party without consent. Third party requesters are entitled to any public documents that may be in the file they are seeking, as well as documents they provided in support of an application/petition. For example, if a wife is looking for a copy of her husband's file so that she may divorce him, and says in her

68

WARNING: This guide is FOR OFFICIAL USE ONLY (FOUO) and is intended for internal National Records Center use only. It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with Department of Homeland Security policy relating to Sensitive But Unclassified (SBU) information and is not to be released to the public or other personnel who do not have a valid need to know without prior approval from the FOIA Officer

Updated on 9/23/2010

# FOIA/PA ASSISTANT'S GUIDE

request letter that she does not know where he is or says she cannot get his consent, do not send a request back to her for her husband's consent. In a situation like this, simply staff for the file and put a case note in FIPS that it is a third party request without consent. In the above example, if she did not specifically say she cannot get his consent or that she does not know where he is, do not staff for the file. In a situation like this, send a request for consent and pend the case for requester documentation.

## Deceased subjects and the 100-year rule

If the subject of a request is deceased, it is incumbent upon the requester to provide proof of death. Proof of death could be any of the following:

- Death Certificate;

- Obituary;

- Funeral Memorial; or

- Photograph of headstone

If the subject of a request is over 100 years old, it is assumed they are deceased and no proof of death is required.

## Routine use, no consent required, not FOIA

The Service may disclose records from the alien files to other Federal, State and local government agencies as a normal course of operation for law enforcement purposes. Consent is not necessary for the processing of these types of requests. Some examples of these types of requests include requests relating to child support enforcement and aliens seeking public assistance.

Requests from government agencies (federal, state or local) for verification of status of aliens are routine use.

These types of requests are not a part of FOIA and should not be in FIPS. For example, you may open a request from a county public assistance agency attempting to locate a child's father who is avoiding financial responsibility. If you open a request from a state

69

WARNING: This guide is FOR OFFICIAL USE ONLY (FOUO) and is intended for internal National Records Center use only. It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with Department of Homeland Security policy relating to Sensitive But Unclassified (SBU) information and is not to be released to the public or other personnel who do not have a valid need to know without prior approval from the FOIA Officer

Updated on 9/23/2010

EXHIBIT 4

*FOREWORD*...................................................................................................................... *1*

*1. THE FREEDOM OF INFORMATION ACT* ................................................ *19*

*2. THE PRIVACY ACT* ...................................................................................... *19*

*3. WHAT ARE FOIA REQUESTS AND HOW DO WE GET THEM?* ................. *19*

*4. WHO CAN MAKE A FOIA REQUEST?* .......................................................... *20*

*5. SYSTEMS USED AND DESCRIPTION OF THE SYSTEMS* ........................... *21*

    **5.1 Central Index System** ....................................................................................... **21**
        5.1.1   Introduction Screen ........................................................................................21
        5.1.2   TeleView Main Menu ....................................................................................22
        5.1.3   CIS Login Screen ..........................................................................................23
        5.1.4   CIS Main Menu .............................................................................................24
            5.1.4.1  Search Menu Screen ..............................................................................25
            5.1.4.2   Search by A-number (9101) ..................................................................26
        5.1.5   Sounds-Like Name Search (9102) .................................................................26
        5.1.6   Exact Name Search (9103) .............................................................................28
        5.1.7   Alias (AKA) Name Search (9104) .................................................................29
        5.1.8   Sounds Like Name With Date of Birth (DOB) Search (9106)........................30
        5.1.9   Card Search (9222) ........................................................................................31
        5.1.10  File Transfer Display (9504) .........................................................................32
        5.1.11  Tables ............................................................................................................33
        5.1.13  Tables Information Screen .............................................................................35

    **5.2. Computer Linked Application Information Management System** .......................**37**
        5.2.1   Introduction ...................................................................................................37
        5.2.2 Teleview Introduction Screen .......................................................................37
        5.2.3   CLAIMS Selection Screen ............................................................................38
        5.2.4   CLAIMS Function Screen .............................................................................39
        5.2.5   CLAIMS Welcome Screen.............................................................................40
        5.2.6   CLAIMS Logon Screen .................................................................................41
        5.2.7   CLAIMS Main Menu Screen .........................................................................42
        5.2.8   Inquiry Screen, searching with a Receipt Number .......................................43
        5.2.9   Searching CLAIMS using a Name and Date of Birth ...................................44
        5.2.10  Searching with the A-Number........................................................................46
        5.2.11  Searching with the Petitioner's Name ...........................................................47
        5.2.12  Search Results ...............................................................................................48
        5.2.13  Beneficiary Petition for Non Immigrant Worker ..........................................51

    **5.3. National File Tracking System (NFTS)** .......................................................... **54**

    **5.4. Person Centric Query Service (PCQS)** ............................................................. **55**

    **5.5. FOIA/PA Information Processing System (FIPS)** ............................................ **55**

*6. CREATING THE CASE*................................................................................... *57*

    **6.1 REQUESTER INFORMATION**......................................................................... **59**

    **6.2 SUBJECT INFORMATION** ............................................................................... **65**
        6.2.1   Name..............................................................................................................66
        6.2.2   Alien Number ...............................................................................................66
        6.2.3   Topic.............................................................................................................67

13

WARNING: This guide is FOR OFFICIAL USE ONLY (FOUO) and is intended for internal National Records Center use only. It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with Department of Homeland Security policy relating to Sensitive But Unclassified (SBU) information and is not to be released to the public or other personnel who do not have a valid need to know without prior approval from the FOIA Officer

## 7.4 Third party requests

Sometimes consent is not necessary. For instance, a requester asking for a "*list of all employers in Utah who use E-Verify*" does not have to provide consent. Commercial, contract, and media requests are usually third party requests.

On the other hand, USCIS will not release personally identifying information (PII) or personally sensitive information to a third party without consent. If the requester is asking for records concerning an individual and does not provide consent, nor does it appear likely that the requester is going to get consent, we treat it as a third party request without consent. It may be obvious from the request that the requester will not be able to obtain consent from the subject of record. If you have a doubt, consult your supervisor. The supervisor may have you send for consent, call the requester to see if you can make a determination, or create the case as third party without consent.

Third party requesters are not entitled to any public documents that may be in the file they are seeking, nor documents they provided in support of an application or petition. For example, if a wife is looking for a copy of her husband's file so that she may divorce him, and says in her request letter that she does not know where he is or says she cannot get his consent, do not send a request back to her for her husband's consent. In a situation like this, close the case as a Failure to Comply.

## 7.5 Deceased subjects and the 100-year rule

If the subject of a request is deceased, it is incumbent upon the requester to provide proof of death. Proof of death could be any of the following:

- ▪ Death Certificate;

- ▪ Obituary;

- ▪ Funeral Memorial; or

- ▪ Photograph of headstone

If the subject of a request is over 100 years old, USCIS assumes he or she is deceased and no proof of death is required.

## 8. CASE CREATE SITUATIONS/OTHER PROBLEMS

At any time during the case-create process you may encounter a quirky or unusual situation. Some not-so-usual situations follow this paragraph, but as a case creator, you will inevitably see situations you have never seen before. Case creators should seek assistance from their

WARNING: This guide is FOR OFFICIAL USE ONLY (FOUO) and is intended for internal National Records Center use only. It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with Department of Homeland Security policy relating to Sensitive But Unclassified (SBU) information and is not to be released to the public or other personnel who do not have a valid need to know without prior approval from the FOIA Officer

EXHIBIT 5

*FOREWORD*..................................................................................................................... *1*

*1. THE FREEDOM OF INFORMATION ACT* ......................................................... *9*

*2. THE PRIVACY ACT* ............................................................................................... *9*

*3. WHAT ARE FOIA REQUESTS AND HOW DO WE GET THEM?* .................. *9*

*4. WHO CAN MAKE A FOIA REQUEST?* ............................................................ *10*

*5. SYSTEMS USED AND DESCRIPTION OF THE SYSTEMS* ........................... *11*

    **5.1    Central Index System** ....................................................................................... **11**
        5.1.1  Introduction Screen ........................................................................................11
        5.1.2  TeleView Main Menu ......................................................................................12
        5.1.3  CIS Login Screen ............................................................................................13
        5.1.4  CIS Main Menu ...............................................................................................14
            5.1.4.2  Search by A-Number (9101) .................................................................16
        5.1.5  Sounds-Like Name Search (9102) ..................................................................17
        5.1.6  Exact Name Search (9103)..............................................................................18
        5.1.7  Alias (AKA) Name Search (9104) ..................................................................19
        5.1.8  Sounds Like Name With Date of Birth (DOB) Search (9106).........................20
        5.1.9  Card Display (9222)........................................................................................21
        5.1.10   File Location Display (9504) .........................................................................22
        5.1.10.1 File Transfer Display (9504 + F11)................................................................23
        5.1.11   Tables .............................................................................................................24
        5.1.12   Tables Menu....................................................................................................25
        5.1.13   Tables Information Screen ..............................................................................26
        5.1.14   Value Tables Browse Screen ..........................................................................27

    **5.2. Computer Linked Application Information Management System** .........................**28**
        5.2.1  Introduction....................................................................................................28
        5.2.2  TeleView Introduction Screen ........................................................................28
        5.2.3  CLAIMS Selection Screen ..............................................................................29
        5.2.4  CLAIMS Function Screen...............................................................................30
        5.2.5  CLAIMS Welcome Screen...............................................................................31
        5.2.6  CLAIMS Logon Screen ...................................................................................32
        5.2.7  CLAIMS Main Menu Screen ..........................................................................33
        5.2.8  Inquiry Screen, searching with a Receipt Number..........................................34
        5.2.9  Searching CLAIMS using a Name and Date of Birth .....................................35
        5.2.10   Searching with the A-Number........................................................................37
        5.2.11   Searching with the Petitioner's Name ............................................................38
        5.2.12   Search Results .................................................................................................39
        5.2.13   Beneficiary Petition for Non Immigrant Worker ...........................................42

    **5.3.    National File Tracking System (NFTS)** ....................................................... **45**

    **5.4.    Person Centric Query Service (PCQS)** ........................................................ **46**

    **5.5. FOIA/PA Information Processing System (FIPS)** ...................................... **47**

*6. CREATING THE CASE*...................................................................................... *49*

2

WARNING: This guide is FOR OFFICIAL USE ONLY (FOUO) and is intended for internal National Records Center use only. It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with Department of Homeland Security policy relating to Sensitive But Unclassified (SBU) information and is not to be released to the public or other personnel who do not have a valid need to know without prior approval from the FOIA Officer

Updated on March 28, 2016

## 7.4   Third party requests

Sometimes certification of agreement is not necessary.  For instance, a Requestor asking for a *"list of all employers in Utah who use E-Verify"* does not have to provide certification of agreement.  Commercial, contract, and media requests are usually third party requests.

On the other hand, USCIS will not release personally identifying information (PII) or personally sensitive information to a third party without certification of agreement.  If the Requestor is asking for records concerning an individual and does not provide certification of agreement, nor does it appear likely that the Requestor is going to get certification of agreement, close the case as a total denial (TD).  It may be obvious from the request that the Requestor will not be able to obtain certification of agreement from the subject of record.  If you have a doubt, consult your supervisor.

Third party Requestors are not entitled to any public documents that may be in the file they are seeking, nor documents that they provided in support of an application or petition.  For example, if a wife is looking for a copy of her husband's file so that she may divorce him, and says in her request letter that she does not know where he is or says she cannot get his certification of agreement, do, close the case as a Total Denial.  Please refer to Section 16a, TD (total denial) Case Closings.

## 7.5   Deceased subjects and the 100-year rule

If the subject of a request is deceased, it is incumbent upon the Requestor to provide proof of death.  Proof of death could be any of the following:

- Death Certificate;

- Obituary;

- Funeral Memorial; or

- Photograph of headstone; or

- Screen print from the Social Security Death Index

If the subject of a request is over 100 years old, USCIS assumes he or she is deceased and no proof of death is required.

If the Requestor says the subject is deceased and did not provide proof of death, but the subject is not over 100, we will close the case as a total denial (TD).  For TD procedure, please refer to section 16a, TD (total denial) Case Closings.

WARNING: This guide is FOR OFFICIAL USE ONLY (FOUO) and is intended for internal National Records Center use only.  It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552).  This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with Department of Homeland Security policy relating to Sensitive But Unclassified (SBU) information and is not to be released to the public or other personnel who do not have a valid need to know without prior approval from the FOIA Officer

Updated on March 28, 2016

EXHIBIT 6

From:  Jacqueline Stevens
Sent:    22 June 2021 23:26
To:      uscis.foia@uscis.dhs.gov
Subject:        records request, Miguel Silvestre, 077-166-008
Attachments:  Silvestre_PrivacyWaiver.pdf

To Whom It May Concern:

This letter constitutes a request under the Freedom of Information Act (   FOIA   ), 5 U.S.C. § 552, for
all system records and other items maintained, produced, or distributed by ICE pertaining to Miguel
Guzman Silvestre. His date of birth is [REDACTED 12-6-2022]. His country of birth is the United
States.  His
"alien" number is 077-166-008.   I am interested in all system records pertaining to Mr. Guzman and all
ICE correspondence with other government agencies, individuals, or attorneys pertaining to Mr.
Guzman as well.

Please include as well:

1)  All records of all grievances filed by Mr. Guzman, orally or in writing and under the control of ICE
or its components, including county jails or private prisons with which ICE has contracted.

2)  Commissary account data, including but not limited to information tracking funds reimbursed to Mr.
Guzman on release from custody.

3)  Work program participation documents and payment records.

4)  All correspondence, notes, and other records pertaining to assertions or findings of U.S. citizenship
from all databases.

5)  Communications with police, jails, prisons about Mr. Guzman's arrest and detention.

6)  Screen shots of all tabs for interfaces associated with databases likely to have records responsive to
this request.

7)  All email, faxes, notes, and all other analyses and records tied to ICE investigations or findings for
any deportation orders or arrests of Mr. Guzman.

Please note that I am attaching a third party waiver signed by Mr. Guzman and authorizing the release
of all responsive documents to me under the FOIA/PA.  Please note that components and officials that
track detention facility compliance with ICE contracts are likely to have responsive records and will
need to be queried.

Please note that prior responses to similar requests have been incomplete and in violation of the
FOIA/PA.  If the final response does not include all of the records indicated below it is in violation of
the law to represent it as a "final response."  It also is a violation of the Administrative Procedure Act,
insofar as this is a pattern and practice of this agency.  If you are a FOIA agent reviewing this, then I
would appreciate your reviewing my request with your colleagues in offices tasked for documents
items that are missing when they return to you only a few pages from EARM.

In light of the great public interest in the deportation of US citizens, noted below, I am requesting the
release of the following easily accessible information on an expedited basis and the balance in
compliance with the statutory time deadline.

As evidence of public interest and my own need for this information, please see this article:  "ICE
Medical Misconduct Witness Slated for Deportation Is a U.S. Citizen, Says Lawyer,"
  https://theintercept.com/2020/11/02/ice-medical-misconduct-us-citizen-deportation/

The purpose of the FOIA is to provide to the public timely information.  The information I obtain from
the government has featured in my own research, from which journalists have drawn for widely
circulated stories on matters of obvious public interest, especially ICE detaining and deporting U.S.
citizens. I requesting a fee waiver as I am using this information for my teaching, research, and
journalism.  I am a Professor at Northwestern University and engage in research on the unlawful

detention and deportation of United States citizens, such as Mr. Guzman. My work has been published in The New York Times and The New Yorker, among other publications. You can find my original work here: https://www.nytimes.com/2018/04/04/opinion/migrants-detention-forced-labor.html and http://stateswithoutnations.blogspot.com/ and you can find my research cited in these publications: http://reason.com/archives/2017/11/12/how-immigration-crackdowns-scr#comment and https://www.wnyc.org/story/history-and-practice-immigration-detention/.

Please send all responsive records to me at:
601 Scott Hall, Second Floor
Political Science
Evanston, IL 60208

Thank you,
Jacqueline Stevens
Professor
Political Science
https://polisci.northwestern.edu/people/core-faculty/jacqueline-stevens.html
Founding Director, Deportation Research Clinic Buffett Institute of Global Affairs https://deportation-research.buffett.northwestern.edu/

EXHIBIT 7

From: Jacqueline Stevens
Sent:    19 November 2020 14:33
To:      uscis.foia@uscis.dhs.gov
Subject:      Expedited Request - Alma Bowman, 035-569-134
Attachments:  PrivacyWaiverAlmaBowman.pdf; LawrenceProofofDeath.pdf

To Whom It May Concern,

This letter constitutes a request under the Freedom of Information Act (   FOIA   ), 5 U.S.C. § 552, for all system records and other materials in any medium created, maintained, or received by USCIS regarding Alma Bowman, including records pertaining to her father.  Alma's "alien" number is 035-569-134. Her DOB is [REDACTED-12-06-2022]  She was born in the Philippines.

Ms. Bowman appears to have a claim of US citizenship and yet was ordered deported; a federal judge in Brownsville, Texas yesterday (11/18/2020) issued a Temporary Restraining Order in preparation for a  habeas hearing scheduled for December 3, 2020.

Please note that a deportation would cause great harm to Ms. Bowman and the government's detention and deportation of US citizens is of great interest to the public, as evidenced in extensive national media coverage of my research on this, in cluding this recent article about Ms. Bowman in The Intercept that quotes my analysis and research.  "ICE Medical Misconduct Witness Slated for Deportation Is a U.S. Citizen, Says Lawyer," https://theintercept.com/2020/11/02/ice-medical-misconduct-us-citizen-deportation/

Please also see: http://www.npr.org/sections/thetwo-way/2016/12/22/504031635/you-say-you-re-an-american-but-what-if-you-had-to-prove-it-or-be-deported.   My research on this topic has been reported in The New Yorker, The New York Times, NPR and numerous other national and local media outlets.  You can find more links to these articles here:  http://buffett.northwestern.edu/programs/deportationresearch/us_citizens_detained/index.html.

As I will be using this information for my research, teaching, and journalism along the lines indicated above, and will receive no financial compensation I am requesting a fee waiver.

I am attaching Ms. Bowman's privacy waiver authorizing release of this information to me under the Freedom of Information/Privacy Act.  Please note that this also includes her certification of her identity.

I am also attaching proof of death for Ms. Bowman's father, proof that he has no privacy interests in documents about him under the control of USCIS.

Many thanks for your assistance with this request.  If you have any questions, please feel free to contact me here or by phone at 847-467-2093.

Thank you,
Jacqueline Stevens

Professor
Political Science and Legal Studies
Northwestern University
Director

Deportation Research Clinic
Buffett Institute for Global Affairs
http://buffett.northwestern.edu/programs/deportationresearch
Citizenship In Question (Duke U.P. 2017), Open Source PDF
http://www.oapen.org/search?identifier=625272

office phone: 847-467-2093
mail
601 University Place
Political Science Department
Evanston, IL  60208
http://jacquelinestevens.org
http://stateswithoutnations.blogspot.com

# EXHIBIT 8

From:  Jacqueline Stevens
Sent:   15 September 2022 02:52
To:      FOIA, USCIS
Subject:USCIS FOIA operations

To Whom It May Concern,
I write under the Freedom of Information Act to request the following:

 All communications about between USCIS employees to employees of private firms responsible for
managing any productions of information responsive to requests under the Freedom of Information Act
about the following:

(1) Delays, errors, mismanagement, complaints, case management protocols, Jacqueline (Jackie)
Stevens, American Immigration Council (AIC), lawsuits, sub-contractors, call center evaluations,
Inspector General investigations, automatic lockouts from accounts, password protection for USCIS
FOIA requester accounts, and staffing.  I am requesting keyword searches of email accounts and cloud
platforms likely to have responsive information using wildcat searchs for the following: "delay"
"error," "complaint," "protocols" "problems" "JS" "Stevens" "AIC" "American Immigration Council"
"lawsuits" "contracts" "call centers" "investigation," "optics," "misrepresent," and "fail," "locked out."

(2)  Changes in protocols for FOIA requester information, from individuals answer phone calls to
entirely automated system.  I am requesting all memorandums, advisals, contracts, communications,
and other information on which USCIS relied for making it impossible at present to obtain real-time
information about errors in digital platforms, correspondence, and software failures through calling the
phone number USCIS makes available, ostensibly for this purpose.

Locations likely to have responsive information include but are not limited to contracts and addenda,
cost statements itemizing expenditures and work performed as required by contracts, email, data fields
on cloud platforms, text messages, and hand-written notes in personal files of contract officials and
auditors, as well as communications from USCIS FOIA officials about contract performance of private
vendors.

Offices likely to have individuals with information on responsive documents are the General Counsel,
Office of Performance and Quality, Management Directorate,  Service Center Operations Directorate,
Immigration Records and Identity Services Directorate, Office of Policy and Strategy,  Office of
Privacy.
Linda Davis, Public Liaison, Customer and Support Team, FOIA National Records Center, also is
likely to have responsive information.

I am also requesting all handbooks, manuals, and instructions in any form on which FOIA officers rely
for responding to requests.  This includes but is not limited to those produced by contractors.

The time frame of this request is 2012 through the present.

I am an educator, blogger, and journalists and am not requesting this information for commercial gain.
My research on government misconduct has been widely reported, including in the New Yorker, New
York Times, and NPR.   The American Bar Association Journal also profiled the contributions of  my
research to several class action lawsuits against private prisons.  These articles are available here:
https://deportation-research.buffett.northwestern.edu/news/index.html.

Thank you for your assistance.  If you have any questions, I may be reached at 847-467-2093.

Jacqueline Stevens
Professor
Political Science
601 University Hall
Evanston, IL 60208

Founding Faculty Director
Northwestern University

EXHIBIT 9

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*National Records Center*
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship
and Immigration
Services**

**COW2022004567**

November 7, 2022

Jacqueline Stevens
601 University Hall
Evanston, IL 60208

Dear Jacqueline Stevens:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office on September 14, 2022 relating to USCIS FOIA processing. You requested the following information from 2012 through the present.

All communications about between USCIS employees to employees of private firms responsible for managing any productions of information responsive to requests under the Freedom of Information Act about the following:

1. Delays, errors, mismanagement, complaints, case management protocols, Jacqueline (Jackie) Stevens, American Immigration Council (AIC), lawsuits, sub-contractors, call center evaluations, Inspector General investigations, automatic lockouts from accounts, password protection for USCIS FOIA requester accounts, and staffing.

Wildcat searches for the following: "delay", "error", "complaint", "protocols", "problems", "JS", "Stevens", "AIC", "American Immigration Council", "lawsuits", "contracts", "call centers", "investigation", "optics", "misrepresent", "fail" and "locked out."

2. Changes in protocols for FOIA requester information, from individuals answer phone calls to entirely automated system. I am requesting all memorandums, advisals, contracts, communications, and other information on which USCIS relied for making it impossible at present to obtain real-time information about errors in digital platforms, correspondence, and software failures through calling the phone number USCIS makes available, ostensibly for this purpose.

You also requested all handbooks, manuals, and instructions in any form on which FOIA officers rely for responding to requests. This includes but is not limited to those produced by contractors.

After assessing your request, and consistent with 6 C.F.R. § 5.3(b), USCIS FOIA determined your request did not describe the records sought in sufficient detail to enable our personnel to locate such records with a reasonable amount of effort.

On September 22, 2022, USCIS FOIA, in accordance with 6 C.F.R. § 5.3(c), issued a letter which sought clarification from you regarding the records you requested. Specifically, USCIS FOIA requested that you provide the necessary information to conduct a reasonable search.

Your request for all communications between USCIS employees and firms managing the production of FOIA information using a listing of 17 wildcat search terms since 2012 is too overly broad to allow USCIS to conduct a reasonable search.

The management of USCIS' FOIA processing systems since 2012 has been conducted by numerous past and present USCIS employees at all management levels as well as several different contractors/subcontractors. In order to conduct such a search USCIS would be required to attempt to

COW2022004567
Page 2

locate any past or present USCIS employees who may have communicated with relevant contractors/sub-contractors. Additionally, USCIS would be required to locate all past and present contractors/sub-contractors who were responsible for maintaining USCIS' FOIA processing systems in order to determine which individuals' profiles should be searched. Conducting such a wide ranging search for any responsive communications over a 10 year time frame is not reasonable and would be an undue burden on the agency.

The 17 search terms you provided contains terms that are used extensively in daily communications between USCIS and relevant contractors/sub-contractors during the normal course of business. Conducting a search based on the 17 search terms would likely include every communication between USCIS and relevant contractors/sub-contractors over a 10 year time frame. Such a search is not reasonable and would be an undue burden on the agency.

In order for USCIS to conduct a reasonable search, USCIS requested you provide additional information and/or narrow the scope of your request. This may include, but not limited to, narrowing the time frame of your request; focusing your request on a specific issue; providing specific USCIS employees or duty positions who may have records; or any other information that may allow USCIS to conduct a reasonable search.

Additionally, your request for all handbooks, manuals, and instructions in any form on which FOIA officers rely for responding to requests over a 10 year time frame is also overly broad and is not reasonable. USCIS is unable to conduct a reasonable search for "instructions in any form". Also, searching an agency for any handbooks, manuals, and instructions over a 10 year time frame would be an undue burden on the agency as it would require a physical search, an electronic search for any responsive records on USCIS networks as well as with the Department of Homeland Security and Department of Justice for any FOIA guidance used by USCIS FOIA officers. USCIS would also be required to conduct an electronic search of all past and present employees of the USCIS FOIA Office.

USCIS suggested you provide additional information to allow for a reasonable search, to include but not limited to, narrowing the time frame of your request such as limited to only current guidance; define or narrow "instructions in any form"; eliminate common words from search terms or any other information that may allow USCIS to conduct a reasonable search.

In the letter, USCIS FOIA requested a response postmarked or received by electronic mail or fax within 30 working days from the date of the letter in order to proceed with your FOIA request.

Over 30 working days have passed. As of today's date, USCIS FOIA has yet to receive a response. Accordingly, this office is administratively closing your request pursuant to 6 C.F.R. § 5.3(c). This administrative closure does not prejudice your ability to submit a new FOIA request.

You have the right to file an administrative appeal within 90 days of the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. You may file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our FOIA Public Liaison for assistance at:

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO  64064-8010

COW2022004567
Page 3


E-Mail: FOIAPAQuestions@uscis.dhs.gov

A FOIA Public Liaison is an agency official to whom FOIA requesters can raise concerns about the service the requester has received from the agency's FOIA Office. FOIA Public Liaisons are responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes.

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal Agencies. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
Telephone: (202) 741-5770 or (877) 684-6448
Email: OGIS@nara.gov
Website: ogis.archives.gov


Sincerely,

Cynthia Munita
Director, FOIA Operations

# EXHIBIT 10

**RE: USCIS FOIA - Case status change**

## FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>

Wed 3/10/2021 10:06 AM

To: Jacqueline Stevens <jacqueline-stevens@northwestern.edu>

I have searched our system using your name for any potential FOIA requests that might have been registered for digital release via a FIRST account. Of the most recent requests, all were mailed on CD. The most recent request I was able to locate in our system was NRC2020171187 which was mailed on CD to you on February 21,2021.

At this time, I am unable to determine why you received the email or what request the email you received would be in relation to. We apologize for any confusion but it appears all A file related FOIA requests have been responded to with a CD mailed via the US Postal Service.

At this time, all FOIA requests located under your name have been responded to. If you wish to attach a PDF copy of the email you received, we may be able to offer further assistance. If you have done this previously, I apologize in advance. In following the lengthy email chain, it appears only a portion copied and pasted into the chain is now available.

We do not have contact information, other than what may be publicly available, for any other agency within the US Government.


Sandy Kendall
Government Information Specialist
FOIA Operations
National Records Center

-----Original Message-----
From: Jacqueline Stevens <jacqueline-stevens@northwestern.edu>
Sent: Tuesday, March 09, 2021 5:32 PM
To: FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>
Subject: Re: USCIS FOIA - Case status change

CAUTION: This email originated from outside of the Federal Government. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact the USCIS Security Operations Center with questions or click the "Report Suspicious Email" button to report it as a phishing attempt.


Hi there,
If you could just send as an attachment to this email address whatever you have I would appreciate it.  Other agencies do this all the time.
Also, to clarify, I do not recall stating that the email was for any other account.
I stated that I did not recall any password for this email tied to a USCIS account, and that when I tried the reset using this email address I was asked questions for the reset that were impossible to answer (the place I met my spouse -- I am not married) and blocked out of accessing the account and that no one at the phone number I was instructed to call for assistance has to date actually assisted me.

Also, I received a CD from USCIS for a FOIA I requested via the USCIS email address last week in the mail. If you will not send me documents by email can you please send them by snail mail?

Thank you,

Jackie

PS I get that you are confronting what appear to be technical limits in your access to databases. Your supervisor needs to figure out these problems. The fact that requesters cannot access their responsive records-- the entire point of the FOIA -- needs to be flagged as a major failing on the part of whatever contractor is handling all this; they should be penalized appropriately.

_____

From: FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>
Sent: Tuesday, March 9, 2021 4:43 PM
To: Jacqueline Stevens
Subject: RE: USCIS FOIA - Case status change

We are trying to assist you with the issues you are experiencing.

You stated the notice was sent to an email different from the one you have associated with your online account. I requested this email to conduct further research but it was not provided.

Until we obtain the requested additional information, this office would be unable to assist you further.

Sandy Kendall
Government Information Specialist
FOIA Operations
National Records Center

-----Original Message-----
From: Jacqueline Stevens <jacqueline-stevens@northwestern.edu>
Sent: Tuesday, March 09, 2021 4:40 PM
To: FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>
Subject: Re: USCIS FOIA - Case status change

CAUTION: This email originated from outside of the Federal Government. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact the USCIS Security Operations Center with questions or click the "Report Suspicious Email" button to report it as a phishing attempt.


Your office is in charge of FOIA responses. If requestors cannot physcially access these responses that is clearly the responsibility of your office.

_____

From: FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>
Sent: Tuesday, March 9, 2021 4:29 PM
To: Jacqueline Stevens
Subject: RE: USCIS FOIA - Case status change

Since FIRST and MyUSCIS are accessed from the same login screen this is why we refer

you to others if you are having password or security question issues as the National Records Center does not have access to this information.

We apologize if it seems we are not trying to assist you but the issues you appear to be experiencing our beyond our control.

Please provide the email address the original notification was sent to and we will attempt to locate the request and search for a resolution to the problem.


Sandy Kendall
Government Information Specialist
FOIA Operations
National Records Center

-----Original Message-----
From: Jacqueline Stevens <jacqueline-stevens@northwestern.edu>
Sent: Tuesday, March 09, 2021 3:59 PM
To: FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>
Subject: Re: USCIS FOIA - Case status change

CAUTION: This email originated from outside of the Federal Government. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact the USCIS Security Operations Center with questions or click the "Report Suspicious Email" button to report it as a phishing attempt.


Please see attached information from USCIS stating to contact this email address for problems accessing my FOIA records.
I am preparing for litigation.  I have previously received thousands of pages of documents in the wake of five other FOIA lawsuits for over 40 FOIA cases; my attorneys have been awarded substantial fees.
This is clearly not an expenditure in the interests of justice or the US taxpayers.


_____
From: FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>
Sent: Monday, March 8, 2021 12:35 PM
To: Jacqueline Stevens
Subject: RE: USCIS FOIA - Case status change

When accessing your online account, be sure you are using the same email address used to create the account.  You will need to access your account via first.uscis.gov or myaccount.uscis.gov .

We have no control over your FIRST account https://urldefense.com/v3/__https: //first.uscis.gov /*__;Iw!!Dq0X2DkFhyF93HkjWTBQKhk!HC4NeCcmGr1nzlBWFrufqKm5ZABylWfvib3cUZgIf v91G2Rk6pTcBljNnwAI3c2ucM0ACMX50pUXhAM$  when it pertains to your set up, passwords and security questions.

If you need information about MYUSCIS, a petition or application in process you will need to contact USCIS https://urldefense.com/v3/__https://www.uscis.gov

/__;!!Dq0X2DkFhyF93HkjWTBQKhk!HC4NeCcmGr1nzlBWFrufqKm5ZABylWfvib3cUZgIfv91
G2Rk6pTcBljNnwAI3c2ucM0ACMX5g5J-8DA$   or   https://urldefense.com/v3/__https:
//my.uscis.gov
/__;!!Dq0X2DkFhyF93HkjWTBQKhk!HC4NeCcmGr1nzlBWFrufqKm5ZABylWfvib3cUZgIfv91
G2Rk6pTcBljNnwAI3c2ucM0ACMX5WCC8O5A$   .

At this time this office can provide no further assistance without NRC control numbers or
more detailed information regarding your FOIA requests.

Sandy Kendall
Government Information Specialist
FOIA Operations
National Records Center

-----Original Message-----
From: Jacqueline Stevens <jacqueline-stevens@northwestern.edu>
Sent: Friday, March 05, 2021 2:12 PM
To: FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>
Subject: Re: USCIS FOIA - Case status change

CAUTION: This email originated from outside of the Federal Government. DO NOT click
links or open attachments unless you recognize and/or trust the sender. Contact the
USCIS Security Operations Center with questions or click the "Report Suspicious Email"
button to report it as a phishing attempt.


I just tried the phone number.  It is an automated system and no one answers.  It refers
me to the website.  There is no information on how to access an account.
Please give me immediate access to all of my files responsive to my legal requests.
This is clearly a violation of the APA and the FOIA.

_____
From: FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>
Sent: Wednesday, March 3, 2021 12:02 PM
To: Jacqueline Stevens
Subject: RE: USCIS FOIA - Case status change

Good morning,

At this time our automated system to notify requesters that their digital request is
complete does not state the control number for the FOIA request that the email is tied
to. We realize this is inconvenient to requesters who have a high volume of FOIA
requests and it is something that we are looking at to rectify.

For issues related with your online account, please call the USCIS Contact Center at
1-800-375-5283.

Russell Bronson
Government Information Specialist
FOIA Operations
National Records Center
Immigration Records and Identity Services U.S. Citizenship and Immigration Services

-----Original Message-----
From: Jacqueline Stevens <jacqueline-stevens@northwestern.edu>
Sent: Monday, March 01, 2021 4:04 PM
To: FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>
Subject: Re: USCIS FOIA - Case status change

CAUTION: This email originated from outside of the Federal Government. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact the USCIS Security Operations Center with questions or click the "Report Suspicious Email" button to report it as a phishing attempt.


You disregarded my message indicating I cannot access any account associated with the email address to which you sent this notice.  Please note that one of the access questions asked the city where I met my spouse.  I do not have a spouse.
Will you please identify yourself and whether you are paid by the federal govt. or a contractor.
I am preparing another FOIA lawsuit and I would like to add this to the "patterns and practices" of USCIS systematic failure to comply with the FOIA statute.
Any assistance accessing documents USCIS is associating with this email address would be appreciated.
Thank you,
Jackie


_____
From: FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>
Sent: Monday, March 1, 2021 3:39 PM
To: Jacqueline Stevens
Subject: RE: USCIS FOIA - Case status change

If you can send us a list of your requests we can look them up and see which ones have been processes, or use the instructions below and it should allow you to see all requests that have processed.

The documents related to this request have been digitally released.  To view the Document Library, click on the down arrow next to the gear icon.  The documents can be downloaded by selecting the arrow icon or printed using the printer icon.  Please note Adobe Acrobat Reader is required to view the documents. I have attached instructions for you to reference when using our Digital Release system.  Our system archives every 90 days so you will need to expand the date search range to allow all your requests populate onto your FIRST account.  Please use a search range of 01/01/2019 through todays date and you will see all your registered requests.

Thank You,
FOIA/USCIS/DHS
AC


-----Original Message-----

From: Jacqueline Stevens <jacqueline-stevens@northwestern.edu>
Sent: Monday, March 01, 2021 3:06 PM
To: FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>
Subject: Fw: USCIS FOIA - Case status change

CAUTION: This email originated from outside of the Federal Government. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact the USCIS Security Operations Center with questions or click the "Report Suspicious Email" button to report it as a phishing attempt.


One more question:
Can you please sign the email and also indicate if you are employed by USCIS or General Dynamics.
Thank you,
Jackie


_____
From: Jacqueline Stevens <jacqueline-stevens@northwestern.edu>
Sent: Monday, March 1, 2021 3:04 PM
To: FOIAPAQuestions
Subject: Re: USCIS FOIA - Case status change

I cannot access anything because I did not use this interface for the request.
I tried using "password reset" but it asked me security questions I did not recognize, could not answer, and I do not believe I ever filled out.
Please note that I have never been asked to access documents this way and recently received documents from USCIS by CD rom.
I have no idea why this unlawful obstrcution to responsive records is occuring.


_____
From: FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>
Sent: Monday, March 1, 2021 2:34 PM
To: Jacqueline Stevens
Subject: RE: USCIS FOIA - Case status change

We are unable to say.

Thank You,
FOIA/USCIS/DHS
AC


-----Original Message-----
From: Jacqueline Stevens <jacqueline-stevens@northwestern.edu>
Sent: Monday, March 01, 2021 12:51 PM
To: FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>
Subject: Re: USCIS FOIA - Case status change

CAUTION: This email originated from outside of the Federal Government. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact the

USCIS Security Operations Center with questions or click the "Report Suspicious Email" button to report it as a phishing attempt.


I make dozens of requests.  That is why I am asking which one this is.

_____
From: FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>
Sent: Monday, March 1, 2021 12:31 PM
To: Jacqueline Stevens
Subject: RE: USCIS FOIA - Case status change

We cannot say what the Control Number is.


Please provide the subject's first and last name (as listed on request), date of birth, alien number and control number so that we can look up your information in our system.


Thank You,
FOIA/USCIS/DHS
AC


-----Original Message-----
From: Jacqueline Stevens <jacqueline-stevens@northwestern.edu>
Sent: Monday, March 01, 2021 8:37 AM
To: FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>
Cc: Caleb Page Young <CalebYoung2022@u.northwestern.edu>
Subject: Re: USCIS FOIA - Case status change

CAUTION: This email originated from outside of the Federal Government. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact the USCIS Security Operations Center with questions or click the "Report Suspicious Email" button to report it as a phishing attempt.


This is not responsive to my question.
This response and protocols violate the Administative Procedure Act.
I need to know the actual case number you are claiming is tied to this email.
Thank you,
Jackie Stevens

_____
From: FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>
Sent: Monday, March 1, 2021 8:14 AM
To: Jacqueline Stevens
Subject: RE: USCIS FOIA - Case status change

        The documents related to this request have been digitally released.  To view the Document Library, click on the down arrow next to the gear icon.  The documents can be downloaded by selecting the arrow icon or printed using the printer icon.  Please note Adobe Acrobat Reader is required to view the documents. I have attached instructions

for you to reference when using our Digital Release system. Our system archives every 90 days so you will need to expand the date search range to allow all your requests populate onto your FIRST account. Please use a search range of 01/01/2019 through todays date and you will see all your registered requests.

Thank You,
FOIA/USCIS/DHS
AC


-----Original Message-----
From: Jacqueline Stevens <jacqueline-stevens@northwestern.edu>
Sent: Friday, February 26, 2021 12:54 PM
To: FOIAPAQuestions <foiapaquestions@uscis.dhs.gov>
Subject: Fw: USCIS FOIA - Case status change

CAUTION: This email originated from outside of the Federal Government. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact the USCIS Security Operations Center with questions or click the "Report Suspicious Email" button to report it as a phishing attempt.


I have no idea to what this email refers. I file numerous FOIA requests via email. What is the case number?

_____
From: no-reply-foia@uscis.dhs.gov <no-reply-foia@uscis.dhs.gov>
Sent: Friday, February 26, 2021 12:50 PM
To: Jacqueline Stevens
Subject: USCIS FOIA - Case status change

Jacqueline Stevens,

Your USCIS FOIA/PA request has been processed and has been electronically delivered to the myUSCIS account you created.
Please log into your account at https://urldefense.com/v3/__https:
//first.uscis.gov__;!!Dq0X2DkFhyF93HkjWTBQKhk!DzuU6Mw4wsBRbbui2LY3BitCmiNGFm
A5SgIy2vvtMdyW18lEpIh17YplMsOpd7soyNlyiYVHxBYHHEY$ <https://urldefense.com
/v3/__https:
//first.uscis.gov__;!!Dq0X2DkFhyF93HkjWTBQKhk!CpbMqPNAMB7N3SOSbNQ_8ngutj3R7r
s5iabvLbq03y8V73DafmNfoBenOPKPx9w2Vl4HmGTAKOZYp9k$> to retrieve, view, and download your responsive records.

If you have troubles logging into your account, please call the USCIS Contact Center toll-free at 800-375-5283.
For people who are deaf, hard of hearing or have a speech disability: TTY 800-767-1833.

Thank you,

Jill A. Eggleston
Director, FOIA Operations

THIS RESPONSE HAS BEEN AUTO GENERATED. PLEASE DO NOT REPLY TO THIS MESSAGE.

# EXHIBIT 11

Grounds for Expedited Request

According to 5 USC 552a6(E), a request should be expedited based on a "compelling need," the criteria for which are that:

   (I) that a failure to obtain requested records on an expedited basis under this paragraph could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or

   (II) with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity.

Mr. Charpentier was issued a removal order based on inaccurate information produced by the U.S. government to an immigration judge.  As director of the Deportation Research Clinic, I will be sharing all responsive records with Mr. Charpentier.   He needs the records requested in order to prove his U.S. citizenship.  Unless these are produced immediately, Mr. Charpentier is in danger of being rendered stateless and removed by force to a foreign country where he has has never visited and has no ties.  Thus, the failure of USCIS to produce the requested records on an expedited basis could "reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

In addition, there is enormous public interest in the U.S. government unlawfully detaining and deporting U.S. citizens.  My own research on the patterns and practices of the U.S. government deporting U.S. citizens has been widely covered in the media, including the New Yorker magazine, the New York Times, and NPR, thus satisying (ii) above.

Further, a major news organization has indicated they will be reporting on my findings about the deportation order for Mr. Charpentier.

# DOJ-EOIR FOIA Request # 2022-52897

eoir.foiarequests@usdoj.gov <eoir.foiarequests@usdoj.gov>
Thu 10/6/2022 10:20 AM
To: Jacqueline Stevens <jacqueline-stevens@northwestern.edu>
Re:     2022-52897
        Freedom of Information Act Request for CHARPENTIER, PASCAL

Dear Jacqueline Stevens,

This response acknowledges receipt of your Freedom of Information Act (FOIA) request by the Executive Office for Immigration Review (EOIR) dated 08/18/2022 and received 08/18/2022.  Your request has been assigned control number 2022-52897.  If you made your request by email, mail, or fax, please go to https://foia.eoir.justice.gov/ to register an account in order to receive any documents produced in response to your request.

Note that parties to immigration cases (including respondents and their representatives of record) have the option to request their Record of Proceedings directly from the immigration court or Board of Immigration Appeals. Please see the instructions here: https://www.justice.gov/eoir/ROPrequest.

**Please be advised that due to necessary operational changes as a result of the national emergency concerning the novel coronavirus disease (COVID-19) outbreak, there may be significant delay in the processing of your request. If your request is for a Record of Proceeding (ROP), those records ordinarily reside in individual hard-copy ROP files located in one of the 66 EOIR Immigration Courts or 15 Federal Records Centers' long-term storage facilities geographically located throughout the United States or its territories. Currently, the Immigration Courts and the Federal Records Centers are operating at limited capacity with limited staff and/or are closed due to COVID-19. To check on current operating status for EOIR's Immigration Courts or NARA's Federal Records Centers, please visit https://www.justice.gov/eoir-operational-status and https://www.archives.gov/frc/operating-status.**

If you have filed a fee waiver request, EOIR will address the fee waiver in a separate letter. Most requests for records of proceedings do not require any fees; however, if the fees for processing the request are estimated to exceed $25.00, EOIR will notify you before processing the request to determine whether you will commit to paying the fee or whether you wish to narrow the scope of your request to reduce the fee. Fees may be charged for searching records at the rate of $4.75 (administrative)/$10.00 (professional) per quarter hour, and for duplication of copies at the rate of $.05 per copy. The first 100 copies and two hours of search time are not charged, and charges must exceed $25.00 before we will charge a fee.

The FOIA requires an agency to respond within 20 working days after receipt of the request, and EOIR endeavors to meet this standard.  The FOIA permits a ten-day extension of this time period, pursuant to 5 U.S.C. § 552(a)(6)(B), based on unusual circumstances.  Your request involves "unusual circumstances," and EOIR is extending the time period to respond by an additional 10 working days because your request requires the collection of records from field offices, or involves a search, collection, and review of voluminous records, or requires consultation with another agency or two or more agency components.

EOIR FOIA requests are placed in one of three tracks. Track one is for those requests that seek and receive expedited processing pursuant to subsection (a)(6)(E) of the FOIA. Track two is for simple requests that do not involve voluminous records or lengthy consultations with other entities.  Track

# EXHIBIT 12

three is for complex requests that involve voluminous records and for which lengthy or numerous consultations are required, or those requests that may involve sensitive records.  As a matter of default, your request has been placed in track two for simple requests.  If you have requested expedited processing, EOIR will contact you in a separate letter.

If you have any questions regarding unusual circumstances, you may contact the EOIR FOIA Service Center or FOIA Public Liaison at (703) 605-1297 or EOIR.FOIArequests@usdoj.gov to discuss reformulation or an alternative time frame to process your request, or for any further assistance regarding any aspect of your request. Alternatively, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at (202) 741-5770; toll free at (877) 684-6448; or facsimile at (202) 741-5769.

Sincerely,

FOIA Intake

EXHIBIT 13

PRIVACY AND CONFIDENTIALITY WAIVER

To Whom It May Concern:

My name is PASCAL CHARPENTIER_____ and I was assigned the alien number 020578103_____.

My date of birth is [redacted]_____.    I was born in W. GERMANY_____.

Dr. Jacqueline Stevens has my authorization to obtain all personal information about me
from any private or public agency in the United States and all other countries, including
GERMANY_____ (Native Country).

I hereby waive my right to privacy, and, under the Privacy Act and the Freedom of Information Act, I authorize
all federal and state agencies of the United States to release any and all information relating to me to Professor
Jacqueline Stevens, Department of Political Science, 601 University Place, Northwestern University, Evanston,
IL 60208.

This waiver is in accordance with the rules of Title 5 U.S.C Section 552, and includes but
is not limited to records, recordings, transcripts, email, reports, and employee statements of the Social Security
Administration; Health and Human Services, including but not limited to the Office of Refugee Resettlement;
the Department of Homeland Security and all its agencies, including but not limited to Customs and Border
Protection, Immigration and Customs Enforcement, Citizenship and Immigration Services; the Department of
Justice, including the the Executive Office of Immigration Review; the Federal Bureau of Investigation; the State
Department, including consular officers; and state and local jail and court employees.

Under penalty of perjury, I hereby declare that I am the person described above and understand
that any falsification of this statement is punishable under the provisions of Title 18, United States
Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more
than five years, or both; and that requesting or obtaining any record(s) under false pretenses is
punishable under the provisions of Title 5, U.S.C., Section 552a (iX3) as a misdemeanor and by a
fine of not more than $5,000.

*P. Charpentier*
Signature

PASCAL CHARPENTIER
Printed Name

08/11/2022
Date