UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 5072 |
| v. | ) | |
| | ) | Judge Kennelly |
| UNITED STATES DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ICE'S STATUS REPORT

At the court's request (Dkt. 24), defendant Immigration and Customs Enforcement submits this status report in this Freedom of Information Act case.

1.     Plaintiff Jacqueline Stevens filed this lawsuit on September 16, 2022, alleging that the defendant agencies have violated FOIA.  Dkt, 1.  Stevens also moved for a preliminary injunction with respect to three of the agencies, including ICE.  Dkt. 3.

2.     The court denied the motion with respect to two of the three agencies and took the motion under advisement with respect to ICE.  Dkt. 24.  The court explained during the December 15, 2022, hearing on the injunction motion that it wished to have more information regarding ICE's planned production.

3.     ICE can now report that it has located about 13,640 records that are potentially responsive to Stevens's FOIA request.  Ex. A (Supp. Pineiro Decl.) ¶ 16.  ICE issued its first production of 515 pages of records on December 14, 2022.  *Id*. ¶ 17.  ICE plans to process 500 pages per month and to issue productions on the 15th of each month.  *Id*. ¶ 18.  Based on the number of potentially responsive pages, ICE expects to finish its production by April 2025.  *Id*.

4.     As ICE explained in defendants' November 10, 2022 filing, ICE's FOIA office is

currently processing 3,107 FOA requests, with a backlog of 2,304 requests. Dkt. 16 at Ex. C ¶ 5. The number of FOIA requests that ICE receives each year has increased dramatically since fiscal year 2019, when ICE received about 64,000 requests. Since then, ICE has received over 100,000 FOIA requests in fiscal years 2020, 2021, and 2022. *Id*. ¶ 6.

5.     In addition to the increasing number of FOIA requests, the FOIA requests that ICE receives have also increased in complexity. For example, ICE frequently receives requests with 50-to-60 sub-parts comprising several pages, requesting searches of numerous program offices, and resulting in thousands of pages that must be reviewed and processed. Dkt. 16 at Ex. C ¶ 7.

6.     To address the increasingly heavy workload, ICE has adopted the court-sanctioned practice of addressing FOIA requests on a "first-in, first-out" basis. Dkt. 16 at Ex. C ¶ 8. This ensures fairness to all FOIA requestors by not prioritizing any one request over any other. *Id*. The principle of fairness would be jeopardized if any particular requestor were permitted to "jump the line." *Id*.

7.     ICE's FOIA litigation unit is also currently handling about 65 rolling productions in active FOIA lawsuits. Ex. A (Supp. Pineiro Decl.) ¶ 6. ICE's normal processing rate for these productions is 500 pages per month per case, which results in a monthly review of about 32,500 pages. *Id*. Each paralegal in the unit reviews about 10,800 pages per month. *Id*.

8.     ICE's FOIA litigation unit also drafts, assigns, and tracks all searches for records responsive to requests that have led to FOIA lawsuits. Ex. A (Supp. Pineiro Decl.) ¶ 7. These searches frequently span dozens of ICE's program and field offices and require the unit to keep track of hundreds of thousands of records. *Id*.

9.     ICE's FOIA litigation unit also prepares statistical tracking reports, responds to Congressional inquiries, redacts Prison Rape Elimination Act reports, sends out FOIA Exemption

(b)(4) notices, and manages litigation consultations and referrals from other federal agencies. Ex. A (Supp. Pineiro Decl.) ¶ 8. The unit also creates *Vaughn* indices, reviews declarations, and coordinates on court-ordered status reports. *Id.*

10. To meet all of these obligations, ICE's FOIA office typically cannot process more than 500 pages per month per case. Ex. A (Supp. Pineiro Decl.) ¶ 9. An order directing ICE to increase its production in one particular case will hinder ICE's ability to process records for other FOIA requestors. *Id.* ¶¶ 9-11.

11. A processing rate of 500 pages per month is the fastest practicable rate at which ICE can provide Stevens with her requested documents, and the court should not order ICE to produce at a faster rate. ICE respectfully requests that the court allow it to continue processing 500 pages of potentially responsive records per month in this case.

<div style="margin-left: 40%;">

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Alex Hartzler
    ALEX HARTZLER
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-1390
    alex.hartzler@usdoj.gov

</div>

# Exhibit A

1
2
3
4
5
6            UNITED STATES DISTRICT COURT
7
8        FOR THE NORTHERN DISTRICT OF ILLINOIS
9            EASTERN DIVISION
10

11  JACQUELINE STEVENS,

12          Plaintiff,              CASE NUMBER: 1:22-cv-05072

13          v.

14                                  ASSIGNED JUDGE: Matthew F.
                                    Kennelly
15  UNITED STATES DEPARTMENT
    OF HEALTH AND HUMAN
16  SERVICES; UNITED STATES
    DEPARTMENT OF HOMELAND          DESIGNATED MAGISTRATE
17  SECURITY; CUSTOMS AND           JUDGE: Cummings
    BORDER PROTECTION;
18  IMMIGRATION AND CUSTOMS
    ENFORCEMENT; CITIZENSHIP
19  AND IMMIGRATION SERVICESS;      **SUPPLMENTAL DECLARATION
    UNITED STATES DEPARTMENT        OF FERNANDO PINEIRO**
20  OF JUSTICE; EXECUTIVE OFFICE
    OF IMMIGRATION REVIEW,
21
            Defendants.
22

23
24
25
26
27
28
            1

## SUPPLEMENTAL DECLARATION OF FERNANDO PINEIRO

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the FOIA Director of the U.S. Immigration and Customs Enforcement ("ICE") Freedom of Information Act Office (the "ICE FOIA Office"). The ICE FOIA Office is responsible for processing and responding to all Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE. I have held this position since August 14, 2022, and I am the ICE official immediately responsible for supervising ICE responses to requests for records under the Freedom of Information Act, 5 U.S.C § 552 (the FOIA), the Privacy Act, 5 U.S.C. § 552a (the Privacy Act), and other applicable records access statutes and regulations. Prior to this position, I was the Deputy FOIA Officer of the ICE FOIA Office from December 29, 2013, to August 13, 2022, and prior to that I was the FOIA Officer for three years at the Office for Civil Rights and Civil Liberties ("CRCL") at the U.S. Department of Homeland Security ("DHS"). The ICE FOIA office mailing address is 500 12th Street, S.W., STOP 5009, Washington, D.C. 20536-5009.

2. As the FOIA Director my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office regarding the processing of FOIA, 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE. In connection with my official duties and responsibilities, I am familiar with ICE's procedures for responding to requests for information pursuant to the FOIA and the Privacy Act.

3. In that respect, I am familiar with ICE's processing of the FOIA request ("Request") dated August 18, 2022, Jacqueline Stevens ("Plaintiff") submitted to ICE, which is subject of this litigation.

1

4. This declaration supplements and incorporates by reference by previous declaration dated November 10, 2022, named "Declaration of Fernando Pineiro." I make this declaration in my official capacity in support of Defendant ICE's response to Plaintiff's Motion Preliminary Injunction for expedited production of records in the above-captioned action. I make this declaration in my official capacity based on my personal knowledge, my review of records kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties

## CURRENT WORKLOAD OF THE ICE FOIA LITIGATION PROCESSING UNIT

5. The increasing complexity and volume of ICE FOIA's workload and backlog (see paragraphs 5-8 of the November 10, 2022 Declaration of Fernando Pineiro) creates the potential that some FOIA requests could become subject to litigation in U.S. District Court.

6. The ICE FOIA Litigation Processing Unit's workload has increased such that it is currently processing approximately 161 active FOIA litigations as of the date of this declaration and of which approximately 65 have rolling productions. ICE's normal processing rate for cases in litigation is 500 pages per month or 7.5 minutes of media files, per case. This yields a monthly litigation review of approximately 32,500 pages and an average of 13,500 pages released every month. Based on this workload, each paralegal reviews approximately 10,800 pages per month.

7. The ICE FOIA Litigation Processing Unit also drafts, assigns, and tracks any and all searches for responsive documents concerning FOIA litigations. The FOIA litigation search taskings frequently span dozens of ICE program and field offices and require the Unit to keep track of hundreds of thousands of

2

responsive records, as well as the documentation from searches of the program offices and field offices.

8. The ICE FOIA Litigation Processing Unit has collateral duties, in addition to processing documents pursuant to litigation. For example, the processing unit prepares various reports for statistical tracking, responds to Congressional inquiries and requests for records, redacts Prison Rape Elimination Act reports, sends out FOIA Exemption (b)(4) submitter notices, and manages litigation consults and referrals from other agencies. Additionally, the processing unit supports attorneys in the ICE Office of the Principal Legal Advisor with federal FOIA litigation, by assisting in the creation of *Vaughn* indexes, reviewing declarations, and coordinating on joint status reports to the court. These collateral duties are within the scope of the FOIA and are required.

9. To meet its obligations for all cases in litigation by ensuring that all of the FOIA matters progress, and each requester receives a response, the ICE FOIA Office typically cannot process more than 500 pages or 7.5 minutes of media files per month per case. Any increase in production for one case will inevitably hinder ICE FOIA's ability to process records for production in other matters.

10. Moreover, the ICE FOIA Office typically cannot *produce* a set number of pages per month. Depending on the volume of records located in the search tasking phase of the administrative stage and/or FOIA litigation, if the Court would order ICE FOIA to *produce rather than a review/process* a certain number of pages per month, it is entirely plausible that the processors would have to review hundreds, or even thousands, of additional pages on top of the 500 pages that are attainable, in order to get to the requisite *production* number. ICE FOIA is incapable of achieving this outcome based on finite resources competing priorities, litigation and non-litigation deadlines, and the sheer volume of overall work.

11. Due to the FOIA Office's limited resources, requiring ICE to process significantly more pages per month in this case, would divert resources to Plaintiff's FOIA requests at the expense of other FOIA requesters. ICE respectfully requests that the Court issue a scheduling order that is consistent with the approach outlined above.

**PROGRESS ON THE INSTANT CASE**

12. On November 2, 2022, ICE had tasked Homeland Security Investigations ("HSI"), Enforcement and Removal Operations ("ERO") and the Office of the Principal Legal Advisor ("OPLA") to search for potentially responsive records in response to Plaintiff's FOIA request.

13. On November 10, 2022, HSI completed its search for potentially responsive records and found no responsive records.

14. On November 10, 2022, ERO completed its search for potentially responsive records and returned the records to the ICE FOIA Office for review and processing.

15. On November 10, 2022, OPLA completed its search for potentially responsive records and returned the records to the ICE FOIA Office for review and processing.

16. In total, ICE located approximately a total of 13,640 potentially responsive records.

17. On December 14, 2022, ICE made its first interim release of 515 pages to the Plaintiff.

18. ICE plans on processing 500 pages per month, making productions on the 15th of each month. Based on the total page count, ICE expects the last production to be made on or before April 14, 2025.

4

19. ICE respectfully requests that the Court issue a scheduling order that is consistent with the approach outlined above.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Executed on December 29, 2022, at Washington, D.C.

FERNANDO PINEIRO JR
Digitally signed by FERNANDO PINEIRO JR
Date: 2022.12.29 10:14:47 -05'00'

Fernando Pineiro, FOIA Director
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

5