UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 22 C 5072 |
| v. ) | |
| ) | Judge Kennelly |
| UNITED STATES DEPARTMENT OF ) | |
| HEALTH AND HUMAN SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM IN SUPPORT OF EOIR'S MOTION FOR SUMMARY JUDGMENT**

### Introduction

Plaintiff Jacqueline Stevens has sued for the release of government records under the Freedom of Information Act, 5 U.S.C. § 552. She says that several federal agencies or components have improperly withheld records in response to 13 of her FOIA requests. One of those agencies, the Executive Office of Immigration Review, is entitled to summary judgment, because it has provided Stevens with the records she requested.

### Background

**I. EOIR and FOIA**

EOIR is responsible for conducting immigration court proceedings, appellate reviews, and administrative hearings. DSOF ¶ 5. It consists of three components: (1) the Office of the Chief Immigration Judge, which is responsible for managing the numerous immigration courts throughout the United States, where immigration judges adjudicate individual cases; (2) the Board of Immigration Appeals, which primarily conducts appellate reviews of immigration judges' decisions; and (3) the Office of the Chief Administrative Hearing Officer, which adjudicates immigration-related employment cases. DSOF ¶ 6.

Requests for records of immigration proceedings comprise over 95% of the FOIA requests that EOIR receives. DSOF ¶ 20. When EOIR's FOIA office receives a request for a record of proceedings, office personnel identify the record's location by entering the "alien" registration number, the person at issue's name, or both into a database called "Case Access System for EOIR," also known as CASE. DSOF ¶ 8. CASE is the electronic case manager for EOIR's immigration courts, Board of Immigration Appeals, and staff. DSOF ¶ 9.

Once located, if the record of proceedings is a hard-copy file, it must be individually ordered from: (1) one or more of the 15 National Archives' Federal Records Centers, which are long-term storage facilities located throughout the United States; (2) one of 72 immigration courts or immigration adjudication centers; or (3) EOIR headquarters, if the record resides with the Board of Immigration Appeals. DSOF ¶ 10.

Once EOIR's FOIA office receives the record of proceedings, the office sends the record to an off-site contractor for scanning. DSOF ¶ 13. EOIR instituted scanning by an off-site contractor due to the huge volume of FOIA requests that EOIR receives each year, which is more than all other Department of Justice components combined. DSOF ¶ 14.

Due to the large volume of incoming records, significant delays can occur by the time the record is received by EOIR's FOIA office and the time it is sent to the requester. DSOF ¶ 18. EOIR's FOIA office generally handles records of proceedings on a "first in, first out" basis, unless the request has been granted expedited processing. DSOF ¶ 19. Requests that have been granted expedited processing are handled on a "first in, first out" basis with the other requests that have also been granted expedited processing. *Id*.

## II. This Lawsuit

Stevens filed this lawsuit in September 2022, alleging that several federal agencies or components have improperly withheld records in response to 13 of her FOIA requests. Dkt. 1

2

(Complaint) ¶¶ 20, 25, 29, 36, 41, 47, 54, 71, 75, 81, 86, 93, 97.  The agencies are: (1) Department of Health and Human Services, or HHS; (2) Department of Homeland Security, or DHS; (3) Customs and Border Protection, or CBP; (4) Immigration and Customs Enforcement, or ICE; (5) U.S. Citizenship and Immigration Services, or USCIS; and (6) Executive Office for Immigration Review, or EOIR.  *Id*.  (The Department of Justice is also named as a defendant, but only because EOIR is one of its components.)  Stevens alleges that the agencies did not process her FOIA requests.  *Id.* ¶ 1.

Stevens also moved for a preliminary injunction against three of the agencies: USCIS, EOIR, and ICE.  Dkt. 3.  The court denied the motion with respect to USCIS and EOIR but granted the motion in part with respect to ICE.  Dkt. 24, 34, 36.  The court also granted summary judgment to USCIS on the ground that Stevens failed to exhaust her administrative remedies before filing suit.  Dkt. 34 at 11.

**Argument**

EOIR is entitled to summary judgment in its favor.  As explained below, the agency produced the records Stevens requested, did not withhold any material from its productions, and its interpretation of Stevens's requests was reasonable.

Summary judgment is proper when "there is no genuine issue as to any material fact" and the movant "is entitled to judgment as a matter of law."  *Stevens v. DHS*, 2014 WL 5796429, *4 (N.D. Ill. Nov. 4, 2014) (citing Fed. R. Civ. P. 56(a)).  FOIA cases are typically resolved on summary judgment because they often hinge on whether an agency's undisputed actions violated FOIA.  *E.g.*, *Bassiouni v. CIA*, 2004 WL 1125919, *2 (N.D. Ill. Mar. 31, 2004).  The court's review is limited to whether the agency (1) improperly (2) withheld (3) agency records.  *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (judicial authority requires violation of all three components).  A FOIA defendant's motion should be granted if it provides

3

the court with declarations or other evidence showing that it conducted an adequate search for records and that any responsive records were produced or are exempt from disclosure. *E.g.*, *Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994).

## I. Production of Stevens's Requested Records

In response to Stevens's five FOIA requests, EOIR produced the records that Stevens requested.

### A. July 2020 Rubin Request

Stevens submitted a FOIA request to EOIR in July 2020 seeking the records that EOIR had released to a person named Joel Rubin in FOIA case number 2017-22261. DSOF ¶ 22. That same month, EOIR produced to Stevens the six pages that it had released in response to that FOIA request. DSOF ¶ 24.

### B. June 2021 Silvestre Request

Stevens submitted a FOIA request to EOIR in June 2021 seeking records related to a person named Miguel Silvestre. DSOF ¶ 25. EOIR interpreted the request to be a request for Silvestre's record of proceedings. DSOF ¶ 26. Because Silvestre had had two immigration proceedings—one with an immigration court in Florence, Arizona, and another with an immigration court in Phoenix—EOIR's FOIA office requested the records of proceedings from both courts. DSOF ¶ 27. EOIR's FOIA office received the first record of proceedings in September 2021 and received the second record of proceedings in September 2022. DSOF ¶ 28. EOIR produced the records—consisting of 24 pages each—to Stevens in October 2022. DSOF ¶ 29.

### C. August 2021 Archie Request

Stevens submitted a FOIA request to EOIR in August 2021 seeking records related to a person named Christopher Archie. DSOF ¶ 30. EOIR interpreted the request to be a request for Archie's record of proceedings. DSOF ¶ 31. EOIR's FOIA office requested the record of

4

proceedings from the immigration court in Miami in September 2021 and received it in December 2021. DSOF ¶¶ 32-33. EOIR produced the record—consisting of 54 pages and two audio files—to Stevens in October 2022. DSOF ¶ 35.

### D. March 2022 Hoang Request

Stevens submitted a FOIA request to EOIR in March 2022 seeking records related to a person named Toan Hoang. DSOF ¶ 36. EOIR interpreted the request to be a request for Hoang's record of proceedings. DSOF ¶ 37. Hoang's record of proceedings had previously been the subject of a FOIA request that had been submitted in November 2021. DSOF ¶ 38. In response to that earlier FOIA request, EOIR's FOIA office had requested Hoang's record of proceedings and had received it in January 2022. DSOF ¶ 39. EOIR produced the record—consisting of 38 pages and one audio file—to Stevens in October 2022. DSOF ¶ 40.

### E. August 2022 Charpentier Request

Stevens submitted a FOIA request to EOIR in August 2022 seeking records regarding a person named Pascal Charpentier. DSOF ¶ 41. EOIR interpreted the request to be a request for Charpentier's record of proceedings. DSOF ¶ 43. Stevens requested expedited processing, and EOIR granted that request on October 6, 2022. DSOF ¶¶ 42-43. EOIR sent Stevens an interim response on October 11, providing access to twelve responsive audio recordings. DSOF ¶ 44. Because Charpentier's immigration case had been appealed to the Board of Immigration Appeals on September 2, the Board had already scanned the record of proceedings. DSOF ¶ 45. Accordingly, EOIR requested a copy of the file from the company that does the off-site scanning of the records of proceedings. DSOF ¶ 46. EOIR received the record (consisting of 2,060 pages) on October 19, 2022, and produced it to Stevens the same day. DSOF ¶ 47.

## II. No Withholdings

Agencies are entitled to withhold information from public disclosure on the basis of one or

more FOIA exemptions. 5 U.S.C. § 552(b); *Stevens v. State*, 20 F.4th 337, 344 (2021) (agency need not release material that "falls under one of the nine FOIA exemptions"). Here, EOIR did not redact any records or withhold any records from production, for any of the FOIA requests discussed above. DSOF ¶ 48.

### III. Reasonable Interpretation of Stevens's Requests

Although we do not expect this to be an issue, to the extent that Stevens might take issue with EOIR's interpretation of her FOIA requests, EOIR's interpretation was reasonable. FOIA requires only that federal agencies produce records when presented with a request that "reasonably describes" the records sought. 5 U.S.C. § 552(a)(3). If Stevens intended to seek records beyond the records of proceedings for Silvestre, Archie, Hoang, and Charpentier, she did not reasonably describe the records she was seeking. While this is likely not an issue, and Stevens has received the records she was interested in, EOIR acted reasonably in regard to her requests in any event.

For example, Stevens requested "all system records and other items maintained, produced, or distributed by EOIR pertaining to Miguel Silvestre," from January 1, 1996, to the present. DSOF ¶ 25. If Stevens were making a request for such vague and broad categories of records, it might be considered essentially a request for any and all records referencing Silvestre in any way throughout EOIR's 72 immigration courts and adjudication centers. DSOF ¶¶ 6, 10. That would not be a reasonable description of desired records. *See, e.g., Marks v. DOJ*, 578 F.2d 261, 263 (9th Cir. 1978) ("sweeping requests lacking specificity are not permissible"); *Mason v. Callaway*, 554 F.2d 129, 131 (4th Cir. 1977) (request for "all correspondence, documents, memoranda, tape recordings, notes and any other material" on certain topic "typifies the lack of specificity that Congress sought to preclude in the requirement of 5 U.S.C. § 552(a)(3) that records sought be reasonably described"), *cert. denied*, 434 U.S. 877, *reh'g denied*, 434 U.S. 935. A request for "any and all documents" that "refer or relate" to a particular person constitutes an "all-encompassing

6

fishing expedition" of offices around the country "at taxpayer expense." *Dale v. IRS*, 238 F.Supp.2d 99, 104-05 (D.D.C. 2002).

Stevens also requested "screen shots of databases from which information on Mr. Silvestre is stored." DSOF ¶ 25. But producing screenshots would require EOIR to create *new* records, DSOF ¶ 49, and FOIA does not require the creation of new records. *Forsham v. Harris*, 445 U.S. 169, 186 (1980) ("FOIA imposes no duty on the agency to create records."); *see also Stevens v. Broadcasting Board of Governors, et al.*, 18 C 5391, Dkt. 71 (N.D. Ill. Mar. 30, 2021) (Rowland, J.) (screenshots "are beyond the scope of FOIA and [agency] is not required to produce them").

In sum, it was reasonable for EOIR to interpret Stevens's request as being limited to the records of proceedings for the individuals at issue. *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982) (question is "whether the agency is able to determine precisely what records are being requested") (quotation omitted).

**Conclusion**

For the above reasons, the court should enter summary judgment in EOIR's favor.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Alex Hartzler
    ALEX HARTZLER
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-1390
    alex.hartzler@usdoj.gov