IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22 C 5072 |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Jacqueline Stevens, a professor at Northwestern University, has filed suit against the Department of Health and Human Services (HHS), the Department of Homeland Security (DHS), Customs and Border Protection (CBP), Immigration and Customs Enforcement (ICE), the United States Citizenship and Immigration Services (USCIS), and the Department of Justice (DOJ) and the Executive Office for Immigration Review (EOIR). Stevens seeks a court order compelling the defendants to provide certain records under the Freedom of Information Act (FOIA). EOIR has moved for summary judgment on the ground that it has completed Stevens's FOIA requests. Stevens has filed a cross-motion for summary judgment against EOIR and all the remaining defendants. For the reasons below, the Court grants summary judgment in favor of EOIR on Stevens's Joel Rubin request but grants summary judgment in favor of Stevens against EOIR on her Miguel Silvestre, Toan Hoang, Christopher Archie, and Pascal Charpentier requests. The Court grants summary judgment in favor of Stevens against CBP on her Lauren Underwood request but denies Stevens's motion for

summary judgment on all of her remaining claims against the defendants.

## Background

The following facts are undisputed unless otherwise noted. Stevens is a political science professor and the faculty director of the Deportation Research Clinic at Northwestern University. She "research[es], investigate[s], and publish[es] on the subject of deportation of U.S. Citizens." Compl. ¶ 9. To pursue this research and to assist citizens faced with wrongful deportation orders, she submits FOIA requests to obtain records from various government agencies.

In September 2022, Stevens filed suit against HHS, DHS, CBP, ICE, USCIS, DOJ, and EOIR, alleging that the agencies had failed to comply with FOIA's statutory provisions and were wrongfully withholding records to which she was entitled.[1] Specifically, Stevens's complaint alleged unlawful agency responses to: (1) a December 2019 request to HHS for records concerning Democratic Congressional Representative Lauren Underwood; (2) a March 2022 request to CBP for records concerning Toan Hoang; (3) a November 2019 request to DHS—forwarded to CBP—for records concerning Representative Underwood; (4) a June 2021 request to ICE for records concerning Miguel Silvestre; (5) a March 2022 request to ICE for records

---

[1] CBP, ICE, and USCIS are agencies housed within DHS. Only one FOIA request submitted directly to DHS is at issue, but it is undisputed that DHS forwarded that request to CBP. FOIA requires agencies to forward FOIA inquiries to the appropriate subagency, see 5 U.S.C. § 552(a)(6)(A)(ii), and Stevens has not alleged that DHS's actions were improper. The Court therefore considers CBP, ICE, and USCIS to be the appropriate defendants in this action, not DHS. Similarly, EOIR is an agency housed within DOJ. Stevens states that she submitted her FOIA requests directly to EOIR; she has not alleged that DOJ separately engaged in any unlawful action. The Court therefore considers EOIR to be the proper defendant, not DOJ. Any claims against DHS and DOJ are dismissed.

concerning Hoang; (6) an August 2022 request to ICE concerning Pascal Charpentier; (7) a June 2021 request to USCIS for records concerning Miguel Silvestre; (8) an August 2022 request to USCIS for records concerning Charpentier; (9) a June 2021 request to EOIR for records concerning Silvestre; (10) a March 2022 request to EOIR for records concerning Hoang; (11) an August 2021 request to EOIR for records concerning Christopher Archie; (12) a July 2020 request to EOIR for a set of records that the agency had previously produced to journalist Joel Rubin; and (13) an August 2022 request to EOIR for records concerning Charpentier.

In September 2022, Stevens moved for a preliminary injunction, asking the Court to order USCIS, EOIR, and ICE to respond to the expedited FOIA requests she had submitted to each agency regarding Pascal Charpentier. In November 2022, USCIS filed a motion to dismiss for failure to state a claim and, in the alternative, a motion for summary judgment with respect to the Charpentier request.

The Court denied Stevens's preliminary injunction motion with respect to USCIS and EOIR, but granted Stevens's motion with respect to ICE. In April 2023, the Court issued a preliminary injunction ordering ICE to process 1,500 pages of documents responsive to Stevens's FOIA request per month (dkt. 36). *Stevens v. U.S. Dep't of Health & Hum. Servs.*, No. 22 C 5072, 2023 WL 2711830, at *8 (N.D. Ill. Mar. 30, 2023). The Court granted summary judgment in favor of USCIS, finding that the request at issue was not properly submitted because it contained an incomplete privacy waiver from Charpentier.

In May 2023, EOIR filed a motion for summary judgment, arguing that it had fully responded to all of Stevens's FOIA requests. Stevens responded by filing a cross-

motion for summary judgment against EOIR and for summary judgment against the remaining defendants. At this point in the case, only eleven FOIA requests are at issue: the five requests submitted to EOIR (Rubin, Silvestre, Hoang, Archie, and Charpentier); the single request to HHS (Underwood); the two requests to CBP (Hoang and Underwood); and the three requests to ICE (Silvestre, Hoang, and Charpentier).[2]

## Discussion

"On cross-motions for summary judgment, [a court] construe[s] all facts and inferences therefrom in favor of the party against whom the motion under consideration was made." *Five Points Rd. Joint Venture v. Johanns,* 542 F.3d 1121, 1124 (7th Cir. 2008). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Upon receiving a FOIA request, an agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) . . . whether to comply with such request" and must "immediately notify" the requester of that decision. 5 U.S.C. § 552(a)(6)(A)(i). If the agency determines that it cannot comply with the request, then the requester may appeal the adverse determination. *Id.* § 552(a)(6)(i)(III)(aa). If the agency determines that it will comply with the request, FOIA does not impose a fixed number of days for the actual production of the requested documents. Rather, it states that "[u]pon any determination by an agency to comply with a request for records, the

---

[2] As discussed, the Court previously granted summary judgment in favor of USCIS regarding the Charpentier request. In addition, Stevens has withdrawn the allegations against USCIS regarding the Silvestre request. Those two requests are thus no longer at issue.

4

records shall be made promptly available to such person making such request." *Id.* § 552(a)(6)(C)(i). "FOIA does not define 'promptly,' and indeed it invites agencies to establish policies for equitably processing larger requests." *White v. U.S. Dep't of Just.*, 16 F.4th 539, 544 (7th Cir. 2021) (citing 5 U.S.C. § 552(a)(6)(D)(i)).

FOIA provides for limited judicial review of agency responses. Under 5 U.S.C. § 552(a)(4)(B), a federal court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." In addition, a court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." *Id.* § 552(a)(4)(E). Generally, a FOIA requester must exhaust administrative remedies before seeking judicial review. *Hoeller v. Soc. Sec. Admin.*, 670 F. App'x 413, 414 (7th Cir. 2016). But a requester is deemed to have constructively exhausted administrative remedies if the agency has failed to respond to the FOIA request within the statutory time limits. 5 U.S.C. § 552(a)(6)(C)(i). This means that, if the agency fails to notify the requester of its determination within the 20-day statutory deadline (and no statutory exception applies), the requester may file suit in federal court.

If an agency, after a lawsuit is filed, then fulfills an outstanding FOIA request, the statute does not authorize courts to order any retroactive relief in favor of the plaintiff, apart from the possible recovery of attorney fees and costs. *See Walsh v. U.S. Dep't of Veterans Affs.*, 400 F.3d 535, 537 (7th Cir. 2005) ("FOIA's citizen suit provision provides only injunctive relief and has no remedy for cases . . . in which an agency is late in producing the requested records."); *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)

5

("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform.").

This means that, "[i]n general, once the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot." *Walsh*, 400 F.3d at 536 (internal quotations and alteration omitted). Thus, to prevail on a motion for summary judgment, a plaintiff must show that there is no genuine dispute that she has *not yet received* records to which she is entitled because the agency has "(1) improperly; (2) withheld; (3) agency records." *White*, 16 F.4th at 544 (internal quotations omitted).

With this statutory background in mind, the Court turns to each request at issue.

**A.    EOIR requests**

The Court first addresses five FOIA requests that Stevens sent to EOIR: the July 2020 Rubin request, the June 2021 Silvestre request, the August 2021 Archie request, the March 2022 Hoang request, and the August 2022 Charpentier request.

**1.    Joel Rubin request**

EOIR states in its brief in support of its motion for summary judgment that EOIR fully responded to this request the same month that it was received. The agency has also provided an affidavit from one of its FOIA officers and a copy of a letter addressed to Stevens stating as much. *See* EOIR Stmt. of Material Facts, Attach. A. Stevens has not responded to this argument in her response/cross-motion or reply brief. She has therefore forfeited any argument in opposition to EOIR's motion for summary judgment regarding this FOIA request. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir.

2010) ("Failure to respond to an argument . . . results in waiver."). EOIR is entitled to summary judgment with respect to this request.

### 2. Silvestre, Archie, Hoang, and Charpentier requests

The parties do not dispute that EOIR responded to Stevens's remaining four requests, regarding Silvestre, Archie, Hoang, and Charpentier. The question before the Court is whether EOIR's response was proper or whether it improperly withheld information. For each request, Stevens provided the agency with the individual's name, birth date, and alien number, and she specified a time frame for the records sought (e.g., 1996 to present). The requests were worded slightly differently but generally asked for "all system records and other items maintained, produced, or distributed by EOIR" regarding the individual. Pl.'s Stmt. of Material Facts ¶¶ 25, 27, 29, 31. In addition to this general description, each request included a more specific description of the types of records sought. All four requests made clear that the records Stevens sought included, but were not limited to, the "record of proceedings" of the individual's immigration hearing(s). *See id.*

EOIR did not attempt to respond to Stevens's requests as written. Instead, it responded by searching for and producing only the record of proceedings associated with each individual. EOIR argues that it was justified in "interpret[ing]" each request as a request for the record of proceedings because Stevens's requests were overly broad and therefore did not "reasonably describe[ ]" the records sought as required by FOIA. EOIR Mem. in Supp. of Summ. J. at 6 (quoting 5 U.S.C. § 552(a)(3)). Stevens counters that she is entitled to summary judgment because EOIR did not reasonably respond to her request by sending only the record of proceedings.

7

EOIR also argues that it was not required to respond to a portion of the Silvestre request seeking "screen shots of databases from which information on Mr. Silvestre is stored." *Id.* at 7. In its view, complying with this request would have involved "the creation of new records," which FOIA does not require. *Id.*

### a. Whether EOIR's response was reasonable

FOIA requires requesters to "reasonably describe[ ]" the records that they seek. § 552(a)(3)(A)(i). "A reasonable description of records is one that would allow an agency employee to locate the records 'with a reasonable amount of effort.'" *Moore v. FBI*, 283 F. App'x 397, 398 (7th Cir. 2008) (quoting *Marks v. U.S. Dep't of Just.*, 578 F.2d 261, 263 (9th Cir. 1978)); *accord Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990) ("A 'description' of a requested document would be sufficient if it enabled a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." (quoting H.R. Rep. No. 93-876, at 5–6 (1974))). Although "an agency has a duty to construe a FOIA request liberally," *Rubman v. U.S. Citizenship & Immigr. Servs.*, 800 F.3d 381, 389 (7th Cir. 2015) (quoting *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995)), the agency "need not honor a request" that is "so broad as to impose an unreasonable burden upon the agency." *Am. Fed'n of Gov't Emps., Loc. 2782 v. U.S. Dep't of Com.*, 907 F.2d 203, 209 (D.C. Cir. 1990).

Applying this standard, some courts have held that requests for "all agency records" on a certain individual are too broad to meet the reasonable-description requirement. *See, e.g.*, *White v. U.S. Dep't of Just.*, 460 F. Supp. 3d 725, 735 (S.D. Ill. 2020) (finding that a request for "all records relating to [a group called] Green Star" did

not reasonably describe the records sought because "[a] request seeking all records relating to a subject may not satisfy this standard and therefore may not trigger the agency's obligation to search for records"); *Dale v. IRS*, 238 F. Supp. 2d 99, 104 (D.D.C. 2002) (explaining that "courts have found that FOIA requests for *all* documents concerning a requester are too broad" and rejecting the plaintiff's request for "*any* and *all* documents, including but not limited to files, that refer or relate in any way to [the plaintiff]"); *Mason v. Callaway*, 554 F.2d 129, 131 (4th Cir. 1977) (holding that the plaintiffs' FOIA request to the DOJ seeking "all correspondence, documents, memoranda, tape recordings, notes, and any other material pertaining to the atrocities committed against plaintiffs . . . including, but not limited to, files of" various government offices did not "reasonably describe" the records sought).

The Court is not convinced that Stevens's requests were so broad that it was reasonable for EOIR to largely ignore them altogether. True, the requests included a broad demand for all records "maintained, produced, or distributed by EOIR" regarding each individual. *Id.* ¶¶ 25, 27, 29, 31. But the requests all included a more detailed specification of the types of records sought. The Silvestre, Hoang, and Charpentier requests asked for "all memoranda, notes, reports, [and] email messages" regarding the individual's case, in addition to the record of proceedings. *Id.* ¶¶ 25, 29, 31. The Archie request, although vaguer, also specifically asked for "the record of proceeding(s) for hearing(s), the case management interface outputs, as well as . . . any email or other communications about his case." *Id.* ¶ 27. In addition, the Silvestre request sought "ALL calendar and case note records maintained by any EOIR digital systems, including screen shots of databases from which information on Mr. Silvestre is stored." *Id.* ¶ 25.

9

Each request also defined a time frame for the records sought (e.g., "1/1/1996 to present"). *Id.* ¶ 25. Stevens therefore identified the form, subject matter, and time frame of the records she requested. Moreover, Stevens argues that EOIR's "sole function is to preside over and decide (1) removability; (2) applications for relief from removal; and (3) administrative appeals" and thus that "a search of emails, case notes, scheduling and case administration system could easily be done by A-number and/or the name of the non-citizen." Pl.'s Resp. at 6, 8.

In response, EOIR does not suggest that Stevens is wrong about the ease with which it could have conducted a search for the types of records at issue. Instead, the agency argues that it was entitled to ignore Stevens's requests as they were actually worded due to how they were phrased, "regardless of whether an agency could 'easily' search for records using the person at issue's name, as Stevens suggests." Defs.' Consol. Reply at 5–6.

The Court disagrees. First, EOIR's interpretation is at odds with the agency's duty to liberally construe FOIA requests. *See Rubman*, 800 F.3d at 389. The fact that Stevens's requests included sweeping language requesting "all" records regarding certain individuals does not mean that the agency was permitted to ignore her more specific demands for records such as memoranda, emails, case notes, and calendar notes. Second, the Court disagrees with EOIR's view that the ease with which an agency could conduct the search at issue is irrelevant to determining whether the request "reasonably describes" the records. A plaintiff reasonably describes the records sought if the "description of records is one that would allow an agency employee to locate the records 'with a reasonable amount of effort.'" *Moore*, 283 F.

10

App'x at 398 (quoting *Marks v. U.S. Dep't of Just.*, 578 F.2d at 263); *accord Truitt*, 897 F.2d at 545 n.36; *Am. Fed'n of Gov't Emps., Loc 2782*, 907 F.2d at 209 (explaining that an agency "need not honor a request" that is "so broad as to impose an unreasonable burden upon the agency"). There is no freestanding overbreadth exception that excuses agencies from responding to requests regardless of their ready ability to do so. Rather, the relevant question is whether the agency can locate the records at issue with a reasonable amount of effort. Federal agencies vary greatly in their size, mission, the type and amount of information they collect and generate, and their record-keeping practices. A request may be unreasonably burdensome for one agency but easy to satisfy for another. Stevens has argued that EOIR's limited role, combined with the manner in which it organizes its records, means that it could "easily" conduct a search of its "emails, case notes, scheduling, and case administration system . . . by the A-number and/or the name of the non-citizen." Pl.'s Resp. at 8. EOIR, on the other hand, has not argued or provided evidence that it could not do so.

The Court therefore finds that EOIR did not make "a good faith effort" that was "reasonable in light of the request" when it searched for only the record of proceedings in response to the Silvestre, Archie, Hoang, and Charpentier requests. *Rubman*, 800 F.3d at 387. The Court orders EOIR to promptly conduct a good-faith and reasonable search for all remaining records specifically identified in the June 2021 Silvestre request, the August 2021 Archie request, the March 2022 Hoang request, and the August 2022 Charpentier request. That is: (1) "all memoranda, notes, reports, email messages . . . associated with or pertaining to Mr. Silvestre generated or received by EOIR" and "ALL calendar and case note records maintained by any EOIR digital

11

systems, including screen shots of databases from which information on Mr. Silvestre is stored" for the time period 1/1/1996 to present; (2) "all memoranda, notes, reports, email messages . . . associated with or pertaining to Mr. Hoang generated or received by EOIR" and "ALL calendar and case note records maintained by any EOIR digital systems" for the time period 1/1/1995 to present; (3) "all memoranda, notes, reports, email messages . . . associated with or pertaining to Mr. Charpentier generated or received by EOIR" and "ALL calendar and case note records maintained by any EOIR digital systems" for the time period 1/1/1972 to 8/18/2022; and (4) "the case management interface outputs" and "any email . . . about [Christopher Archie's] case" for the time period 1/1/1980 to present. Pl.'s Stmt. of Material Facts ¶¶ 25, 27, 29, 31. The Court directs EOIR to file a status report by October 23, 2023 with a proposed production schedule for responding to these requests. The schedule should take into account that the Charpentier request was filed as an expedited request; therefore, the production schedule for that request should be a minimum of 1,500 pages of documents responsive to Stevens's FOIA request per month.

      **b.**     **Screenshots**

With respect to the Silvestre request, EOIR argues that it was not required to respond to the portion of that request seeking "screen shots of databases from which information on Mr. Silvestre is stored." EOIR Mem. in Supp. of Summ. J. at 7. EOIR contends that, by generating these screenshots, it would be creating "new records," which FOIA does not require. *Id.*

The Supreme Court has held that "FOIA imposes no duty on [an] agency to create records." *Forsham v. Harris*, 445 U.S. 169, 186 (1980). But Congress

12

subsequently amended FOIA in a manner that draws a distinction between "records" and "the form or format" of those records. *See* Electronic Freedom of Information Act Amendments of 1996, Pub. L. No. 104-231, § 3–5, 110 Stat. 3048, 3049–3050 (1996) (E-FOIA). Although a requester may seek only records that already have been "created or obtained by a federal agency," *Forsham*, 445 U.S. at 187, the requester is entitled to receive those records "in any form or format requested . . . if the record is readily reproducible by the agency in that form or format." 5 U.S.C. § 552(a)(3)(B). It therefore cannot be the case that the agency creates a "new record" any time it reproduces a record in a different format, such as by converting an Excel spreadsheet into a PDF. EOIR's obligation to produce the screenshots thus turns on two questions. First, is the underlying information a "record" that has been "created or obtained" by EOIR? Second, is that information "readily reproducible" as a screenshot?

On the first question, Stevens is asking for the information that appears in EOIR's databases after those databases have been queried for Silvestre's identifying information. This falls within FOIA's definition of an agency record. Congress amended FOIA in 1996 to clarify that the term "record" includes information maintained in "an electronic format." 5 U.S.C. § 552(f)(2)(A). One of the central goals of these amendments was to ensure that "computer database records are agency records subject to the FOIA." H.R. Rep. No. 104-795, at 19 (1996). FOIA thus permits requesters to ask for "a search query of an existing database." *Ctr. for Investigative Reporting v. U.S. Dep't of Just.*, 14 F.4th 916, 938 (9th Cir. 2021) ("Applying E-FOIA, courts have consistently held that database searches do not involve the creation of new records."); *see also Rubman*, 800 F.3d at 391 ("We certainly don't want to discourage

13

agencies from providing . . . database query results . . . when a FOIA request asks for them.").

The remaining question is whether the database records are "readily reproducible" as a screenshot. EOIR has not argued that the records are not reproducible in that format. To the contrary, it has said that "EOIR almost certainly 'could' take screenshots as it browses its computer systems, whether by using a computer program that captures the image on a given computer's screen or perhaps even by physically pointing a camera at a computer screen." Defs.' Consol. Reply at 7. The Court therefore concludes that the database information is readily reproducible in the form that Stevens requested.

EOIR points to a different FOIA case where another district judge rejected Stevens's request for screenshots of a specific scheduling software program employed by an agency. *See Stevens v. Broadcasting Bd. of Governors*, No. 18 C 5391, 2021 WL 1192672, at *3 (N.D. Ill. Mar. 30, 2021). In that case, however, Stevens's request was for screenshots of the software program generally; the court was not considering, for example, a request for a screenshot of a specific calendar entry or itinerary stored within the software program. In sum, the Court is not persuaded that Stevens's request for screenshots in this case crosses the line between permissibly asking EOIR to produce records in her preferred form and impermissibly requiring EOIR to create new records. EOIR therefore is required to make reasonable efforts to honor Stevens's request for screenshots of database queries.

**B.     HHS request**

In December 2019, Stevens submitted a FOIA request to HHS seeking certain

14

records pertaining to Democratic Congressional Representative Lauren Underwood. Stevens asserts that "[o]ther than acknowledging the filing of the request [she] received no documents, determination, and no further communication from [HHS] about this properly submitted FOIA request." Pl.'s Stmt. of Material Facts ¶ 7. HHS, however, asserts that it complied with this request by sending Stevens a series of seven letters producing a total of 239 documents. The response letters appear to be addressed to Stevens and indicate that they were sent via e-mail to "drc@northwestern.edu." *See* Defs.' Resp. to Pl.'s Stmt. of Material Facts, Ex. A. Stevens does not explain why she is entitled to summary judgment given the dispute regarding whether she received the response.

Stevens appears to argue that she is entitled to summary judgment *solely* on the basis that HHS did not comply with FOIA's statutory deadlines. That argument fails. As the Court has discussed, "FOIA's citizen suit provision provides only injunctive relief and has no remedy for cases . . . in which an agency is late in producing the requested records." *Walsh*, 400 F.3d at 537. Stevens must show that there is no dispute that HHS is *currently* withholding records to which she is entitled. Because there is a genuine dispute regarding whether HHS responded to Stevens's FOIA request, she is not entitled to summary judgment on this request.

**C.    CBP requests**

    **1.    Toan Hoang request**

In March 2022, Stevens submitted a FOIA request to CBP seeking information regarding Toan Hoang. Stevens asserts that she never received any further communication from CBP regarding this request. CBP has, however, presented a copy

of a letter addressed to Stevens that it says it sent on October 26, 2022, informing her that it had "conducted a comprehensive search of files within the CBP databases for records that would be responsive" to her request and that it was "unable to locate or identify any responsive records." Defs.' Resp. to Pl.'s Stmt. of Material Facts, Ex. B. Stevens does not explain why she is entitled to summary judgment given the dispute regarding whether she received the response. The Court concludes that she is not entitled to summary judgment on this request.

    2.    **Lauren Underwood**

In November 2019, Stevens submitted a FOIA request to DHS seeking records regarding Representative Underwood. It is undisputed that, on December 2, 2019, DHS responded stating that DHS was "transferring this request to the FOIA Officers for . . . U.S. Customs and Border Protection (CBP), for processing under FOIA and direct response to you." Pl.'s Stmt. of Material Facts ¶ 12. CBP, however, admits that it has never responded to this "properly submitted FOIA request." Defs.' Resp. to Pl.'s Stmt. of Material Facts ¶ 12. CBP provides no justification for this over three-year delay nor any reason why Stevens is not entitled to summary judgment and a court order compelling production of the records she seeks. The Court therefore grants summary judgment in favor of Stevens on this request.

The Court orders CBP to conduct a good-faith and reasonable search in response to this request. The Court directs CBP to file a status report by October 23, 2023 with a proposed production schedule for responding to this request.

16

### D. ICE requests

#### 1. Miguel Silvestre request

In June 2021, Stevens submitted a FOIA request to ICE seeking records regarding Miguel Silvestre. In support of her motion for summary judgment, however, Stevens asserts only that ICE did not respond "prior to the filing of the lawsuit." Pl.'s Stmt. of Material Facts ¶ 16. As discussed, the Court cannot grant Stevens summary judgment based solely on an agency's *past* violation of a FOIA statutory requirement. *See Perry*, 684 F.2d at 125 ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."). Stevens fails to articulate whether and how ICE is *currently* withholding records from her in violation of FOIA. Nor does her Rule 56.1 Statement assert any facts that would support such a finding with respect to this request. She is therefore not entitled to summary judgment.

#### 2. Toan Hoang request

In March 2022, Stevens submitted a FOIA request to ICE seeking records regarding Toan Hoang. But like the Silvestre request, Stevens's briefs fail to articulate whether and how ICE is currently withholding records from her in violation of FOIA. As with the Silvestre request, her Rule 56.1 Statement asserts only that ICE did not respond "prior to the filing of the lawsuit." Pl.'s Stmt. of Material Facts ¶ 18. This is insufficient to establish that ICE is currently unlawfully withholding records. She is therefore not entitled to summary judgment on this request.

#### 3. Pascal Charpentier request

In August 2022, Stevens submitted an expedited FOIA request to ICE seeking

17

records regarding Pascal Charpentier. She then filed a motion for a preliminary injunction to compel ICE to speed up its response to her request. The Court granted her motion and ordered ICE to produce the requested records at a rate of 1,500 pages per month. Again, Stevens's Rule 56.1 Statement states only that ICE did not respond "prior to the filing of the lawsuit." *Id.* ¶ 21. She has not suggested in her motion for summary judgment or any other filing before this Court that ICE is not complying with the court-ordered production schedule. Nor does she articulate any other grounds for finding that ICE is currently unlawfully withholding records from her. Stevens is therefore not entitled to summary judgment on this request.

## Conclusion

For the reasons stated above, the Court dismisses DOJ and DHS as defendants. The Court grants EOIR's motion for summary judgment [dkt. 39] with respect to the Joel Rubin request but grants Stevens's cross-motion for summary judgment [dkt. 42] against EOIR with respect to the Silvestre, Archie, Hoang, and Charpentier requests. The Court orders EOIR to conduct a good-faith and reasonable search for all remaining records specifically identified in the June 2021 Silvestre request, the August 2021 Archie request, the March 2022 Hoang request, and the August 2022 Charpentier request. The Court directs EOIR to file a status report by October 23, 2023 with a proposed production schedule for responding to these requests. The schedule should take into account that the Charpentier request was filed as an expedited request; therefore, the production schedule for that request should be a minimum of 1,500 pages of documents responsive to Stevens's FOIA request per month. The Court will then

18

direct the parties to confer and submit a draft injunction order for entry (in Word format, to the undersigned judge's proposed order e-mail address).

The Court grants Stevens's motion for summary judgment [dkt. 42] against CBP with respect to the Underwood request but denies her motion with respect to the remaining claims against all defendants. CBP is directed to file a status report by October 23, 2023 with a proposed production schedule for responding to the Underwood request. The Court will then direct the parties to confer and submit a draft injunction order for entry (in Word format, to the undersigned judge's proposed order e-mail address).

The Court notes that its partial denial of Stevens's motion for summary judgment does not mean the end of this case with respect to those requests. As explained, with respect to the HHS Underwood request and the CBP Hoang request, disputes of material fact remain regarding whether the agencies responded. With respect to the remaining requests, the Court has denied Stevens's motion because she has not argued that the agencies are *currently* withholding records in violation of FOIA. If that is the case, relief may still be available, but Stevens must adequately explain (and provide evidence of) the agency's ongoing violation.

The case is set for a telephonic status hearing on October 17, 2023 at 8:55 a.m., using call-in number 888-684-8852, access code 746-1053. The parties are directed to file by October 10, 2023 a joint status report that describes what claims remain in this case and what action is necessary to bring the remainder of the case to a conclusion.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 2, 2023