UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 22 C 5072 ) |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | ) Judge Kennelly ) ) ) |
| Defendants. | ) |

**CBP'S L.R. 56.1(b)(3) STATEMENT OF ADDITIONAL FACTS
IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant United States Customs and Border Protection, by Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, submits the following statement of additional facts as to which there is no genuine issue pursuant to Local Rule 56.1(b)(3) of the United States District Court for the Northern District of Illinois.

The numbering begins at 64 to avoid confusion with CBP's LR 56.1(a)(2) statement of facts (DSOF), which ended at number 63. *See* Dkt. 69.

64. The majority of FOIA requests the CBP receives involve requests for travelers' records, and CBP interpreted Stevens's Hoang request as a request for traveler's records since the request did not suggest otherwise. Def. Ex. B (Supp. Howard Decl.) ¶¶ 2-4.

65. Aside from E3 and TECS, there is no other CBP system reasonably likely to contain Hoang's traveler records because information from travelers' encounters with CBP is maintained in E3 and TECS. Def. Ex. B (Supp. Howard Decl.) ¶ 7.

66. CBP does not have any border crossing records for crossings made prior to 1982, so if Hoang crossed the border before 1982, CBP would not have a record of it. Def. Ex. B (Supp. Howard Decl.) ¶ 8.

67. CBP does not have complete records of Border Patrol apprehensions that occurred before 2000, so if Hoang was apprehended by Border Patrol before 2000, CBP might not have a record of it. Def. Ex. B (Supp. Howard Decl.) ¶ 9.

68. Border Crossing Information, or BCI, records reside on the TECS platform and not as a separate database. Def. Ex. B (Supp. Howard Decl.) ¶ 6. ICE's search of the TECS platform was a search of BCI records. *Id.*

                Respectfully submitted,

                MORRIS PASQUAL
                Acting United States Attorney

                By: s/ Alex Hartzler
                    ALEX HARTZLER
                    Assistant United States Attorney
                    219 South Dearborn Street
                    Chicago, Illinois 60604
                    (312) 886-1390
                    alex.hartzler@usdoj.gov

# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, | ) |
|                 Plaintiff, | ) |
| v. | ) No. 22 C 5072 |
| U.S. CUSTOMS AND BORDER PROTECTION, et al., | ) |
|                 Defendants. | ) |

## SUPPLEMENTAL DECLARATION OF PATRICK HOWARD

I, Patrick Howard, do hereby declare and state as follows:

1. On January 16, 2024, I submitted a declaration in support of Defendant's motion for summary judgment. I am submitting this supplemental declaration in further support of defendant's motion and reply.

**Plaintiff's Toan Hoang FOIA Requests**

2. The majority of the FOIA requests submitted to CBP involve a request for travelers' records.

3. Plaintiff's Hoang FOIA request did not specify the type of records requested. Plaintiff also did not provide any details such as locations where Hoang may have encountered CBP, nor did she provide specific dates for the requested information.

4. CBP FOIA interpreted the request as a request for traveler's records. When a FOIA request seeks "all records," it is standard practice to search for all travel and encounter records at the border.

5. As stated in my initial declaration, CBP FOIA staff evaluated the CBP-2022-080126 request and determined that the E3/Enforce systems and the TECS platform were the CBP systems reasonably likely to contain responsive records. The information in these two systems cover travelers' encounters with CBP when entering and exiting the border.

6. I understand that in response to Defendant CBP's motion, Plaintiff referred to Border Crossing Information (BCI) as a database that was not searched. However, BCI records reside on the TECS information technology (IT) platform and not as a separate database. The search of TECS platform that I described in my January 16, 2024 declaration was a search of the BCI records.

7. There is no other CBP system that is reasonably likely to contain Hoang's traveler records because information from travelers' encounters with CBP is maintained in TECS and E3, and without a more specific records request, there is no basis to determine that any other system is reasonably likely to contain responsive records.

8. CBP does not have any border crossing records for crossings made prior to 1982. Based on his birthdate, if Hoang crossed the border before the age of 6 years, CBP would not have the crossing record.

9. CBP does not have complete records of apprehensions made by Border Patrol before the year 2000. Therefore, if Hoang was apprehended by Border Patrol prior to 2000, CBP may not have a record of the apprehension.

I declare under a penalty of perjury that the information provided is true and correct to the best of my information, knowledge, and belief.

Signed this 21st day of March, 2024

*Patrick Howard*
_____
Patrick Howard
Branch Chief, FOIA Division
U.S. Customs and Border Protection
U.S. Department of Homeland Security