UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 5072 |
| v. | ) | |
| | ) | Judge Kennelly |
| UNITED STATES DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**EOIR'S L.R. 56.1 STATEMENT OF
MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT**

Defendant Executive Office of Immigration Review, by Morris Pasqual, United States Attorney for the Northern District of Illinois, submits the following statement of material facts as to which there is no genuine issue pursuant to Local Rule 56.1 of the United States District Court for the Northern District of Illinois.

**Jurisdiction and Venue**

1. This is an action brought under the Freedom of Information Act (FOIA), and the court has subject matter jurisdiction under 5 U.S.C. § 552 and 28 U.S.C. § 1331. Answer ¶ 3.

2. Venue is proper in this district because plaintiff Jacqueline Stevens resides in this district. Answer ¶ 4.

**Parties**

3. Plaintiff Jacqueline Stevens is a professor at Northwestern University. Answer ¶ 5.

4. Defendant Executive Office of Immigration Review, or EOIR, is a component of the federal government from whom Stevens has sought information via FOIA. Answer ¶¶ 18, 75.

**Stevens's FOIA Requests and EOIR's Initial Response**

5. Stevens submitted FOIA requests to EOIR, seeking records regarding four people: Miguel Silvestre (sent in June 2021), Christopher Archie (sent in August 2021), Toan Hoang (sent in March 2022), and Pascal Charpentier (sent in August 2022). Dkt. 15 (Answer) ¶¶ 75, 81, 86, 97.

6. EOIR interpreted the requests to be seeking the reports of proceedings for Silvestre, Hoang, Archie, and Charpentier. Dkt. 53 (Mem. Op. and Order) at 7.

7. Silvestre had had two immigration proceedings, and EOIR produced both reports, which were 24 pages each. Ex. A (Santiago Decl.) ¶ 15.

8. Archie's report included 54 pages and two audio files, which EOIR produced. Ex. A (Santiago Decl.) ¶ 15.

9. Hoang's report included 38 pages and one audio file, which EOIR produced. Ex. A (Santiago Decl.) ¶ 15.

10. Charpentier's report included 2,060 pages, which EOIR produced. Ex. A (Santiago Decl.) ¶ 15.

11. The court determined that EOIR should not have interpreted the FOIA requests as seeking only the four individuals' records of proceedings and directed EOIR to search for: (1) "all memoranda, notes, reports, [and] email messages" pertaining to Silvestre and "calendar and case note records" including "screen shots of databases from which information on Mr. Silvestre is stored" from January 1, 1996, to present; (2) "all memoranda, notes, reports, email messages," and "calendar and case note records" pertaining to Hoang from January 1, 1995, to present; (3) "memoranda, notes, reports, email messages," and "calendar and case note records" pertaining to Charpentier from January 1, 1972. to August 18, 2022; and (4) "the case management interface

2

outputs" and "any email" pertaining to Archie from January 1, 1980, to present. Dkt. 53 (Mem. Op. and Order) at 11-12.

### EOIR's Subsequent Efforts

12.     EOIR subsequently took screenshots of all the information on Silvestre, Archie, Hoang, and Charpentier contained in the CASE system, and EOIR produced those screenshots, totaling 56 pages. Ex. A (Santiago Decl.) ¶ 17.

13.     The CASE system—an abbreviation for Case Access System for EOIR—is the electronic case manager for EOIR's immigration courts, appeals board, and support staff. Ex. A (Santiago Decl.) ¶ 8.

14.     Memoranda, notes, and reports are consistently sent using EOIR's internal email system, so EOIR locates such records by sending a request to its IT office, which searches EOIR's email server. Ex. A (Santiago Decl.) ¶ 18.

15.     EOIR has a retention policy of seven years. Ex. A (Santiago Decl.) ¶ 19.

16.     In the wake of the court's October 2023 ruling, EOIR asked its IT office to search the emails of all EOIR employees and contractors using the search terms "Miguel Silvestre," "Christopher Archie," "Toan Hoang," and "Pascal Charpentier," with a date range of August 1, 2017, to August 1, 2022. Ex. A (Santiago Decl.) ¶ 20.

17.     EOIR determined that a five-year timeframe for this email search was reasonable for these searches. Ex. A (Santiago Decl.) ¶ 19.

18.     The IT office searched 13,316 mailboxes and returned 297 items to EOIR's FOIA office. Ex. A (Santiago Decl.) ¶ 21.

19.     After deduplication, 180 items remained. Ex. A (Santiago Decl.) ¶ 21.

20.     EOIR manually reviewed the 180 items for responsiveness and identified 85 items as responsive.  Ex. A (Santiago Decl.) ¶ 22.

21.     The 85 items totaled 504 pages, which EOIR produced.  Ex. A (Santiago Decl.) ¶ 22.

### EOIR's Withholdings

22.     EOIR redacted certain information from its production under FOIA exemptions 5 and 6.  Ex. A (Santiago Decl.) ¶¶ 23, 25.

23.     Under Exemption 5, EOIR withheld a drafts of decisions on immigration proceedings.  Ex. B (*Vaughn* index) entries 6, 8, 18, 31-32

24.     Under Exemption 5, EOIR also withheld pre-decisional communications on particular cases.  Ex. B (*Vaughn* index) entries 10-14, 29-30, 33-36, 43-45.

25.     Under Exemption 6, EOIR redacted personal information such as phone numbers, email addresses, medical information, and similar private information of EOIR employees and aliens, on the ground that disclosure would constitute an unwarranted invasion of personal privacy.  *See, e.g.,* Ex. B (*Vaughn* index) entries 6, 7, 8.

26.     EOIR has examined its withholdings and determined that there is no segregable, non-exempt information that could further be released, and that all reasonably segregable portions of the relevant records have been produced.  Ex. A (Santiago Decl.) ¶ 27.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Alex Hartzler
     ALEX HARTZLER
     Assistant United States Attorney
     219 South Dearborn Street
     Chicago, Illinois 60604
     (312) 886-1390
     alex.hartzler@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACQUELINE STEVENS,       )
        )
       Plaintiff,    )
        )   No. 22 C 5072
       v.    )
        )   Judge Kennelly
UNITED STATES DEPARTMENT OF   )
HEALTH AND HUMAN SERVICES, *et al.*,  )
        )
       Defendants.  )

**INDEX OF EXHIBITS TO**
**EOIR'S RULE 56.1 STATEMENT OF FACTS**

| Exhibit A | Declaration of Jeniffer Perez Santiago |
|-----------|----------------------------------------|
| Exhibit B | *Vaughn* index |

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Alex Hartzler
    ALEX HARTZLER
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-1390
    alex.hartzler@usdoj.gov

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, | ) | No. 22 C 5072 |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, CUSTOMS AND BORDER | ) | Judge Kennelly |
| PROTECTION, IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT, | ) | |
| CITIZENSHIP AND IMMIGRATION | ) | |
| SERVICES, DEPARTMENT OF JUSTICE, | ) | |
| and EXECUTIVE OFFICE OF | ) | |
| IMMIGRATION REVIEW, | ) | |
| | ) | |
| Defendants. | | |

## DECLARATION OF JENIFFER PEREZ SANTIAGO, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

### I.   INTRODUCTION

I, Jeniffer Perez Santiago, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an Associate General Counsel for FOIA and Acting Senior FOIA Litigation Counsel under the Office of the General Counsel (OGC) at the Executive Office for Immigration Review (EOIR).  I have held this position for approximately two years and a half.  As needed acts as the Acting Supervisor for the FOIA Unit.  Prior to this position, I was a Senior FOIA Analyst for the Consumer Financial Protection Bureau (CFPB) in which I conducted quality control reviews for all FOIA requests.  In addition, I trained the FOIA team, stakeholders and senior CFPB personnel on FOIA related

matters.  I held the position from March 2020 through October 2021.  Before, I was a Senior FOIA Analyst for the Department of Energy where I processed complex FOIA requests, appeals and litigation.  I held the position from May 2019 through March 2020.

2.  The EOIR FOIA Unit is responsible for executing EOIR's FOIA Program pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a.  The EOIR FOIA Unit is comprised of a FOIA Service Center and a separate group of FOIA Attorney Advisors with support staff.

3.  In my role as an Associate General Counsel for FOIA my official duties and responsibilities include creating and implementing policy and procedures for the EOIR FOIA Program, conducting FOIA training for EOIR personnel, processing FOIA requests and providing litigation support defending the agency in FOIA litigation matters and appeals.  In connection with my official duties, I am familiar with EOIR's procedures for responding to requests for information pursuant to provisions of the FOIA and the Privacy Act.  In that respect, I am familiar with the FOIA requests made by Plaintiff dated July 8, 2020, and assigned FOIA control number FOIA 2020-60017 ("FOIA Request 2020-60017");  dated June 22, 2021, and assigned FOIA control number FOIA 2021-41956 ("FOIA Request 2021-41956");  dated August 16, 2021, and assigned FOIA control number FOIA 2021-52588 ("FOIA Request 2021-52588");  dated March 10, 2022, and assigned FOIA control number FOIA 2022-27937 ("FOIA Request 2022-27937"); dated August 18, 2022, and assigned FOIA control number FOIA 2022-52897 ("FOIA Request 2022-52897");  The statements contained in this declaration are based upon my personal knowledge, my review of records kept by EOIR in the ordinary course

of business, and information provided to me by other EOIR employees in the course of my official duties.

4. The Executive Office for Immigration Review (EOIR) was created on January 9, 1983. EOIR consists of the Office of the Director, the Board of Immigration Appeals (Board), the Office of the Chief Immigration Judge (OCIJ), and the Office of the Chief Administrative Hearing Officer (OCAHO). EOIR is independent of the immigration enforcement functions of both the Department of Homeland Security (DHS) and the Office of Special Counsel for Immigration-Related Unfair Employment Practices, the entity charged with the enforcement of the anti-discrimination provisions of immigration law.

5. EOIR is responsible for adjudicating immigration cases. Specifically, under delegated authority from the Attorney General, EOIR interprets and administers federal immigration laws by conducting immigration court proceedings, appellate reviews, and administrative hearings. EOIR consists of three components: the Office of the Chief Immigration Judge, which is responsible for managing the numerous Immigration Courts located throughout the United States, where Immigration Judges adjudicate individual cases; the Board of Immigration Appeals, which primarily conducts appellate reviews of Immigration Judge decisions; and the Office of the Chief Administrative Hearing Officer, which adjudicates immigration-related employment cases. EOIR is committed to providing fair, expeditious, and uniform application of thenation's immigration laws in all cases.

6. The EOIR FOIA Unit is responsible for executing EOIR's FOIA Program pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5

U.S.C. § 552a.

## II.   DESCRIPTION OF EOIR'S FOIA PROGRAM

7. I am familiar with the present process for searching, retrieving, and fulfilling FOIA requests for a hard-copy EOIR Record of Proceedings ("ROP").  EOIR's FOIA Program maintains an "Expedited" (or Track 1) multi-track designation in which a request can either be Complex or Simple; however, Expedited requests have generally made up less than 20 requests per year over the last 5 years.  In practice, "expedited" merely means that the request moves to the front of the queue in either the Complex track (Track 3) or the Simple track (Track 2).  Requests for an individual ROP are generally designated by the EOIR FOIA Service Center as a Simple Request (Track 2) ), or other agency records, in which case it is designated as Complex (Track 3).  Absent a request for expedited processing and as a matter of course, all requesters are notified that FOIA requests for ROPs involve "unusual circumstances," requiring EOIR to extend the time period to respond by an additional 10 working days (as opposed to 20 working days) because the requests require the collection of records in disparate offices. See 28 C.F.R. § 16.5(c).  EOIR also provides contact information for the EOIR FOIA Service Center and the EOIR FOIA Public Liaison for any questions in addition to contact information for the Office of Government Information Services for mediation services.  Additionally, on or around March 26, 2020, EOIR posted on its FOIA webpage, the following notice:

> Due to the COVID-19 pandemic, EOIR has adjusted its normal operations to balance the needs of completing its mission as effectively and efficiently as possible while also adhering to the recommended social distancing for the safety of our staff. As a result, you may experience a delay in receiving an initial acknowledgement as well as a substantive response to your FOIA request.  We will be able to acknowledge requests made electronically more quickly than by mail.  You may reach out to our FOIA Offices and FOIA Public Liaison if you have any questions

about your request. We apologize for this inconvenience and appreciate your understanding and patience.

See https://www.justice.gov/eoir/freedom-information-act-foia.

8. When the EOIR FOIA Service Center receives a FOIA request for ROP, EOIR FOIA Service Center personnel enter the request into the EOIR FOIA database, and the database automatically assigns the request a unique FOIA control number. EOIR FOIA Service Center personnel identify the location of the ROP by entering the "alien" registration number ("A number") and/or Respondent's name, which is entered into EOIR's database called Case Access System for EOIR ("CASE"), the electronic case manager for the EOIR Immigration Courts, the Board of Immigration Appeals ("BIA"), and staff to support case management.

9. Once located in CASE and assuming the ROP is a hard-copy file, the ROP must be individually ordered or retrieved from: (1) one or more of the fifteen (15) National Archives Record Center ("NARA") Federal Records Centers ("FRC"), which are long-term storage facilities geographically located throughout the contiguous United States; (2) within the seventy two (72) Immigration Courts and/or Immigration Adjudication Centers geographically located throughout the United States and its territories; or (3) within EOIR Headquarters, if the ROP is with the BIA. Depending on the volume of cases processed, each Immigration Court and the BIA receive a daily, weekly or bi-weekly report, sent by electronic correspondence, of ROPs requested by the EOIR FOIA Service Center. The Immigration Courts and the BIA, who are the record custodians of ROPs, are responsible for providing the ROP to the EOIR FOIA Service Center whether it is physically located within that Immigration Court or the BIA, or whether it is located at the FRC associated

with that Immigration Court. On occasion, EOIR can request a scanned copy of a ROP from the EOIR's off-site contractor if the ROP was previously scanned for a different matter.

10. Once the hard-copy ROP is received at the EOIR FOIA Service Center at Headquarters in Falls Church, Virginia, the ROP is sent to an off-site contractor for scanning. Once scanned, the ROP is returned to the EOIR FOIA Service Center in Falls Church, Virginia, along with a scanned copy of the ROP on a compact disk (CD). EOIR instituted off-site copying by a contractor due the huge volume of ROP FOIA requests received each year; specifically, EOIR receives more FOIA requests each year than all other DOJ components combined. For example, in Fiscal Year 2021, EOIR received 60,996 FOIA requests. See https://www.justice.gov/oip/reports-1 . Assuming the Respondent and/or the Respondent's representative provides a proper certificate of identify, the entire contents of the official ROP is sent to the requester unredacted. Once sent, the FOIA request is closed in the EOIR FOIA database.

11. An exception to accessing records pertaining to a hard-copy ROP is digital audio recordings (DARs) associated with a Respondent's immigration proceeding, which, if available, reside in CASE. These records are accessible electronically unless the hearing was held at a time when cassette tapes were used to record hearings, in which case such cassette tapes would be located within the hard-copy ROP.

12. A ROP may also exist either fully or partially as an electronic ROP ("eROP") within CASE. If so, the Attorney of Record or accredited representative for a Respondent may access the eROP by logging into the ECAS Case Portal at https://portal.eroir.justice.gov . See https://www.justice.gov/eoir/ECAS .

13. Due to the large volume of incoming records, there can be significant delays between the

time the ROP is received by the EOIR FOIA Service Center and the time the ROP is delivered to the requester. ROPs are generally handled on a "first-in, first-out" basis, assuming the request has not been granted expedited processing. However, even requests that have been granted expedited processing are handled on a "first-in, first out" basis along with other requests that have been granted expedited process.

14. Historically, Simple requests (i.e., requests for ROPs) comprise over 95% of FOIA requests received at the EOIR FOIA Service Center. In Fiscal Year (FY) 2018, EOIR received 52,432 FOIA requests and had a backlog of 2,403 requests. In FY2019, EOIR received 55,499 FOIA requests and had a backlog of 9,155 requests. In FY2020, EOIR received 48,885 FOIA requests and had a backlog of 10,923 requests. In FY2021, EOIR received 60,996 FOIA requests and had a backlog of 29,735 requests. For FY2022, EOIR received 56,544 FOIA requests and had a backlog of 47,070 requests. For FY2023, EOIR received 70,475 FOIA requests and had a backlog of 21,623 requests. See https://www.justice.gov/oip/reports-1.

### III.    PROCESSING OF PLANTIFF'S FOIA REQUESTS

I have reviewed records for each of the four plaintiff's FOIA requests.

   FOIA 2022-52897

*All system records and other items maintained, produced, or distributed by EOIR pertaining to **Pascal Charpentier**, including but not limited to the Record of Proceedings, including all audio recordings. His date of birth is* ▮▮▮▮▮, ▮▮▮. *His country of birth is Germany but ICE has stated in error it is Haiti. His "alien" number was 029001711, and in 2016 he was given this number: 020578103. This request includes but is not limited to all memoranda, notes,*

*reports, email messages, and all other system records or communications associated with or pertaining to Mr. Charpentier generated or received by EOIR. Please include ALL calendar and case note records maintained by any EOIR digital systems. The time frame of this request is January 1, 1972 to August 18, 2022.*

FOIA 2021-41956

*all system records and other items maintained, produced, or distributed by EOIR pertaining to **Miguel Silvestre**. His "alien number" is 077-166-008. He was born in Sacramento, on ▆▆▆▆▆. This request includes but is not limited to all memoranda, notes, reports, email messages, and all other system records or communications associated with or pertaining to Mr. Silvestre generated or received by EOIR. This also includes the record of proceedings for his immigration hearing(s), as well as any digital or audio recordings of prior hearing(s). Please include ALL calendar and case note records maintained by any EOIR digital systems, including screen shots of databases from which information on Mr. Silvestre is stored. The time frame of this request is 1/1/1996 to present.*

FOIA 2021-52588

*all system records and other items maintained, produced, or distributed by EOIR on **Christopher Archie**, A#018-658-496, DOB ▆▆▆▆▆. This includes the record of proceeding for hearing(s), the case management interface outputs, as well as digital or audio recordings of hearing(s) and any email or other communications about his case. The time frame of this request is 1980 to the*

*present.*

FOIA 2022-27937

*all system records and other items maintained, produced, or distributed by EOIR pertaining to **Toan Hoang**. His "alien number" is 025-105-060. He was born in Vietnam on* ▮▮▮▮▮▮▮. *This request includes but is not limited to all memoranda, notes, reports, email messages, and all other system records or communications associated with or pertaining to Mr. Hoang generated or received by EOIR. This also includes the record of proceedings for his immigration hearing(s), as well as any digital or audio recordings of prior hearing(s). Please include ALL calendar and case note records maintained by any EOIR digital systems. The time frame of this request is January 1, 1995, to the present.*

15. EOIR interpreted these requests to be requests for Silvestre's, Archie's, Hoang's and Charpentier's reports of proceedings. EOIR produced the reports of proceedings for all four individuals in October 2022. Silvestre had two proceedings, and EOIR produced both reports, which were 24 pages each. Archie's report included 54 pages and two audio files, which EOIR produced. Hoang's report included 38 pages and one audio file, which EOIR produced. Charpentier's report included 2,060 pages, which EOIR produced.

16. In its October 2023 ruling, the court directed EOIR to search for screen shots of databases on which information on the four respondents is stored:

(1) "all memoranda, notes, reports, email messages . . . associated with or pertaining to Mr. Silvestre generated or received by EOIR" and "ALL calendar and case note records maintained by any EOIR digital systems, including screen shots of databases from which information on Mr. Silvestre is stored" from 1/1/1996 to present;

(2)    "all memoranda, notes, reports, email messages . . . associated with or pertaining to Mr. Hoang generated or received by EOIR" and "ALL calendar and case note records maintained by any EOIR digital systems" from 1/1/1996 to present;

(3)    "all memoranda, notes, reports, email messages . . . associated with or pertaining to Mr. Charpentier generated or received by EOIR" and "ALL calendar and case note records maintained by any EOIR digital systems" from 1/1/1972 to 8/18/2022; and

(4)    "the case management interface outputs" and "any email . . . about [Christopher Archie's] case" from 1/1/1980 to present.

17. EOIR has taken screenshots of all information contained on the respondents in CASE, amounting to 56 pages. The screenshots were released to Plaintiff on April 5, 2024.

18. Memoranda, notes, and reports are consistently sent using EOIR's internal email system. As such, EOIR locates such documents by sending requests for records to the Office of Information Technology (OIT), which then conducts a search of EOIR's email server within the specified parameters of the search. These parameters include terms, date ranges, and the employees' emails to be searched.

19. Because EOIR has a retention policy of seven years, emails beyond that timeframe may not be searched. The date range for this search was from August 2017 to August 2022, the date that EOIR received the last FOIA request from the requester. I determined that a five year timeframe for all email accounts in EOIR during that time was reasonable for these requests.

20. On October 16, 2023, the FOIA Office sent a request for records to the OIT to conduct a search of emails for all employees and contractor using the terms, "Miguel Silvestre" OR "Christopher Archie" OR "Toan Hoang" OR "Pascal Charpentier" with a date range of August 1, 2017 to August 1, 2022.

21. After conducting a search of records of 13,316 mailboxes, OIT provided the search results to the FOIA Office. This search produced 297 items. After deduplication, 180 items remained.

22. A manual responsiveness review concluded that of the deduplicated records, 85 items with a total of 504 pages were responsive to the request.

23. I delivered documents to the requester in two productions. During the first production EOIR released 326 pages of responsive records. EOIR used exemptions 5 and 6.

24. Following review and redactions, I delivered the interim response to the requester on November 30, 2023.

25. During the second and last production EOIR released 178 pages of responsive records. EOIR used exemptions 5 and 6. Referrals to USCIS and ICE were sent on the same date.

26. Following review and redactions, I delivered the second and final response to the requester on December 27, 2023.

27. EOIR has examined its withholdings and determined that there is no segregable, non-exempt information that could further be released, and that all reasonably segregable portions of the relevant records have been produced.

28. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated the 28th day of March 2024.

JENIFFER
PEREZ
SANTIAGO

Digitally signed by
JENIFFER PEREZ
SANTIAGO
Date: 2024.04.08
12:10:50 -04'00'

# Exhibit B

| 1 | **FIRST PRODUCTION** | | | |
|---|---|---|---|---|
| 2 | Document Type | Disposition/Exemptions Cited | Content and Justification for withholding | Page Number |
| 3 | Email | (b)(5) - DPP | Email from Charles Conroy to Raul Santana concerning a Record of Proceeding's physical placement and the rescheduling of a master calendar hearing.<br><br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including how employees store sensitive documents such as Records of Proceeding and pre-publication decisions and orders. | 1 |
| 4 | Email | No exemption used | DHS Referral - for review and release directly to requester | 1 |
| 5 | Email | No exemption used | DHS Referral - for review and release directly to requester | 1 |
| 6 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP | Email from Toniann Territola to Charles Conroy with a draft decision attached.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to phone numbers and private information of employees.<br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including pre-publication drafts of decisions. | 1<br><br>2-12 |
| 7 | Email | (b)(6) - personal privacy | Email from Goldberg & Associates PC to the Varick immigration court with an attached Emergency Motion to Continue.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to an alien's personal and medical information. | 7-10 |
| 8 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP | Email from Mary Cheng to Tracy Short concerning an attached decision draft.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to email addresses and private information of employees.<br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including pre-publication drafts of decisions. | 1-2<br><br>1-14 |

| 9 | Email | (b)(6) - personal privacy<br>No exemption used | Email from Jean Smith to Thomas Mulligan with DHS litigation documents attached.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to email addresses and agency security information.<br>DHS Referral - for review and release directly to requester | 1<br><br><br>2-21 |
|---|---|---|---|---|
| 10 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP | Email from Ubaid ul-Haq to Michelle Curry and Cortney Cortez with an immigration court decision attached.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to phone numbers, email addresses, and private information of employees.<br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including pre-descisional communications between counsel. | 1-2<br><br><br>1 |
| 11 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP | November 12th forward concerning "attorney referral for contemptuous conduct."<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to phone numbers, email addresses, and private information of employees.<br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including pre-descisional communications between EOIR employees. | 1-2<br><br><br>1-2 |
| 12 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP | August 2nd forward concerning "attorney referral for contemptuous conduct." (2 pages)<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to email addresses and private information of employees.<br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including pre-descisional communications between EOIR employees. | 1-2<br><br><br>1-2 |

| 13 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP | January 4th forward concerning "attorney referral for contemptuous conduct."<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to email addresses, phone numbers, and private information of employees.<br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including pre-descisional communications between EOIR employees and evidence used during an ethical investigation. | 1-3, 6<br><br>1-5, 7-9, 11-12, 14-15, 17-26, 28-29, 31-32, |
|---|---|---|---|---|
| 14 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP | August 2nd forward concerning "attorney referral for contemptuous conduct." (4 pages)<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including email addresses<br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including pre-descisional communications between EOIR employees. | 1-3<br><br>1-3 |
| 15 | Email | (b)(6) - personal privacy<br>No exemption used | Email from Sherri Barrett with DHS evidence attached.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including email addresses.<br>DHS Referral - for review and release directly to requester | 1<br><br>1-2 |
| 16 | Email | No exemption used | Email from Varick Immigration Court to Charles Conroy about a DHS extension request.<br><br>DHS Referral - for review and release directly to requester | 1 |
| 17 | Email | No redactions | Email from Jacqueline Stevens to the FOIA Requests inbox. | |

| 18 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP | Email from Toniann Territola to Charles Conroy with a draft Motion to Recuse attached. | |
| | | | (b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including phone numbers.<br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including pre-publication drafts of decisions. | 1<br><br>2-8 |
| 19 | Email | (b)(6) - personal privacy | Email from Goldberg & Associates PC to Varick Immigration Court with a Motion to Terminate and evidence attached. | |
| | | | (b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including email addresses. | 203 |
| 20 | **SECOND PRODUCTION** | | | |
| 21 | Document Type | Disposition/Exemptions Cited | Content and Justification for withholding | Page Number |
| 22 | Email | (b)(6) - personal privacy<br>No exemption used | Email from Varick Immigration Court to Marissa Larsen with DHS master evidence attached. | |
| | | | (b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including phone numbers.<br>DHS Referral - for review and release directly to requester | 1<br><br>1-2 |
| 23 | Email | (b)(6) - personal privacy<br>No exemption used | Email from Robin Gibbs-Djibom to Shayne Burnham with DHS master evidence attached. | |
| | | | (b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to email addresses and private information of aliens.<br>DHS Referral - for review and release directly to requester | 3<br><br>3-4 |

| 24 | Email | (b)(6) - personal privacy<br>No exemption used | Email from Charles Conroy to Jean Smith with a signed DHS request document attached.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including email addresses.<br>DHS Referral - for review and release directly to requester | 5<br><br>5-6 |
|----|-------|--------|--------|------|
| 25 | Email | No exemption used | Email from Jean Smith to Thomas Mulligan with a DHS request for scheduling order attached.<br><br>DHS Referral - for review and release directly to requester | 7-8 |
| 26 | Email | No exemption used | Email from Ronald Rafailov to Paul Friedman with an I-830 attached.<br><br>DHS Referral - for review and release directly to requester | 9-11 |
| 27 | Email | (b)(6) - personal privacy<br>No exemption used | Email from Charles Conroy to Sherri Barrett with an I-830 attached.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including email addresses.<br>DHS Referral - for review and release directly to requester | 12<br><br>12-14 |
| 28 | Email | No exemption used | DHS Referral - for review and release directly to requester | 45-46 |
| 29 | Email | (b)(5) - DPP | Email from Charles Conroy to Raul Santana concerning progress on the case.<br><br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including pre-descisional communications between EOIR employees. | 68 |
| 30 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP | Email from Sherri Barrett to Charles Conroy about the case and ROP.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including email addresses.<br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including internal discussions regarding the litigation of a pending case. | 85<br><br>85 |

| 31 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP | February 5, 2021 email from Toniann Territola to Dara Reid with a draft decision attached.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including email addresses and phone numbers.<br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including pre-descisional communications between EOIR employees and unpublished drafts. | 86-87<br><br>86-99 |
| --- | --- | --- | --- | --- |
| 32 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP | September 24, 2020 email from Toniann Territola to Dara Reid with a draft decision attached.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including email addresses and phone numbers.<br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including pre-descisional communications between EOIR employees and unpublished drafts. | 100-101<br><br>100-113 |
| 33 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP | Email from Dara Reid to Charles Conroy about the draft decision.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including email addresses and phone numbers.<br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including pre-descisional communications between EOIR employees. | 114<br><br>114 |
| 34 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP | Email from Dara Reid to Marissa Larsen concerning the attorney referral for contemptuous conduct.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including email addresses and phone numbers.<br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including pre-descisional communications between EOIR employees. | 127-129<br><br>127-129 |

| 35 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP | Email from Alexander Spindler to Attorney Discipline concerning the attorney referral for contemptuous conduct.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including email addresses and phone numbers.<br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including internal communications concerning an ongoing ethics investigation. | 130-133<br><br>130-133 |
| --- | --- | --- | --- | --- |
| 36 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP | Email from Alexander Spindler to Paul Rodrigues concerning the attorney referral for contemptuous conduct.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including email addresses and phone numbers.<br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including internal communications concerning an ongoing ethics investigation. | 134-136<br><br>134-136 |
| 37 | Email | (b)(6) - personal privacy<br>No exemption used | Email from Paul Friedman to Jorge Maldonado concerning the attorney referral for contemptuous conduct.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including phone numbers.<br>DHS Referral - for review and release directly to requester | 137<br><br>137 |
| 38 | Email | No exemption used | DHS Referral - for review and release directly to requester | 138-145,<br>146-150 |
| 39 | Email | (b)(6) - personal privacy<br>No exemption used | Email exchange between Genevieve Kim and Jean Smith concerning a digital audio recording.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including email addresses and phone numbers.<br>DHS Referral - for review and release directly to requester | 151-153<br><br>151-154 |
| 40 | Email | No exemption used | DHS Referral - for review and release directly to requester | 155-156 |

| 41 | Email | (b)(6) - personal privacy<br>No exemption used | Email from Claudette Forde to Ronald Rafailov about a DHS submission of an I-830.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including email addresses and phone numbers.<br>DHS Referral - for review and release directly to requester | 157<br><br>157-158 |
|----|-------|---|---|---|
| 42 | Email | (b)(6) - personal privacy<br>No exemption used | Email from Sherri Barrett to Charles Conroy about a DHS submission of an I-830.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including email addresses.<br>DHS Referral - for review and release directly to requester | 159<br><br>159-161 |
| 43 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP<br>No exemption used | Email from Maurice Rose to Paul Friedman concerning IJ Reid's clerk and a detained inquiry.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including email addresses and phone numbers.<br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including pre-decisional communications regarding an unpublished decision.<br>DHS Referral - for review and release directly to requester | 162<br><br><br>162<br><br><br>162-163 |
| 44 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP | Email from Charles Conroy to Toniann Territola concerning an updated case list.<br><br>(b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of employees, including email addresses.<br>(b)(5)This exemption protects withholding of information under the deliberative process privilege, including pre-decisional communications regarding an unpublished decision. | 166<br><br><br>166 |

| 45 | Email | (b)(6) - personal privacy<br>(b)(5) - DPP | Email from Charles Conroy to Jocelyn Mosman and Annam Farooq with a document entitled "JLC Cases" attached. | |
| | | | (b)(6) This exemption protects certain individuals from unwarranted invasions of personal privacy. The information withheld under this exemption is related to the private information of third parties. | 169-170 |
| | | | (b)(5)This exemption protects withholding of information under the deliberative process privilege, including pre-decisional communications regarding an unpublished decision. | 168-170 |
| 46 | Email | No exemption used | DHS Referral - for review and release directly to requester | 177-178 |