UNITED STATES DISTRICT COURT
For the Northern District of Illinois −
Eastern Division

| | |
|---|---|
| Jacqueline Stevens<br><br>Plaintiff<br><br>vs.<br><br>United States Department of Health and<br>Human Services et al. | Civil Case No.: 22-cv-05072<br>Judge: Honorable M. Kennelly |

**PLAINTIFF'S OPPOSITION TO EOIR'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff Jacqueline Stevens, by her counsel of record, hereby opposes Defendant EOIR's Motion for Summary Judgment and separately moves for summary judgment pursuant to Fed. R. Civ. P. 56 for the reasons stated in its combined summary judgment response and memorandum in support of its cross-motion for summary judgment, the response to Defendant EOIR's LR 56.1 Statement, and Plaintiff's LR 56.1 Statement of Undisputed Material Facts, which were filed contemporaneously herewith.

Respectfully Submitted by

_____s/ Nicolette Glazer Esq._____
Nicolette Glazer Esq.
LAW OFFICES OF LARRY R GLAZER
2121 Avenue of the Stars #800
Century City, CA 90067
T: 310-407-5353
F: 310-407-5354
nicolette@glazerandglazer.com
ONE OF PLAINTIFF'S ATTORNEYS

# MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

The Freedom of Information Act (FOIA) mandates that government agencies make requested records available to any person unless one of nine narrow exemptions applies. 5 U.S.C. §552(a)(3)(A). The Act places the burden on the agency to demonstrate that it has conducted a good faith and reasonable search for the 'agency records' requested and to justify any withholding or redaction in the production. *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 220 (D.C. Cir. 2013). While government agencies are permitted to withhold from disclosure certain information that falls within one of the FOIA's nine exemptions, these exemptions are to be narrowly construed to promote the statute's broad disclosure policy. *In re Wade*, 969 F.2d 241, 246 (7th Cir. 1992). Furthermore, federal courts may review agency action to determine whether the agency properly withheld the information, 5 U.S.C. §552(a)(4)(B), not blindly afford deference to the agency reasoning, *City of Chicago v. A.T.F.*, 423 F.3d 777 (7th Cir. 2005). To prevail on a summary judgment motion, the moving party – here EOIR-- must demonstrate that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The facts here are largely undisputed; the issue is whether either party is entitled to a judgment as a matter of law.

Although a FOIA case involves agency action, no deference is due to agency reasoning or decision-making; rather the Court reviews agency's handling of a FOIA request *de novo*. 5 U.S.C. § 552(a)(4)(B). The FOIA was meant to be a "disclosure statute," not a "withholding statute." *Milner v. Dep't of the Navy*, 131 S. Ct. 1259, 1262 (2011). Thus, in evaluating any FOIA summary judgment motion, "two guiding principles apply. *First*, FOIA is to be broadly construed in favor of disclosure. *Second*, its exemptions are to be narrowly circumscribed*." Trentadue v. Integrity Comm*., 501 F.3d 1215, 1226 (10th Cir. 2007). Defendant has again failed to carry its burden; summary judgment should be denied and a final judgment entered in favor of Plaintiff.

## II. THE CAUSES OF ACTION PLEADED AGAINST EOIR.

Plaintiff's complaint contains three causes of action against EOIR: (1) Count I, *Violation of the FOIA: Failure to Comply with Statutory Deadlines,* alleges that EOIR failed to make the statutory required determination regarding four of Stevens's properly submitted FOIA requests and to produce responsive records past the deadlines promulgated by Congress in violation of 5 U.S.C. §§ 552(a)(6)(E)(ii)(I), (a)(6)(A)(ii) and 5 U.S.C. 552(a)(6)(B)(i)-(iii), (ECF # 1, ¶102); (2) Count II asserts a failure to adjudicate and grant expedited requests claim[1], (ECF # 1, ¶¶105-07); and (3) Count III asserts a claim for unlawful withholding of agency records resulting from Defendant EOIR's violation of its duties under the Act, including but not limited to the duties to process properly submitted requests for records, to conduct a timely and reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information., ECF # 1, ¶¶111-116). Both Count I and III seek injunctive and declaratory relief. *Id*. The Court already granted summary judgment as to the injunctive relief claim, ECF # 53, and ordered EOIR "to conduct a good-faith and reasonable search for all remaining records specifically identified in the June 2021 Silvestre request, the August 2021 Archie request, the March 2022 Hoang request, and the August 2022 Charpentier request." *Id.* at 18-19. EOIR has failed to abide by the Court's order and injunction. Moreover, Plaintiff is entitled to a declaratory judgment against Defendant as requested in the Complaint.

## III. PLAINTIFF, NOT EOIR, IS ENTITLED TO SUMMARY JUDGMENT.

"It is well-settled that the "issues on summary judgment are framed by the Complaint." *Rodriguez v. Countrywide Homes,* 668 F.Supp.2d 1239 (E.D.Cal.2009); *Cole v. CRST, Inc.*, 150 F. Supp. 3d 1163, 1169 (C.D. Cal. 2015). As shown above, the Court has already granted summary judgment in favor of Plaintiff. Defendant provides no authority that having had summary judgment issued against it, Defendant is entitled to now ask the Court to reverse course and grant judgment in its favor

---

[1] After the Complaint was filed EOIR granted the request to expedite. The count is thus now moot as Plaintiff obtained the relief she was seeking in Count II.

simply because it has attempted to comply with the Court's injunction. At best if the Court finds that Defendant has conducted a good faith and proper search and has produced all responsive records, the Court could dissolve or modify the injunction, not declare Defendant victorious. *See Fed. Trade Comm'n v. Construct Data Publishers A.S.* (N.D. Ill., Dec. 11, 2014, No. 13-cv-01999) [pp. 16] ("The Court may modify an injunction whenever the principles of equity require it to do so. *In re Hendrix*, 986 F.2d 195, 198 (7th Cir. 1993)."); *see also* F.R.C.P 60(b)(5) (allowing for a relief from a judgment or order where the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.) Here, Defendant has not made a rule 60(b)(5) motion nor attempted to meet the rule's requirements. Because Rule 60(b)(5) explicitly allows only relief "on a motion", this Court lacks authority to relieve Defendant from the requirement to file a proper motion nor can it act *sua sponte*. Defendant improper motion should be summarily denied.

Even if the Court finds that it can convert or consider Defendant's Rule 56 motion as a Rule 60(b)(5) motion, Defendant has failed to show that it has conducted a reasonable search as required by FOIA or that it has released all responsive records.

### A. Defendant's Searches Remain Inadequate as a Matter of Law and Fact.

An agency bears the burden to "show beyond material doubt that it has conducted a search reasonably calculated to uncover **all** relevant documents." *Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enf't Agency*, 877 F. Supp. 2d 87, 95 (S.D.N.Y. 2012) (citation omitted, and emphasis added). To determine whether the search performed in response to a FOIA request was done in good faith and the agency had used methods reasonably calculated to produce *all* responsive documents, this Court must consider: (1) the search terms and the type of search performed; (2) the nature of the system(s) or database(s) searched; and (3) whether the search was "logically organized". *DiBacco v. U.S. Army*, 795 F.3d 178, 191 (D.C. Cir. 2015) (It is an agency's "burden to show that its search efforts were reasonable and logically organized to uncover relevant documents.")

4

Defendants' sole support in seeking summary judgment is the Declaration of Ms. Santiago. (ECF # 86 at 7-18). Defendant has not produced the actual search indices used in responding to the FOIA requests nor the records documenting the performed searches.

When an agency relies on sworn declarations to establish the adequacy of its search, those declarations "must be 'relatively detailed and non-conclusory.'" *Serv. Women's Action Network v. Dep't of Def.*, 888 F. Supp. 2d 231, 240-41 (D. Conn. 2012) (quoting *SafeCard*, 926 F.2d at 1200). The agency's declarations "must detail files searched and the general scheme of the agency file system," *id*. at 245, and they must "describe in reasonable detail the scope of the search and the search terms or methods employed," *id*. at 241. The Santiago declaration is insufficient because it fails to provide details about the scope and methods of the searches performed in response to the FOIA requests and the election to produce only a portion of the record uncovered by the searches. (Response to Defendants' Statement of Facts [RDSOF] No. 12-21); Plaintiff's Statement of Additional Facts [PSAF] at No. 3-10.)

1. <u>Defendant failed to perform an adequate search with respect to the *Hoang, Archie, Silvestre, and Charpentier* Requests by again omitting A-numbers as a search term</u>.

It is undisputed that EOIR elected to search both the CASE system of records and the agency's email server solely by using the full names of the individuals subject to the four FOIA requests: *"Miguel Silvestre" OR "Christopher Archie" OR "Toan Hoang" OR "Pascal Charpentier"*. (Santiago Decl. ¶20). In granting Plaintiff's summary judgment motion and ordering EOIR to perform a good faith search this Court observed that EOIR "d[id] not suggest that Stevens is wrong about the ease with which it could have conducted a search for the types of records at issue" by "A-number and/or the name of the non-citizen." (ECF # 53 at 10). Yet EOIR persists in unreasonably narrowing the search terms. Here, each of the FOIA requests identified the respective A-number(s) for Hoang, Archie, Silvestre, and Charpentier. EOIR devised and performed an unduly restrictive search with full knowledge that any record that contained only the A-number or the A-number and the last name would not be retrieved. *Bagwell v. U.S. Dep't of Justice*, 311 F. Supp. 3d 223, 229-30 (D.D.C. 2018) (declaring that an agency's search for "Pennsylvania State University" was

unreasonable "because it would not pick up documents that contained only 'PSU' or 'Penn State.'"). Ms. Santiago provides no explanation as to the methods or reasoning underlying the unduly restrictive search term selection. This is particularly troubling since the agency's filing system and EOIR case management system is organized and structured based on each non-citizen's unique A-number. *See Am. Civil Liberties Union Immigrants' Rights Project v. United States* (2d Cir. 2023) 58 F.4th 643, 650 ("an A-Number is "[t]he only piece of information stored in a row of IIDS data that connects an entry to an individual uniquely."). Defendant should be ordered to conduct an additional search of CASE and e-mail by A-number.

2. <u>Defendant failed to perform an adequate search</u> with respect to the *Hoang, Archie, Silvestre, and Charpentier* <u>Requests by unreasonably reducing the period of time for the search.</u>

The Charpentier request sought immigration records "*from January 1, 1972 to August 18, 2022.*" (Santiago Decl ¶15). The Silvestre request sought immigration records from "*1/1/1996 to present.*" *Id.* The Archie request sought immigration records from "*January 1, 1995, to the present.*" *Id.* The Hoang request sought immigration records from "*January 1, 1995, to the present.*" *Id.* In her Declaration Ms. Santiago declares that "[b]ecause EOIR has a retention policy of seven years, emails beyond that timeframe may not be searched." *Id*. Yet, Defendant did not search for the available retention time frame. Instead, EOIR searched only "*from August 2017 to August 2022, the datethat EOIR received the last FOIA request from the requester.*" (Santiago Decl. ¶19). Ms. Santiago declares in conclusory fashion "*I determined that a five-year timeframe for all email accounts in EOIR during that time was reasonable for these requests." Id.* Ms. Santiago does not explain why an arbitrary five-year timeframe is reasonable "for these requests": Mr. Charpentier's immigration case is ongoing; the underlying immigration court cases are cases in which United States citizens were ordered removed and some of the subjects of the requests were physically deported to a foreign country of which they are not citizens. (Stevens Declaration ¶¶25-35). The plight of these and many other similarly situated individuals has and will garner significant attention in part because of Plaintiff's research and writings. *Id*. ¶¶ 4, 16 . That EOIR may be concerned about messaging or embarrassing

information contained in responsive records is not a justification to unreasonably restricting the Court ordered search to shield unflattering recent emails or changes in policies and procedures not communicated to the public. *Id.* ¶31. In locating responsive records, the agency is required to conduct a "search reasonably calculated to uncover all relevant documents. . . . The adequacy of the search . . . is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case." *Zemansky v. U.S. Envtl. Protection Agency*, 767 F.2d 569, 571 (9th Cir. 1985). Defendant should be ordered to conduct a search for the entire seven-year retention period.

### B. Defendant is unlawfully withholding responsive records.

Pursuant to 5 U.S.C. § 552(a)(3)(A), upon receipt of a FOIA request, an agency has a duty to "make the records promptly available to any person." Here it is undisputed that EOIR did not conduct a search for the responsive records and did not produce any records prior to the filing of this lawsuit. See Stevens Declaration ¶43. Moreover, EOIR's backlog is a creature of its own invention, a result of decreasing its FOIA budget as a per cent of operating budget in the time frame that produced the backlog. *Id*. ¶44. Even after this Court's order, ECF # 53, Defendant continues to withhold and may have even destroyed responsive records. *See* PSAF at No. 3-10; Stevens Declaration, ¶¶ 14, 17, 19-22, 42.

As a general matter, the only exceptions to the disclosure requirements mandated by FOIA are set forth in § 552(b). Thus, to the extent a responsive record is identified, the agency must produce it, explain why it is unavailable for production, or claim one or more exemptions. EOIR failed to do so.

*First,* in her Declaration Ms. Santiago explains that the search of the agency's 13,316 mailboxes, OIT search "produced 297 items." (Santiago Decl ¶21). Ms. Santiago does not define the term "item". She then explains that "[a]fter deduplication, 180 items remained." *Id.* Again, the declaration is silent as to what this "deduplication process" entails. Of note: Defendant has produced plenty of duplicative email and chain emails containing forwarded or prior emails in the same chain; thus, the process was neither meant for did it result in removing duplicate pages. Regardless, nothing in the FOIA text support this behind the scenes "deduplication"; if the search containing the respective full name of the four non-citizens returned a responsive record, then it is an agency record

7

that should have been produced to the requester. In the alternative, EOIR must describe this "deduplication" process for the Court to conduct the statutory requited *de novo* review of the agency action. 5 U.S.C. § 552(a)(4)(B). The issue here is not whether the agency determinations were not arbitrary or did not amount to abuse of discretion. To accept such a truncated standard of review would fall short of a Act's requirement that the Court independently decide whether the documents in question satisfy the terms of any exemption. *See Long v. United States* I.R.S (9th Cir. 1984) 742 F.2d 1173; *Reporters' Comm. for Freedom of Press v. United States Dep't of Justice,* 816 F.2d 730, 734 (D.C. Cir. 1987) (declining to accord *Chevron* deference to Justice Department interpretation of FOIA exemptions because FOIA "applies to all government agencies, and thus no one executive branch entity is entrusted with its primary interpretation"), *rev'd on other grounds,* 489 U.S. 749 (1989); *Al-Fayed v. C.I.A* (D.C. Cir. 2001) 254 F.3d 300, 307 (same). Moreover, the burden is on the Government, not on the requester, to show the adequacy of the search and any withholding. *See Carney v. U.S. Dept. of Justice (2d Cir. 1994)* 19 F.3d 807, 812 ("In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA.")

*Second*, Ms. Santiago declares that after removing some of the responsive records through 'deduplication' the agency conducted a "manual responsiveness review" and concluded "that of the deduplicated records, 85 items with a total of 504 pages were responsive to the request." (Santiago Decl ¶22). The declaration is silent as to what this additional manual responsiveness review is and why it is necessary in light of the search terms used and the nature of the records in questions. The end result is that out of the 180 de-duplicated "items" Defendant determined -- after reviewing the contents of each "item" -- that 95 (over 50%) of these records are "non-responsive" and never produce them to Plaintiff. Defendant cannot have the cake and eat it! Either the search performed was so inadequate and unreasonable that it resulted in retrieving largely irrelevant records or Defendant hand-picked what documents to produce to Plaintiff. Either is a violation of the text and purpose of FOIA.

*Third*, section 1229a(b)(4)(C) of the Immigration and Nationality Act (Title 8) imposes upon EOIR a duty to keep "a complete record . . . of all testimony and evidence produced at the proceeding." Implementing regulations likewise require that the hearing "shall be recorded verbatim except for statements made off the record with the permission of the immigration judge." 8 C.F.R. § 1240.9. The template for immigration court orders states for Silvestre's order and those of others whose hearing recordings were not produced, "This is a summary of the oral decision entered on []. This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will become the final opinion in the case." (Stevens Decl ¶18, quoting from Ex. 4). Defendant, however, has failed to produce all audio recordings of the actual hearings conducted in Huang, Charpentier, Archie, and Silvester's section 240 proceedings. (PSAF at No. 3-8; Stevens Decl. ¶8-11, 13-14, 16-17, 19, 23, 32, 38-39). Defendant also does not explain what is the nature of the "damage" to the audio recording(s). *Id.* Regardless, even if a tape is damaged it is still a "record" and a copy of it should be released or Defendant must explain why it is impossible or impracticable to produce a copy of the damaged tape(s). *Id.*

*Fourth*, as Plaintiff explains in her declaration the records produced show that some records may have been "deleted" or "modified". (PSAF at No. 9 &10; Stevens Decl ¶¶20-22, 24). Although destroying records pursuant to an official and bona fide records retention policy may be permissible and may not be violative of FOIA per se, the retention of an immigration record of proceeding is statutorily required to me maintained and its destruction properly reported. Also under the Federal Records Act, 44 U.S.C. § 3102 and § 3103, agencies are required to establish records management programs which identify records that should be preserved and to plan for the storage and disposal of records having only temporary significance. Defendant has submitted no reports to the National Archives and Records administration indicating any recordings missing from the ROPs Plaintiff has requested, as required by 8 CFR Part 1230. (Stevens Decl. ¶24). Defendant provides no information about its retention policies regarding immigration court records and audio recordings for this Court to ascertain whether records were improperly removed from the ROP, deleted, or modified and thus not produced.

*Fifth*, in the *Vaughn* index Defendant notes 20 times "*DHS Referral - for review and release directly to requester*". The documents in question appear to be documents filed by the Office of the Principal Legal Advisor as the "petitioner" in the section 240 removal proceedings and were served on the non-citizen or the non-citizen's attorney of record. *See* 8 U.S.C. § 1229a(a)(3); see also *Niz-Chavez v. Garland*, 141 S.Ct. 1474 (2021). They are immigration court records and part of the person's ROP for which this Defendant has exclusive control and responsibilities. 8 U.S.C. § 1229a(a)(4). Even in the context of b7 exemption, documents cannot be withheld if they have previously been released to the person seeking it or to the subject of the record who has provided a privacy waiver to the requester. *See Lion Raisins Inc. v. USDA*, 354 F.3d 1072, 1085 (9th Cir. 2004) (stating that the "USDA cannot argue that revealing the information would allow Lion premature access to the evidence" or harm its investigation, because "Lion already has copies of the documents it seeks"). In sum, "[u]nless a document falls into one of the nine recognized exemptions from disclosure under FOIA, it is due to be disclosed." *Id.*

### C. Defendant has failed to establish a proper grounds for the b5 withholdings.

An agency withholding information under FOIA must provide its justifications with "[s]pecificity." *King v. U.S. Dep't of Justice*, 830 F.2d 210, 219 (D.C. Cir. 1987). Through an agency's *Vaughn* index and supporting affidavit or declaration, the agency must offer "a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." *Id.* (quoting *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977) ). For every record withheld, the agency "should reveal as much detail as possible as to the nature of the document, without actually disclosing information that deserves protection." *Oglesby v. U.S. Dep't of Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996). A court will find an agency's justifications insufficient if they are "conclusory, merely reciting statutory standards, or if they are too vague or sweeping." *Allen v. Cent. Intelligence Agency*, 636 F.2d 1287, 1291 (D.C. Cir. 1980). Here Defendant has misrepresented at least one of the records and failed to provide sufficiently detailed explanation for withholding post-decision records, demonstrating that Defendant has not met the

standard they articulate. (PSAF at No. 10); *see* ECF 85, p. 5, citing *Vaughn v. Rosen*, 484 F.2d 820, 826-27 (D.C. Cir. 1973), *Stevens v. DHS*, 2014WL 5796429, *4 (N.D. Ill. Nov. 4, 2014) (summary judgment appropriate if agency affidavits "describe the documents withheld and the justifications for nondisclosure in enough detail and with enough specificity to demonstrate that the material withheld is logically within the domain of the exemption claimed"). The *Santiago* Declaration and *Vaughn* Index are incomplete, vague, and also inaccurate, making it impossible to show any logical relation to the exemption claimed. *Id.* Ms. Santiago has not explained how her search failed to locate or release records on the immigration judge ("IJ") reassignments in Charpentier's case.[2] (Stevens Decl.¶¶ 16, 42). Further, the Vaughn Index asserts a b(5) exemption for correspondence between two immigration judges when the underlying communications redacted are post-decisional and from and to an Assistant Chief Immigration Judge, not IJ Charles Conroy, the person indicated on the Vaughn Index. (Stevens Decl. ¶41). Moreover, Defendant's motion fails to explain what is the nature of the deliberative privilege exemption between EOIR and DHS or between administrative court personnel and immigration judges deciding cases. (ECF 85, pp. 5-6). Removal proceedings are adversarial and DHS bears the burden to establish removability, including alienage, with clear and convincing evidence. *See* 8 C.F.R. § 1003.14(a) ("Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service.").

Defense cites *Patterson v. IRS*, 56 F.3d 832, 840 (7th Cir. 1995) ("remanding where court made no segregability finding)." (ECF 85, p. 6). But here the Defendant's assertion and claim that it released all segregable material is conclusory. The DSOMF states, "Under Exemption 5, EOIR also withheld pre-decisional communications on particular cases." (DSOMF, ECF 86, ¶24 and cites sections of the Vaughn Index that provide no information to support on b(5) grounds the failure to release even one word from pages redacted in their entirety. (DSOMF ¶24, referencing Vaughn entries 10-14, 29-30, 33-36, 43-45). Such statements are not sufficient. *See Patterson* at 840. ("The

---

[2] In light of the inaccurate descriptions and copious redactions of seemingly segregable text, it is not clear whether EOIR did not conduct a search sufficient to locate the underlying communications, or whether they were located and redacted.

IRS is not entitled to withhold an entire document if only 'portions' of the five pages contain information which is exempt. Perhaps the exempt information is so intertwined with the non-exempt that it cannot be segregated. Yet, the Martin Declaration did not even offer the type of 'general conclusion' about the segregability of the exempt information which was rejected as inadequate.") (Cit. omitted.) Immigration court hearings are generally open to the public. *See* 8 CFR 1003.27.[3] Any references to context for a hearing is public information and could be reasonably segregated, for example. To afford a reviewing court an opportunity to assess the scope of redactions, EOIR must do more than simply redact a large number of pages and then assert b (5).

CONCLUSION

For the reasons stated above, Plaintiff's motion should be granted and judgment entered in her favor against EOIR and declaratory relief awarded as requested in the Complaint.

Date: 5/9/2024

                              Respectfully Submitted by

                              _____s/ Nicolette Glazer Esq._____
                              Nicolette Glazer Esq.
                              LAW OFFICES OF LARRY R GLAZER
                              2121 Avenue of the Stars #800
                              Century City, CA 90067
                              T: 310-407-5353
                              F: 310-407-5354
                              nicolette@glazerandglazer.com
                              ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

This pleading was served on Defendants' counsel of record by the CM/ECF electronic filing and service system.

---

[3] 1003.27 – Public Access to Hearings. https://www.ecfr.gov/current/title-8/chapter-V/subchapter-A/part-1003/subpart-C/section-1003.27

      \_\_\_\_\_s/ Nicolette Glazer Esq._____
      Nicolette Glazer Esq.
      LAW OFFICES OF LARRY R GLAZER
      1999 Avenue of the Stars #1100
      Century City, CA 90067
      T: 310-407-5353
      F: 310-407-5354
      nicolette@glazerandglazer.com
      ATTORNEY FOR PLAINTIFFS