UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN
DIVISION

JACQUELINE STEVENS, )
)
        Plaintiff, )
)
        v. ) No. 22 C 5072
)
) Judge Kennelly
UNITED STATES DEPARTMENT OF )
HEALTH AND HUMAN SERVICES, *et al.*, )
)
        Defendants. )

**PLAINTIFF'S RESPONSE TO EOIR'S L.R. 56.1 STATEMENT <u>OF MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT AND ADDITIONAL DISPUTED AND UNDISPUTED FACTS</u>**

Plaintiff Stevens, by her attorney of record, submits the following response to the statement of material facts stated by Defendant and additional facts as to which there is no genuine issue pursuant to Local Rule 56.1 of the United States District Court for the Northern District of Illinois.

**Jurisdiction and Venue**

1. This is an action brought under the Freedom of Information Act (FOIA), and the court has subject matter jurisdiction under 5 U.S.C. § 552 and 28 U.S.C. § 1331. Answer ¶ 3.

Response: Admitted.

2. Venue is proper in this district because plaintiff Jacqueline Stevens resides in this district. Answer ¶ 4.

Response: Admitted.

**Parties**

3. Plaintiff Jacqueline Stevens is a professor at Northwestern University. Dkt. 15 (Answer) ¶ 5.

Response: Admitted.

4. Defendant Executive Office of Immigration Review, or EOIR, is a component of the federal government from whom Stevens has sought information via FOIA. Answer ¶¶ 18, 75.

Response: Admitted.

### Stevens's FOIA Requests and EOIR's Initial Response

5.  Stevens submitted FOIA requests to EOIR, seeking records regarding four people: Miguel Silvestre (sent in June 2021), Christopher Archie (sent in August 2021), Toan Hoang (sent in March 2022), and Pascal Charpentier (sent in August 2022). Dkt. 15 (Answer) ¶¶ 75, 81, 86, 97.

Response: Admitted.

6.  EOIR interpreted the requests to be seeking the reports of proceedings for Silvestre, Hoang, Archie, and Charpentier. Dkt. 53 (Mem. Op. and Order) at 7.

Response: Admitted that the Santiago Declaration make the statement quoted; disputed as to whether this is proper under the Act. The Court found Defendant's position unsupported by the Act and granted summary judgment to Plaintiff. (ECF #53). Whether Defendant has met its obligation under FOIA is a question of law to be determined by the Court de novo.

7.  Silvestre had had two immigration proceedings, and EOIR produced both reports, which were 24 pages each. Ex. A (Santiago Decl.) ¶ 15.

Response: Disputed to the extent that Fact 7 implies that EOIR produced all responsive records regarding Silvestre two immigration proceedings. EOIR did not produce the audio recordings or the transcripts

of the hearings which are part of the record of proceedings in Mr. Silvestre's case. *See* Stevens Decl. ¶¶8-9, 11, 13-21. Otherwise admitted.

      8.     Archie's report included 54 pages and two audio files, which EOIR produced. Ex. A (Santiago Decl.) ¶ 15.

      Response: Admitted.

      9.     Hoang's report included 38 pages and one audio file, which EOIR produced. Ex. A (Santiago Decl.) ¶ 15.

      Response: Disputed to the extent that Fact 9 implies that EOIR produced all responsive records regarding Hoang. EOIR did not produce the 1999 audio recordings or the transcripts of the these hearings which are part of the record of proceedings in Mr. Hoang's immigration case, while Defendant's own CASE system shows that there were hearings held on 7 separate dates.. *See* Stevens Decl. ¶¶38-29. Otherwise admitted.

      10.    Charpentier's report included 2,060 pages, which EOIR produced. Ex. A (Santiago Decl.) ¶ 15.

      Response: Admitted.

      11.    The court determined that EOIR should not have interpreted the FOIA requests as seeking only the four individuals' records of proceedings and directed EOIR to search for: (1) "all memoranda, notes, reports, [and] email messages" pertaining to Silvestre and "calendar and case

note records" including "screen shots of databases from which information on Mr. Silvestre is stored" from January 1, 1996, to present; (2) "all memoranda, notes, reports, email messages," and "calendar and case note records" pertaining to Hoang from January 1, 1995, to present; (3) "memoranda, notes, reports, email messages," and "calendar and case note records" pertaining to Charpentier from January 1, 1972. to August 18, 2022; and (4) "the case management interface outputs" and "any email" pertaining to Archie from January 1, 1980, to present. Dkt. 53 (Mem. Op. and Order) at 11-12.

Response: Admitted.

### EOIR's Subsequent Efforts

12. EOIR subsequently took screenshots of all the information on Silvestre, Archie, Hoang, and Charpentier contained in the CASE system, and EOIR produced those screenshots, totaling 56 pages. Ex. A (Santiago Decl.) ¶ 17.

Response: Admitted.

13. The CASE system—an abbreviation for Case Access System for EOIR—is the electronic case manager for EOIR's immigration courts, appeals board, and support staff. Ex. A (Santiago Decl.) ¶ 8.

Response: Admitted.

14. Memoranda, notes, and reports are consistently sent using EOIR's internal email

system, so EOIR locates such records by sending a request to its IT office, which searches EOIR's email server. Ex. A (Santiago Decl.) ¶ 18.

Response: Admitted that the Santiago Declaration make the statement quoted; disputed as to whether this is proper under the Act. Whether Defendant has met its obligation under FOIA is a question of law to be determined by the Court de novo.

15. EOIR has a retention policy of seven years. Ex. A (Santiago Decl.) ¶ 19.

Response: Admitted that the Santiago Declaration make the statement quoted; disputed as to whether this is proper under the Act. Whether Defendant has met its obligation under FOIA is a question of law to be determined by the Court de novo.

16. In the wake of the court's October 2023 ruling, EOIR asked its IT office to search the emails of all EOIR employees and contractors using the search terms "Miguel Silvestre," "Christopher Archie," "Toan Hoang," and "Pascal Charpentier," with a date range of August 1, 2017, to August 1, 2022. Ex. A (Santiago Decl.) ¶ 20.

Response: Admitted that the Santiago Declaration make the statement quoted; disputed as to whether this is proper under the Act. Whether Defendant has met its obligation under FOIA is a question of law to be determined by the Court de novo. Defendant provides no reason or explanation why it did not search using each of the non-citizen's A-number which was provided in each of the FOIA Request. The burden is no EOIR to establish the reasonableness and sufficiently of its searches.

17. EOIR determined that a five-year timeframe for this email search was reasonable for these searches. Ex. A (Santiago Decl.) ¶ 19.

Response: Admitted that the Santiago Declaration make the statement quoted; disputed as to whether this is proper under the Act. Whether Defendant has met its obligation under FOIA is a question of law to be determined by the Court de novo. Defendant provides no reason or explanation why it chose not to search for the entire 7-year period available. The burden is no EOIR to establish the reasonableness and sufficiently of its searches.

18. The IT office searched 13,316 mailboxes and returned 297 items to EOIR's FOIA office. Ex. A (Santiago Decl.) ¶ 21.

Response: Admitted.

19. After deduplication, 180 items remained. Ex. A (Santiago Decl.) ¶ 21.

Response: Admitted that the Santiago Declaration make the statement quoted; disputed as to whether this is proper under the Act. Whether Defendant has met its obligation under FOIA is a question of law to be determined by the Court de novo. Defendant provides no reason or explanation why deduplication was needed or permissible under the Act or what this process entails. The burden is no EOIR to establish the reasonableness and sufficiently of its searches and that it has produced all responsive records unless one of the exemptions in the Act applies.

20. EOIR manually reviewed the 180 items for responsiveness and identified 85 items

as responsive. Ex. A (Santiago Decl.) ¶ 22.

    Response: Admitted that the Santiago Declaration make the statement quoted; disputed as to whether this is proper under the Act. Whether Defendant has met its obligation under FOIA is a question of law to be determined by the Court de novo. Defendant provides no reason or explanation why 95 of the 180 "items" were deemed unresponsive or what this process entails. The burden is no EOIR to establish the reasonableness and sufficiently of its searches and that it has produced all responsive records unless one of the exemptions in the Act applies.

21. The 85 items totaled 504 pages, which EOIR produced. Ex. A (Santiago Decl.) ¶ 22.

    Response: Admitted.

### EOIR's Withholdings

22. EOIR redacted certain information from its production under FOIA exemptions 5 and 6. Ex. A (Santiago Decl.) ¶¶ 23, 25.

    Response: Admitted.

23. Under Exemption 5, EOIR withheld a drafts of decisions on immigration proceedings. Ex. B (Vaughn index) entries 6, 8, 18, 31-32.

    Response: Admitted that the Santiago Declaration make the statement quoted; disputed as to whether this is proper under the Act. Whether Defendant has met its obligation under FOIA is a question of law to be

determined by the Court de novo. Plaintiff does not dispute that draft of decisions in immigration proceedings are properly withheld. The Vaughn index indicates, however, that in addition to draft decisions defendant has withheld post-decision communications and communications unrelated to the decision-making process of the presiding immigration judge. See Stevens Decl. ¶¶40-42. The burden is no EOIR to establish the propriety of each exemption invoked.

24. Under Exemption 5, EOIR also withheld pre-decisional communications on particular cases. Ex. B (Vaughn index) entries 10-14, 29-30, 33-36, 43-45.

Response: See response to Fact n. 23.

25. Under Exemption 6, EOIR redacted personal information such as phone numbers, email addresses, medical information, and similar private information of EOIR employees and aliens, on the ground that disclosure would constitute an unwarranted invasion of personal privacy. See, e.g., Ex. B (Vaughn index) entries 6, 7, 8.

Response: Admitted.

26. EOIR has examined its withholdings and determined that there is no segregable, non-exempt information that could further be released, and that all reasonably segregable portions of the relevant records have been produced. Ex. A (Santiago Decl.) ¶ 27.

Response: Admitted that the Santiago Declaration make the statement quoted; disputed as to whether this is proper under the Act. Whether Defendant has met its obligation under FOIA is a question of law to be

determined by the Court de novo.

PLAINTIFF'S LR 56.1 STATEMENT OF ADDITIONAL UNDISPUTED FACTS IN SUPPORT
OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO
DEFENDANT CBP'S MOTION FOR SUMMARY JUDGMENT SHOWING DISPUTED ISSUES
OF FACTS

1. Defendant did not issue a determination on Plaintiff's four FOIA requests prior to the initiation of this lawsuit. Answer ¶¶79, 84, 91.

2. Defendant produced its "final responses" and some of the records only after Plaintiff filed this lawsuit and in response to it. Answer ¶¶80, 85, 92.

3. On October 24, 2022, EOIR released to Plaintiff a partial response in her *Silvestre* request but did not release any of the audio recordings from the Record of Proceedings. Stevens Decl. ¶8-9 and Exhibits referenced.

4. The 24 October 2022 email from Defendant to Plaintiff states: "ROP (03/08/04 (CSR) - 24 pages): [LINK] - No Audio ROP (02/01/99 (RMV) - 24 pages): - Audio on cassette tape but damaged." Stevens Decl. ¶9 and Email from EOIR to Stevens, October 24, 22, "Ex. 1."

5. A copy of a damaged audio cassette is responsive to Plaintiff's request but was not released. Stevens Decl. ¶9, 13-17, 19

6. Defendant does not explain why it is impossible or impracticable to produce a copy of the damaged audio cassette. *Id.*

7. Defendant has not produced the audio recordings or transcripts of the hearings conducted on 23 March 2004 in the *Sivestre* immigration case that resulted in an order of removal against him on the same day. Stevens Decl. ¶17.

8. Defendant has not produced the audio recordings or transcripts of any of the seven hearings conducted in the Hoang immigration proceedings. Stevens Decl. ¶38-39.

9. The CASE screenshots contain notations indicating that certain records in the Silvestre and Archie cases were deleted or modified. Stevens Decl. ¶¶20- 22, 24.

10. Defendant has redacted post-decision and not deliberative documents under exemption b5. Stevens Decl. ¶¶40- 42.

Respectfully Submitted by

_____s/ Nicolette Glazer Esq._____
Nicolette Glazer Esq.
LAW OFFICES OF LARRY R GLAZER
2121 Avenue of the Stars #800
Century City, CA 90067
T: 310-407-5353
F: 310-407-5354
nicolette@glazerandglazer.com
ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

This pleading was served on Defendants' counsel of record by the CM/ECF electronic filing and service system.

    _____s/ Nicolette Glazer Esq._____
    Nicolette Glazer Esq.
    LAW OFFICES OF LARRY R GLAZER
    2121 Avenue of the Stars #800
    Century City, CA 90067
    T: 310-407-5353
    F: 310-407-5354
    nicolette@glazerandglazer.com
    ATTORNEY FOR PLAINTIFF