## DECLARATION OF JACQUELINE STEVENS

I, Jacqueline Stevens, state and declare under penalty of perjury that the following is true and correct:

1.     I am a named Plaintiff in the Complaint under the Freedom of Information Act ("FOIA").  I have been a tenured full professor in the Political Science Department at Northwestern University ("Northwestern") since 2010.  In 2012 I became the founding Director of the Deportation Research Clinic, Buffet Institute for Global Affairs, Northwestern University ("Clinic").

2.     I make this declaration based on personal knowledge and observations as stated herein. Further, this Declaration contains my professional opinions on certain topic for which I have specialized knowledge based on my education, professional experience, expertise, and research.

3.     If called to testify I could and would testify to each of the facts stated within this Declaration.

4.     My scholarship focuses on laws and theories of membership in political societies since antiquity, especially policies that mobilize state violence on behalf of intergenerational groups and histories, e.g., nations.  My publications in popular and academic venues frequently analyze information about government operations.  My research practice includes regular requests under the FOIA.  My findings have been featured in numerous newspaper, magazine, radio, and television reports, including those of the *New Yorker*, *New York Times*, *Washington*

*Post Guardian, Columbia Journalism Review,* NPR, PBS, and CNN. My monographs have

been published by Columbia University Press and Princeton University Press.

5.      My scholarly articles have appeared in highly selective venues, including the

*American Political Science Review, Georgetown Immigration Law Journal,* and *Perspectives on*

*Politics.* I have published in the field of public health and in 1997-1999 was a Robert Wood

Johnson Health Policy Scholar at Yale University. In 2013 I was awarded a Guggenheim

Fellowship.

6.      A statement on the Clinic website states: "The Clinic conveys useful, timely,

intelligent research on misconduct in deportation proceedings to affected communities,

journalists, policymakers, and scholars ... The Clinic's research mission is rooted in public health

approaches to theorizing and addressing community-level risks and interventions."[1] Public

health experts use individual-level information to help patients and to assist in community-level

interventions. Information obtained for the purpose of assisting individuals who report

experiencing government misconduct is used to provide analyses for addresssing systemic

problems in the government, including incompetence, nativism, and racism. The same webpage

also quotes from an article written by Chief Justice Louis Brandeis: "Publicity is justly

commended as a remedy for social and industrial diseases. Sunlight is said to be the best of

disinfectants; electric light the most efficient policeman."[2]

7.      This Declaration is made to support my Complaint seeking injunctive relief and in

response to the Defense Motion for Summary Judgment and in support of my cross-motion for

Summary Judgment as well as any other relief the court deems equitable.

---

1  "Research Goals," https://deportation-research.buffett.northwestern.edu/research/index.html.
2  Chief Justice Louis Brandeis, "What Publicity Can Do," *Harper's Weekly* (December 20, 1913).

**2021-41956 – Miguel Guzman Silvestre**

8.      On October 24, 2022, EOIR released to me a partial response to my request.
Among records responsive to my request and not released were copies of audio recordings of the
hearings.

9.      An unsigned email from an EOIR email address conveying the October 24, 2022
record production for Silvestre states: "ROP (03/08/04 (CSR) - 24 pages): [LINK] - No Audio
ROP (02/01/99 (RMV) - 24 pages): -  Audio on cassette tape but damaged." Email from EOIR to
Stevens, October 24, 22, "Ex. 1." A copy of a damaged audio cassette is responsive to my request
and was not released.

10.      Immigration hearing regulations obligate hearings to be recorded: "The hearing
shall be recorded verbatim except for statements made off the record with the permission of the
immigration judge." 8 CFR 1240.9. https://www.ecfr.gov/current/title-8/chapter-V/subchapter-
B/part-1240/subpart-A#1240.9.

11.      Statements in ¶¶ 8 – 10 about the audio recordings track concerns about the audio
recordings raised in the Declaration signed on June 8, 2023, save I have now added the email
referenced in ¶9 as an exhibit.  Doc 43-1.  My claims about audio recordings missing from the
productions were not disputed by Jennifer Perez Santiago ("Santiago"), Associate General
Counsel, EOIR in her Declaration of March 28, 2024 (Doc 86, filed April 9, 2024),  ("Santiago
Declaration").

12.      The Court on October 2, 2023 found that: "EOIR did not make a 'good faith
effort' that was 'reasonable in light of the request' when it searched only the record of
proceedings in response to the Silvestre, Archive, Hoang, and Charpentier requests. [Cit.
omitted.] The Court orders EOIR to promptly conduct a good-faith and reasonable search for the

remaining records specifically identified in the June 2021 Silvestre request, the August 2021 Archie request, the March 2022 Hoang request, and the August 2022 Charpentier request." Order, October 2, 2023, Doc. 53, p. 19. The Court ordered a new search for additional written records, but did not specifically address EOIR's failure to produce copies of requested audio recordings.

13.     On November 30, 2023, I received an email from Santiago. It stated in its entirety, "This correspondence is an interim response to your Freedom of Information Act (FOIA) request dated 10/12/2023 to the Executive Office for Immigration Review (EOIR) in which you seek certain records described in your request." No additional information or records were attached. Email from Santiago to Stevens, 11/30, 2023. "Ex. 2," p. 2.

14.     On November 30, 2023, I replied, "Ms. Santiago, Did you intend to attach further correspondence or responsive records? Please also note that I am very interested in all of the tapes from hearings covered by my requests in this litigation. EOIR has asserted some were 'corrupted' but not produced any custodial records on the allegedly corrupt tapes." Ex. 2, p. 1.

15.     EOIR released two separate productions following the court's order. The release of December 27, 2023 included email. The release of November 30, 2023 included screenshots from EOIR's case locator systems. Neither release included Bates numbers.

16.     In her March, 2024 Declaration, Santiago omits or misrepresents the status of audio recordings and disputes thereof in this proceeding. She states of the initial production, "Silvestre had two proceedings, and EOIR produced both reports, which were 24 pages each." Doc. 86, ¶15. She omits reference to the 1999 audio recording referenced in the correspondence of October, 2022. See *supra* ¶9.

17.    Moreover, screenshots produced in response to this Court's order of October 2, 2023 indicate the likely existence of one additional digital recording, insofar as it appears two separate hearings for Silvestre were held on March 23, 2004, when ICE again tried to deport him to Mexico.  EOIR Screenshot of Silvestre Schedule, March 23, 2004, "Ex. 3."

18.    Santiago's Declaration reviews protocols for the retention of written records, but omits any reference to EOIR's protocols for obtaining and maintaining audio recordings associated with the Record of Proceedings ("ROP"), even though these must be created and available for transcription in the event of an appeal.[3]  Text that is part of the template appearing at the top of immigration court orders for Silvestre and others whose audio recordings were not produced states: "This is a summary of the oral decision entered on Feb 5, 1999.  This memorandum is solely for the convenience of the parties, If the proceedings should be appealed or reopened, the oral decision will become the final opinion in the case."  IJ Order for Silvestre, Feb. 5, 1999, "Ex. 4."

19.    Santiago produced her Declaration after she received my email queries requesting copies of audio recordings and more information about the search for these.  Nonetheless EOIR did not produce a copy of the damaged cassette, efforts made to copy the demonstrably reproducible audio EOIR claims exists, and any information to account for the additional two hearing recordings.

20.    A screenshot for from EOIR's second post-2023 order includes a page tabbed as "Actions."  Entries for 08/26/2021 for 02/24/2010 appear to reference actions affecting Silvestre's records and match dates for entries on the Comments page.   The entry of  8/26/2021 appears to reference removal of Silvestre's records from the Federal Records Center ("FRC") to

---

3 "Record 4.10 (b) Transcriptions - If an immigration judge's decision is appealed to the Board of Immigration Appeals, the hearing is transcribed in appropriate cases and a transcript is sent to both parties.
Record 4.10, Immigration Court Practice Manual,  https://www.justice.gov/eoir/reference-materials/ic/chapter-4/10.

the FOIA office.  Under ACTION/DECISION, the entry for 2021 says "DELETED."  Silvestre

Actions Screenshot, "Ex 5," p. 2.

21.     The second entry on the Actions page is dated 02/14/2010 states "DELETE."  Ex.

5, p. 3.

22.     The "Action" page for Christopher Archie, another FOIA case in this litigation

also has notes indicating "Modified" and "Deleted" associated with FOIA requests.[4]

23.      Santiago's Declaration is unreliable.  For instance, it references some releases of

recordings but omits reference to the numerous audio recordings released to me for hearings held

for Pascal Charpentier.  The Vaughn Index misrepresents parties to an email. See below, ¶41.

24.     Between 2022 and 2024, the time frame of this litigation, EOIR submitted six

reports of missing ROPs or portions thereof to the National Archives and Records

Administration, as required by 8 CFR Part 1230.[5]

25.     Silvestre was born in Stockton, California and has a contemporaneous birth

certificate.  There is no birth certificate for him from any other country.  According to records

obtained from U.S. Citizenship and Immigration Services ("USCIS") through this proceeding, in

1999 agents of then Immigration and Naturalization  Service ("INS") kidnapped Silvestre, then

20, from the drunk tank in the San Joaquin County Jail and six days later ordered him to walk

into Nogales, Mexico.[6]

---

4  The screenshots are from the November 29, 2023 release. See Toan Hoang, p. 23, Christopher Archie, p. 41.
5  "Unauthorized Disposition of Records, Agency letters to NARA," EOIR letters available online,
https://www.archives.gov/records-mgmt/resources/unauthorizeddispositionoffederalrecords#Justice.  36 CFR PART
1230—UNLAWFUL OR ACCIDENTAL REMOVAL, DEFACING, ALTERATION, OR DESTRUCTION OF
RECORDS 1230.14 "The agency must report promptly any unlawful or accidental removal, defacing, alteration, or
destruction of records in the custody of that agency to NARA, by mail at National Archives and Records
Administration; Office of the Chief Records Officer (AC); 8601 Adelphi Road; College Park, MD 20740-6001, or
by email at RM.Communications@nara.gov."
6  "There's no jurisdiction for the government to arrest or detain, or let alone deport, citizens. That's otherwise
known as kidnapping." Rep. Zoe Lofgren (D-Cal.), quoted by Andrew Becker," Observe and Deport,"Mother Jones,,
Apr. 23, 2009, http://www.motherjones.com/politics/2009/04/observe-and-deport.  I quote this in Jacqueline
Stevens, "U.S. Government Unlawfully Detaining and Deporting U.S. Citizens as Aliens," *University of Virginia
Journal of Law and Social Policy* (2011), 18: 606-720.

26.     Silvestre's arrest report was filled out by a Customs and Border Protection ("CPB") officer in the Port of Stockton, where Silvestre was held in a mobile office, according to records I received from USCIS and a statement to me by Silvestre. The warrant and related documents falsely state that Mr. Silvestre was born in Mexico, first entered the U.S. on January 15, 1999, and worked as an agricultural laborer.  Silvestre NTA and related records, "Ex. 6," p. 7.

27.     Silvestre's birth certificate shows he was born in a hospital eight miles from the CBP office; he told me that at the time of his arrest he was irregularly employed as a contractor through a firm where his father was a supervisor and never worked in agriculture.

28.     Silvestre told me that in the Arizona immigration jail to which he was flown from California, officers injected him twice with tranquilizers to sedate him after dousing him with a chemical spray that affected his genitals.  (Records indicate Silvestre was held at the Eloy Detention Facility.)

29.     Marks on the Notice to Appear ("NTA") include hand-written notations that, on information and belief, were created by IJ John Zastrow.  They track what appears to be Silvestre disputing the NTA's first and second charges, as indicated by a hand-written "D" [Deny] adjacent these first two boilerplate NTA charges, while "A"-s [Admit] are lined up adjacent the criminal charges. Ex. 6, p. 3. On information and belief, at the hearing of February 5, 1999, Silvestre denied the charge that he was "not a citizen of the United States" and also denied the charge that he was a citizen of Mexico.  These statements would appear on a recording of the hearing.

30.     IJ Zastrow appears to have disregarded these apparent denials – writing to their left "A" and "A," respectively -- and ordered Silvestre deported on February 5, 1999.  Id.

31.     EOIR is aware that I have publicly released immigration hearing recordings of IJs disrespecting U.S. citizens.  Deportation proceedings would face additional legal and public scrutiny were a recording of this and similar hearings I requested to be publicly released.

32.     The immigration court hearing for which I am seeking the cassette tape EOIR says is "damaged" is for the hearing that occurred in the Eloy immigration court, located within the detention facility, within hours of Silvesrtre being attacked with a chemical spray and then drugged.

33.     CBP, INS, and EOIR officials knew or should have known their official statements and actions and those of others contributing to Guzman's removal to Mexico were unlawful.

34.     IJs are administrative judges, not administrative law judges.[7]  They are government attorneys wearing black robes and accountable to the Department of Justice ("DOJ") Attorney General ("AG").  EOIR is a component of the DOJ.  The AG has the authority to order IJs to follow specific precedents and through the EOIR's Director discipline IJs whose decisions deviate from the AG's policy preferences.[8]

35.     My research indicates that EOIR officials have tolerated a long history of its attorneys deporting U.S. citizens.  EOIR officials are currently delaying production of audio and other files for a different U.S. citizen born in Los Angeles and wrongfully deported to Mexico in 2006, then imprisoned for 57 months for Illegal Reentry and deported again to Mexico.  EOIR unlawfully closed my request of February 26, 2024.  After attributing the unlawful closure to a contractor error, EOIR then denied my request for expedited review.[9]  On May 7, 2024 EOIR

---

7 Kent Barnett, "Against Administrative Judges." *UCDL Rev.* 49 (2015): 1643.
8  "Without the fanfare of the big DACA, sanctuary city and family separation controversies, the former AG quietly used DOJ's control over immigration judges overseeing asylum and deportation proceedings to advance policy goals."  Alison Frankel, *Jeff Sessions' 'Unprecedented' Legacy in Immigration Court*, REUTERS, Nov. 8, 2018, https://www.reuters.com/article/idUSKCN1ND35B/.
9  EOIR FOIA Case. no 2024-31531.

released only the written ROP, as a "partial release." EOIR provided no explanation for withholding the audio recording.

36.     John Zastrow, the IJ in Arizona who signed the removal order for Silvestre, has signed removal orders for other U.S. citizens.

37.     Based on my experience and familiarity with these files, every single government official with access to Silvestre's file would see immediately that his case was handled unlawfully. But instead of passing along the information on the 1999 bogus arrest order in 2004 for the appropriate purpose of criminal prosecution, ICE and EOIR officials looked the other way and later delayed release of Silvestre's records until compelled by this lawsuit.

**022-27937 — Toan Hoang**

38.     In my previous Declaration I wrote, "On information and belief, among records responsive to my request and not released were hearing recordings for 1999, per notices in the record of proceedings. as well as records associated with a change of venue for the immigration hearings." Doc. 43-1, June 8, 2023, ¶72.

39.     Screenshots from the CASE management system provide further evidence to support this inference. The schedule for Toan Hoang shows hearings on seven separate dates, but only one audio file was released. Toan Hoang Schedule "Ex. 7"; Santiago Declaration, ¶15.

**2022-52897 — Pascal Charpentier**

40.     Numerous pages EOIR released to me on December 27, 2023 have substantial sections blacked out, pursuant to b(5) redactions. I am not disputing the withholding of a draft order tracked in the Vaughn Index as pages 86-99. However, much of what is redacted appears to be messages with post-decision or logistics commentary, and thus not justified by the perfunctory list of reasons that would justify a bona fide b(5) exemption.

41.     For instance, of a page with two July 11, 2022 emails, the Vaughn Index states:

"Email from Dara Reid to Charles Conroy about the draft decision. [(b)(6)....] (b)(5) This

exemption protects withholding of information under the deliberative process privilege,

including pre-decisional communications between EOIR employees."  This is just wrong. The

page contains an exchange with IJ Dara Reid and *Assistant Chief Immigration Judge Ubaid ul-*

*Haq*, initiated by the latter, and on which Charles Conroy is copied. Insofar as Santiago misstates

the parties to the correspondence, the rationale for redacting it lacks credibility.  There are

numerous conclusory and seemingly unfounded redaction rationales throughout EOIR's Vaughn

Index.

42.     I also have not received any production that indicates how six immigration judges

were assigned over time to the same proceeding, a point I stated in my previous Declaration.

The now-released Charpentier CASE screenshots documents one unexplained IJ replacement.

EOIR December 27, 2023 Release, "Ex. 8."   On information and belief, these replacements are

not operationalized by telepathy.  EOIR has not released or unredacted the communications

effecting these changes in the IJs adjudicating the proceeding, even though these

communications are responsive to my request.

43.     Santiago's rehearsal of the EOIR backlog  (¶11) does not explain the discrepancy

between the average or median number of days for EOIR's completed responses – the highest of

which was 188.53 days in 2022[10]--and the time it took for EOIR to respond to the requests in this

litigation.  Santiago acknowledges that EOIR responded to all of my requests in October, 2022,

i.e., only following the filing of my complaint.  EOIR waited ***587 working days***, about three

times the longest average time frame, to respond to my request for Silvestre's records, even

10   Annual Report, fy2022, VII.A. FOIA REQUESTS - RESPONSE TIME FOR ALL PROCESSED PERFECTED
REQUESTS, https://www.justice.gov/d9/2024-02/2023dojAR_sectionvii_0_0_0.pdf  It appears that the DOJ may
have erred in their data; the median response time for EOIR's "simple" requests is 137 days, 120 days longer than
for the median 17 days DOJ states it takes EOIR to complete "complex" requests.

though the Federal Records Center sent the file to EOIR just weeks after my request.   Likewise, EOIR did not even acknowledge receipt of my expedited request for Charpentier's reccords until after I initiated litigation.

44.     Santiago's effort to excuse EOIR's failure to comply with the FOIA statute's deadlines and other non-discretionary mandates fails miserably. In 2018, EOIR spent $4,744,03 on its FOIA operations, 0.98% of its total budget.   In 2021, as EOIR's backlog ballooned (Silvestre Declaration ¶14), the agency's expenditures on its FOIA operations dropped to $3,858,239, 0.52% of EOIR's expenditures. In fy2022, EOIR spent $4,744,093.71, .624%, of its budget, or about 2/3 of one percent on providing records obligated by Congress and crucial for respondents, journalists, scholars pursuing the rule of law and potentially embarrassing to the agency.[11]

The above is true and correct to the best of my knowledge and recollections.

Dated: May 8, 2024

JACQUELINE STEVENS
601 University Place
Second Floor, Political Science Department
Evanston, Illinois  60208
(847) 467-2093
 jacqueline-stevens@northwestern.edu

---

11 "FOIA Costs and Fees Collected for Processing Requests," Reports for Executive Office of Immigration Review, https://www.foia.gov/data.html/results.  For respective annual budgets, see EOIR, Congressional Budget Submission ("CBS"), March, 2019, reporting $504,500,000 for fy2018, p. 10, https://www.justice.gov/oip/page/file/1135791/dl?inline; CBS, March 2020, enacted budget $3,998,716 for fy 2019, p. 9,  https://www.justice.gov/oip/page/file/1253766/dl?inline; CBS, March 2021, enacted budget $4,006,039 for fy 2020, p. 9, https://www.justice.gov/oip/page/file/1370711/dl?inline; CBS, March 2022, enacted budget $3,858,239 for fy 2021, p. 10,  https://www.justice.gov/oip/page/file/1478941/dl?inline; CBS, March 2023, enacted budget for fy 2022 $4,744,093.71, https://www.justice.gov/oip/page/file/1570246/dl?inline.

# DOJ-EOIR FOIA Request # 2021-41956



eoir.foiarequests@usdoj.gov <eoir.foiarequests@usdoj.gov>
Mon 10/24/2022 12:28 PM
To:Jacqueline Stevens <jacqueline-stevens@northwestern.edu>

Re: 2021-41956
Freedom of Information Act Request for GUZMAN-SILVESTRE, MIGUEL

Dear Jacqueline Stevens,

This letter is in response to your Freedom of Information Act (FOIA) request in which you seek the record of proceeding regarding the above-referenced individual.

We are providing the Executive Office for Immigration Review (EOIR) Record of Proceeding (ROP) as provided to us by the Immigration Court, Federal Records Center, or Board of Immigration Appeals for the above-referenced individual.  You may access and download the ROP and audio file(s) for up to **60 days** at this link:

1. ROP (03/08/04 (CSR) - 24 pages): https://jefs.box.com/s/gxxq9uc1nbsmtdiyt2lsd6a50ozl2r5d - No Audio
2. ROP (02/01/99 (RMV) - 24 pages): https://jefs.box.com/s/nnitsdqg9df9tx8wku39a2m6e91p7cgf -  Audio on cassette tape but damaged

**\*Important: Do <u>not</u> click the link. You must copy and paste the link into your browser to view the file**.

There will be no charge for this information.

Note that parties to immigration cases (including respondents and their representatives of record) have the option to request their Record of Proceedings directly from the immigration court or Board of Immigration Appeals. Please see the instructions here: https://www.justice.gov/eoir/ROPrequest.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV 2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. See http://www.justice.gov/oip/foiapost/2012foiapost9.html.

I trust that this information fully satisfies your request. If you need any further assistance or would like to discuss any aspect of your request, please contact the analyst who processed your requestor the EOIR FOIA Public Liaison at (703) 605-1297. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at (202) 741-5770; toll free at (877) 684-6448; or facsimile at (202) 741-5769.

If you are not satisfied with the EOIR's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an

Case: 1:22-cv-05072 Document #: 91-1 Filed: 05/09/24 Page 13 of 25 PageID #:1047

appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website https://www.justice.gov/oip/submit-and-track-request-or-appeal.Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

FOIA Delivery

All folders ⌄     ← eoir santiago                              ⚙   🔍     JS

🖨 Print      ✕ Close

### Re: DOJ-EOIR FOIA Request # 2024-02457/Stevens v. HHS et al (22 C 5072, N.D. Ill.)

Jacqueline Stevens <jacqueline-stevens@northwestern.edu>
Thu 11/30/2023 12:45 PM
To: jeniffer.perez.santiago@usdoj.gov <jeniffer.perez.santiago@usdoj.gov>
Cc: Nicolette Glazer <nicolette@glazerandglazer.com>

PLAINTIFF'S
EXHIBIT

**2**

Ms. Santiago,
Did you intend to attach further correspondence or responsive records?
Please also note that I am very interested in the all of the tapes from hearings
covered by my requests in this litigation. EOIR has asserted some were "corrupted"
but not produced any custodial records on the allegedly corrupt tapes.
Thank you,
Jacqueline Stevens

_____

From: jeniffer.perez.santiago@usdoj.gov <jeniffer.perez.santiago@usdoj.gov>
Sent: Thursday, November 30, 2023 11:41 AM
To: Jacqueline Stevens
Subject: DOJ-EOIR FOIA Request # 2024-02457/Stevens v. HHS et al (22 C 5072, N.D. Ill.)

Re: 2024-02457/Stevens v. HHS et al (22 C 5072, N.D. Ill.)
Dear Ms. Stevens:
This correspondence is an interim response to your Freedom of Information Act
(FOIA) request dated 10/12/2023 to the Executive Office for Immigration Review
(EOIR) in which you seek certain records described in your request.
Sincerely,

Jeniffer Perez Santiago
Associate General Counsel



**CASE MANAGER**

ALIEN INFO | CASE INFO | SCHEDULE | REPS | APPEAL | ACTIONS | DISPOSITION | COMMENTS | COMPETENCE | LIMITED

A-Number: 077-166-008 (Single Case)
Name: GUZMAN-SILVESTRE, MIGUEL
Rider(s): None
RDY Trial: NO

Rec'd at EOIR: 03/18/04
Lodged at EOIR:
Case Type: Claimed Status Review

eServe: No
eROP:
ROP Location: FLO/SENT TO FRC

Custody: Detained

Admin Site: n/a
RoP Req. On: FLO
Due On: n/a

EPRD Date: n/a
IJ Assigned: Freerks, Lamonte S.
Completion Goal: n/a

IHP: n/a

Base City: FLO
Prime Atty(Other Proceedings): n/a
Prime Atty(Custody & Bond): n/a
Monitoring: n/a

HLoc.: FLO

DHS Dist Off: FLO
Nationality: MEXICO
Language: UNKNOWN..

## SCHEDULED ITEMS

| Type | Date | From | To | Base | HLoc | IJ | Atty | Medium | Adjournment | Exceptional Circumstances | Notice/Order | Audio Recording | eTranscripts |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Master | 23-Mar-04 | 9:00 AM | | FLO | FLO | LSF | None | | | | | | |
| Master | 22-Mar-04 | 1:00 PM | | FLO | FLO | LSF | None | | | | | | |

**Unable to Schedule New Item**
**To schedule a new item:**

1. EOIR must have received the Case (received date cannot be empty).
2. If the Case Type is 'AOC', then there must be at least 1 Court Appeal record with an application code of 'ASYL'.
3. If Case Type is 'WHO', then there must be at least 1 Court Appeal record with an application code of 'ASYW' OR 'WCAT'.
4. You must have Add / Edit security access for scheduling items.
5. You must have access to the Case's Hearing Location.
6. There must be a pending proceeding, motion, or bond. *

PLAINTIFF'S EXHIBIT
**3**



**U.S. DEPARTMENT OF JUSTICE**
Executive Office for Immigration Review
Office of the Immigration Judge



PLAINTIFF'S
EXHIBIT

**4**

In the Matter of:

GUZMAN - SILVESTRE, MIGUEL

RESPONDENT

Case No.: A 77 166 008

Docket: ELOY AZ
REMOVAL

IN DEPORTATION PROCEEDINGS

## ORDER OF THE IMMIGRATION JUDGE

Request having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. 242, and having considered the representations of the Immigration and Naturalization Service and the respondent, it is **HEREBY ORDERED** that:

☒ The request for a change in the custody status of the respondent be denied.

☐ The request for a change in the custody status of the respondent be granted and that the respondent be:

    (1) ☐ released from custody on respondent's own recognizance; or,

         ☐ released from custody upon posting a bond of $ _____ : and

    (2) the conditions of the bond:

         ☒ remain unchanged; or,

         ☐ are changed as follows: _____

_____

☒ Other  No Juris — Drugs

_____

_____

Immigration Judge

Date: Feb 5, 1999

Form EOIR - 1
Rev. - June 93

Appeal: RESERVED/WAIVED ( A / I / B )

NOTICE OF FILING

In the Matter of    GUZMAN-SILVESTRE, Miguel

A#    77 166 008

The Notice to Appear issued in your case will be filed with
the Immigration Judge of the Executive Office for
Immigration Review at:

Executive Officer for Immigration Review
1705 E. Hanna Road, _____   (a)(k)(2) (b)(7)(c) (b)(6)
Eloy, Arizona 85231

Served at    Eloy Detention Facility

on    2-4-99

by:   (X) Personal Service to :    Alien

( ) Certified Mail-Return Receipt Requested

Signature
(a)(k)(2) (b)(7)(c) (b)(6)

Deportation Officer
Title

This individual speaks _____(English), _____(Spanish), or other _____.

U. S. Department of Justice

Immigration and Naturalization Service                                    **Notice to Appear**

---

## In removal proceedings under Section 240 of the Immigration and Nationality Act

File:    A 77 166 008

In the Matter of: GUZMAN-SILVESTRE, MIGUEL

Respondent:                                                                    currently residing at:

FAILED TO PROVIDE

*(number, street, city , state and ZIP code)*                              *(area code and phone number)*

☐    You are an arriving alien.

☒    You are an alien present in the United States who has not been admitted or paroled.

☐    You have been admitted to the United States, but are deportable for the reasons stated below.

> **PLAINTIFF'S EXHIBIT**
>
> **6**

The Service alleges that you:
1) You are not a citizen or national of the United States.
2) You are a native and citizen of Mexico.
3) You entered the United States near Nogales, Arizona on or about 01/15/99.
4) You were not then admitted or paroled by an Immigration Officer.
5) You are ineligible for admission to the United States because you were, on 06/03/98, convicted in the Municipal Court at Stockton, California for the offense of *Possession of Methamphetamine,* in violation of Section 11377 H&S.
   You were also convicted in the same court on the same day for carrying a Loaded Firearm, in violation of Section 12025 PC.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
212(a)(6)(A)(I) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

Section 212(a)(2)(A)(I)(II) of the Immigration and Nationality Act, as amended, in that you are an alien who has been convicted of, or admits having committed, or admits committing acts which constitute the essential elements of, a violation of (or a conspiracy or attempt to violate) and law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act [21 U.S.C. 802]).

Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, as amended, in that you are an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense).

This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution. Section 235(b)(1) order was vacated pursuant to: 8 CFR 208.30(f)(2) 8 CFR 235.3(b)(5)(iv)

**YOU ARE ORDERED** to appear before an Immigration Judge of the United States of Justice at: _____

_____
*(complete address of Immigration court, including room number, if any)*

on _____ at _____                         to show why you should not be removed from the United States based on the
   *(date)*          *(time)*
charge(s) set forth above.

Ex 1
2/5/99

_____    PAIC
*(Signature and Title of Issuing Officer)*

**Date: 02/01/99**                                        Stockton, California
                                                          *(City and State)*

Form I-862 (Rev. 4-1-97)           **See reverse for important information**

# Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review,, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing, you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible, or deportable on the charge contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the Immigration Judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the Immigration Judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the Immigration Judge in your absence, and you may be arrested and detained by the INS.

## Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an Immigration Judge.

_Miguel G Silvestre_
(Signature of Respondent)

Before: _____ SPA

_(Signature and Title of INS Officer)_                Date: 02/01/99

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on __02/01/99__
In the following manner and in compliance with section 239 (a) (1) (F) of the Act:

[X] in person          [ ] by certified mail, return receipt requested          [ ] by regular mail

[X] A list of providers of free legal services has been given to the respondent.

[ ] The alien was provided oral notice in the _____, language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240 (b) (7) of the Act.

X _Miguel G Silvestre_
_(Signature of Respondent if Personally Served)_

_____ SPA
_(Signature and Title of Officer)_

U.S. Department of Justice
Immigration and Naturalization Service

## Warrant of Arrest of Alien

|  |  |
|---|---|
| File No. | A 77 166 008 |
| Date: | 02/01/99 |

**To any Officer of the Immigration and Naturalization Service delegated authority pursuant to Section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that

GUZMAN-SILVESTRE, MIGUEL
*(Full name of alien)*

an alien who entered the United States at or near     NOGALES, ARIZONA     on
*(Port)*

01/15/99     is within the country in violation of the immigration laws and is
*(Date)*

therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

*Dale W. Johnson*
*(Signature of authorized INS Official)*

Dale W. Johnson
*(Print name of Official)*

Patrol Agent in Charge
*(Title)*

---

### Certificate of Service

Served by me at     Stockton, California     on 02/01/99     at 4:18 PM

I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

*(signature of Officer serving warrant)*

Senior Patrol Agent
*(title of Officer serving warrant)*

Form I-200 (Rev. 4-1-97)

**U.S. Department of Justice**
Immigration and Naturalization Service

# Notice of Custody Determination

| Name GUZMAN-SILVESTRE, MIGUEL | Date 02/01/99 | File Number A 77 166 008 |
|---|---|---|

Pursuant to the authority contained in Section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the Immigration Judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☒ detained in the custody of this Service.

☐ released under bond in the amount of $    NO BOND

☐ released on your own recognizance.

☒ . You may request a review of this determination by an Immigration Judge.

☐ You may not request a review of this determination by an Immigration Judge because the Immigration and Nationality Act prohibits your release from custody.

*(Signature of authorized Officer)*

Patrol Agent in Charge
*(Title of authorized Officer)*

Stockton, California
*(INS Office location)*

☒ I do   ☐ do not request a redetermination of this custody decision by an Immigration Judge.

☒ I acknowledge receipt of this notification.

_____
*(Signature of Respondent)*

02/01/99
*(Date)*

---

## RESULT OF CUSTODY REDETERMINATION

On _____, 19__, custody status/conditions for release were reconsidered by:

Immigration Judge      District Director      Board of Immigration Appeals

The results of the redetermination/reconsideration are:
No change-Original determination up held. Release - Order of Recognizance
Detain in custody of this Service. Release - Personal Recognizance
   Bond amount reset to _____    Other: _____

Form I-286 (Rev. 4-1-97)N

U.S. Department of Justice
Immigration and Naturalization Service

# Warrant of Arrest of Alien

File No.  A 77 166 008

Date:  02/01/99

**To any Officer of the Immigration and Naturalization Service delegated authority pursuant to Section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that

GUZMAN-SILVESTRE, MIGUEL
_____
*(Full name of alien)*

an alien who entered the United States at or near   NOGALES, ARIZONA                   on
                                                    *(Port)*

01/15/99                              is within the country in violation of the immigration laws and is
*(Date)*

therefore liable to being taken into custody as authorized by section 236 of the Immigration and

Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the

regulations issued pursuant thereto, I command you to take the above-named alien into custody

for  proceedings in accordance with the applicable provisions of the immigration laws and

regulations.

*Dale W. Johnson*
_____
*(Signature of authorized INS Official)*

Dale W. Johnson
_____
*(Print name of Official)*

Patrol Agent in Charge
_____
*(Title)*

## Certificate of Service

Served by me at    Stockton, California                    on  02/01/99              at  4:18 PM
I certify that following such service, the alien was advised concerning his or her right to counsel and was
furnished a copy of this warrant.

_____
*(signature of Officer serving warrant)*

Senior Patrol Agent
_____
*(title of Officer serving warrant)*

Form I-200 (Rev. 4-1-97)



CASE MANAGER

| ALIEN INFO | CASE INFO | SCHEDULE | REPS | APPEAL | ACTIONS | DISPOSITION | COMMENTS | COMPETENCE | LIMITED |

A-Number: 025-105-060 *(Single Case)*
Name: HOANG, TOAN MANH
Rider(s): None
RDY Trial: NO

Rec'd at EOIR: 12/03/98
Lodged at EOIR:
Case Type: Removal

eServe: No
eROP:
ROP Location: LOS/SENT TO FRC IN PT-582-2023-0063 BOX # 5

Custody: Detained

Admin Site: n/a
RoP Req. On: n/a
Due On: n/a

EPRD Date: n/a
IJ Assigned: Peters, Rose
Completion Goal: n/a

IHP: n/a

Base City: LOS
Prime Atty(Other Proceedings): HARRISON, GARY S., ESQ.
Prime Atty(Custody & Bond): HARRISON, GARY S., ESQ.
Monitoring: n/a

HLoc.: SPD

DHS Dist Off: LOS
Nationality: VIETNAM
Language: ENGLISH

## SCHEDULED ITEMS

| Type | Date | From | To | Base | HLoc | IJ | Atty | Medium | Adjournment | Exceptional Circumstances | Notice/Order | Audio Recording | eTranscripts |
|------|------|------|-----|------|------|-----|------|--------|-------------|---------------------------|--------------|-----------------|--------------|
| Master | 22-Feb-99 | 8:00 AM | 9:00 AM | LOS | SPD | RCP | GSH-LOS | | | ☐ | | | |
| Master | 08-Feb-99 | 8:00 AM | 9:00 AM | LOS | SPD | RCP | GSH-LOS | | Other respondent/respondent's attorney/representative request | ☐ | | | |
| Master | 14-Jan-99 | 8:00 AM | 9:00 AM | LOS | SPD | RCP | GSH-LOS | | ALIEN TO FILE OTHER APPLICATION | ☐ | | | |
| Master | 07-Jan-99 | 8:00 AM | 9:00 AM | LOS | SPD | RCP | GSH-LOS | | Respondent to seek representation | ☐ | | | |
| Master | 17-Dec-98 | 8:00 AM | | LOS | SPD | RCP | GSH-LOS | | ALIEN TO FILE FOR ASYLUM | ☐ | | | |
| Master | 03-Dec-98 | 1:10 PM | | LOS | LOS | CLR | None | | | ☐ | | | |
| Master | 27-Nov-98 | 10:30 AM | | SFR | SFD | MSY | -SFR | | | ☐ | | | |
| Master | 27-Nov-98 | 10:30 AM | | SFR | SFD | MSY | -SFR | | | ☐ | | | |

**Unable to Schedule New Item**
**To schedule a new item:**

1. EOIR must have received the Case (received date cannot be empty).
2. If the Case Type is 'AOC', then there must be at least 1 Court Appeal record with an application code of 'ASYL'.
3. If Case Type is 'WHO', then there must be at least 1 Court Appeal record with an application code of 'ASYW' OR 'WCAT'.
4. You must have Add / Edit security access for scheduling items.
5. You must have access to the Case's Hearing Location.
6. There must be a pending proceeding, motion, or bond. *

PLAINTIFF'S
EXHIBIT

7



CASE MANAGER

| ALIEN INFO | CASE INFO | SCHEDULE | REPS | APPEAL | ACTIONS | DISPOSITION | COMMENTS | COMPETENCE | LIMITED |

A-Number: 020-578-103 (Single Case)
Name: CHARPENTIER, PASCAL
Rider(s): None

RDY Trial: NO

Rec'd at EOIR: 07/07/20
Lodged at EOIR:
Case Type: Removal

eServe: No
eROP:
ROP Location: BIX AREA 1 CAB 442/SHELF 01 IN BIA

Custody: Released

Admin Site: 09/07/2022
RoP Req. On: NYV
Due On: 09/14/2022

EPRD Date: n/a
IJ Assigned: Conroy, Charles R.
Completion Goal: n/a

IHP: n/a

Base City: NYV
Prime Atty(Other Proceedings): Goldberg, Julie
Prime Atty(Custody & Bond): Goldberg, Julie
Monitoring: n/a

HLoc.: NYV

DHS Dist Off: NYV
Nationality: HAITI
Language: ENGLISH

## SCHEDULED ITEMS

| Type | Date | From | To | Base | HLoc | IJ | Atty | Medium | Adjournment | Exceptional Circumstances | Notice/Order | Audio Recording | | eTranscripts |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Master Reset | 07-Jul-22 | 9:00 AM | 9:30 AM | NYV | NYV | CC1 | XT336349 | | Data Entry Error | | NOTICE OF HEARING IN REMOVAL PROCEEDING- W/ DATES | | | |
| Master Reset | 07-Jul-22 | 8:30 AM | 9:00 AM | NYV | NYV | CC1 | XT336349 | | RESERVED DECISION | ☐ | NOTICE OF HEARING IN REMOVAL PROCEEDING- W/ DATES | ☐ | 00:08:40 | Hearing |
| All-Purpose | 23-Jun-22 | 9:30 AM | 10:30 AM | NYV | NYV | CC1 | XT336349 | | Preparation - respondent/attorney/representative | ☐ | INITIAL NOTICE FOR REMOVAL - FAMILY MEMBERS | | | |
| All-Purpose | 27-Jan-22 | 9:30 AM | 10:30 AM | NYV | NYV | CC1 | XT336349 | | IJ LEAVE | ☐ | NOTICE OF HEARING IN REMOVAL PROCEEDING- W/ DATES | | | |
| Master Reset | 23-Sep-21 | 9:30 AM | 10:00 AM | NYV | NYV | TJM | XT336349 | | Court closure/postponement | ☐ | NOTICE OF HEARING IN REMOVAL PROCEEDING- W/ DATES | | | |
| Master Reset | 22-Jul-21 | 9:30 AM | 10:00 AM | NYV | NYV | TJM | XT336349 | | Other respondent/respondent's attorney/representative request | ☐ | REMOVAL NOTICE FOR ADJOURNED HEARING- W/O DATES | | | |
| Master Reset | 30-Mar-21 | 9:30 AM | 9:30 AM | NYV | NYD | CC1 | XT336349 | | CASE TRANSFERRED FROM DETAINED TO NON-DETAINED DOCKET | ☐ | NOTICE OF HEARING IN REMOVAL PROCEEDING- W/ DATES | | | |
| Master Reset | 09-Feb-21 | 9:00 AM | 9:30 AM | NYV | NYD | CC1 | XT336349 | | Preparation - respondent/attorney/representative | ☐ | REMOVAL NOTICE FOR ADJOURNED HEARING- W/O DATES | ☐ | 00:18:55 | Hearing |
| Master Reset | 12-Jan-21 | 8:30 AM | 9:00 AM | NYV | NYD | DKU | XT336349 | | Other respondent/respondent's attorney/representative request | ☐ | REMOVAL NOTICE FOR ADJOURNED HEARING- W/O DATES | | | |
| Master Reset | 03-Dec-20 | 8:30 AM | 9:00 AM | NYV | NYD | CC1 | XT336349 | | JOINT REQUEST OF BOTH PARTIES | ☐ | NOTICE OF HEARING IN REMOVAL PROCEEDING- W/ DATES | ☐ | 00:25:13 | Hearing |
| Master Reset | 19-Nov-20 | 9:00 AM | 9:30 AM | NYV | NYD | CC1 | XT336349 | | IJ REASSIGNMENT | ☐ | REMOVAL NOTICE FOR ADJOURNED HEARING- W/O DATES | | | |
| Master Reset | 19-Nov-20 | 9:00 AM | 9:30 AM | NYV | NYD | DRD | XT336349 | | IJ REASSIGNMENT | ☐ | NOTICE OF HEARING IN REMOVAL PROCEEDING- W/ DATES | | | |
| Master Reset | 12-Nov-20 | 8:30 AM | 9:00 AM | NYV | NYD | CC1 | XT336349 | | Other respondent/respondent's attorney/representative request | ☐ | NOTICE OF HEARING IN REMOVAL PROCEEDING- W/ DATES | ☐ | 00:18:54 | Hearing |
| Master Reset | 05-Nov-20 | 8:30 AM | 9:00 AM | NYV | NYD | CC1 | XT336349 | | Preparation - DHS | ☐ | NOTICE OF HEARING IN REMOVAL PROCEEDING- W/ DATES | ☐ | 00:21:09 | Hearing |
| Master Reset | 29-Oct-20 | 8:30 AM | 9:00 AM | NYV | NYD | CC1 | XT336349 | | Preparation - DHS | ☐ | NOTICE FOR REMOVAL PROCEEDINGS-NEW ORLEANS VIDEO | ☐ | 00:21:08 | Hearing |
| Individual Detainee | 18-Sep-20 | 1:00 PM | 2:30 PM | NYV | NYD | DRD | XT336349 | | Other respondent/respondent's attorney/representative request | ☐ | REMOVAL NOTICE FOR ADJOURNED HEARING- W/O DATES | | | |
| Individual | 17-Sep-20 | 1:00 PM | 4:30 PM | NYV | NYD | DRD | XT336349 | | Preparation - respondent/attorney/representative | ☐ | REMOVAL NOTICE FOR ADJOURNED HEARING- W/O DATES | ☐ | 00:29:25 | Hearing |
| Master Reset | 28-Aug-20 | 8:30 AM | 9:00 AM | NYV | NYD | LTF | XT336349 | | Other respondent/respondent's attorney/representative request | ☐ | REMOVAL NOTICE FOR ADJOURNED HEARING- W/O DATES | | | |
| Individual Detainee | 18-Aug-20 | 9:30 AM | 10:30 AM | NYV | NYD | DRD | XT336349 | | Preparation - respondent/attorney/representative | ☐ | REMOVAL NOTICE FOR ADJOURNED HEARING- W/O DATES | ☐ | 02:14:43 | Hearing |
| Custody | 13-Aug-20 | 9:30 AM | 12:00 PM | NYV | NYD | DRD | XT336349 | | IJ COMPLETION AT HEARING | ☐ | BOND DECISION/CUSTODY - DENVER FORMAT | ☐ | 00:02:19 | |
| Master Reset | 13-Aug-20 | 9:30 AM | 12:00 PM | NYV | NYD | DRD | XT336349 | | MC to IC -- merits hearing | ☐ | SUMMARY OF ORAL DECISION - REMOVAL | ☐ | 00:23:42 | Hearing |
| Initial Master | 17-Jul-20 | 8:30 AM | 9:00 AM | NYV | NYD | SEB | None | | Preparation - respondent/attorney/representative | ☐ | NOTICE OF HEARING IN REMOVAL PROCEEDING- W/ DATES | ☐ | 00:04:53 | Hearing |
| Custody | 17-Jul-20 | 8:30 AM | 9:00 AM | NYV | NYD | SEB | None | | IJ COMPLETION AT HEARING | | NOTICE OF CUSTODY REDETERMINATION HEARING | ☐ | 00:01:01 | |

**PLAY SELECTED AUDIO**

**Unable to Schedule New Item**
**To schedule a new item:**

1. EOIR must have received the Case (received date cannot be empty).
2. If the Case Type is 'AOC', then there must be at least 1 Court Appeal record with an application code of 'ASYL'.
3. If Case Type is 'WHO', then there must be at least 1 Court Appeal record with an application code of 'ASYW' OR 'WCAT'.
4. You must have Add / Edit security access for scheduling items.
5. You must have access to the Case's Hearing Location.
6. There must be a pending proceeding, motion, or bond. *



PLAINTIFF'S
EXHIBIT

**8**