UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 22 C 5072 |
| v. ) | |
| ) | Judge Kennelly |
| UNITED STATES DEPARTMENT OF ) | |
| HEALTH AND HUMAN SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**EOIR'S RESPONSE TO**
**PLAINTIFF'S STATEMENT OF FACTS**

Defendant Executive Office of Immigration Review, by Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, responds to plaintiff's statement of facts (PSOF, Dkt. 91 at 9-11), which plaintiff filed in support of her cross-motion for summary judgment against EOIR (Dkt. 90), as follows:

1. Defendant did not issue a determination on Plaintiff's four FOIA requests prior to the initiation of this lawsuit. Answer ¶¶ 79, 84, 91.

**Response:** Admit that this is true for the four requests still at issue. (The four requests at issue are Silvestre, Hoang, Archie, and Charpentier. The court awarded summary judgment to EOIR with respect to the Rubin request, which EOIR responded to before Stevens filed this lawsuit. *See* Dkt. 53 at 6-7.)

2. Defendant produced its "final responses" and some of the records only after Plaintiff filed this lawsuit and in response to it. Answer ¶¶ 80, 85, 92.

**Response:** Admit that EOIR issued its final responses to the four requests that are still at issue after the filing of this lawsuit. Deny that the productions were "in response" to the lawsuit.

The cited paragraphs merely provide the dates of the responses; they do not say anything about what prompted the responses.

3. On October 24, 2022, EOIR released to Plaintiff a partial response to her *Silvestre* request but did not release any of the audio recordings from the Record of Proceedings. Stevens Decl. ¶ 8-9 and Exhibits referenced.

**Response:** Admit.

4. The 24 October 2022 email from Defendant to Plaintiff states: "ROP (03/08/04 (CSR) – 24 pages): [LINK] - No Audio ROP (02/01/99 (RMV) - 24 pages): - Audio on cassette tape but damaged." Stevens Decl. ¶ 9 and Email from EOIR to Stevens, October 24, 2022, "Ex. 1."

**Response:** Admit.

5. A copy of a damaged audio cassette is responsive to Plaintiff's request but was not released. Stevens Decl. ¶ 9, 13-17, 19.

**Response:** Deny that the damaged cassette is responsive.

6. Defendant does not explain why it is impossible or impracticable to produce a copy of the damaged audio cassette. *Id*.

**Response:** Dispute. It is obvious on its face that the damaged tape cannot be copied, but regardless, EOIR has now clarified that the recording is irreparably damaged and cannot be copied or produced. Ex. C (Suppl. Santiago Decl.) ¶ 5.

7. Defendant has not produced the audio recordings or transcripts of the hearings conducted on 23 March 2004 in the *Silvestre* immigration case that resulted in an order of removal against him on the same day. Stevens Decl. ¶ 17.

**Response:** Dispute. The March 23 and 24 Silvestre hearings never occurred. They were scheduled but appear to have been vacated. *See* Ex. C (Suppl. Santiago Decl.) ¶ 4.

8. Defendant has not produced the audio recordings or transcripts of any of the seven hearings conducted in the Hoang immigration proceedings. Stevens Decl. ¶ 38-39.

**Response:** Dispute that seven hearings occurred; the screenshot cited in the cited paragraphs of Stevens's declaration does not make clear that that many hearings actually occurred.

Dispute that EOIR has not produced any audio files; EOIR did produce an audio file. *See* Dkt. 44 ¶ 40 (plaintiff's agreement that EOIR produced an audio file for Hoang).

9. The CASE screenshots contain notations indicating that certain records in the Silvestre and Archie cases were deleted or modified. Stevens Decl. ¶¶ 20-22, 24.

**Response:** Dispute. The entries "Deleted" and "Delete" reflect that the Federal Records Center deleted the file *location* of the record of proceedings, not any actual *records*. Ex. C (Suppl. Santiago Decl.) ¶ 3. When the Federal Records Center sends a record of proceedings to an immigration court, the center deletes the file location that is reflected in CASE and creates a new file location upon its return. *Id*.

10. Defendant has redacted post-decision and not deliberative documents under exemption b5. Stevens Decl. ¶¶ 40-42.

**Response:** Dispute. The cited paragraphs provide no basis for concluding or even suspecting that the redacted material was post-decisional or was not deliberative. Stevens criticizes the *Vaughn* index for describing an email exchange as being between Dara Reid and Charles Conroy when in fact a person named Ubaid ul-Haq was *also* a part of the exchange, *see* Stevens Decl. ¶ 41, but the minor distinction does not form a basis for questioning the veracity of the *Vaughn* index.

    Respectfully submitted,

    MORRIS PASQUAL
    Acting United States Attorney

    By: s/ Alex Hartzler
        ALEX HARTZLER
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 886-1390
        alex.hartzler@usdoj.gov

# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, DEPARTMENT OF HOMELAND SECURITY, CUSTOMS AND BORDER PROTECTION, IMMIGRATION AND CUSTOMS ENFORCEMENT, CITIZENSHIP AND IMMIGRATION SERVICES, DEPARTMENT OF JUSTICE, and EXECUTIVE OFFICE OF IMMIGRATION REVIEW, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

No. 22 C 5072

Judge Kennelly

## SUPPLEMENTAL DECLARATION OF JENIFFER PEREZ SANTIAGO, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

I.  INTRODUCTION

I, Jeniffer Perez Santiago, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an Associate General Counsel for FOIA and Acting Senior FOIA Litigation Counsel under the Office of the General Counsel (OGC) at the Executive Office for Immigration Review (EOIR). I submit this declaration as a supplement to my previous declaration, which I signed on April 8, 2024.

2. EOIR has taken screenshots of all information contained on the respondents in CASE, amounting to 56 pages. The screenshots were released to Plaintiff on April 5, 2024.

3. In the "Actions" tab in CASE for Miguel Silvestre, there are two actions listed with the

recorded actions of "Deleted" and "Delete". These reflect an action by the Federal Records Center ("FRC") to delete the file location of the ROP, not any records belonging to Silvestre. When FRC sends a ROP to an immigration court, FRC deletes the file location that is reflected in CASE and creates a new file location upon return. In 2021, the date of the last "Deleted" action, FRC removed the ROP to send to the requestor. The "Comments" tab in CASE indicates that the ROP was returned to Florence Immigration Court in 2023, and the court returned the ROP to FRC in the same year. FRC has not yet updated a file location since the last file location's deletion.

4. In the "Schedule" tab of CASE for Miguel Silvestre, it is evident that Silvestre's scheduled hearings never occurred. Though the hearings were set for March 23 and 24, Silvestre's case appears to have been vacated due to "Alien's Claimed Status". As a result, there are no audio recordings of the hearings, as the case never moved forward.

5. One of the audio recordings Plaintiff requested is irreparably damaged and thus cannot be copied and released.

6. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated the 30th day of May 2024.

JENIFFER PEREZ SANTIAGO
Digitally signed by JENIFFER PEREZ SANTIAGO
Date: 2024.05.30 06:51:30 -04'00'