UNITED STATES DISTRICT COURT
For the Northern District of Illinois −
Eastern Division


| | | |
|---|---|---|
| Jacqueline Stevens | } | |
| | } | |
| Plaintiff | } | |
| | } | Civil Case No.: 22-cv-05072 |
| vs. | } | Judge: Honorable M. Kennelly |
| | } | |
| United States Department of Health and | } | |
| Human Services et al. | } | |

---

**PLAINTIFF'S OPPOSITION TO ICE'S MOTION FOR SUMMARY JUDGMENT AND
CROSS-MOTION FOR SUMMARY JUDGMENT**

---


Plaintiff Jacqueline Stevens, by her counsel of record, hereby opposes Defendant ICE's Motion for Summary Judgment and separately moves for summary judgment pursuant to Fed. R. Civ. P. 56 for the reasons stated in its combined summary judgment response and memorandum in support of its cross-motion for summary judgment and the response to Defendant ICE's LR 56.1 Statement which were filed contemporaneously herewith.


Respectfully Submitted by

_____s/ Nicolette Glazer Esq._____
Nicolette Glazer Esq.
LAW OFFICES OF LARRY R GLAZER
2121 Avenue of the Stars #800
Century City, CA 90067
T: 310-407-5353
F: 310-407-5354
nicolette@glazerandglazer.com
ONE OF PLAINTIFF'S ATTORNEYS

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **INTRODUCTION**

The Freedom of Information Act (FOIA) mandates that government agencies make requested records available to any person unless one of nine narrow exemptions applies. 5 U.S.C. §552(a)(3)(A). The Act places the burden on the agency to demonstrate that it has conducted a good faith and reasonable search for the 'agency records' requested and to justify any withholding or redaction in the production. *Judicial Watch, Inc. v. U.S. Secret Serv*., 726 F.3d 208, 220 (D.C. Cir. 2013). While government agencies are permitted to withhold from disclosure certain information that falls within one of the FOIA's nine exemptions, these exemptions are to be narrowly construed to promote the statute's broad disclosure policy. *In re Wade*, 969 F.2d 241, 246 (7th Cir. 1992). Furthermore, federal courts may review agency action to determine whether the agency properly withheld the information, 5 U.S.C. §552(a)(4)(B), not blindly afford deference to the agency reasoning, *City of Chicago v. A.T.F.*, 423 F.3d 777 (7th Cir. 2005). To prevail on a summary judgment motion, the moving party – here ICE-- must demonstrate that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The facts here are largely undisputed; the issue is whether either party is entitled to a judgment as a matter of law.

Although a FOIA case involves agency action, no deference is due to agency reasoning or decision-making; rather the Court reviews agency's handling of a FOIA request *de novo*. 5 U.S.C. § 552(a)(4)(B). The FOIA was meant to be a "disclosure statute," not a "withholding statute." *Milner v. Dep't of the Navy*, 131 S. Ct. 1259, 1262 (2011). Thus, in evaluating any FOIA summary judgment motion, "two guiding principles apply. *First*, FOIA is to be broadly construed in favor of disclosure. *Second*, its exemptions are to be narrowly circumscribed*." Trentadue v. Integrity Comm*., 501 F.3d 1215, 1226 (10th Cir. 2007). Defendant has again failed to carry its burden; summary judgment should be denied and a final judgment entered in favor of Plaintiff.

II.     **THE CAUSES OF ACTION PLEADED AGAINST ICE.**

Plaintiff's complaint contains three causes of action against EOIR: (1) Count I, *Violation of the FOIA: Failure to Comply with Statutory Deadlines,* alleges that ICE failed to make the statutory required determination regarding three of Stevens's properly submitted FOIA requests and to produce responsive records past the deadlines promulgated by Congress in violation of 5 U.S.C. §§ 552(a)(6)(E)(ii)(I), (a)(6)(A)(ii) and 5 U.S.C. 552(a)(6)(B)(i)-(iii), (ECF # 1, ¶102); (2) Count II asserts a failure to adjudicate and grant expedited requests claim[1], (ECF # 1, ¶¶105-07); and (3) Count III asserts a claim for unlawful withholding of agency records resulting from Defendant ICE's violation of its duties under the Act, including but not limited to the duties to process properly submitted requests for records, to conduct a timely and reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information., ECF # 1, ¶¶111-116). Both Count I and III seek injunctive and declaratory relief. *Id*. The Court already granted partially Plaintiff's request for preliminary injunction against ICE, ECF # 34, and ordered ICE "ICE is ordered to process 1,500 pages of documents responsive to Stevens's FOIA request per month until production is complete." *Id.*

III.     **PLAINTIFF, NOT ICE, IS ENTITLED TO SUMMARY JUDGMENT.**

"It is well-settled that the "issues on summary judgment are framed by the Complaint." *Rodriguez v. Countrywide Homes,* 668 F.Supp.2d 1239 (E.D.Cal.2009); *Cole v. CRST, Inc.*, 150 F. Supp. 3d 1163, 1169 (C.D. Cal. 2015).

**Count I**

As to Count I of the Complaint, Defendant does not and cannot dispute that it did not comply with the statutory command regarding acknowledging, docketing, and/or responding to Plaintiff's FOIA requests. Since those facts are undisputed, summary judgment in favor of Plaintiff on Count I

---

[1] After the Complaint was filed this Court granted Plaintiff's Request for Preliminary Injunction and ordered ICE to process Plaintiff's requests. The count is thus now moot as Plaintiff has obtained some of the relief she was seeking in Count II and the Court cannot grant further substantive redress, only attorney fees which are not at issue yet.

is warranted. Defendant may again argue in opposition that ICE is somehow exempted from the mandatory duties and deadlines FOIA imposes. For the Court to accept Defendant's reading of the statute, is to render pointless the unambiguous language of FOIA, as amended. The effect would be to bar requesters from obtaining public records within the time frame contained in FOIA, thus abrogating the Act's central purpose of review of effective functioning of our democracy. *First*, the plain text of Section 552(a) places an affirmative obligation on ICE to review and issue a determination on each FOIA request it receives within the promulgated time frame. When construing a statute, "[i]t is well established that [courts] must first look to the plain language of the statute when interpreting its meaning." *Central States Pension Fd. v. Robinson Cartage*, 55 F.3d 1318, 1322 (7th Cir. 1995) (citing to *Central States,et al. v. Cullum Companies*, 973 F.2d 1333, 1339 (7th Cir. 1992); *Tr. of Iron Wkrs. L. 473 P. Tr. v. Allied Prod,* 872 F.2d 208 (7th Cir. 1989). When the text's plain meaning is unambiguous, the inquiry ends and the Court's sole function is to enforce the statute's terms. *BedRoc Ltd. v. United States*, 541 U.S. 176, 183 (2004); *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004). Here, Congress mandated that an agency "shall" determine within 20 business days after the receipt of any request whether to comply with the request and "shall" immediately notify the requester of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination. *See* 5 U.S.C. § 552(a)(6)(A)(i). The Supreme Court and the Seventh Circuit have made clear that when a statute uses the word "shall," Congress has imposed a mandatory duty upon the subject of the command. *See United States v. Monsanto*, 491 U.S. 600, 607 (1989) (by using "shall" in civil forfeiture statute, "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied"); *Pierce v. Underwood*, 487 U.S. 552, 569-70 (1988) (Congress' use of "shall" in a housing subsidy statute constitutes "mandatory language"); *Barrentine v. Arkansas-Best Freight Sys., Inc*. 450 U.S. 728, 739 n. 15 (1981) (same under Fair Labor Standards Act); *Marie O. v. Edgar*, 131 F.3d 610 (7th Cir. 1997) (The natural meaning of term 'shall' is mandatory, not precatory); *see also* Black's Law Dictionary 1233 (5th ed. 1979) ("As used in statutes . . . [shall] is generally imperative or mandatory."). The repeated use of "shall' within 5 U.S.C. §§ 552(a) (3) and (6)(A)(i) means what it says: a statutory command

that an agency "shall" act within no longer than 30 days from the receipt of a FOIA request does not commit such action to the agency's discretion. Specifically, the mandatory duty only requires that the agency make a determination within the time period, not that it produces the records within the same timeframe. "[T]he agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 186 (D.C. Cir.2013). Defendant to this day has not issued the required "determination": simple protestations or trivial inconvenience to the agency do not provide authority for the Court and Defendant to disregard the clear and unambiguous statutory command to absolve agencies from complying with FOIA.

*Second,* nothing in the Act bars an action to enforce the 20-day deadline. To the contrary, Congress created a private cause of action to enforce the determination deadline, not a carte blanche for the agency to produce records at its leisure while judges rubber-stamp conclusory statements about agency resources. *Id*. at 184-85 (discussing 5 U.S.C. 552(a)(6)(C)(i)). Failure to abide by statutory deadlines and issue the determination required by the Act is an improper withholding of records for which Congress provided a remedy in 5 U.S.C. §552(a)(4)(B). *See United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 151 n.12 (1989) ("Even when an agency does not deny a FOIA request outright, the requesting party may still be able to claim 'improper' withholding by alleging that the agency has responded in an inadequate manner."); *Gilmore v. United States Dep't of Energy*, 33 F. Supp. 2d 1184, 1188 (N.D. Cal. 1998) ("The documents were still improperly withheld, however, because unless an agency makes a timely determination that documents should or should not be disclosed, . . . there is no compliance with the FOIA."); *Oregon Natural Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006) ("defendants failed to make a timely determination, resulting in an improper withholding under the Act"; *S. Yuba River Citizens League v Nat'l Marine Fisheries Serv*., No. CIVS-06-2845 LKK/JFM, 2008 WL 2523819, at *6 (E.D. Cal. June 20, 2008) (holding that completing a request in April 2008 when the initial request was received in October 2007 was "violative of FOIA").

In sum, because it is undisputed that ICE failed to acknowledge docket, and/or respond to Plaintiff's FOIA requests within the timeframe promulgated in FOIA and continue to do so even after the Court granted a partial preliminary injunction, summary judgment on Count I is warranted.

**Count III**

*First*, Defendant has failed to produce to Plaintiff all responsive records uncovered by the searches. As the declaration of Mr. Pineiro makes clear, the various components tasked with conducting searches with respect to the three FOIA requests retrieved the following search results:

**Miguel Silvestre**: ERO's searches resulted in 4 pages of "potentially responsive records"; HSI's search resulted in zero responsive records; and OPLA's searches resulted in zero responsive records. The declaration is silent as to whether the 4 pages were produced. ECF # 89, ¶¶28,31,45.

**Toan Hoang**: ERO's searches resulted in 7 pages of "potentially responsive records"; HSI's search resulted in zero responsive records; and OPLA's searches resulted in 52 pages of "potentially responsive records." ECF # 89, ¶¶50,52, 55.The declaration is silent as to whether the 59 pages were produced. ECF # 89, ¶¶50,52, 55.

**Pascal Charpentier**: ERO's searches resulted in 39 pages of "potentially responsive records"; HSI's search resulted in zero responsive records; and OPLA's searches resulted in 13,601 pages of "potentially responsive records." ECF # 89, ¶¶58, 60, 66. The declaration is silent as to which of the 13,640 pages were produced.

Although the searches performed returned **13,703 pages** in total, Defendant ICE arbitrarily decided to produce **only 2,802 pages to Plaintiff**. ECF #89 at ¶¶69-70. Because Defendant has failed to produce over 10,000 pages of "potentially responsive records" and has provide no explanation for such colossal omission, summary judgment is warranted in favor of Plaintiff.

*Second*, because of the size of the production the parties agreed to brief the withholding and exemptions of only a sample of the records. Plaintiff's sample is reproduced at Exhibit 1 and covers pages with bates stamp numbers #2023ICLI-00003-**3**, **9**, **12-17**, **23**, **53-54**, 56, **91**, **378**, **388**, **393**, **406-14**, **443-48**, **619-23**, **632-34**, **642-644**, 645-46, **647**, **722**, **734**, **752**, **776**, **968**, 991, **1011-15**, **1052-65**, **1072**, **1075**, 1088, **1093-96**, **1116-18**, **1151-59**, **1280-83**, **1610-19**. Defendant's sample is reproduced

in Exhibit 2 and covers pages with bates stamp numbers #2023ICLI-00003-14, 34, 89-101, 450-60, 1030-35, 1316-27, 2193-2203, 2204-06. The *Vaughn* index only covers the pages in bold above. Defendant elected not to address pages 56, 645-46, 991, and 1088 of the Plaintiff's sample and the entirety of the Defendant's sample. The pages not included in the *Vaughn* index should either be produced in full or a proper additional *Vaughn* index must be produced to provide Plaintiff with notice and an opportunity to address the exemptions.

*Third*, Defendant searches was inadequate as a matter of law and fact. An agency bears the burden to "show beyond material doubt that it has conducted a search reasonably calculated to uncover **all** relevant documents." *Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enf't Agency* , 877 F. Supp. 2d 87, 95 (S.D.N.Y. 2012) (citation omitted, and emphasis added). To determine whether the search performed in response to a FOIA request was done in good faith and the agency had used methods reasonably calculated to produce *all* responsive documents, this Court must consider: (1) the search terms and the type of search performed; (2) the nature of the system(s) or database(s) searched; and (3) whether the search was "logically organized". *DiBacco v. U.S. Army*, 795 F.3d 178, 191 (D.C. Cir. 2015) (It is an agency's "burden to show that its search efforts were reasonable and logically organized to uncover relevant documents."). Defendant's sole support in seeking summary judgment is the Declaration of Mr. Pineiro. (ECF # 89 at 19-36). Defendant has not produced the actual search indices used in responding to the FOIA requests nor the records documenting the performed searches.

When an agency relies on sworn declarations to establish the adequacy of its search, those declarations "must be 'relatively detailed and non-conclusory.'" *Serv. Women's Action Network v. Dep't of Def.*, 888 F. Supp. 2d 231, 240-41 (D. Conn. 2012) (quoting *SafeCard*, 926 F.2d at 1200). The agency's declarations "must detail files searched and the general scheme of the agency file system," *id*. at 245, and they must "describe in reasonable detail the scope of the search and the search terms or methods employed," *id*. at 241. The Pneiro declaration is insufficient because it fails to provide details about the scope and methods of the searches performed in response to the FOIA requests and the election to produce only a portion of the record uncovered by the searches. (Response to

Defendants' Statement of Facts [RDSOF] No. ??); Plaintiff's Statement of Additional Facts [PSAF] at No. ??)

      1.1 <u>Defendant failed to perform an adequate search with respect to portion of the FOIA requests seeking prison grievances, commissary account data, and work program participation.</u>

Each of the FOIA requests sought *1) All records of all grievances filed by each of the three subjects of the FOIA, orally or in writing and under the control of ICE or its components, including county jails or private prisons with which ICE has contracted; 2) Commissary account data, including but not limited to information tracking funds reimbursed to each subject of the FOIA request on release from custody; and 3) Work program participation documents and payment records.* ECF #89 at 78-84. Plaintiff specifically noted that "*that components and officials that track detention facility compliance with ICE contracts are likely to have responsive records and will need to be queried." Id*. at 78. As the Declaration makes clear the only ERO, HSI, and OPLA were tasked to search within their records. (ECF # 89 at 21-24). No searches for the records requested by Plaintiff as identified above were conducted.

      1.2 <u>Defendant failed to describe in sufficient details the agency's systems of record and the election to search certain databases and not others.</u>

Mr. Pineiro declared that "ICE program offices use various systems to maintain records, such as investigative files, records regarding the operation of ICE programs, and administrative records. ICE employees may store electronic records on their individual computer hard drives, their program office's shared drive (if the office uses one), DVDs, CDs, and/or USB storage devices" but failed to describe or name the "various systems" and databases and the records maintained in each. (ECF # 89, para 15). Here the FOIA requests seek similar type of documents for similarly situated individuals to wit, United States Citizens who were detained and placed in deportation proceeding and some were deported. With respect to Mr. Silvestre the Declaration states that *"a Supervisory Detention and Deportation Officer conducted a search of databases* using the subject's Alien Number ("A-Number")", ECF # 89 para 27, but does not state the name of the database searched. With respect to

Mr. Hoang a SDO in Los Angeles searched EARM and RAILS. *Id*. at para 47. And with respect to Mr. Charpentier an Assistant Office Director only searched "their shared drive database". Defendant does not explain why Defendant elected not to search EARM and RAILS for Mr. Silvestre and Mr. Charpentier.

OPLA in turn, conducted the following searches. For Mr. Silvestre OPLA in Phoenix searched their share drive databases, the PLAnet system, the ENFORCE component of EARM, and RAILS. However, OPLA in El Centro – the agency where the section 240 removal originated from – conducted no search for its records. *See* Exhibit 1 at page 1, 2023-ICLI-00003-003. For Mr. Hoang OPLA in Los Angeles and Dallas searched only PLAnet. For Mr. Charpentier OPLA in New York searched their share drive databases, PLANet, and PCQS. Defendant does not explain the choice of databases searched for similarly situated individuals.

### 1.3 Defendant failed to perform an adequate search with respect to the *Hoang and Charpentier* Requests because of a narrow and unreasonable selection of search terms.

Defendant's system of records shows "Guzman Silvestre, Miguel A#" as the nomenclature used for Mr. Silvestre. *See* Exhibit 1 at page 1. Yet, OPLA search terms used for searches in PLAnet omit "Guzman" entirely. (ECF # 89 at para 35; compare para 34). For Mr. Hoang, OPLA searched for "Tom Hoang" rather than "Toan Hoang". (*Id.* at para 54). OPLA in New York deliberately elected not to search for any record for "Pascual Carpenter" despite the fact that the Notice to Appear identified the name as an "a/k/a". See Exhibit 2 at page 59.

**2.1** Defendant is unlawfully withholding responsive records.

Pursuant to 5 U.S.C. § 552(a)(3)(A), upon receipt of a FOIA request, an agency has a duty to "make the records promptly available to any person." Here it is undisputed that ICE did not conduct a search for the responsive records and did not produce any records prior to the filing of this lawsuit. (ECF # 89 at para 7-10). Moreover, the burden is on the Government, not on the requester, to show the adequacy of the search and any withholding. *See Carney v. U.S. Dept. of Justice (2d Cir. 1994)* 19

F.3d 807, 812 ("In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA.") Here, Defendant withholdings are unreasonable and arbitrary. An agency withholding information under FOIA must provide its justifications with "[s]pecificity." *King v. U.S. Dep't of Justice* , 830 F.2d 210, 219 (D.C. Cir. 1987). Through an agency's *Vaughn* index and supporting affidavit or declaration, the agency must offer "a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." *Id.* (quoting *Mead Data Cent., Inc. v. U.S. Dep't of Air Force* , 566 F.2d 242, 251 (D.C. Cir. 1977) ). For every record withheld, the agency "should reveal as much detail as possible as to the nature of the document, without actually disclosing information that deserves protection." *Oglesby v. U.S. Dep't of Army* , 79 F.3d 1172, 1176 (D.C. Cir. 1996). A court will find an agency's justifications insufficient if they are "conclusory, merely reciting statutory standards, or if they are too vague or sweeping." *Allen v. Cent. Intelligence Agency* , 636 F.2d 1287, 1291 (D.C. Cir. 1980).

*First*, Defendant has failed to establish proper grounds for the b5 withholdings. For example, Defendant produced the *Hoang* USC memo with minimal redactions, Exhibit 1 at pp. 3-8, but has withheld the *Charpentier* USC memo in full claiming b5, Exhibit 1 at 91-100 [Vaughn Index, PAGE ID1000, 2023-ICLI-0003-1610-1619]. Both USC memos are final documents and are thus neither pre-decisional nor deliberative.

*Second*, Defendant asserted b5 exemption to a final Standard Operative Procedure, Exhibit 1 at 17-25; *Vaughn* Index at PAGE ID 976 2023-ICLI-00003- 406-414. The SOP is final agency action regulating employees' action and thus is neither pre-decisional nor deliberative.

*Third*, Defendant asserted b5 exemption to documents filed and appearing on court dockets, Exhibit 1 at p. 48, Exhibit 2, at p. 2.

*Fourth*, as the Vaughn index shows after the selection of the sample Defendant "elected" to reprocess certain records, thus admitting that b5 and other exemptions were originally improperly

applied. See Vaughn index at p. 44, 58, 59, 61, 63. The change in position upon reconsideration

warrant an order for Defendant to review the entire production based on the revisions in the sample.

*Fifth*, Defendant has improperly asserted b6 exemptions for information pertinent to the

parents of the subjects of the requests and it appears that some are now deceased. (Vaughn Index at

41.)

*Sixth,* Defendant has redacted entire documents asserting b6 and b7C where the documents

appear to contain factual narrative rather than personally identifiable information that could easily be

segregated. See Exhibit 1 at pp. 10-11, 15, 26-30, 49-53, 70-71, 76; Exhibit 2 at pp. 7, 17-27, 29-36,

38-39.

The redactions are improper. Plaintiff respectfully request that the Court review in camera the

samples to review de novo Defendant's asserted exemptions.


CONCLUSION


For the reasons stated above, Plaintiff's motion should be granted and judgment entered in her

favor against EOIR and declaratory relief awarded as requested in the Complaint.

 Date:  6/13/2024

Respectfully Submitted by

_____s/ Nicolette Glazer Esq._____
Nicolette Glazer Esq.
LAW OFFICES OF LARRY R GLAZER
2121 Avenue of the Stars #800
Century City, CA 90067
T: 310-407-5353
F: 310-407-5354
nicolette@glazerandglazer.com
ATTORNEY FOR PLAINTIFF


**CERTIFICATE OF SERVICE**

This pleading was served on Defendants' counsel of record by the CM/ECF electronic filing and service system.

                                                      _____s/ Nicolette Glazer Esq._____
Nicolette Glazer Esq.
LAW OFFICES OF LARRY R GLAZER
2121 Avenue of the Stars #800
Century City, CA 90067
T: 310-407-5353
F: 310-407-5354
nicolette@glazerandglazer.com
ATTORNEY FOR PLAINTIFF