UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 22 C 5072 |
| v. ) | |
| ) | Judge Kennelly |
| UNITED STATES DEPARTMENT OF ) | |
| HEALTH AND HUMAN SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ICE'S L.R. 56.1(b)(3) STATEMENT OF ADDITIONAL FACTS
IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant United States Immigration and Customs Enforcement, by Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, submits the following statement of additional facts as to which there is no genuine issue pursuant to Local Rule 56.1(b)(3) of the United States District Court for the Northern District of Illinois.

The numbering begins at 77 to avoid confusion with ICE's LR 56.1(a)(2) statement of facts (DSOF), which ended at number 76. *See* Dkt. 89.

77. Charpentier's "USC memo," which ICE withheld as pre-decisional, deliberative material, is not a "final" document; it is a memorandum "authored by an ICE attorney" that "will be used by ICE leadership to render a decision." Def. Ex. A at Attachment A (*Vaughn* index) entry for Bates range 1610-1619 (Dkt. 89 at 74 of 84).

78. ICE produced Hoang's "USC memo" but applied some redactions to protect personal privacy. Def. Ex. A at Attachment A (*Vaughn* index) entry for Bates range 12-17 (Dkt. 89 at 41 of 84).

79.     Regarding ICE's "Standard Operational Procedure" document that appears at Bates range 406-414 of ICE's production, ICE has withdrawn its claim that Exemption 5 applies to this document, and ICE has produced the document.  Def. Ex. A at Attachment A (*Vaughn* index) entry for Bates range 406-414 (Dkt. 89 at 50-51 of 84).

80.     The document at Bates range 53-54 of ICE's production is naturalization certificate for one of Hoang's relatives, which ICE has agreed to re-process and produce with the withheld material segregated.  Def. Ex. A at Attachment A (*Vaughn* index) entry for Bates range 53-54.

81.     The document at Bates number 388 of ICE's production was withheld under Exemption 7(E) because disclosing the email—a request for assistance from the Joint Intelligence Operations Center—could reveal law enforcement techniques and procedures, the disclosure of which could reasonably be expected to risk circumvention of the law.  Def. Ex. A at Attachment A (*Vaughn* index) entry for Bates number 388.

82.     The documents at Bates ranges 443-448 and 1011-1015 of ICE's production are documents that ICE has agreed to re-process with the exempt material segregated.  Def. Ex. A at Attachment A (*Vaughn* index) entries for Bates ranges 443-448 and 1011-1015.

83.     The document at Bates range 1088-1089 were withheld under Exemption 5, on the ground that it is an email exchange discussing potential arguments relating to a citizenship claim scheduled for the next day.  Def. Ex. A at Attachment A (*Vaughn* index) entry for Bates number 1088.

84.     The document at Bates number 93 is a third party's translated birth certificate, which ICE withheld under Exemptions 6 and 7(C) on the ground that its release could reasonably be expected to constitute—and in fact would constitute—an unwarranted invasion of privacy.  Def. Ex. B at Attachment A (Supplemental *Vaughn* index) entry for Bates range 89-93.

85.     The documents at Bates range 450-460 of ICE's production are a third party's petition for naturalization, an affidavit of a witness, an application to file a petition for naturalization, a background check, and an application for a permit to re-enter the United States. Def. Ex. B at Attachment A (Supplemental *Vaughn* index) entry for Bates range 450-460.  ICE withheld the documents under Exemptions 6 and 7(C) because the disclosure of the information on them could reasonably be expected to constitute—and in fact would constitute—an unwarranted invasion of personal privacy.  *Id*.

86.     The documents at Bates range 1031-1035 of ICE's production come from a third-party report of a transfer or discharge from the armed forces.  Def. Ex. B at Attachment A (Supplemental *Vaughn* index) entry for Bates range 1030-1035.  ICE withheld the pages under Exemptions 6 and 7(C) because their release would disclose a third party's name, social security numbers, ranking, date of rank, date of birth, selective service number, blood type, address, third-party authorizing officer, signatures, and a copy of the front and back of the person's permanent resident card, which could reasonably be expected to constitute—and in fact would constitute—an unwarranted invasion of person privacy.  *Id*.

87.     The documents at Bates range 1316-1318 and 1320-1321 of ICE's production come from a fingerprint notification from the Immigration and Naturalization Service.  Def. Ex. B at Attachment A (Supplemental *Vaughn* index) entry for Bates range 1316-1327.  The package contains a third-party's fingerprint notification, a certificate of naturalization, a notice of naturalization oath ceremony, an application for naturalization, a notice of naturalization interview, a copy of the back of a permanent residence card, and a certificate of preparation and oath declaration.  *Id*.  ICE withheld the material under Exemptions 6 and 7(C) because disclosing the third party's name, alien numbers, date and place of birth, signatures, social security numbers,

addresses, and a copy of the back of their permanent residence card could reasonably be expected

to constitute—and in fact would constitute—an unwarranted invasion of personal privacy. *Id.*

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Alex Hartzler
ALEX HARTZLER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-1390
alex.hartzler@usdoj.gov

4

# Exhibit B

JACQUELINE STEVENS     )
              )
    *Plaintiffs,*    )
              )
v.            )  Case No. 22 C 5072
              )
UNITED STATES DEPARTMENT OF  )  Judge Kennelly
HEALTH AND HUMAN SERVICES, *et al.,* )
              )
              )
              )
    *Defendants.*    )
              )
_____ )

## **SUPPLEMENTAL DECLARATION OF FERNANDO PINEIRO**

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the FOIA Director of the U.S. Immigration and Customs Enforcement ("ICE") Freedom of Information Act ("FOIA") Office. I have held this position since August 14, 2022, and I am the ICE official immediately responsible for supervising ICE responses to requests for records under the Freedom of Information Act, 5 U.S.C § 552 (the FOIA), the Privacy Act, 5 U.S.C. § 552a (the Privacy Act), and other applicable records access statutes and regulations. Prior to this position, I was the Deputy FOIA Officer of the ICE FOIA Office from December 29, 2013, to August 13, 2022, and prior to that I was the FOIA Officer for three years at the Office for Civil Rights and Civil Liberties ("CRCL") at the U.S. Department of Homeland Security ("DHS"). The ICE FOIA office mailing address is 500 12th Street, S.W., STOP 5009, Washington, D.C. 20536-5009.

2. As the FOIA Director my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office regarding the processing of FOIA, 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE. In connection with my official duties and responsibilities, I am familiar with ICE's procedures for responding to requests for information pursuant to the FOIA and the Privacy Act.

3. I submit this supplemental declaration in support of ICE's motion for summary judgment in the above-captioned case and for providing an additional sixty (60) pages pursuant to the

agreement between Plaintiff and ICE. The statements contained in this declaration are based on my personal knowledge, my review of the documents maintained by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties.

4. This declaration supplements and incorporates by reference sections I through III of my previous Declaration dated April 30, 2024, styled "Declaration of Fernando Pineiro."

5. In addition, in accordance with the requirements set forth in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), this supplemental declaration explains the basis for withholding portions of the additional 60 pages of records mentioned above pursuant to FOIA Exemptions (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E). **ICE's Supplemental *Vaughn* Index is attached hereto as Attachment A**.

## I.      ORGANIZATION OF THE *VAUGHN* INDEX

6. Pursuant to the requirements set forth in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), a supplemental *Vaughn* Index accompanies this supplemental declaration; the *Vaughn* Index provides a description of each redaction and the corresponding FOIA exemption being applied.

7. The *Vaughn* index is in a table format. The first column contains the bates number prefix for the records produced. The second column contains the bates stamp suffix (page numbers) of the responsive records. The third column describes the category of withholdings taken on the documents (full or partial). The fourth column describes the redaction codes, which are citations to the sections of the FOIA Exemptions. The fifth column describes the underlying records and provides justifications for the asserted exemptions.

8. As stated in my April 30, 2024, Declaration, ICE made nine (9) productions, totaling 2,802 pages. This supplemental *Vaughn* index encompasses a sixty (60) page sample of those responsive records produced by the program offices. The records contained in this sixty (60) page sample were subject to partial and full withholdings pursuant to FOIA Exemptions (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).

9. A complete description of these documents, and the bases for the withholdings of information in them, is detailed in ICE's Supplemental *Vaughn* index. Generally, they include

email communications between ICE employees regarding immigration hearings, court filings, discussion of litigation strategy, and third-party information.

## II. DESCRIPTION OF FOIA WITHHOLDINGS APPLIED TO RECORDS PROVIDED TO PLAINTIFFS

### FOIA Exemption 5 U.S.C. § 552(b)(5)

10. 5 U.S.C. § 552(b)(5) ("Exemption 5") of the FOIA allows the withholding of inter-agency or intra-agency records that are normally privileged in the civil discovery context. Pursuant to Exemption 5, the three invoked privileges are the deliberative process privilege, the attorney-client privilege, and the attorney-work product privilege. ICE applied Exemption 5 to protect from disclosure information subject to all three of these privileges, as applicable.

11. ICE withheld pre-decisional, deliberative internal discussions, deliberations, and recommendations between and amongst ICE attorneys and their clients regarding how to address certain litigation issues and strategy in preparation for litigation. The final responses were released to the Plaintiff, but the internal, pre-decisional and deliberative discussions prior to finalizing any responses were withheld.

12. The contents of these discussions and deliberations are pre-decisional in nature because they were prepared by employees within ICE to assist ICE immigration attorneys in making a final decision on how to respond to motions, the court, or other third-party inquiries.

13. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, letters, or emails. Many of the documents withheld contain questions within the documents that are directed to ICE attorneys. The internal discussions on the issue include various avenues the attorneys could explore in resolving the case, and the best routes in responding to opposing counsel in this matter.

14. The deliberations that are exhibited on the records are between and amongst ICE attorneys. These attorneys must be able to discuss proposed agency action freely. Release of the draft material would serve to profoundly chill the decision-making process across ICE because it would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel, and also ensure personnel would be less inclined

to produce and circulate materials for the consideration and comment of their peers. Additionally, since these documents contain proposals for agency action, release of these documents may create confusion regarding what positions have actually been adopted by the agency. Should internal deliberations between ICE employees and officials be released to the public, this could cause a great likelihood of harassment and annoyance by members of the public. This could hinder ICE employees from conducting their official duties and could disrupt their private lives; could place them in danger as targets of law enforcement investigations and could minimize the ability to effectively conduct future investigations.

15. ICE also withheld portions of the documents as attorney-work product privileged information. These documents were drafted by the New York Office of the Principle Legal Advisor Chief Counsel ("OPLA OCC") to prepare for the litigation of a specific immigration case, including oral arguments at relevant hearings.

16. Lastly, documents were withheld that advise attorneys on how to prepare for immigration court hearings, what arguments to present to immigration court, what type of evidence to look for, and which lines of questioning to pursue. Disclosure of this information would significantly harm the integrity of the attorneys' preparation process and their ability to effectively represent ICE's interests during hearings.

17. In each case, Plaintiffs have been provided with the final response and as such, obtaining the deliberative materials is unnecessary.

**FOIA Exemption 5 U.S.C. § 552(b)(7) Threshold**

18. 5 U.S.C. § 552(b)(7) ("Exemption 7") establishes a threshold requirement that, to withhold information on the basis of any of its subparts, the records or information must be compiled for law enforcement purposes. In this case, the relevant records consist of a law enforcement code from ICE's law enforcement database, which is related to ICE's mission to enforce the immigration laws of the United States.

19. The information for which the ICE FOIA Office asserted Exemption 7 satisfies this threshold requirement. Pursuant to the Immigration and Nationality Act, codified under Title 8 of the U.S. Code, the Secretary of Homeland Security is charged with the administration and enforcement of laws relating to the immigration and naturalization of aliens, subject to certain exceptions. See 8 U.S.C. § 1103. ICE is the largest investigative arm of DHS and is responsible

for identifying and eliminating vulnerabilities within the nation's borders. ICE is tasked with preventing any activities that threaten national security and public safety by investigating the people, money, and materials that support illegal enterprises. Created in 2003 through a merger of the investigative and interior enforcement elements of the U.S. Customs Service and the Immigration and Naturalization Service, ICE now has more than 20,000 employees and offices in all 50 states and 48 foreign countries, and is responsible for enforcing the nation's immigration laws, and identifying and eliminating vulnerabilities within the nation's borders.

20. The records and information at issue in this matter pertain to ICE's obligation to enforce the immigration laws of the United States by investigating non-U.S. individuals who may be present in the United States illegally, as law enforcement codes, such as event numbers, are relied upon by ICE officers when discharging ICE's mission. The records and information located in response to Plaintiffs' FOIA requests were collected and compiled by ICE law enforcement officers advancing ICE's law enforcement missions. Therefore, the records and information located in response to the FOIA requests were compiled for law enforcement purposes and meet the threshold requirement of Exemption 7.

## FOIA Exemptions 5 U.S.C. § 552(b)(6) & (7)(C)

21. 5 U.S.C. § 552(b)(6) ("Exemption 6") 6 allows the withholding of information found in "personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Records that apply to or describe a particular individual, including investigative records, qualify as "personnel," "medical" or "similar files" under Exemption 6. When applying this exemption to responsive documentation, the agency must balance the individual's personal privacy interest against the public need for the information.

22. 5 U.S.C. § 552(b)(7)(C) ("Exemption 7(C)") similarly protects from disclosure records or information "compiled for law enforcement purposes" if a release of the records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy."

23. When asserting Exemptions 6 and 7(C), ICE balances an individual's personal privacy interest against the public's interest in the disclosure of the information.

24. Here, ICE applied Exemption 6 in conjunction with Exemption 7(C) to protect from disclosure the names, contact information, including email addresses, photographs, office

numbers, initials, social security numbers, signatures, and other personally identifiable information ("PII") of third-party individuals and ICE employees.

25. Such information, if disclosed to the public or to a third-party requester without the permission of the individual, could cause harm to the individual, expose the individual to identity theft and may reasonably lead to unwanted contact from persons that might seek to harm the individual.

26. Additionally, ICE employees have received an increase in threats, intimidation, and personal attacks in recent years due to the nature of their work. Publicly disclosing employees' PII could subject ICE employees to harassment or harm. Additionally, the release of the email addresses, which are not publicized, could expose employees to an increase of cyber threats.

27. As to that information specific to ICE employees, the privacy consideration at issue is the interest of each of these individuals in remaining free from harassment, intimidation, doxing and annoyance in conducting their official duties in the future, their interest in remaining free from harassment, intimidation, doxing and annoyance in their private lives, and their interest in not being targeted by individuals in the future who may begrudge them. In recognition of the above-described strong privacy interest of all ICE employees, on June 11, 2020, the Office of Personnel Management ("OPM") approved ICE's request to be designated as a "security/sensitive" agency for FOIA purposes, which ensures that OPM would, henceforth, withhold all personally identifying information pertaining to ICE employees.

28. Furthermore, third party individuals have a recognized privacy interest in not being publicly associated with law enforcement investigations through the release of records compiled for law enforcement purposes. The identities of persons named in law enforcement files (whether or not the named individual is the target of investigations or law enforcement actions) are properly withheld under Exemptions 6 and 7(C) in recognition of the stigmatizing connotation carried by the mere mention of individuals in law enforcement files. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information. Plaintiffs have not articulated a sufficient public interest or public need to justify release of this information. The disclosure of this PII serves no public benefit and would not assist the public in understanding how ICE is carrying out its statutory responsibilities. Additionally, the third parties identified in the records have not consented to the disclosure of their PII.

29. ICE determined that the disclosure of the information described above would constitute a clearly unwarranted invasion of personal privacy and thus Exemption 6 applied. In addition, ICE determined that disclosure of this information, which was compiled for law enforcement purposes, could reasonably be expected to constitute an unwarranted invasion of personal privacy, and thus Exemption 7(C) applied.

30. Having determined that the individuals identified in the responsive records have a cognizable privacy interest in not having their information released, ICE FOIA then balanced the interest in safeguarding the individuals' privacy from unnecessary public scrutiny against the public's interest in understanding how ICE performs its statutory duties. Exemptions 6 and 7(C) were applied to prevent disclosure of third-party individuals' identities and PII as well as the identities of ICE personnel. In each instance where Exemptions 6 and 7(C) were applied, the redaction was limited to the name of the individual and all other personally identifiable information, which if released, would not shed any further light as to the operations or activities of ICE. In some redactions, the information surrounding the redactions was released and the limited extent of the redaction is readily apparent from the context of the records.

31. Based upon the traditional recognition of strong privacy interests in law enforcement records, the categorical withholding of third-party information identified in law enforcement records is appropriate. Moreover, the third parties identified in these records have not provided consent to the release of their personally identifiable information.

**FOIA Exemptions 5 U.S.C. § 552(b)(7)(E)**

32. 5 U.S.C. § 552(b)(7)(E) ("Exemption 7(E)") affords protection to law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

33. For purposes of this supplemental *Vaughn* index, ICE has applied Exemption 7(E) to law enforcement sensitive information, specifically a law enforcement code contained in a record titled "Notice To Appear."

34. This type of information is utilized for law enforcement purposes as it is in furtherance of ICE's obligation to enforce the immigration laws of the United States by conducting removal

operations and ensuring that these operations are not hindered by actions of bad actors who may obtain access to confidential law enforcement sensitive information and intelligence.

35. Disclosure of law enforcement event code could assist unauthorized parties in deciphering the meaning of the codes, aid in gaining improper access to law enforcement databases, and assist in the unauthorized party's navigation of the law enforcement databases. Disclosure of these techniques and practices for navigating the databases could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken during law enforcement investigations. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities and would sacrifice the safety of both ICE employees and the public at large.

36. The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory duties.

## III. SEGREGABILITY

37. 5 U.S.C. § 552(b) requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt."

38. A line-by-line review was conducted to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied.

39. With respect to the records that were released, all information not exempted from disclosure pursuant to the FOIA exemptions specified above was correctly segregated and non-exempt portions were released. ICE did not withhold any non-exempt information on the grounds that it was non-segregable.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Signed this _____ day of July 2024.

FERNANDO PINEIRO JR

Digitally signed by
FERNANDO PINEIRO JR
Date: 2024.07.29
11:02:29 -04'00'

Fernando Pineiro, FOIA Director
Freedom of Information Act Office
U.S. Department of Homeland Security

U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009

**Stevens v. DHS et al.**
No. 22-cv-05072 (N.D.Ill., filed 11.10.22)

U.S. Immigration and Customs Enforcement (ICE) *Vaughn* Index

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2023-ICLI-00003, 14 | Partial | **Document Title**: "MEMO TO FILE," Page 3 of 6<br><br>**Document Description**: Page 3 of Memo to File, outlining Toan Manh Hoang's Claim to United States Citizenship<br><br>**Redacted Information:** Partial redactions under Exemptions (b)(6) and (b)(7)(C) were made to redact the third-party Personal Identifiable Information (PII) including the name and year of birth of the claimant's mother on the first paragraph, and her name on the third paragraph. The second paragraph contains the claimant's father's name, date of birth, and year of naturalization. The claimant's father's year of naturalization is also redacted on the fourth paragraph.<br><br>**Reason(s) for Redactions:** The disclosure of third-party PII in these records complied for law enforcement purposes could reasonably be expected to constitute an unwarranted invasion of personal privacy under Exemption (b)(7)(C) and would constitute a clearly unwarranted invasion of personal privacy under Exemption (b)(6) by: being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2023-ICLI-00003, 34 | Partial | **Document Title**: "Abstract of the Civil Judgment"<br><br>**Document Description:** A translation of a preliminary judgment for the dissolution of a marriage from the Socialist Republic of Vietnam, dated August 20, 1980.<br><br>**Redacted Information:** Partial redactions under Exemptions (b)(6) and (b)(7)(C) were made to redact third-party identifiable information in the center of the top of the page, including the name and date of birth of a third party after "One Party," their address two lines underneath after "residing at." Also redacted is the name and date of birth of a third party after "The other party," and their address two lines underneath after "residing at." Halfway down on the center of the page after "As to the formality," redactions were applied to the name of a third party. In the section labeled "As to the | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | content," redactions were made to the parties in the specific dissolution of the marriage, and the name of the party who paid the fee was redacted after "Court cost of 20$ to be paid by." Partial redactions under Exemptions (b)(6) and (b)(7)(C) were made to redact third-party identifiable information on the bottom of the page to court personnel and on the bottom left of the page to the court interpreter's name. **Reason(s) for Redactions:** The disclosure of third-party PII in these records complied for law enforcement purposes could reasonably be expected to constitute an unwarranted invasion of personal privacy under Exemption (b)(7)(C) and would constitute a clearly unwarranted invasion of personal privacy under Exemption (b)(6) by: being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. <u>**Please note, ICE no longer asserts (b)(6) and (b)(7)(C)**</u> to the judge's name on the lower portion of page 34. | |
| 2023-ICLI-00003, 89-93 | Partial/Full | **Document Title:** "Coalition of Organizations Lead Online rally for Pascal Shakoure Charpentier, a U.S. Citizen who had been held in ICE detection Since July" on page 89, An email titled "FW: Translation request status French Birth Cert," and a thread of emails titled "RE: Translation request status," on page 91. Page 92 is a cover letter for U.S. Citizenship and Immigration Services Language Services Section," followed by a translated third-party birth certificate on page 93. **Document Description:** A news article dated November 18, 2020, on page 89. This is followed by emails on page 91, beginning on the bottom of the page moving up in chronological order, from USCIS Language Services to an ICE Attorney with a translated birth certificate. That ICE attorney then forwarded the translated document to other ICE attorneys, including a supervisor, with a question posed. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information**: Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information and attorney work-product on the top center of page 91.<br><br>**Reason(s) for Redactions:** The information is properly withheld as deliberative material per (b)(5), which protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. These materials do not reflect final agency actions or policy; instead, they are a reflection of the issues the author has determined to be, in their judgement, worthy of discussion or consideration by colleagues or superiors and their release would only serve to confuse the public. Specifically, within the email chain, the ICE attorney is conferring with colleagues and a supervisor as to what impact the new document, the birth acknowledgement, would have on the subject's United States Citizenship derivation analysis. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications thereby adversely impacting the quality of internal policy decisions and, consequently, the development of ICE agency positions.<br><br>The email exchange is also protected as attorney work product created in preparation for litigation. The attorney work-product privilege serves to protect the adversarial process by insulating the attorney's preparation from scrutiny and protects facts from disclosure. The purpose of this email between ICE attorneys is an attempt to formulate a strategy. In this email, an ACC is discussing the newly obtained birth acknowledgment's impact on how it affects the litigation strategy in anticipation of imminent litigation. To effectively litigate immigration cases in furtherance of ICE's mission, attorneys and supervisors have to be able to discuss merits or demerits of legal arguments with total candor. Disclosure of this information would significantly harm the integrity of the attorneys' preparation process and their ability to effectively represent ICE's interests during immigration hearings. Further, the identifiable and foreseeable harm that would be caused by disclosure of these records would inhibit the candid discussion of issues between employees, which would hinder the ability of ICE attorneys to be fully informed concerning the agency's liability and to make quality decisions about such issues as well as assess any future litigation risks.<br><br>**Redacted Information:** Partial redactions under Exemptions (b)(6) and (b)(7)(C) were made to redact the names of the Assistant Chief Counsels (ACC) involved on the email on top of the page, the | |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | salutation, and the signature portion. On the email located on the center of the page, titled "RE: Translation request status," redactions were made to names and emails of an ICE attorney and names, emails and the phone number of the USCIS Language Services Section representative. Partial redactions under Exemptions (b)(6) and (b)(7)(C) were also made on the top of page 92 to the room number of USCIS' Language Services Section, and to the USCIS translator's name and digital signature the center and bottom of page 92.

A full redaction under Exemptions (b)(6) and (b)(7)(C) were made to redact a translated third-party birth acknowledgment from the Republic of Haiti, on page 93.

**Please note, ICE no longer asserts (b)(6) and (b)(7)(C)** to the "attachments" portion on the top of page 91 and center of page 92, or the subject's alien number in the center of page 91 and 92.


**Reason(s) for Redactions per (b)(6) and (b)(7)(C):** The disclosure of the names and email addresses of ICE employees in these records complied for law enforcement purposes could reasonably be expected to constitute an unwarranted invasion of personal privacy under Exemption (b)(7)(C) and would constitute a clearly unwarranted invasion of personal privacy under Exemption (b)(6) by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. Further, these individuals have not consented to the release of their PII. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

The disclosure of the names, email addresses and phone numbers of USCIS representatives and the birth acknowledgement belong to individuals in these records complied for law enforcement purposes could reasonably be expected to constitute an unwarranted invasion of personal privacy under Exemption (b)(7)(C) and would constitute a clearly unwarranted invasion of personal privacy under Exemption (b)(6) by: being free from harassment, criticism, intimidation, legal consequences, | |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others.  The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2023-ICLI-00003, 94-101 | Partial | **Document Title:** Email titled "Translation request status," "RE: A file is in RAILS," "FW: A File is in RAILS," "RE: General Information," "General Information"

**Document Description:** This is an email exchange between an ICE attorney and a USCIS Language Service Specialist, regarding the status of a request to translate a document. There is also an email exchange between a USCIS representative and ICE attorneys, seeking information to confirm citizenship status of a third party related to the subject, which was forwarded to other ICE attorneys.

**Redacted Information:** Partial redactions under Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email addresses, phone numbers, and room numbers of ICE attorneys, and names, email addresses, and phone numbers of USCIS representatives.  Additionally, the PII of a third party, specifically a copy of a naturalization card on the lower portion of page 97 and in the body of the email in the center of page 98 contains a third part's name, date of birth, and both parents' names, which were also redacted pursuant to Exemptions (b)(6) and (b)(7)(C).

**Reason(s) for Redactions:**   The disclosure of the names and email addresses of ICE employees in these records complied for law enforcement purposes could reasonably be expected to constitute an unwarranted invasion of personal privacy under Exemption (b)(7)(C) and would constitute a clearly unwarranted invasion of personal privacy under Exemption (b)(6) by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. Further, these individuals have not consented to the release of their PII.  ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII, including the names, email addresses and phone numbers of USCIS representatives, the third-party birth naturalization information, and the third-party individual's name, date of birth, and both of their parents' names, in these records complied for law enforcement purposes could reasonably be expected to constitute an unwarranted invasion of personal privacy under Exemption (b)(7)(C) and would constitute a clearly unwarranted invasion of personal privacy under Exemption (b)(6) by: being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>**Please note, ICE no longer asserts (b)(6) and (b)(7)(C)** to the subject's alien number on page 94 and 100. | |
| 2023-ICLI-00003, 450-460 | Full | **Document Title:** Pages withheld entirely<br><br>**Document Description:** Third party petition for naturalization, affidavit of witness, application to file petition for naturalization, background check, and application for permit to reenter the United States<br><br>**Redacted Information:** Exemptions (b)(6) and (b)(7)(C) were made to redact third party PII located in the petition for naturalization and accompanying package, including names, alien numbers, addresses, date of birth, place of birth, witness information, and a photograph of the third party.<br><br>**Reason(s) for Redactions:** The disclosure of third-party PII, including the names, alien numbers, addresses, date of birth, place of birth, witness information, and a photograph in these records complied for law enforcement purposes could reasonably be expected to constitute an unwarranted invasion of personal privacy under Exemption (b)(7)(C) and would constitute a clearly unwarranted invasion of personal privacy under Exemption (b)(6) by: being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2023-ICLI-00003, 645-646 | Partial | **Document Title:** Email titled "RE: Pascal Charpentier next hearing detained reset to Feb. 9, 2021"<br><br>**Document Description:** Email thread between an ICE attorney and ERO Detention Officer<br><br>**Redacted Information:** Partial redactions under Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email addresses, and phone numbers of ICE attorneys, and names, email addresses, and phone numbers of an ERO Officer.<br><br>**Reason(s) for Redactions:** The disclosure of the name and email address of the ICE attorney and the name, email address, and phone number of the ERO officer in these records complied for law enforcement purposes could reasonably be expected to constitute an unwarranted invasion of personal privacy under Exemption (b)(7)(C) and would constitute a clearly unwarranted invasion of personal privacy under Exemption (b)(6) by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. Further, these individuals have not consented to the release of their PII. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2023-ICLI-00003, | Partial | **Document Title:** "Case 1:20-cv-07510 Document 1 Filed 09/14/20 Page 1 of 10" | Freedom of Information Act 5 U.S.C. |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 991 | | **Document Description:** First page of a complaint for injunctive and declaratory relief, filed in the United States District Court for the Southern District of New York<br><br>**Redacted Information:** Partial redactions under Exemptions (b)(6) and (b)(7)(C) were made to redact the names, email addresses, and phone numbers of third parties.<br><br>**Reason(s) for Redactions:** The disclosure of third-party PII, including the third-party individual's names, email addresses, and phone numbers, in these records complied for law enforcement purposes could reasonably be expected to constitute an unwarranted invasion of personal privacy under Exemption (b)(7)(C) and would constitute a clearly unwarranted invasion of personal privacy under Exemption (b)(6) by: being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | § 552 (b)(6), (b)(7)(C) |
| 2023-ICLI-00003, 1030-1035 | Partial | **Document Title:** "FOR OFFICIAL USE ONLY"<br><br>**Document Description:** Third party report of transfer or discharge from the armed forces of the United States<br><br>**Redacted Information:** Exemptions (b)(6) and (b)(7)(C) were made to redact third party PII located in the report of transfer or discharge from the armed forces of the United States and accompanying package, including names, social security numbers, ranking, date of rank, date of birth, selective service number, blood type, address, signatures, and a copy of the front and back of a third party's permanent resident card.<br><br>**Reason(s) for Redactions:** The disclosure of third-party PII, including the third-party individual's name, social security numbers, ranking, date of rank, date of birth, selective service number, blood type, address, third party authorizing officer, signatures, and a copy of the front and back of a third party's permanent resident card, in these records complied for law enforcement purposes could reasonably be expected to constitute an unwarranted invasion of personal privacy under Exemption | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | (b)(7)(C) and would constitute a clearly unwarranted invasion of personal privacy under Exemption (b)(6) by: being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2023-ICLI-00003, 1316-1327 | Partial | **Document Title:** U.S. Department of Justice, Immigration and Naturalization Service, Fingerprint Notification<br><br>**Document Description:** Third party Fingerprint notification, Certificate of Naturalization, Notice of Naturalization Oath Ceremony, Application for Naturalization, Notice of Naturalization Interview, copy of the back of the permanent resident card, and Certificate Preparation and Oath Declaration<br><br>**Redacted Information:** Exemptions (b)(6) and (b)(7)(C) were made to redact third party PII located in the Fingerprint notification, Certificate of Naturalization, Notice of Naturalization Oath Ceremony, Application for Naturalization, Notice of Naturalization Interview, copy of the back of the permanent resident card, and Certificate Preparation and Oath Declaration, including names, alien numbers, date and place of birth, signatures, social security numbers, addresses, and a copy of the back of a third party's permanent resident card.<br><br>**Reason(s) for Redactions:** The disclosure of third-party PII, including the third-party individual's name, alien numbers, date and place of birth, signatures, social security numbers, addresses, and a copy of the back of a third party's permanent resident card, in these records complied for law enforcement purposes could reasonably be expected to constitute an unwarranted invasion of personal privacy under Exemption (b)(7)(C) and would constitute a clearly unwarranted invasion of personal privacy under Exemption (b)(6) by: being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2023-ICLI-00003, 2193-2203 | Partial | **Document Title:** First Count<br><br>**Document Description:** A portion of a DHS Submission of Master Evidence which begins on page 2176, including an indictment from August 1990, with a criminal history attached, followed by a certification of service on page 2203<br><br>**Redacted Information:** Exemptions (b)(6) and (b)(7)(C) were made to redact third party PII located throughout pages, including names, license plate number, and phone numbers, and the name of an ICE attorney.<br><br>**Reason(s) for Redactions:** The disclosure of the name of the ICE attorneys in these records complied for law enforcement purposes could reasonably be expected to constitute an unwarranted invasion of personal privacy under Exemption (b)(7)(C) and would constitute a clearly unwarranted invasion of personal privacy under Exemption (b)(6) by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. Further, these individuals have not consented to the release of their PII. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII, including their license plate number, names and phone numbers, in these records complied for law enforcement purposes could reasonably be expected to constitute an unwarranted invasion of personal privacy under Exemption (b)(7)(C) and would constitute a clearly unwarranted invasion of personal privacy under Exemption (b)(6) by: being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others.  The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2023-ICLI-00003, 2204-2206 | Partial | **Document Title:** Email titled "FW: verify if Pascal Charpentier [Alien Number Redacted] subject to mandatory detention under 236(C)," an email titled "verify if Pascal Charpentier [Alien Number Redacted] subject to mandatory detention under 236(C)," a Notice to EOIR: Alien Address, and DHS Notice to Appear<br><br>**Document Description:** An email between ICE Employees regarding a pending immigration case, an EOIR notice and DHS Notice to Appear on the same matter.<br><br>**Redacted Information:**  Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information and attorney work product on the center of page 2204.<br><br>**Reason(s) for Redactions:**   The information is properly withheld as deliberative material per (b)(5), which protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. These materials do not reflect final agency actions or policy; instead, they are a reflection of the issues the author has determined to be, in their judgement, worthy of discussion or consideration by colleagues and superiors and their release would only serve to confuse the public. Specifically, within the email chain, the ICE attorney is conferring with a colleague, and forwarded to a supervisor, to verify whether the individual is subject to mandatory detention and provides an opinion as to the issue. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications thereby adversely impacting the quality of internal policy decisions and, consequently, the development of ICE agency positions.<br><br>The email exchange is also protected as attorney work product created in preparation for litigation. The attorney work-product privilege serves to protect the adversarial process by insulating the attorney's preparation from scrutiny and protects facts from disclosure. The purpose of this email | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), (b)(7)(E) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | between ICE attorneys is an attempt to formulate a strategy. In this email, an ACC is discussing the litigation strategy in anticipation of imminent litigation, specifically seeking to verify whether the individual is subject to mandatory detention, based on interpretation of the law and the reasoning of the legal argument identified in the email. To effectively litigate immigration cases in furtherance of ICE's mission, attorneys and supervisors have to be able to discuss merits or demerits of legal arguments with total candor. Disclosure of this information would significantly harm the integrity of the attorneys' preparation process and their ability to effectively represent ICE's interests during immigration hearings. Further, the identifiable and foreseeable harm that would be caused by disclosure of these records would inhibit the candid discussion of issues between employees, which would hinder the ability of ICE attorneys to be fully informed concerning the agency's liability and to make quality decisions about such issues as well as assess any future litigation risks.<br><br>**Redacted Information:** Partial redactions under Exemptions (b)(6) and (b)(7)(C) were made to redact the names, email addresses, and office room numbers of ICE attorneys, and names of detention officers.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): The disclosure of the name and email address of the ICE attorney and the names of the detention officers in these records complied for law enforcement purposes could reasonably be expected to constitute an unwarranted invasion of personal privacy under Exemption (b)(7)(C) and would constitute a clearly unwarranted invasion of personal privacy under Exemption (b)(6) by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. Further, these individuals have not consented to the release of their PII. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |

Stevens v. DHS et al. – *Supplemental Vaughn* Index (July 2024)

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions under Exemption (b)(7)(E) were made to redact an event code on the top right of page 2206.<br><br>**Reason(s) for Redactions:** Exemption 7(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of internal codes such as Event numbers could assist unauthorized parties in deciphering the meaning of the codes, aid in gaining improper access to law enforcement databases, and assist in the unauthorized party's navigation of the law enforcement databases. Disclosure of these techniques and practices for navigating the databases could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by ERO during removal operations. In addition, the disclosure of law enforcement sensitive techniques, procedures, systems, undercover agent activities, staffing/resource allocation, or investigatory steps taken during a criminal investigation, could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Further, how immigration officers conduct investigations, work with undercover agents, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |