UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | No. 22 C 5072 <br><br> Judge Kennelly |

**EOIR'S STATUS REPORT ON COURT-ORDERED DECLARATION**

Defendant Executive Office of Immigration Review, by its attorney Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, provides this status report in response to the court's September 1, 2024 order:

1. The court's September 1, 2024 order directed EOIR to file, by September 24, 2024, a declaration further explaining its withholdings under FOIA's "deliberative process" exemption. EOIR attaches that declaration to this report as Exhibit A.

2. The order also directed EOIR to conduct additional searches and to produce any responsive and non-exempt records by October 1, 2024. EOIR expects to be able to comply with that order on schedule.

3. The order also directed the parties to file by October 8 a status report proposing next steps, and EOIR will work with plaintiff to do so.

    Respectfully submitted,

    MORRIS PASQUAL.
    Acting United States Attorney

    By: s/ Alex Hartzler
        ALEX HARTZLER
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 886-1390
        alex.hartzler@usdoj.gov

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, DEPARTMENT OF HOMELAND SECURITY, CUSTOMS AND BORDER PROTECTION, IMMIGRATION AND CUSTOMS ENFORCEMENT, CITIZENSHIP AND IMMIGRATION SERVICES, DEPARTMENT OF JUSTICE, and EXECUTIVE OFFICE OF IMMIGRATION REVIEW, | ) No. 22 C 5072 ) ) Judge Kennelly ) ) ) ) ) ) |
| Defendants. | ) |

## SUPPLEMENTAL DECLARATION OF JENIFFER PEREZ SANTIAGO, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

I.  INTRODUCTION

I, Jeniffer Perez Santiago, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an Associate General Counsel for FOIA and Acting Senior FOIA Litigation Counsel under the Office of the General Counsel (OGC) at the Executive Office for Immigration Review (EOIR). I submit this declaration pursuant to a court order issued on September 1, 2024.

2. The court order seeks a further explanation of the deliberative process withholdings under Exemption 5 outlined in the *Vaughn* index. To summarize, the withholdings under Exemption 5 of FOIA regarding the deliberative process privilege in this case

pertain to email conversations between Immigration Judges, Associate Chief Immigration Judges, the Deputy Chief Immigration Judge, Attorney Advisors, Legal Administrative Specialists and complainants. These email conversations discuss the processes and internal practices of the Immigration Court System. Public exposure of conversations and documents will cause harm to the decision-making processes of the agency and the investigatory processes performed within.

3. In the *Vaughn* index, line 3, there is reference to an email conversation between Immigration Judge Charles Conroy and Legal Administrative Specialist Raul Santana dated May 3, 2022. This email has been withheld under exemption 5 because the conversation outlines instructions provided by the Immigration Judge to a Legal Administrative Specialist on how to proceed in the course of issuing a decision and handling of a record. These processes can be unique to the Immigration Judge and exposure of such could interfere with the intra-agency activity.

4. In the *Vaughn* index, line 8, there is reference to an email conversation between Principal Deputy Chief Immigration Judge Mary Cheng and Chief Immigration Judge Tracy Short dated September 9, 2020. This conversation contains a discussion in which an Immigration Judge provided background information on a case with high media coverage to the Associate Chief Immigration Judge and such information was relied to leadership. Releasing this email conversation would expose the communicative process within the hierarchical structure within the Immigration Court system in a way that could be harmful to future high-profile cases.

5. In the *Vaughn* Index, line 10, there is reference to an email conversation between Assistant Chief Immigration Judge Ubaid ul-Haq, Associate General Counsel Michelle

Curry, and Associate General Counsel Cortney Cortez dated July 11, 2022. These emails contain discussions between the Assistant Chief Immigration Judge and Principal Deputy Chief Immigration Judge regarding a case that has social media coverage, and they are making the Office of the General Counsel aware of the situation. The content of these emails relates to the reasoning and strategic decision-making process behind a court decision and thus constitute pre-decisional communications within the realm of exemption 5.

6. In the *Vaughn* Index, line 11, there is reference to a forwarded email conversation dated November 12, 2020, concerning an "attorney referral for contemptuous conduct." The email contains information from a complainant who is writing a referral to the Office of Judicial Complaint against an attorney. Exposing information put forth by complainants would interfere with the investigative process as it could breach the privacy of these complainants and prevent future complainants coming forward.

7. In the *Vaughn* Index, line 12, there is reference to a forwarded email conversation dated August 2, 2021, concerning an "attorney referral for contemptuous conduct." Similarly to the explanation above, the email contains information from a complainant who is writing a referral to the Office of Judicial Complaint against an attorney. Exposing information put forth by complainants would interfere with the investigative process as it could breach the privacy of these complainants and prevent future complainants coming forward.

8. In the *Vaughn* Index, line 13, there is reference to a forwarded email conversation dated January 4, 2021, concerning an "attorney referral for contemptuous conduct." The email contains information from a complainant who is writing a referral to the Office of

Judicial Complaint against an attorney. There are additional matters discussed in the emails throughout the chain that are related to the referral between the complainant and the Office of Attorney Discipline. It also contains documents that were submitted with the complaint. These documents are normally submitted with the complaint to aid in the investigatory process. As explained above, withholding these emails preserves the investigatory process related to referrals by complainants as does withholding of the corresponding documents submitted with the complaint as these documents are evidence used to buttress the referral and are an integral part of the investigatory process associated with the referral.

9. In the *Vaughn* Index, line 14, there is reference to a forwarded email conversation dated August 2, 2021, concerning an "attorney referral for contemptuous conduct." Similarly to the above, this email conversation contains information from a complainant who is writing a referral to the Office of Judicial Complaint against an attorney. There are additional matters discussed in the emails throughout the chain that are related to the referral between the complainant and the Office of Attorney Discipline. As explained above, the withholding of these emails preserves the investigatory process related to referrals by complainants as well as the internal intra-agency process for handling such referrals.

10. In the *Vaughn* Index, line 18, there is reference to an email conversation between Attorney Advisor Toniann Territola and Immigration Judge Charles Conroy dated July 27, 2022. Within this email conversation, there is a draft Motion to Recuse attached. The emails make reference to the draft Motion and the contents within and thus have been withheld to preserve the integrity of the pre-publication decision-making process

of court decisions.

11. In the *Vaughn* Index, line 29, there is reference to an email conversation between Immigration Judge Charles Conroy and Legal Administrative Specialist Raul Santana dated July 7, 2022. This email conversation has been withheld under exemption 5 because it outlines instructions provided by the Immigration Judge to a Legal Administrative Specialist on how to proceed in the course of issuing a decision and handling of a record. These processes can be unique to the Immigration Judge and exposure of such could interfere with the intra-agency activity.

12. In the *Vaughn* Index, line 30, there is reference to an email conversation between Legal Administrative Specialist Sherri Barrett and Immigration Judge Charles Conroy dated February 5, 2021. Similarly to the above, this email conversation has been withheld under exemption 5 because it outlines instructions provided by the Immigration Judge to a Legal Administrative Specialist on how to proceed in the course of issuing a decision and handling of a record. These processes can be unique to the Immigration Judge and exposure of such could interfere with the interagency activity.

13. In the *Vaughn* Index, line 31, there is reference to an email conversation between Attorney Advisor Toniann Territola and Immigration Judge Dara Reid dated February 5, 2021. This conversation has been withheld under exemption 5 because it contains instructions provided by Immigration Judge to an Attorney Advisor regarding a draft decision and things to be considered in that decision. Exposure of such would be harmful to the decision-making process of the court and agency.

14. In the *Vaughn* Index, line 32, there is reference to an email conversation between Attorney Advisor Toniann Territola to Immigration Judge Dara Reid dated September

24, 2020. Similarly to the above, this conversation has been withheld under exemption 5 because it contains instructions provided by Immigration Judge to an Attorney Advisor regarding a draft decision and things to be considered in that decision. Exposure of such would be harmful to the decision-making process of the court and agency.

15. In the *Vaughn* Index, line 33, there is reference to an email conversation between Attorney Advisor Dara Reid and Immigration Judge Charles Conroy dated July 11, 2022. This conversation has been withheld under exemption 5 because it discusses matters of another case and how that case may apply to the current matter. Exposure of such would be harmful to the decision-making process of the court and agency.

16. In the *Vaughn* Index, line 34, there is reference to an email conversation between Attorney Advisor Dara Reid and EOIR employee Marissa Larsen concerning dated December 4, 2020. This conversation has been withheld under exemption 5 because contains discussions between an Attorney Advisor and other EOIR employees and contractors regarding a complaint against an attorney. Exposure of such would be harmful to the investigatory process of the court and agency.

17. In the *Vaughn* Index, line 35, there is reference to an email from Associate General Counsel Alexander Spindler to the Attorney Discipline email concerning an attorney referral for contemptuous conduct dated December 4, 2020. Similarly to the above, this conversation has been withheld under exemption 5 because it discusses matters from a complaint against an attorney. Exposure of such would be harmful to the investigatory process of the court and agency.

18. In the *Vaughn* Index, line 36, there is reference to an email conversation between

Associate General Counsel Alexander Spindler and Disciplinary Counsel for the Office of the General Counsel Paul Rodrigues dated January 4, 2021. Similarly to the above, this conversation has been withheld under exemption 5 because it discusses matters from a complaint against an attorney. Exposure of such would be harmful to the investigatory process of the court and agency.

19. In the *Vaughn* Index, line 37, there is reference to an email conversation between Legal Administrative Specialist Paul Friedman and Department of Homeland Security Attorney Jorge Maldonado dated July 15, 2020. The information withheld in this email was mistakenly labeled as withheld under exemption 5. The proper exemption for the withheld information is exemption 6 as it is Personal Identifiable Information.

20. In the *Vaughn* Index, line 44, there is reference to an email conversation between Immigration Judge Charles Conroy and Attorney Advisor Toniann Territola dated July 7, 2022. This conversation has been withheld under exemption 5 because it contains a discussion pertaining to an unpublished decision. Exposure of such would be harmful to the decision-making process of the court and agency.

21. In the *Vaughn* Index, line 45, there is reference to an email conversation amongst Immigration Judge Charles Conroy, Attorney Advisor Jocelyn Mosman, and Attorney Advisor Annam Farooq dated July 7, 2022. This conversation has been withheld under exemption 5 because it contains a discussion of the unpublished decisions listed on pages 169-170 of the "second document production" along with the notes related to those cases, such as deadlines and things to considered in making final decisions. Exposure of such would be harmful to the decision-making process of the court and agency.

22. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated the 19th day of September 2024.

                                                           JENIFFER PEREZ SANTIAGO
                                                           Digitally signed by JENIFFER PEREZ SANTIAGO
                                                           Date: 2024.09.19 12:09:37 -04'00'

                                                         _____
                                                         Jeniffer Pérez Santiago
                                                         Associate General Counsel (FOIA)
                                                         Acting Sr. FOIA Litigation Counsel