UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF <br> HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | No. 22 C 5072 <br><br> Judge Kennelly |

## ICE'S MOTION TO PARTIALLY STAY JANUARY 16, 2025 ORDER

Defendant Immigration and Customs Enforcement, by Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, moves to partially stay the court's January 16, 2025 order (Dkt. 121) and in support states as follows:

1. Last week, the court granted plaintiff Jacqueline Stevens's motion for summary judgment in this Freedom of Information Act case against ICE in part and denied it in part, and the court denied in full ICE's motion for summary judgment. Dkt. 121. The court directed ICE to take several remedial steps regarding its search for records responsive to Stevens's FOIA requests. Among those steps, the court directed ICE to produce in full, by January 30, all of the material ICE had previously withheld under one or more exceptions to the FOIA statute. *Id*. at 24

2. ICE seeks a 60-day stay of the portion of the court's order directing ICE to produce the material that it had withheld to permit the Acting Solicitor General of the United States to consider whether to authorize an appeal of this portion of the order. ICE also asks that, if a notice of appeal is filed within 60 days of the court's granting of a stay, that the stay continue until the final disposition of ICE's appeal. In the alternative, ICE asks that the order be modified to impose a deadline of March 24, 2025, rather than January 30, for the release of the records.

3. Under 28 U.S.C. § 1292, a federal agency may appeal an order requiring the productions of records under FOIA. Only the Acting Solicitor General can authorize an appeal by the government. *See* 28 C.F.R. § 0.20(b). The process for considering an appeal involves consultation with other components of the Department of Justice and any affected federal agency or agencies.

4. Courts consider four factors when determining whether to grant a stay: (1) "the likelihood the applicant will succeed on the merits of the appeal"; (2) "whether the applicant will be irreparably injured absent a stay"; (3) "whether the issuance of a stay will substantially injure other parties"; and (4) "the public interest." *Castro v. Castro*, 978 F.3d 1036, 1039 (7th Cir. 2020). Stronger showings in some factors "can offset weaker showings on others." *Venckiene v. United States*, 929 F.3d 843, 853 (7th Cir. 2019).

5. Here, the second factor—whether ICE will be irreparably harmed absent a stay—is crucial. Once information has been disclosed under FOIA, "the information belongs to the general public," *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004), and any protections to the information's disclosure are irretrievably lost, making any appeal moot. "Disclosure followed by appeal . . . is obviously not adequate in such cases—the cat is out of the bag." *In re Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998).

6. As a result, courts routinely grant stays of disclosure in FOIA cases, because "denial of a stay will utterly destroy the status quo, . . . but the granting of a stay will cause relatively slight harm to appellee." *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979); *accord People for the Am. Way Found. v. Dep't of Educ.*, 518 F.Supp.2d 174, 177 (D.D.C. 2007) (in FOIA context, "courts have routinely issued stays where the release of documents would moot a defendant's right to appeal"); *see HHS v. Alley*, 556 U.S. 1149(2009) (Thomas, J., in chambers)

(staying FOIA disclosure pending disposition of appeal); *John Doe Agency v. John Doe Corp.*, 448 U.S. 1306, 1309 (1989) (Marshall, J., in chambers) (denial of stay of FOIA order would cause mootness and irreparable injury); *City of Chicago v. Dep't of Treasury*, 423 F.3d 777, 779 (7th Cir. 2005) (noting that district court stayed pending appeal its order directing release of material under FOIA); *Menasha Corp. v. DOJ*, 707 F.3d 846, 850 (7th Cir. 2013) (same).

7. Because ICE's ability to seek appellate review would be eliminated if ICE is forced to produce the records by January 30, the second factor accordingly provides, by itself, a powerful reason to grant a stay.

8. Meanwhile, Stevens would suffer little if any appreciable harm—the third factor—if the court enters a stay. This case involves three FOIA requests that Stevens submitted to ICE in June 2021, March 2022, and August 2022. Dkt. 15 (Answer) ¶¶ 36, 41, 47. She filed this lawsuit in September 2022—more than a year after the filing of the first request and six months after the filing of the second. Almost two and a half years of litigation have occurred since then, including ICE's processing of records at an accelerated pace of 1,500 pages per month as directed by the court in response to Stevens's motion for an injunction. Dkt. 34. A 60-day stay will not appreciably harm Stevens, particularly when she waited more than a year after filing the first request before she even brought this lawsuit.

9. The public interest—the fourth factor—would also be harmed by the absence of a stay. Compelled disclosure of confidential records under FOIA would discourage future protectees, including ICE attorneys who reasonably expect that their communications will be protected by the attorney-client privilege, the attorney work product doctrine, and FOIA's privacy protections.

10. Where, as here, the balance of equities strongly favors a stay, ICE satisfies the first stay factor by demonstrating that it has a reasonable basis for appeal. *See Providence Journal*, 595 F.2d at 890 (noting that "appellants need not show an absolute probability of success in order to be entitled to a stay" of FOIA disclosure order and granting stay where appeal had "potential merit" and presented "serious legal questions"); *Cuomo v. NRC*, 772 F.2d 972, 974 (D.C. Cir. 1985) (degree of probability of success needed "is inversely proportional to the degree of irreparable injury").

11. ICE meets that standard here. The court based its order requiring disclosure on its finding that the *Vaughn* index was insufficiently detailed and that ICE's declaration was unreliable. Dkt. 121 at 20-24. The court identified a few entries on the *Vaughn* index that the court viewed as providing an insufficient justification for disclosure; in particular, the court criticized ICE's withholding of a court filing on the grounds that court records are accessible to the public. *Id*. ICE is now preparing to produce that document in unredacted form, but regardless, one instance—or even many instances—of improper withholding is not an appropriate basis for an order requiring disclosure of *every other* withholding, without an individualized determination that one or more exceptions to the FOIA statute do not apply. And the case the court cited, *King v. DOJ*, 830 F.2d 210, 223 (D.C. Cir. 1987), does not support the proposition that having submitted an inadequate declaration and *Vaughn* index on a particular withholding can form a basis for automatic disclosure of every other piece of withheld information. *Id*. at 225. Rather, the *King* court observed that a district court may order "production of the excised material or some sample thereof *for in camera inspection*" or order the agency "to supplement its *Vaughn* filings." *Id*. (emphasis added); *see also Mink v. EPA*, 410 U.S. 73 (1973) (if agency "fails to meet its burden without *in camera* inspection, the District Court may order such inspection"). At a minimum, an appeal would raise the novel

question of whether a district court can exercise discretion to order full disclosure based on a smaller number of insufficiently justified withholdings.

12. Plaintiff opposes this request. But for the reasons above, ICE has a reasonable chance of success in appealing. That is more than sufficient to warrant a stay where compliance would moot the appeal and the balance of equities favors a stay.

WHEREFORE, ICE requests that the court stay for 60 days the portion of its January 16, 2025 order (Dkt. 121) directing ICE to produce all of the material that it had previously withheld and that the stay apply during an appeal if one is taken. Alternatively, ICE asks that the order be modified to impose a deadline of March 24, 2025.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Alex Hartzler
    ALEX HARTZLER
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-1390
    alex.hartzler@usdoj.gov