UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, | ) |
| Plaintiff, | ) |
| v. | ) No. 22 C 5072 |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | ) Judge Kennelly |
| Defendants. | ) |

## PLAINTIFF'S OPPOSITION TO REQUEST FOR STAY

Plaintiff opposes Defendant's request for a stay pending appeal. Plaintiff does not take a position on the separate request for a short stay pending the Solicitor General's decision on whether to allow an appeal in this case. The Court should deny Defendant's request for stay for the following reasons:

First, "Congress did not set agencies free to disregard legislative direction in the statutory scheme that the agency administers." *Heckler v. Chaney*, 470 U.S. 821, 833 (1985). Agencies lack the "power to revise clear statutory terms" even when the agency believes those terms "turn out not to work in practice." *Util. Air Regul. Grp. v. EPA*, 573 U.S. 302, 327 (2014). Yet this is exactly what Defendant has attempted to do in this case first by refusing to process and respond to Plaintiff's FOIA requests and then has dragged their feet in this litigation. Plaintiff had to seek a preliminary injunction and twice move for summary judgment under Rule 56 to obtain a small portion of the responsive documents that all should have been released to her within the statutory 30 days mandated by the Act. Yet, over three years later and after losing two of its own Rule 56

motions, Defendant now seeks a stay to prevent the entry of a judgment against ICE and the release of the documents Defendant has withheld without a good cause.

 Second, Defendant has plainly failed to meet the demanding stay standard. In deciding a motion for stay this Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 426 (2009) (internal quotation marks omitted) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The first two factors of the traditional standard are the most critical." *Id.* at 434. The third and fourth factors "merge when the Government is the opposing party." *Id*. at 435. Here Defendant does not even address the first factor: a strong showing of success on the merits. *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999). Applicants' failure to show a likelihood of success on the merits is sufficient to deny a stay. *Biden v. Texas*, 142 S. Ct. 926, 926 (2021).

 *Third*, Defendant plainly fails to meet the burden on the remaining factors. Defendant first complains that release of the documents causes serious harm to the federal government because they cannot claim entitlement to exemptions and withholdings once the documents are released. Defendant somehow forgets that it twice moved for a judgment in its favor and lost. Now that the Court has found that after two bites at the apple Defendant – who bears the burden of showing that it has performed a proper search and that it is entitled to the claimed exemption – has miserably failed, Defendant screams "irreparable harm". But this is a FOIA case: refusing to release stale legacy documents that cast the agency in bad light does not go to a core governmental function. Instead, Defendant seeks to thwart the Act's goal of disclosure by continuing to disregard the purpose of the Act and its goal. Simply said, Defendant has no

"interest in the perpetuation of unlawful agency action." *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016)). Rather, "there is a substantial public interest 'in having governmental agencies abide by the federal laws that govern their existence and operations.'" *Id*. And there is always a public interest in prompt disclosure of requested documents; otherwise FOIA would be a dead law. Neither Defendant—nor the public interest—are harmed by obliging them to comply with their statutory duties. On the other hand, Plaintiff will continue to be denied access the documents vital for her research over four years after she made her FOIA requests.

        s/ Nicolette Glazer
        NICOLETTE GLAZER
        Attorney for Plaintiff
        Law Office of Larry R. Glazer
        Fox Plaza
        2121 Avenue of the Stars #800
        Century City, California 90067
        (708) 435-0404
        nicolette@glazerandglazer.com