UNITED STATES DISTRICT COURT
For the Northern District of Illinois −
Eastern Division

| | |
|---|---|
| Jacqueline Stevens<br><br>Plaintiff<br><br>vs.<br><br>United States Department of Health and Human Services et al. | Civil Case No.: 22-cv-05072<br>Judge: Honorable M. Kennelly |

**DECLARATION OF PLAINTIFF IN OPPOSITION OF MOTION FOR STAY**

Plaintiff submits the attached declaration for the Court's consideration on the issue of irreparable harm.

            Respectfully Submitted by

            _____s/ Nicolette Glazer Esq._____
             Nicolette Glazer Esq.
             LAW OFFICES OF LARRY R GLAZER
             2121 Avenue of the Stars #800
             Century City, CA 90067
             T: 310-407-5353
             F: 310-407-5354
             nicolette@glazerandglazer.com
             ONE OF PLAINTIFF'S ATTORNEYS

DECLARATION OF JACQUELINE STEVENS

I, Jacqueline Stevens, state and declare under penalty of perjury that the following is true and correct:

1.      I am the named Plaintiff in the above captioned matter. I have been a tenured full-time professor in the Political Science Department at Northwestern University ("Northwestern") since 2010. In 2012, I became the founding Faculty Director of the Deportation Research Clinic, Buffet Institute for Global Affairs at Northwestern.

2.      I make this declaration based on personal knowledge and observations as stated herein. Further, this Declaration contains my professional opinions on certain topics for which I have specialized knowledge based on my education, professional experience, expertise, and research.

3.      If called to testify I could and would testify to each of the facts stated within this Declaration.

4.      My scholarship focuses on laws and theories of membership in political societies since antiquity, especially policies that mobilize state violence on behalf of intergenerational groups and histories, especially nations. My publications in popular and academic venues frequently analyze information about government operations. My research practice includes regular requests under the Freedom of Information Act ("FOIA"). My findings have been featured in numerous newspaper, magazine, radio, and television reports, including those of the *New Yorker*, *New York Times*, *Guardian*, *Columbia Journalism Review*, NPR, PBS, and CNN.

5.      ICE systematically is not providing records responsive to my FOIA requests, including those made on an expedited basis.

6.      In order to obtain responsive records, I must file complaints under the FOIA.

7.      It is impossible for me to publish on the ICE misconduct I have unearthed from my FOIA litigation if I were to serially file a separate complaint for each ICE violation of the FOIA. In addition to

the transaction costs of each complaint, ICE during litigation withholds documents and requires me to spend hours and hours sorting through vague, confusing, and erroneous statements in ICE affidavits. Aggregating these cases is a best practice for me to publish scholarship and journalism.

8. On information and belief, ICE continues to withhold in this litigation thousands of pages of records for U.S. citizens whose records I requested

9. In recent days I have been receiving requests from civil rights nonprofits, journalists, and scholars for memoranda, interviews, and articles about the expected impact of President Donald Trump's recent executive orders.[1] The records of individuals I requested and have not been produced that are covered by this Court's recent order are highly pertinent to my ability to produce reports and scholarship on the extent to which ICE's protocols result in the detention and deportation of U.S. citizens.

10. The records for individuals I requested were accompanied by privacy waivers. In its Motion for a Stay ICE does not indicate with any specificity the nature of the 10,000 pages of responsive records covered by this Court's order nor the specific harm ICE will endure from their immediate release. Dkt 122.

11. My time available for research, teaching, and other professional services is finite. Any obligations to spend additional time waiting and responding to ICE's vague, incorrect, and incomplete claims irreparably harms the quality and quantity of my reporting, scholarship, and teaching about time-sensitive legal problems related to ICE's roll-out of mass deportations and the detention and deportation of U.S. citizens more generally. For instance, records I obtained in this litgiation on Pascal Charpentier were used by the New York University Immigrant Rights Clinic to support the appeal of his final removal order, now under review by the Board of Immigration Appeals. The outcome of this litigation

---

[1] E.g., Jacqueline Stevens interview, CBS Morning News, January 20, 2025, https://www.cbsnews.com/chicago/video/trumps-mass-deportation-plan/. I also have two interviews scheduled for tomorrow (January 24, 2025), one with the *Wall Street Journal* and another with WGN.

will then be used in my research, to document how the U.S. government reviews claims of U.S. citizenship, an example of my research method of "forensic intelligence." Complaint, ¶9, note 4.

Respectfully Submitted this 23d day of January 23, 2025,

JACQUELINE STEVENS