UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 22 C 5072 ) |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | ) Judge Kennelly ) ) ) |
| Defendants. | ) |

**JOINT STATUS REPORT**

At the court's direction (Dkt. 153), the parties in this Freedom of Information Act case jointly submit this status report:

**CBP**

1. The court has directed CBP to process the 5,766 pages of records identified in CBP's most recent status report (Dkt. 147) at a rate of 750 pages per month. Dkt. 151.

2. **CBP's position:** CBP is complying with that order and proposes that the parties provide a status report on CBP's production in three or four months. Regarding plaintiff's complaint below that the March 2025 production letter refers to a review of only 513 pages, CBP issued that letter on March 31, 2025, and that production had already been in process before the court directed CBP to process 750 pages per month on March 25 (Dkt. 151). CBP processed more than the required 750 pages for its next production, which it issued on April 14—less than a month after the court entered its order.

3. **Plaintiff's position:** The production letters accompanying the monthly production are confusing, vague, and illusory such that it is difficult for Plaintiff to track the progress of the ordered production. For example, for March 2025 the letter states that "CBP FOIA has reviewed

513 pages of records in response to your request…"[1] Some of the production letters state in conclusory fashion that certain pages were previously "processed" or are duplicative without providing means for Plaintiff to track the referenced pages.

**EOIR**

4. The only remaining issue with respect to EOIR is that the court directed EOIR to file an affidavit explaining its withholdings under the deliberative process exemption. Dkt. 103 (Opinion and Order) at 15. EOIR has submitted that affidavit (Dkt. 104, Exhibit A), and it awaits the court's review.

**HHS**

5. HHS has processed more than 18,000 pages of potentially responsive records since December 2022. HHS has 1,930 pages remaining to process. At the recently increased rate of 750 pages per month (*see* Dkt. 115 ¶ 26), HHS expects to conclude its production by the end of July 2025.

6. During the recent hearing on April 1, the parties and the court discussed the possibility of resolving any remaining issues involving HHS via a means other than the traditional Rule 56 and LR 56.1 summary judgment process, in light of the number of rounds of summary judgment that have already occurred in this case.

7. The parties jointly propose the following schedule: (1) HHS to provide plaintiff with a declaration and *Vaughn* index by September 30, 2025; (2) plaintiff to provide a letter of no more than 5 single-spaced pages containing her objections to HHS's search or withholdings by October 14, 2025 (3) HHS to response with a letter of no more than 5 single-spaced pages by October 28, 2025; (4) the parties to meet and confer by November 4, 2025; and (5) the parties to

---

[1] Letter from Patrick Howard to Jacqueline Stevens, March 31, 2025, p. 2. 57 pages of these had been previously produced.

submit a joint filing, limited to 15 double-spaced pages in total (approximately 7 pages per side plus header and signature blocks), setting forth their respective positions on any outstanding issues, by November 21, 2025.

8. However, the parties disagree about what HHS's *Vaughn* index should include. Plaintiff proposes that HHS submit a *Vaughn* index of all of its redactions, with exception of redactions representing names, addresses, telephone numbers, titles, signatures, email addresses before the domain (@), protected personal and medical information of third parties. HHS's view is that requiring it to prepare a *Vaughn* index of potentially thousands of redactions across its production would be unduly burdensome and ultimately unhelpful to the court. HHS proposes that either: (a) Stevens provide, by August 29, 2025, a list of up to 100 redactions she wishes to challenge, for use as a sample for the court's consideration; or (b) if Stevens is unwilling to provide such a list, that HHS be allowed to choose its own sample of up to 100 pages.

**ICE**

9. The court directed ICE to file an affidavit providing the court with certain information. Dkt. 121. ICE submitted that affidavit on January 30, 2025. Dkt. 139. In the affidavit, ICE explained that it had directed its Office of the Principal Legal Advisor to re-do its searches for records relating to Toan Hoang and Pascal Charpentier. *Id*. at Ex. A ¶¶ 21-26, 28-33. ICE completed that supplemental search, processed the results, and produced the responsive records to plaintiff on February 27, 2025.

10. The court has stayed pending appeal the portions of its January 16 and 29, 2025 orders (Dkt. 121, 138) directing ICE to produce by April 30, 2025 all of the material it had withheld from its previous productions. Dkt. 146, 153.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Alex Hartzler
    ALEX HARTZLER
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-1390
    alex.hartzler@usdoj.gov

 s/ Nicolette Glazer
NICOLETTE GLAZER
Attorney for Plaintiff
Law Office of Larry R. Glazer
Watt Plaza
1875 Century Park East #700
Century City, California 90067
(708) 435-0404
nicolette@glazerandglazer.com