UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 22 C 5072 ) |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | ) Judge Kennelly ) ) |
| Defendants. | ) ) |

## HHS'S MOTION TO STRIKE PLAINTIFF'S FILING AT DKT. 200

Defendant the Department of Health and Human Services, by its attorney Andrew S. Boutros, United States Attorney for the Northern District of Illinois, moves to strike plaintiff Jacqueline Stevens's unsolicited declaration filed at Dkt. 200 and in support state as follows:

1. In this Freedom of Information Act case, the court directed Stevens and HHS to work together to either bring the case to a resolution or to present any remaining issues to the court's attention. Dkt. 173.

2. Indeed, the court directed the parties to follow an extremely specific schedule: (a) HHS to produce any previously withheld material it now deeps appropriate for production by December 5, 2025; (b) HHS to provide plaintiff with a declaration and *Vaughn* index by December 18, 2025; (c) plaintiff to provide a letter of no more than five pages containing her objections to HHS's search or withholdings by January 2, 2026; (d) HHS to respond with a letter of no more than five pages by January 9, 2026; (e) the parties to meet and confer by January 21, 2026; and (f) the parties to file a joint status report of no more than 15 pages containing the parties' respective positions on any outstanding issues by January 30, 2026. Dkt. 173.

3. The parties met all of the deadlines except for the last one; they asked for a one-week extension to file their joint status report by February 6, and the court gave the parties until February 5. Dkt. 194, 197.

4. The parties worked together cooperatively to finalize the joint filing, and they filed it at 1:31 p.m. today, presenting in a clean and clear fashion the remaining issues in dispute between Stevens and HHS. Dkt. 199.

5. For inexplicable reasons, Stevens's attorney filed Stevens's own, separate "declaration" one hour later, at 2:33 p.m., without leave of court and in contravention of the court's explicit schedule. Dkt. 200.

6. Indeed, Stevens has made a habit in this case of filing random declarations without leave of court, even if her lawyer is used as the conduit for this effectively *pro se* pleading. *See, e.g.*, Dkt. 116, 127, 176. This practice is generally not helpful to the court's management of this lawsuit or the court's consideration of the issues, but it is *particularly* unhelpful one hour after a joint filing that the court gave the parties weeks to prepare.

WHEREFORE, HHS requests that the court strike the declaration at Dkt. 200 and instruct Stevens not to file random declarations without leave of court.

        Respectfully submitted,

        ANDREW S. BOUTROS
        United States Attorney

        By: s/ Alex Hartzler
           ALEX HARTZLER
           Assistant United States Attorney
           219 South Dearborn Street
           Chicago, Illinois 60604
           (312) 886-1390
           alex.hartzler@usdoj.gov